# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF TEXAS

# FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| *Plaintiff* | ) ) ) |
| v. | ) Case No. 4:21-cr-005-O-1 |
| THE BOEING COMPANY, | ) ) ) |
| *Defendant.* | ) ) |

**MOTION OF NAOISE CONNOLLY RYAN, AS REPRESENTATIVE OF MICHAEL RYAN; EMILY CHELANGAT BABU AND JOSHUA MWAZO BABU, AS REPRESENTATIVES OF JARED BABU MWAZO; CATHERINE BERTHET, AS REPRESENTATIVE OF CAMILLE GEOFFROY; HUGUETTE DEBETS, AS REPRESENTATIVE OF JACKSON MUSONI; LUCA DIECI, AS REPRESENTATIVE OF PAOLO DIECI; BAYIHE DEMISSIE, AS REPRESENTATIVE OF ELSABET MINWUYELET WUBETE; SRI HARTATI, AS REPRESENTATIVE OF ERYANTO; ZIPPORAH KURIA, AS REPRESENTATIVE OF JOSEPH KURIA WAITHAKA; JAVIER DE LUIS, AS REPRESENTATIVE OF GRAZIELLA DE LUIS Y PONCE; CHRIS MOORE, AS REPRESENTATIVE OF DANIELLE MOORE; PAUL NJOROGE, AS REPRESENTATIVE OF CAROLYNE NDUTA KARANJA, RYAN NJUGUNA NJOROGE, KELLI W. PAULS, AND RUBI W. PAULS; YUKE MEISKE PELEALU, AS REPRESENTATIVE OF RUDOLF PETRUS SAYERS; JOHN KARANJA QUINDOS, AS REPRESENTATIVE OF ANNE WANGUI KARANJA; NADIA MILLERON AND MICHAEL STUMO, AS REPRESENTATIVES OF SAMYA STUMO; GUY DAUD ISKANDER ZEN S., AS REPRESENTATIVE OF FIONA ZEN; AND OTHER SIMILARLY SITUATED REPRESENTATIVES OF THE VICTIMS OF THE CRASHES OF LION AIR FLIGHT JT610 AND ETHIOPIAN AIRLINES FLIGHT ET302 UNDER THE CRIME VICTIMS' RIGHTS ACT FOR AN ARRAIGNMENT OF BOEING AND A HEARING ON CONDITIONS OF RELEASE**

| | |
|---|---|
| Warren T. Burns | Paul G. Cassell |
| Burns Charest, LLP | (Counsel of Record) |
| 900 Jackson Street | Utah Appellate Project |
| Suite 500 | S.J. Quinney College of Law |
| Dallas, TX 75202 | University of Utah |
| 469-904-4550 | 383 S. University St. |
| wburns@burnscharest.com | Salt Lake City, UT 84112 |
| | 801-585-5202 |
| | cassellp@law.utah.edu |
| | (no institutional endorsement implied) |
| | (*pro hac vice* application to be filed) |

*Attorneys for Victims' Families*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iv

FACTUAL BACKGROUND ................................................................................................... 2

DISCUSSION ........................................................................................................................... 3

I.     This Court Must Hold an Arraignment in Open Court. ...................................................... 3

II.    The Court Must Set Conditions of Release and Allow the Victims to Be Heard on Those Conditions. ............................................................................................................. 8

CONCLUSION ....................................................................................................................... 11

CERTIFICATE REGARDING CONFERENCE ......................................................................... 13

CERTIFICATE OF SERVICE ................................................................................................. 14

...

# **TABLE OF AUTHORITIES**

Cases

*Crain v. United States*,
   162 U.S. 625, (1896) .................................................................................................... 6

*Garland v. State of Washington*,
   232 U.S. 642 (1914) ..................................................................................................... 6

*Richmond Newspapers, Inc. v. Virginia*,
   448 U.S. 555 (1980) ..................................................................................................... 6

*United States v. Ansun Biopharma, Inc.*,
   No. 3:15-cr-00024 (S.D. Cal. Jan. 7, 2015) .................................................................. 7

*United States v. Commonwealth Edison Co.*,
   No 1:20-cr-368 (N.D. Ill. Aug. 5, 2020) ...................................................................... 7

*United States v. General Motors*,
   No. 1:15-cr-00747 (S.D.N.Y. Sept. 17, 2015) ............................................................. 7

*United States v. Herbalife Nutrition Ltd.*,
   No. 1:20-cr-443-GHW (S.D.N.Y.) ............................................................................... 8

*United States v. Moore,*
   37 F.3d 169 (5th Cir. 1994) .......................................................................................... 6

*United States v. Ticketmaster, LLC*,
   No. 1:20-cr-00563-MKB (E.D.N.Y.) ........................................................................... 8

*United States. v. Commonwealth Edison Co.*,
   No. 1:20-cr-368 (N.D. Ill. July 28, 2020) .................................................................... 7

Other Authorities

150 CONG. REC. S4260-01 (Apr. 22, 2004) ..................................................................... 10

Ankush Khardoi, *The Trump Administration Let Boeing Settle a Killer Case from Almost Nothing*,
   INTELLIGENCER (Jan. 23, 2021) .................................................................................... 7

Rules

Fed. R. Crim. P. 7(b) ......................................................................................................... 5

Fed. R. Crim. P. 10 ....................................................................................................... 3, 4

Fed. R. Crim. P. 60 ........................................................................................................... 1

Statutes

1 U.S.C. § 1 ....................................................................................................................... 9

18 U.S.C. § 371 ........................................................................................................ 1, 2, 5

18 U.S.C. § 3142 ........................................................................................................... 3, 8

18 U.S.C. § 3142(a) ............................................................................................................... 9
18 U.S.C. § 3147 ................................................................................................................. 10
18 U.S.C. § 3771 .............................................................................................................. 1, 3
18 U.S.C. § 3771(a)(4) ........................................................................................................ 10
18 U.S.C. § 3771(b)(1) ....................................................................................................... 11
18 U.S.C. § 3771(d)(3) ......................................................................................................... 1

**MOTION OF NAOISE CONNOLLY RYAN, AS REPRESENTATIVE OF MICHAEL RYAN; EMILY CHELANGAT BABU AND JOSHUA MWAZO BABU, AS REPRESENTATIVES OF JARED BABU MWAZO; CATHERINE BERTHET, AS REPRESENTATIVE OF CAMILLE GEOFFROY; HUGUETTE DEBETS, AS REPRESENTATIVE OF JACKSON MUSONI; LUCA DIECI, AS REPRESENTATIVE OF PAOLO DIECI; BAYIHE DEMISSIE, AS REPRESENTATIVE OF ELSABET MINWUYELET WUBETE; SRI HARTATI, AS REPRESENTATIVE OF ERYANTO; ZIPPORAH KURIA, AS REPRESENTATIVE OF JOSEPH KURIA WAITHAKA; JAVIER DE LUIS, AS REPRESENTATIVE OF GRAZIELLA DE LUIS Y PONCE; CHRIS MOORE, AS REPRESENTATIVE OF DANIELLE MOORE; PAUL NJOROGE, AS REPRESENTATIVE OF CAROLYNE NDUTA KARANJA, RYAN NJUGUNA NJOROGE, KELLI W. PAULS, AND RUBI W. PAULS; YUKE MEISKE PELEALU, AS REPRESENTATIVE OF RUDOLF PETRUS SAYERS; JOHN KARANJA QUINDOS, AS REPRESENTATIVE OF ANNE WANGUI KARANJA; NADIA MILLERON AND MICHAEL STUMO, AS REPRESENTATIVES OF SAMYA STUMO; GUY DAUD ISKANDER ZEN S., AS REPRESENTATIVE OF FIONA ZEN;  AND OTHER SIMILARLY SITUATED REPRESENTATIVES OF THE VICTIMS OF THE CRASHES OF LION AIR FLIGHT JT610 AND ETHIOPIAN AIRLINES FLIGHT ET302 UNDER THE CRIME VICTIMS' RIGHTS ACT FOR AN ARRAIGNMENT OF BOEING AND A HEARING ON CONDITIONS OF RELEASE**

COME NOW Naoise Connolly Ryan, Emily Chelangat Babu and Joshua Mwazo Babu, Catherine Berthet, Huguette Debets, Luca Dieci, Bayihe Demissie, Sri Hartati, Zipporah Kuria, Javier de Luis, Nadia Milleron and Michael Stumo, Chris Moore, Paul Njoroge, Yuke Meiske Pelealu, John Karanja Quindos, Guy Daud Iskandar Zen S., and others similarly situated ("victims' families"),  through undersigned counsel, to seek a public arraignment of Defendant Boeing and an opportunity to be heard regarding the conditions of Boeing's release.

The Court currently has before it a criminal information charging Defendant Boeing with conspiracy in violation of 18 U.S.C. § 371, Dkt. Entry ("DE") #1, and an associated Deferred Prosecution Agreement ("DPA"), DE #4. In connection with the criminal information against Boeing, the victims' families have contemporaneously filed a motion for enforcement of their rights under the Crime Victims' Rights Act, 18 U.S.C. § 3771 ("CVRA"). In this separate motion, authorized by the CVRA, 18 U.S.C. § 3771(d)(3), and Fed. R. Crim. P. 60, the victims' families

move this Court to publicly arraign Boeing, at which time the victims' families and representatives will be able to exercise their CVRA rights to be heard regarding conditions of release.

The Government and Defendant Boeing have maneuvered to not only seek this Court's acquiescence in their illegal agreement but also to avoid Boeing ever even appearing in open court. In light of the felony criminal information now pending against Boeing, Rule 10 of the Federal Rules of Criminal Procedure requires Boeing—as a criminal defendant in a felony criminal case—to appear and answer those charges at an arraignment in open court. Additionally, the victims' families are entitled to be heard by this Court regarding the appropriate conditions of release to be imposed on Boeing while this case is being adjudicated.

Because all of these issues concern the fair treatment of hundreds of victims' families in a case involving a crime that resulted in hundreds of deaths, the victims' families request that this Court direct the Government and Boeing to respond to this motion and then hold an oral argument where the victims' families can argue in support of their motion.

## FACTUAL BACKGROUND

As explained at greater length in the contemporaneously filed Motion of Naoise Connolly Ryan et al. Under the Crime Victims' Rights Act for Findings that the Proposed Boeing Deferred Prosecution Agreement Was Negotiated in Violation of the Victims' Rights and For Remedies for those Violations ("CVRA Mot."), it is undisputed that for more than two years defendant Boeing conspired to commit a federal crime, in violation of 18 U.S.C. § 371. The tragic results of Boeing's criminal conspiracy cannot be in doubt. As explained in detail in the admitted Statement of Facts ("SOF") made part of the DPA, Boeing's cover-up of safety problems directly and proximately caused two horrific crashes of Boeing 737 Max aircraft, killing 346 passengers and crew members. *See, e.g.,* SOF ¶¶ 48, 53.

In the interests of brevity, the victims' families simply adopt and incorporate by reference as if set forth fully herein the "Factual Background" section of their CVRA Motion. From those facts, this Court can determine the issues at hand. If any of the facts the families proffer are in dispute,[1] the victims' families request an evidentiary hearing to establish the relevant facts.

## DISCUSSION

### THE VICTIMS ARE ENTITLED TO SEE BOEING ARRAIGNED IN OPEN COURT AND TO BE HEARD WHEN THE COURT DETERMINES THE CONDITIONS OF RELEASE FOR BOEING.

The Government and Boeing are attempting to illegally bypass the standard rules that automatically apply in felony criminal cases. Under Rule 10 of the Federal Rules of Criminal Procedure, the victims' families are entitled to see Boeing arraigned in open court. At that arraignment, as required by 18 U.S.C. § 3142, this Court will be obligated to set appropriate conditions of release and, as required by 18 U.S.C. § 3771, this Court will be obligated to give the victims' families an opportunity to be heard on those release conditions. Accordingly, this Court should set an arraignment and release hearing where Boeing's victims will have an opportunity to speak.

### I.     This Court Must Hold an Arraignment in Open Court.

So far, the parties have successfully steered this important criminal case away from any open court proceedings. Immediately after the filing of the criminal information in this case, on

---

[1] In the DPA, Boeing expressly agreed "that it shall not, through present or future attorneys, officers, directors, employees, agents, or any other person authorized to speak for the Company make any public statement, in litigation or otherwise, contradicting the acceptance of responsibility by the Company set forth above or the facts described in the attached Statement of Facts." *See* DPA ¶ 32. In light of that binding commitment, we assume that Boeing (and, likewise, the Government) will not contest the factual recitations contained in the "Factual Background" section of the CVRA Motion.

3

January 7, 2020, the parties filed a "Joint Motion for Exclusion of Time Under the Speedy Trial Act." DE #5. On January 24, 2021, this Court granted that motion in a brief order. DE #13.

But the title the parties placed on their motion was misleading. In addition to excluding certain time from calculations under the Speedy Trial Act, the parties' motion also sought an order "continuing all further criminal proceedings, including trial, until further motion of the parties, based on the entry of the parties' Deferred Prosecution Agreement." DE #5 at 1. The Court's order granting the motion simply tracked the language the parties jointly requested. DE #6 at 1.

The parties' request to continue *all* proceedings in this matter—including a public arraignment— violates Rule 10 of the Federal Rules of Criminal Procedure (as well as the established practice of the Government in similar cases). Rule 10 requires that this Court hold a public arraignment on the felony criminal information that the Government has filed against Boeing:

> (a) In General. An arraignment *must be conducted in open court* and must consist of:
> (1) ensuring that the defendant has a copy of the indictment or information;
> (2) reading the indictment or information to the defendant or stating to the defendant the substance of the charge; and then
> (3) asking the defendant to plead to the indictment or information.
>
> (b) Waiving Appearance. A defendant need not be present for the arraignment if:
> (1) the defendant has been charged by indictment or misdemeanor information;
> (2) the defendant, in a written waiver signed by both the defendant and defense counsel, has waived appearance and has affirmed that the defendant received a copy of the indictment or information and that the plea is not guilty; and
> (3) the court accepts the waiver.

Fed. R. Crim. P. 10 (emphasis added).

Under the unambiguous language of Rule 10, an arraignment "must be conducted in open court" in this felony case. Nothing in the rule permits the parties to dispense with the arraignment

4

requirement specified in subsection (a) by agreement. The only exception to Rule 10(a)'s requirement that the defendant must appear in open court is found in Rule 10(b).

Rule 10(b) allows a defendant to waive its appearance if the defendant "has been charged by indictment or misdemeanor information." Fed. R. Crim. P. 10(b)(1). This means there are only two categories of charges for which defendants can waive their appearance at an arraignment: (1) when they have been charged by an indictment; and (2) when they have been charged by a misdemeanor information. *See id.*

Here, however, Boeing has not been charged by an indictment or a misdemeanor information. Boeing has been charged by charged by a *felony information See* DE #1 ("Felony Information"). The Criminal Information charges Boeing with conspiring to defraud the United States under 18 U.S.C. § 371. That offense is a five-year federal felony. Accordingly, under the plain language of Rule 10, Boeing is not allowed to waive its appearance at the required arraignment in this case.

Rule 10's arraignment requirement follows naturally from the provisions in Rule 7 regarding "The Indictment and Information." Tracking the Sixth Amendment's constitutional requirement for an indictment, Rule 7(a)(1) provides that a felony offense punishable by imprisonment for more than one year "must be prosecuted by an indictment." The Rule then goes on to permit a defendant to waive that right to an indictment and be prosecuted by information only if "the defendant—*in open court and after being advised of the nature of the charge and of the defendant's rights*—waives prosecution by indictment." Fed. R. Crim. P. 7(b) (emphasis added). The unambiguous language of this provision requires that the waiver be done "in open court." To be sure, as the Fifth Circuit has explained, a defendant can make that waiver ahead of time—so long as it is ultimately "filed in open court" and, at that time of the open court filing, the

5

court "specifically ask[s] if the defendant ha[s] any objection to the filing." *See United States v. Moore,* 37 F.3d 169, 173 (5th Cir. 1994) (finding "open court" requirement satisfied where defendant asked about signed document in open court and where the document itself refers to the fact that "the [right to] indictment was waived in open court on September 29, 1992"). While Boeing has executed a document that purports to waive its right to an indictment, *see* DPA at 1-2, that document has yet to be considered in open court—and the open court process where Boeing is advised of its rights has yet to take place.

The requirements of a public court arraignment and waiver of indictment "in open court" are designed not only to protect the interests of criminal defendants but also arise from the strong presumption of public access to criminal proceedings. As the Supreme Court explained in recognizing a First Amendment right of access to criminal proceedings, "Civilized societies withdraw both from the victim and the vigilante the enforcement of criminal laws, but they cannot erase from people's consciousness the fundamental, natural yearning to see justice done—or even the urge for retribution. The crucial prophylactic aspects of the administration of justice cannot function in the dark; no community catharsis can occur if justice is done in a corner or in any covert manner." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 571 (1980) (internal quotation omitted). Nor is an arraignment a mere formality, as "[i]n capital or other infamous crimes an arraignment has always been regarded as a matter of substance." *Crain v. United States*, 162 U.S. 625, 637 (1896), *overruled in part by Garland v. State of Washington*, 232 U.S. 642 (1914).

Here, the administration of criminal justice regarding the crime Boeing has been charged with should not be permitted to proceed "in the dark." Indeed, in recognition of the public's need "to see justice done," the recent prevailing practice on corporate DPAs appears to be to have the

6

corporate defendant arraigned, at which time the defendant enters a plea to the criminal information that has been filed against it—followed by further consideration and possible entry of a DPA. *See, e.g.,* DE #12, Transcript of Hrng. at 3-7, *United States. v. Commonwealth Edison Co.*, No. 1:20-cr-368 at 6 (N.D. Ill. July 28, 2020) (Government and defense counsel discussing need to have an arraignment of defendant Commonwealth Edison in a case involving a DPA comparable to this one); DE #18, Transcript of Hrng. at 5-7, *United States v. Commonwealth Edison Co.*, No 1:20-cr-368 at 5-7 (N.D. Ill. Aug. 5, 2020) (in a case involving a corporate DPA comparable to this one, the district court notes that, under the plain language of Fed. R. Crim. P. 10, a plea to the information is required; thereafter, the corporate defendant appears and enters a "not guilty" plea as part of a DPA); *United States v. General Motors*, No. 1:15-cr-00747 (S.D.N.Y. Sept. 17, 2015) (minute entry reflecting General Motors appearing, through counsel, for arraignment, waiving the right to prosecution by indictment, entering a plea of not guilty, and then immediately entering into DPA with Government on the record); *United States v. Ansun Biopharma, Inc.*, No. 3:15-cr-00024 (S.D. Cal. Jan. 7, 2015) (minute entry reflecting Ansun Biopharma Inc. appearing, through counsel, for arraignment on an information, entering not guilty plea under DPA).

In this case, the Government, for reasons that are not disclosed in the record, apparently wanted to execute its DPA immediately on January 7, 2021.[2] Customarily, however, the Government proceeds transparently to give the public notice of the case and provide an opportunity for victims to appear before the Court.

---

[2] While it is not necessary for the Court to reach a conclusion as to why the Government and Boeing sought so hastily to dispense with an arraignment, it is noteworthy that some commentators have concluded that the Justice Department deviated from its normal procedures to conclude the DPA before the beginning of the next Presidential Administration. *See, e.g.,* Ankush Khardoi, *The Trump Administration Let Boeing Settle a Killer Case from Almost Nothing*, INTELLIGENCER (Jan. 23, 2021) (noting the curious timing of the agreement, which may have been "one of the most unusual and ill-conceived corporate criminal settlements in American history").

A good illustration of the more deliberate approach comes from *United States v. Herbalife Nutrition Ltd.*, No. 1:20-cr-443-GHW (S.D.N.Y.). In that case, on August 14, 2020, the Government publicly filed a "Notice of Intent to File an Information." *Id.*, DE #1. Two weeks later, the Government filed a criminal information and waiver of indictment by the corporate defendant. *Id.*, DE #2 & #3. That same day, the district court held an arraignment of the corporate defendant where the defendant entered a plea of not guilty in connection with a deferred prosecution agreement. *Id.*, Minute Entry (Sept. 28, 2020). This procedure provided a public hearing at which the corporate defendant was required to appear.

Similarly, in *United States v. Ticketmaster, LLC*, No. 1:20-cr-00563-MKB (E.D.N.Y.), the prosecutors first filed a "Notice of Intent to Proceed Under Federal Rule Crim. P. 7(b)." DE #1. Thirteen days later, the judge handling the matter held what was described as a "Deferred Prosecution Hearing," during which the corporate representative appeared, was informed of the defendant's rights, and entered into a DPA. *Id.*, Minute Entry (Dec. 30, 2020).

For these reasons, this Court should proceed as required by Rule 10—and has been done by other district courts—and schedule a public arraignment at which Boeing must enter a plea to the felony criminal information filed against it.

## II.     The Court Must Set Conditions of Release and Allow the Victims to Be Heard on Those Conditions.

The public arraignment will be Boeing's first appearance before a judicial officer in this criminal case. Accordingly, at the arraignment, this Court will be required to set the appropriate conditions for Boeing's release awaiting trial. *See* 18 U.S.C. § 3142. And, at that proceeding to set Boeing's conditions of release, the CVRA entitles Boeing's victims to exercise their right to be heard regarding conditions of Boeing's release.

Congress has specifically mandated that conditions of release *must* be set at the initial appearance of a defendant:

> [u]pon the appearance before a judicial officer of a person charged with an offense, the judicial officer *shall issue* an order that, pending trial, the person be—
> (1) released on personal recognizance or upon execution of an unsecured appearance bond, under subsection (b) of this section;
> (2) released on a condition or combination of conditions under subsection (c) of this section;
> (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion under subsection (d) of this section; or
> (4) detained under subsection (e) of this section.

18 U.S.C. § 3142(a) (emphasis added). The mandatory requirements for conditions of release apply to any "person," and Congress has provided that the word "person," wherever it appears in the United States Code, "include[s] corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals." 1 U.S.C. § 1. Any other result would put an indicted corporation in a better position than an indicted individual and allow an indicted corporation to continue its illegal conduct to the detriment of the community. This Court is accordingly obligated to set conditions of release for Boeing, a corporation covered by the statute.

Here, while a waiver of Speedy Trial Act requirements has been filed with the Court, DE #5, no document sets the conditions of release that Boeing must honor over the next several years while the felony criminal information remains pending against it. This absence is no trivial omission. As this Court is aware, standard conditions of release in felony cases typically include (among other things) a requirement that the defendant commit no new offenses while awaiting trial. Boeing appears to have used its wealth and influence with the Government to escape traditional conditions that other, less-wealthy, and less-connected defendants must follow.

While the DPA contains certain provisions in which Boeing makes various commitments to the Department of Justice, this Court can enforce none of them. For example, the DPA indicates

9

that if Boeing were to commit a new offense while the DPA is in effect, the Government would then be free to prosecute the offenses that Boeing has committed, including the offenses covered by the DPA. But, if Boeing were to commit a new offense while the DPA is pending, this Court would not be able to revoke any of *its* conditions of release—because no such conditions exist. Nor would Boeing appear to be prosecutable for the felony crime of committing a new offense while on release because Boeing would not have been "released under this chapter [i.e., under the provisions of § 3144]." *See* 18 U.S.C. § 3147 (providing the offense of committing a new offense while released under provisions of the pre-trial release chapter). Again, such benefits are unheard of for accused felons who lack the enormous resources and sway of Boeing. If there are any valid reasons for such special treatment, they do not appear in the record. To the contrary, the DPA recounts not only Boeing's efforts to frustrate the Justice Department's investigation for months, DPA at 4-5, but also Boeing's previous history of misconduct and criminal activity, *id.* at 5-6.

More significant than the omission of conditions of release is the lack of transparency from the procedural maneuver the Government and Boeing have devised. The parties have contrived to have Defendant Boeing be released for years with no court-imposed release conditions *without the victims ever being afforded their right to be heard about that unconditional release*. The CVRA promises victims that they have the right to "be reasonably heard at any public proceeding in the district involving release …." 18 U.S.C. § 3771(a)(4). As explained by the Senate co-sponsors when extending to victims a right to be heard, "This provision is intended to allow crime victims to directly address the court in person. It is not necessary for the victim to obtain the permission of either party to do so. … To the extent the victim has the right to independently address the court, the victim acts as an independent participant in the proceedings." 150 CONG. REC. S4260-01 (Apr. 22, 2004) (statement of Sen. Kyl).

When this Court arraigns Boeing, it will be Boeing's first judicial appearance. At that time, this Court can establish appropriate conditions of release. The victims have a congressionally mandated right to be heard about Boeing's release at that time. While the Government and Boeing both appear to be eager to "waive" this tried-and-true approach, this Court must protect the victims' right to be heard. *See* 18 U.S.C. § 3771(b)(1) ("In any court proceeding involving an offense against a crime victim, the court shall ensure that the crime victim is afforded the rights described in [the CVRA]"). This Court should order an arraignment and release hearing to be held quickly, so the victims can exercise their indisputable CVRA right to be heard regarding conditions of Boeing's release.

## **CONCLUSION**

This Court should arraign Boeing and give the victims; families an opportunity to be heard about Boeing's conditions of release. A proposed order to that effect is attached.

Dated: December 16, 2021

                Respectfully submitted,

| /s/ Warren T. Burns | /s/ Paul G. Cassell |
|---|---|
| Warren T. Burns (Texas Bar No. 24053119) | Paul G. Cassell (Utah Bar No. 06078) |
| Burns Charest, LLP | (Counsel of Record) |
| 900 Jackson Street | Utah Appellate Project |
| Suite 500 | S.J. QUINNEY COLLEGE OF LAW |
| Dallas, TX 75202 | University of Utah |
| 469-904-4550 | 383 S. University St. |
| wburns@burnscharest.com | Salt Lake City, UT 84112 |
|  | 801-585-5202 |
|  | cassellp@law.utah.edu |
|  | (no institutional endorsement implied) |
|  | (*pro hac vice* application to be filed) |

*Attorneys for Victims' Families*

**CERTIFICATE REGARDING CONFERENCE**

The victims' families are aware of Local Rule 47.1 regarding motion practice. This rule requires the "parties" in a criminal case to comply with various requirements, including a conferral regarding a motion. Because the victims' families are not "parties" to this criminal case—e.g., United States v. Boeing—the victims' families do not believe that the conferral requirement applies to this motion. They are proceeding pursuant to separate authority for asserting crime victims' rights contained in the Crime Victims' Rights Act, 18 U.S.C. § 3771(d)(3) and Fed. R. Crim. P. 60. Nonetheless, out of an abundance of caution, contemporaneously with filing this motion, the victims' families have contacted the Government and Boeing about this motion. Given the nature of this motion, the victims' families believe that their motion is not unopposed, but they will promptly advise the Court if that understanding is mistaken

      /s/ Warren T. Burns
     Warren T. Burns

## **CERTIFICATE OF SERVICE**

I certify that on December 16, 2021, the foregoing document was served on the parties to the proceedings via the Court's CM/ECF filing system.

/s/ Warren T. Burns
Warren T. Burns
