

# KELLY HART

MARIANNE AULD  
marianne.auld@kellyhart.com

TELEPHONE: (817) 878-3543  
FAX: (817) 878-9280

January 10, 2022

***Hand-Delivered and Sent Via First-Class Mail***

Honorable Reed O'Connor  
United States District Court  
501 W. 10th Street, Room 310  
Fort Worth, TX 76102

Re: Case No. 4:21-CR-00005-O; *United States of America v. The Boeing Company*, in the United States District Court for the Northern District of Texas, Fort Worth Division

Dear Judge O'Connor,

This firm represents Ms. Erin Nealy Cox, former U.S. Attorney for the Northern District of Texas, in connection with filings insinuating or alleging that Ms. Nealy Cox behaved unethically in connection with the above-identified matter and, more specifically, the Deferred Prosecution Agreement ("DPA") between the United States Government and The Boeing Company. *See* Motion Under the Crime Victims' Rights Act at 3, 16-17, *USA v. The Boeing Co.*, No. 4:20-cr-5-O (N.D. Tex.), ECF No. 15 (hereinafter, "the Motion"). Both Mr. Paul Cassell and Mr. Warren Burns ("Movants' Counsel") signed the Motion that advances these allegations.

On January 5, 2022, undersigned counsel sent a letter to Movants' Counsel requesting that they (1) withdraw the Motion and ask the Court to un-file it due to lack of evidentiary support as it concerns Ms. Nealy Cox and (2) eliminate any and all allegations pertaining to Ms. Nealy Cox in any re-filed Motion. On January 7, 2022, Movants' Counsel responded and filed an amended document with the Court. *See* Amended Document, *USA v. The Boeing Co.*, No. 4:20-cr-5-O (N.D. Tex.), ECF No. 32 (hereinafter, "the Amended Motion").

The Amended Motion does not remedy the harm resulting from the unsupported allegations. While the Amended Motion omits a portion of the offending language, it retains allegations directed at Ms. Nealy Cox that are designed to leave the same impression of impropriety. *See* ECF No. 32 at 3, 16-17. Moreover, Movants' Counsel have not moved to withdraw or un-file the original Motion or taken any other action to acknowledge that the allegations at issue lack evidentiary support.

As Ms. Nealy Cox is no longer with the Department of Justice and does not represent The Boeing Company in this (or any other) matter, she submits this letter in order to respond to the

925800_v1

Page 2
January 10, 2022

unsupported allegations against her. Attached to this letter is Ms. Nealy Cox's declaration addressing the allegations.

As the declaration demonstrates, the allegations Movants' Counsel make against Ms. Nealy Cox are unfounded, defamatory in nature, and made without any reasonable belief that they have evidentiary support. As such, the Court has authority to issue an order to show cause, to strike any and all unsupported allegations pertaining to Ms. Nealy Cox, and to take any other action as the Court may deem appropriate. *See In re Goode*, 821 F.3d 553, 558-59 (5th Cir. 2016) (addressing this Court's inherent powers and authority under Local Criminal Rule 57.8); L. Crim. R. 57.8.

Thus, I submit this letter on behalf of Ms. Nealy Cox and request that the Court file the letter and declaration as part of the record of the case. To ensure that all parties receive proper notice, I have served a copy of the letter and declaration on Movants' Counsel and counsel for all parties of record via email and certified mail.

Respectfully,

*Marianne Auld*

Marianne Auld
State Bar No. 01429910
marianne.auld@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 878-3543
Facsimile: (817) 878-9280

Enclosure: Declaration of Erin Nealy Cox

**FORT WORTH OFFICE** | 201 MAIN STREET, SUITE 2500 | FORT WORTH, TX 76102 | TELEPHONE: (817) 332-2500 | FAX: (817) 878-9280
AUSTIN OFFICE | 303 COLORADO, SUITE 2000 | AUSTIN, TX 78701 | TELEPHONE: (512) 495-6400 | FAX: (512) 495-6401
BATON ROUGE OFFICE | 301 MAIN STREET, SUITE 1600 | BATON ROUGE, LA 70801 | TELEPHONE: (225) 381-9643 | FAX (225) 336-9763
MIDLAND OFFICE | 508 W. WALL, SUITE 444 | MIDLAND, TX 79701 | TELEPHONE: (432) 683-4691 | FAX: (432) 683-6518
NEW ORLEANS OFFICE | 400 POYDRAS STREET, SUITE 1812 | NEW ORLEANS, LA 70130 | TELEPHONE: (504) 522-1812 | FAX: (504) 522-1813

*Kelly Hart & Hallman, a Limited Liability Partnership | www.kellyhart.com*

Page 3
January 10, 2022

## Certificate of Service

On January 10, 2022, counsel for Ms. Erin Nealy Cox served the foregoing letter and enclosed declaration on the following counsel of record via e-mail and certified mail:

| | | |
|---|---|---|
| **Richard B. Roper, III**<br>richard.roper@hklaw.com<br>Thompson & Knight LLP<br>1722 Routh Street, Ste. 1500<br>Dallas, TX 75201<br>214-969-1700<br><br>**Benjamin L. Hatch**<br>bhatch@mcguirewoods.com<br>McGuireWoods LLP<br>101 W Main Street, Ste. 9000<br>Norfolk, VA 23510<br>757-640-3727<br><br>**Brandon M. Santos**<br>bsantos@mcguirewoods.com<br>**Richard Cullen**<br>rcullen@mcguirewoods.com<br>McGuireWoods LLP<br>800 E Canal Street<br>Richmond, VA 23219<br>804-775-1000<br><br>**Craig S. Primis**<br>cprimis@kirkland.com<br>**Patrick Haney**<br>patrick.haney@kirkland.com<br>Kirkland & Ellis LLP<br>1301 Pennsylvania Ave. NW<br>Washington, DC 20004<br>202-389-5000 | **Chad E. Meacham**<br>chad.meacham@usdoj.gov<br>US Attorney's Office<br>1100 Commerce St, 3rd Floor<br>Dallas, TX 75242<br>214-659-8600<br><br>**Alex C. Lewis**<br>alex.lewis@usdoj.gov<br>US Attorney's Office<br>801 Cherry Street, Ste. 1700<br>Fort Worth, TX 76102<br>817-252-5200<br><br>**Cory E. Jacobs**<br>cory.jacobs@usdoj.gov<br>**Joseph S. Beemsterboer*[1]**<br>US Department of Justice<br>Criminal Division, Fraud Section<br>US Department of Justice<br>1400 New York Ave. NW<br>Washington, DC 20005<br>202-616-4994<br><br>**Michael T. O'Neill**<br>michael.t.oneill@usdoj.gov<br>**Scott Philip Armstrong**<br>scott.armstrong@usdoj.gov<br>US Department of Justice<br>1400 New York Ave. NW | **Warren T. Burns**<br>wburns@burnscharest.com<br>Burns Charest LLP<br>900 Jackson Street, Ste. 500<br>Dallas, TX 75202<br>469-504-4550<br><br>**Paul G. Cassell**<br>cassellp@law.utah.edu<br>SJ Quinney College of Law<br>University of Utah<br>Utah Appellate Project<br>383 S University Street<br>Salt Lake City, UT 84112<br>801-585-5202<br><br>*Counsel for Movants* |

---

[1] Served only via certified mail, as no email address is on file.

FORT WORTH OFFICE | 201 MAIN STREET, SUITE 2500 | FORT WORTH, TX 76102 | TELEPHONE: (817) 332-2500 | FAX: (817) 878-9280
AUSTIN OFFICE | 303 COLORADO, SUITE 2000 | AUSTIN, TX 78701 | TELEPHONE: (512) 495-6400 | FAX: (512) 495-6401
BATON ROUGE OFFICE | 301 MAIN STREET, SUITE 1600 | BATON ROUGE, LA 70801 | TELEPHONE: (225) 381-9643 | FAX: (225) 336-9763
MIDLAND OFFICE | 508 W. WALL, SUITE 444 | MIDLAND, TX 79701 | TELEPHONE: (432) 683-4691 | FAX: (432) 683-6518
NEW ORLEANS OFFICE | 400 POYDRAS STREET, SUITE 1812 | NEW ORLEANS, LA 70130 | TELEPHONE: (504) 522-1812 | FAX: (504) 522-1813

*Kelly Hart & Hallman, a Limited Liability Partnership | www.kellyhart.com*

Page 4
January 10, 2022

| | | |
|---|---|---|
| **Mark Filip**<br>mark.filip@kirkland.com<br>Kirkland & Ellis LLP<br>300 N LaSalle<br>Chicago, IL 60654<br>312-862-2000<br><br>*Counsel for The Boeing Company* | Washington, DC 20005<br>202-616-1545<br><br>*Counsel for USA* | |

Respectfully,

*/s/ Caitlyn E. Hubbard*
Caitlyn E. Hubbard
State Bar No. 24097853
caitlyn.hubbard@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas  76102
Telephone:  (817) 878-9367
Facsimile:  (817) 878-9280

FORT WORTH OFFICE | 201 MAIN STREET, SUITE 2500 | FORT WORTH, TX 76102 | TELEPHONE: (817) 332-2500 | FAX: (817) 878-9280
AUSTIN OFFICE | 303 COLORADO, SUITE 2000 | AUSTIN, TX 78701 | TELEPHONE: (512) 495-6400 | FAX: (512) 495-6401
BATON ROUGE OFFICE | 301 MAIN STREET, SUITE 1600 | BATON ROUGE, LA 70801 | TELEPHONE: (225) 381-9643 | FAX: (225) 336-9763
MIDLAND OFFICE | 508 W. WALL, SUITE 444 | MIDLAND, TX 79701 | TELEPHONE: (432) 683-4691 | FAX: (432) 683-6518
NEW ORLEANS OFFICE | 400 POYDRAS STREET, SUITE 1812 | NEW ORLEANS, LA 70130 | TELEPHONE: (504) 522-1812 | FAX: (504) 522-1813

*Kelly Hart & Hallman, a Limited Liability Partnership | www.kellyhart.com*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>THE BOEING COMPANY | No. 4:21-CR-00005-O |

## DECLARATION OF ERIN NEALY COX

I, Erin Nealy Cox, declare the following:

1. I am currently a partner with the law firm of Kirkland & Ellis LLP. I joined Kirkland & Ellis as a partner on September 1, 2021.

2. I have spent the majority of my legal career as a public servant with almost fifteen years serving as an Assistant United States Attorney and then United States Attorney in the Northern District of Texas.

3. On November 17, 2017, I was sworn in as the United States Attorney for the Northern District of Texas. I served for over three years, and I announced on December 17, 2020 that I would be resigning my position as United States Attorney, effective 11:59 p.m. on January 9, 2021.

4. On December 16, 2021, Warren Burns and Paul Cassell — counsel for eighteen victims' families (Movants' Counsel) — filed a Motion under the Crime Victims' Rights Act (CVRA) in the above-captioned matter alleging that the Deferred Prosecution Agreement (DPA) entered into between the United States Department of Justice, Criminal

Division, Fraud Section; the United States Attorney's Office for the Northern District of Texas; and The Boeing Company was negotiated in violation of their clients' rights (the "Motion"). *See* (ECF No. 15). In the Motion, Movants' Counsel make unsubstantiated allegations that I engaged in unethical conduct during my tenure as United States Attorney. These allegations are defamatory in nature, untrue, and without evidentiary support or any reasonable belief that they could have evidentiary support. (*Id.* at 3, 16-17).

5. Specifically, Movants' Counsel allege in the Motion that a "revolving door of attorneys involved in the DPA further calls into question the Government's willingness to comply with the CVRA." (ECF No. 15 at 16). Although the Motion insinuates that several "attorney*s*" are at issue, (*id.*), it speaks only of me in the allegations that follow, and it later appears to clarify that the charges of "specific ethical impropriety" pertain only to me and not to the "other attorneys involved in the DPA[,]" (*id.* at 16-17). Of the six government attorneys listed on the DPA, I am the only government attorney named in the Motion.

6. The Motion suggests that I committed "specific ethical impropriety" based solely on the fact that, after leaving government service, I joined Kirkland and Ellis's Government, Regulatory, and Internal Investigations Group, and the leader of that group — who signed the DPA on Boeing's behalf — was quoted in the press release announcing my hire. (ECF No. 15 at 17). Based on this, the Motion states that "at least one senior government attorney who approved the DPA appears to have had priorities at odds with

Declaration of Erin Nealy Cox - Page 2

conferring with the victims' families — which further explains why the Government failed to carry out its CVRA obligations to those families." (*Id.*).

7.  On January 7, 2022, Movants' Counsel filed an "Amended Motion" that contains the same baseless suggestion that I behaved unethically. *See* (ECF No. 32 at 3, 16-17). While the Amended Motion does remove or modify two of the sentences accusing me of unethical conduct, Movants' Counsel persist in naming me and alleging that my transition from public to private service alone evidences that I (and by extension the Government) held an improper "motive." (*Id.*). Thus, the Amended Motion still suggests without support that I behaved unethically, only now through thinly-veiled innuendo and implication.

8.  Furthermore, the Motion remains on the docket and has not been withdrawn or unfiled. Movants' Counsel have neither acknowledged that their statements and allegations are inaccurate and without evidentiary support, nor explained the reason they filed the Amended Motion (to remove direct allegations about me that they cannot support). *See* (ECF No. 15).

9.  Movants' Counsel have no factual basis for these allegations, and any suggestion — implicit or otherwise — that I had any improper "motive," *see* (ECF No. 15 at 17) in the case or any inappropriate communications or unethical relationship with Boeing, counsel for Boeing, or any other representative of Boeing is untrue.

10. During my tenure as United States Attorney, I never had any communications — written or verbal — with Mark Filip, Craig Primis, or Patrick Haney (the three Kirkland

Declaration of Erin Nealy Cox - Page 3

& Ellis attorneys listed on the DPA as "counsel for The Boeing Company") or any lawyer (at Kirkland & Ellis or otherwise) representing Boeing in this matter (or anyone acting on behalf of any such lawyer or firm). In addition, I never met or communicated with any of these lawyers (or anyone acting on their behalf), including Mark Filip, Craig Primis, or Patrick Haney, for any reason on any case that was filed or investigated during my tenure as United States Attorney.

11. Furthermore, even though I could have ethically engaged in discussions with law firms relating to post-tenure employment as long as I followed DOJ guidance relating to these matters, I chose to refrain from any employment conversations until well after my employment with DOJ had ended. This was true for all law firms that I eventually spoke with concerning possible partner opportunities, including, but not limited to, Kirkland & Ellis.

12. Neither I nor anyone on my behalf had any discussions regarding potential employment with anyone at Kirkland & Ellis until months after my departure from DOJ. My candidacy with Kirkland & Ellis was initiated and facilitated by a recruiter. No one acting on my behalf or at my direction had any discussions about my potential employment with anyone at Kirkland & Ellis until after I left DOJ.

13. While Movants' Counsel make much of the fact that I ultimately joined Kirkland & Ellis's Government, Regulatory, and Internal Investigations Group, that Group is the appropriate practice group within Kirkland & Ellis for my skillset, and as such, is the same type of practice group I was considering at every other law firm I interviewed with.

Additionally, during my tenure as United States Attorney, I never met nor ever spoke to Mark Filip, Andrew Calder, or Jon Ballis — all of whom were quoted in the press release that is cited in the Motion. (ECF No. 15 at 17 n.14). It was not until after I left DOJ and during the course of my recruitment at the firm (March through May of 2021) that I first met and first spoke to any of these lawyers, as well as many others at Kirkland & Ellis.

14. Moreover, since joining Kirkland & Ellis in September of 2021, I have been screened off of any matter dealing with The Boeing Company, including this matter.

15. As Movants' Counsel correctly note, the "Fraud Section of the Justice Department's Criminal Division in Washington, D.C. led the investigation" that resulted in the DPA. (ECF No. 15 at 8). And the DPA itself makes clear that the Fraud Section, among other things: (1) investigated The Boeing Company, (see ECF No. 4 at 4-6); (2) "believe[d] that the appropriate resolution in this case [wa]s a Deferred Prosecution Agreement" coupled with monetary penalties and compensation to "customers" and "heirs, relatives, and/or legal beneficiaries" of the victims, (id. at 7); and (3) is the entity that will determine "in its sole discretion" whether The Boeing Company has "violated" or "breached" the DPA, (id. at 3, 7-8, 15-22).

16. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on  1.9.22

Erin Nealy Cox

Declaration of Erin Nealy Cox - Page 5



**KELLY HART & HALLMAN LLP**
ATTORNEYS AT LAW
201 MAIN STREET
SUITE 2500
FORT WORTH, TEXAS 76102

TO: Honorable Reed O'Connor
United States District Court for the Northern District of Texas
Fort Worth Division
501 W. 10th Street, Room 310
Fort Worth, TX 76102