**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Criminal Action No. 4:21-CR-5-O |
| | § | |
| **THE BOEING COMPANY,** | § | |
| | § | |
| Defendant, | § | |

**JOINT STATUS REPORT OF THE UNITED STATES OF AMERICA, THE BOEING COMPANY, AND THE MOVANTS IN RESPONSE TO THIS COURT'S ORDER OF JANUARY 21, 2022**

The United States of America (the "Government"), The Boeing Company ("Boeing"), and the representatives of eighteen crash victims of Lion Air Flight 610 and Ethiopian Airlines Flight 302 (the "Movants") respectfully submit this response to the Court's Order of January 21, 2022, directing that the Government, Boeing, and the Movants meet, confer, and file a joint status report proposing a litigation schedule.

Since the filing of the pending motions, the Government has met with some of the Movants and their representatives to listen to their perspectives on the Boeing 737 MAX crashes and the Deferred Prosecution Agreement filed in this case; those meetings took place on January 10, 14, and 26, 2022, with the third of these three meetings involving the Attorney General. On February 4, 2022, counsel for the Government, Boeing, and the Movants met telephonically. During that meeting, the Government informed counsel for Boeing and the Movants that it would oppose the pending motions. The Government, Boeing, and the Movants were not able to reach agreement on all proposed scheduling matters to be submitted to the Court, and thus their respective positions are set forth below:

1.	The Government will oppose the pending motions. The Government requests authorization to file its response to the Second Amended Motion of the Representatives of the Crash Victims (Dkt. 52) ("Second Amended Motion") no later than February 8, 2022. The Government further requests that the Court hold the two additional pending motions, Motion for Exercise of Supervisory Power over the Deferred Prosecution Agreement (Dkt. 17), and Motion for Arraignment of Boeing (Dkt. 18), in abeyance until the Court has ruled on the Second Amended Motion, and direct further briefing as may be necessary depending on the Court's ruling.

Counsel for Boeing and the Movants have indicated that they do not oppose the Government's request to file its response to the Second Amended Motion on February 8, 2022.

2.	Counsel for Boeing has indicated that it will oppose the pending motions and requests authorization to file responses to all three pending motions no later than February 11, 2022.

Counsel for the Government and the Movants have indicated that they do not oppose Boeing's request to file responses to all three pending motions on February 11, 2022.

3.	Counsel for the Movants requested that the following statement be inserted into this joint status report:

> The representatives of Boeing 737 MAX crashes victims ("victims' families") note that they have not been told what kind of opposition the Government will be filing – and what arguments the Government will be making. The victims' families also note that the Government has been asked by the victims' families for discovery in the event of any opposition, but the Government has advised that it does not believe that the families have any right to discovery in this case. In another similar CVRA case involving a non-prosecution agreement that the Government failed to disclose to crime victims, the Government conceded that the district court could impose discovery obligations on each party. *See Jane Does v. U.S.*, 817 F.Supp.2d 1337, 1344 (S.D. Fla. 2011) ("At the August 12, 2011, hearing on this motion [from Jeffrey Epstein's victims for access to evidence to support their CVRA challenge], the United States agreed that this Court, under its inherent authority to manage this case, could impose discovery obligations on each party."). Because discovery in this case appears to be critical to developing the reply that the

victims' families would file—and because the discovery issue should be decided by the Court—the families propose that, after the opposition brief from the Government on February 8 and from Boeing on February 11, that the families would have two weeks to file a motion for appropriate discovery from the Government and Boeing—i.e., by February 25. Thereafter, the Government and Boeing would respond on this issue of discovery by March 4. The victims' families would reply on the issue of discovery by March 11. At that point, the Court could rule on the discovery issue (following a hearing if necessary). Thereafter, the families would file their reply to the substantive oppositions from the Government and Boeing two weeks after the production of any court-ordered discovery materials or two weeks after any denial of their motion for discovery.

The victims' families oppose the Government's suggestion that the Court should hold "in abeyance" two of their three pending motions (Dkt. 17 and 18). The Government has not explained why, after seven weeks and three continuances, it is unprepared to respond to these two motions. And it is unclear how, for example, the Court's ruling on whether the Government violated the CVRA, 18 U.S.C. § 3771, would affect (for example) the Court's ruling on whether Boeing's arraignment is required under Fed. R. Crim. P. 10(a), as the victims' families argue in Dkt. 18. Boeing is prepared to respond to these two motions on February 11. The Government should be directed to respond to these two motions as well, by February 11.

In the event that the Court adopts the Government's schedule, the victims' families request that they have five business days from the final filing from either the Government or Boeing (whichever is later) to review those filings and then propose a schedule for the families' reply brief or other appropriate filings (e.g., a motion for discovery).

The Government's and Boeing's response to the Movants' scheduling proposal and statement above is as follows: The Government and Boeing do not oppose a reasonable amount of time for the Movants to file a reply. The Government and Boeing oppose a request by the Movants for discovery.

The parties have submitted two proposed orders, reflecting the competing proposals as set forth above.

Respectfully submitted,

ON BEHALF OF THE UNITED STATES OF AMERICA,

KENNETH A. POLITE, JR.
Assistant Attorney General
Criminal Division
United States Department of Justice

By: */s/ Jerrob Duffy*
Jerrob Duffy, Deputy Chief
New York Bar No. 2803559
jerrob.duffy2@usdoj.gov

United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
202-514-2000 (office)
202-514-3708 (fax)

*/s/ Chad E. Meacham*
CHAD E. MEACHAM
United States Attorney
Northern District of Texas
Texas Bar No. 00784584
chad.meacham@usdoj.gov

Northern District of Texas
801 Cherry Street, 17th Floor
Fort Worth, TX 76102
817-252-5200

ON BEHALF OF THE BOEING COMPANY,

McGUIREWOODS LLP
*/s/ Benjamin L. Hatch*
Benjamin L. Hatch
VA Bar No. 70116
bhatch@mcguirewoods.com

Brandon M. Santos
VA Bar No. 75380
bsantos@mcguirewoods.com

McGuireWoods LLP
888 16th Street N.W., Suite 500
Black Lives Matter Plaza
Washington, DC 20006
Tel: 757.640.3727
Fax: 757.640.3947

KIRKLAND & ELLIS LLP
*/s/ Jeremy A. Fielding*
Jeremy Fielding
Texas State Bar No. 24040895
Jeremy.fielding@kirkland.com

Ian Brinton Hatch
Texas State Bar No. 24123444
Ian.hatch@kirkland.com

Kirkland & Ellis LLP
1601 Main Street
Dallas, Texas 75201
Tel: (214) 972-1770
Fax: (214) 972-1771

Craig S. Primis
DC Bar No. 454796
cprimis@kirkland.com

Mark Filip
IL Bar No. 6226541
mark.filip@kirkland.com

Patrick Haney
DC Bar No. 1005326
patrick.haney@kirkland.com

Kirkland & Ellis LLP
1301 Pennsylvania Avenue NW
One Freedom Plaza
Washington, DC 20004
Tel: 202.879.5000
Fax: 202.654.9645

*Counsel for The Boeing Company*

ON BEHALF OF THE MOVANTS,

*/s/ Warren T. Burns*
Warren T. Burns (Texas Bar No. 24053119)
Burns Charest, LLP
900 Jackson Street Suite 500
Dallas, TX 75202 469-904-4550
wburns@burnscharest.com

Paul G. Cassell (Utah Bar No. 06078) (Counsel of Record)
Utah Appellate Project
S.J. QUINNEY COLLEGE OF LAW
University of Utah
383 S. University St.
Salt Lake City, UT 84112
801-585-5202
cassellp@law.utah.edu
(no institutional endorsement implied)
(admitted pro hac vice)

## Certificate of Service

    I certify that on February 8, 2022, I electronically filed this pleading with the clerk of the court for the U.S. District Court, Northern District of Texas, using the Court's electronic case filing system, which will send a notification of electronic filing to notify counsel of record for Defendant Boeing and the Movants.

*s/ Jerrob Duffy*
JERROB DUFFY
Deputy Chief, Fraud Section
New York Bar No. 2803559

5