IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:21-CR-00005-O |
| THE BOEING COMPANY | |

**THE UNITED STATES OF AMERICA'S RESPONSE TO THE MOTION FILED BY REPRESENTATIVES OF CERTAIN CRASH VICTIMS OF LION AIR FLIGHT 610 AND ETHIOPIAN AIRLINES FLIGHT 302 FOR THE EXERCISE OF THIS COURT'S SUPERVISORY POWER OVER THE DEFERRED PROSECUTION AGREEMENT**

The United States of America (the "Government") respectfully submits this response to the motion filed by the representatives of eighteen crash victims of Lion Air Flight 610 and Ethiopian Airlines Flight 302 (the "Movants") for the exercise of this Court's supervisory power over the deferred prosecution agreement ("DPA") filed in this case. Dkt. 17.[1]  The Movants assert that their motion is "authorized by Fed. R. Crim. P. 60(b)"—the implementing rule for the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771—and by "other bodies of law." Dkt. 17 at 1. As discussed below, the CVRA and Rule 60 do not authorize the extraordinary relief that the Movants seek here.  Moreover, other courts have rejected the Movants' argument that the relief they seek is authorized under the Court's supervisory powers.  Thus, this motion should be denied.

First, as explained in the Government's previously filed response to the Movants' motion requesting a finding that the DPA was negotiated in violation of the CVRA (Dkt. 58), the Movants do not qualify as "crime victims" under the CVRA's narrow and precise definition of that term, as applied to the crime charged in the Information and deferred under the DPA.  Thus, the Movants are not entitled to the requested remedies even if those remedies were available under the CVRA.

---

[1] "Dkt." refers to the docket entries in this case and, where appropriate, is followed by the relevant page number of the motion.

*See* 18 U.S.C. § 3771(d)(1) (limiting assertion of CVRA rights to "[t]he crime victim or the crime victim's lawful representative, and the attorney for the Government"); Fed. R. Crim. P. 60(b) ("A victim's rights described in these rules may be asserted by the victim, the victim's lawful representative, the attorney for the government, or any other person as authorized by [the CVRA].").

Second, even if the Movants did fall within the CVRA's statutory definition of "crime victims" in this case, their requests that this Court conduct a "substantive review" of the DPA, Dkt. 17 at 11; "withhold" approval of the DPA, *id.*; and even "excise" the provision of the DPA that the Movants incorrectly claim provides Boeing with immunity, Dkt. 52 at 34, are unavailable under the plain language of the CVRA or Rule 60. Under the CVRA, "[t]here are limitations on the relief a victim may obtain." *United States v. Kovall*, 857 F.3d 1060, 1065 (9th Cir. 2017). Rule 60 contains similar limitations on relief by its plain terms. Fed. R. Crim. P. 60(b)(5). Here, the Movants have not pointed to anything in the CVRA or Rule 60 that provides for the relief they seek.

To the contrary, as discussed in the Government's prior response brief, although the statute provides for limited circumstances under which a crime victim may "make a motion to re-open a plea or sentence," *see* 18 U.S.C. § 3771(d)(5), that relief is *not* available in the case of a DPA. Dkt. 58 at 16-20. "[I]t is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." *Transamerica Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11, 19 (1979). Thus, the fact that the CVRA does not provide for the types of remedies the Movants seek in the case of a DPA is strong evidence that Congress did not intend to provide such relief. The Movants also assert that the substantive provisions of the DPA "fail to adequately deter criminal conduct." Dkt. 17 at 11.

However, the decision whether to bring—or in this case, defer—charges is a quintessential exercise of prosecutorial discretion. *See United States v. LaBonte*, 520 U.S. 751, 762 (1997) (explaining that the "discretion a prosecutor exercises when he decides what, if any, charges to bring against a criminal suspect" is an "integral feature of the criminal justice system, and is appropriate, so long as it is not based upon improper factors").[2] And the CVRA explicitly provides that nothing in the statute "shall be construed to authorize a cause of action for damages" or "to impair the prosecutorial discretion of the Attorney General or any officer under his direction." 18 U.S.C. § 3771(d)(6).

Third, with respect to the Movants' argument that the relief they seek is authorized by "other bodies of law" related to the Court's supervisory authority, two courts of appeals have expressly rejected the suggestion that a district court's supervisory authority (as opposed to the CVRA itself) grants a district court the power to withhold approval of a DPA or alter its terms. *See United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 135-37 (2d Cir. 2017) (explaining that "[t]he supervisory power doctrine is an extraordinary one which should be 'sparingly exercised'" (quoting *United States v. Jones*, 433 F.2d 1176, 1181–82 (D.C. Cir. 1970) (quoting *Lopez v. United States*, 373 U.S. 427, 440 (1963)))). Recognizing that the exercise of the supervisory power doctrine would conflict with the presumption of regularity supporting the exercise of prosecutorial discretion, the court in *HSBC Bank USA* explained that the supervisory power doctrine might justify action "if misconduct in the implementation of a DPA came to a district court's attention," but that "the district court has no freestanding supervisory power to monitor the implementation

---

[2] To the extent that the Movants want the Government to bring additional charges against Boeing, the Government is constrained by its ethical obligation to bring only charges it believes it can sustain beyond a reasonable doubt, *see* U.S.J.M. § 9-27.300 ("[A prosecutor] should not include in an information, or recommend in an indictment, charges that he/she cannot reasonably expect to prove beyond a reasonable doubt by legally sufficient and admissible evidence at trial.").

3

of a DPA." 863 F.3d at 136-37. *See also United States v. Fokker Servs. B.V.*, 818 F.3d 733, 746 (D.C. Cir. 2016) ("Unlike a plea agreement—and more like a dismissal under Rule 48(a)—a DPA involves no formal judicial action imposing or adopting its terms. . . . [A] district court lacks authority to disapprove a DPA under [the Speedy Trial Act] on the ground that the prosecution has been too lenient in its exercise of charging discretion.").[3] The decisions in *HSBC Bank USA* and *Fokker* directly conflict with the assertions by Movants that this Court can or should exercise its supervisory power in this case.[4]

Furthermore, with respect to the Movants' request that this Court withhold approval of the DPA, the Government continues to have significant concerns about whether such action would require individuals who received compensation from the Crash-Victims Beneficiaries fund to repay Boeing. To date, more than $471 million—94 percent of the $500 million—has been disbursed from this fund to beneficiaries of 326 of the 346 crash victims, including all but two of the Movants. Requiring the return of more than $471 million from these 326 beneficiaries located in numerous countries—if even possible—would involve an unjustified but substantial involvement by the Court.

---

[3] The Movants cite the district court opinions in both *HSBC Bank USA* (Dkt. 17 at 5), and and *Fokker* (Dkt. 17 at 9), to advance their arguments while failing to mention that those decisions were either disapproved of, or expressly overruled by, subsequent decisions by the courts of appeals in both cases.

[4] Movants have not demonstrated a need for supervision and the Government has been monitoring Boeing's compliance with the terms of the DPA.

For the foregoing reasons, this Court should deny the Movants' motion.

Respectfully submitted,

| | |
|---|---|
| KENNETH A. POLITE, JR.<br>Assistant Attorney General<br>Criminal Division<br>United States Department of Justice | CHAD E. MEACHAM<br>United States Attorney<br>Northern District of Texas |
| By: *s/ Jerrob Duffy*<br>Jerrob Duffy, Deputy Chief<br>New York Bar No. 2803559<br>jerrob.duffy2@usdoj.gov | By: *s/ Chad E. Meacham*<br>United States Attorney<br>Texas Bar No. 00784584<br>chad.meacham@usdoj.gov |
| United States Department of Justice<br>Criminal Division, Fraud Section<br>1400 New York Avenue, N.W.<br>Washington, D.C. 20005<br>202-514-2000 (office)<br>202-514-3708 (fax) | United States Attorney's Office<br>Northern District of Texas<br>801 Cherry Street, 17th Floor<br>Fort Worth, TX 76102<br>817-252-5200 |

## Certificate of Service

I certify that on February 11, 2022, I electronically filed this pleading with the clerk of the court for the U.S. District Court, Northern District of Texas, using the Court's electronic case filing system, which will send a notification of electronic filing to notify counsel of record for Defendant Boeing and the Movants.

*s/ Jerrob Duffy*
Jerrob Duffy
Deputy Chief, Fraud Section
New York Bar No. 2803559