IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:21-CR-00005-O |
| THE BOEING COMPANY | |

**THE UNITED STATES OF AMERICA'S RESPONSE TO THE MOTION FILED BY REPRESENTATIVES OF CERTAIN CRASH VICTIMS OF LION AIR FLIGHT 610 AND ETHIOPIAN AIRLINES FLIGHT 302 FOR AN ARRAIGNMENT OF BOEING AND A HEARING ON CONDITIONS OF RELEASE**

The United States of America (the "Government") respectfully submits this response to the motion filed by the representatives of eighteen crash victims of Lion Air Flight 610 and Ethiopian Airlines Flight 302 (the "Movants") for an arraignment of The Boeing Company ("Boeing") and a hearing on conditions of release. Dkt. 18.[1] This motion should be denied because the arraignment was properly deferred by the Court based on a request from the parties, and having an arraignment at this time is not necessary under the circumstances. Furthermore, because the Movants are not a party to the proceedings and they are not "crime victims" of the crime charged in this case, they do not have standing to seek the relief requested. For these reasons and as explained more fully below, the motion should be denied.

As explained in the Government's previously filed response to the Movants' motion requesting a finding that the DPA was negotiated in violation of the Crime Victims' Rights Act ("CVRA") (Dkt. 58), the Movants do not qualify as "crime victims" under the narrow and precise definition set forth in the CVRA. Thus, the Movants cannot rely on the CVRA as a basis to make

---

[1] "Dkt." refers to the docket entries in this case and, where appropriate, is followed by the relevant page number. "DPA" refers to the Deferred Prosecution Agreement entered into between the Government and Boeing, filed at Dkt. 4, and, where appropriate, is followed by the relevant paragraph number.

this request even if the CVRA provided for the right to demand an arraignment. Even if the Movants did fall within the CVRA's statutory definition of "crime victims," their contention that this Court must arraign Boeing and set conditions of release is unsupported. Although the CVRA provides for a right to attend and be heard at a public hearing, it does not provide for a right to demand that an arraignment occur. *See* 18 U.S.C. § 3771((a) & (d)(1) (listing CVRA rights and limitations on relief); Fed. R. Crim. P. 60(a) & (b) (same); *see also* 18 U.S.C. § 3771(a)(4) (providing crime victims "[t]he right to be reasonably heard at any public proceeding in the district court involving release").

As an initial matter, although Fed. R. Crim. P. 10 provides that "[a]n arraignment must be conducted in open court," it does not require that an arraignment take place within a particular period of time. *See* Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 162 (5th ed.) ("[Rule 10] is silent on when the arraignment is to be held . . . . If the first time a defendant appears before a judicial officer occurs after an indictment, it is the arraignment rather than some other proceeding that triggers the Speedy Trial Act's provisions." (footnotes omitted)). Although the Movants cite several cases in which arraignment of corporate defendants has taken place, they offer no authority supporting the proposition that arraignment must take place within a particular time frame or preventing the parties and courts from deferring arraignment, so long as the Speedy Trial Act's requirements are satisfied. *See United States v. Atkins*, 528 F.2d 1352, 1358-59 (5th Cir. 1976) (rejecting claim of excessive pretrial delay, including eight months between indictment and arraignment, under *Barker v. Wingo*, 407 U.S. 514 (1972), framework for "post-accusation delay"); *cf. United States v. McDowell*, 687 F.3d 904, 910 (7th Cir. 2012)

(explaining defendant validly waived "his right to prompt presentment" under Fed. R. Crim. P. 5).[2]

Further, it is unclear what practical purpose arraignment would serve under the circumstances. Detention and many potentially applicable conditions of release are inapplicable in the context of corporate defendants. *See* 18 U.S.C. § 3142 (providing for detention or conditional release and listing such conditions of release as employment, education, travel restrictions, and prohibitions on firearm possession and excessive use of alcohol). The Movants contend without support that "Boeing appears to have used its wealth and influence with the Government to escape traditional conditions that other, less-wealthy, and less-connected defendants must follow," Dkt. 18 at 9, but the only "traditional condition" of release that could apply is the requirement that the defendant not commit a crime during the period of release, 18 U.S.C. § 3142(c)(1)(A). The significance of such a condition is questionable in light of the restrictions already rigidly set forth in the DPA. The DPA provides no "protection against prosecution for any" post-DPA conduct by Boeing, DPA ¶ 20(a), or for any conduct not set forth in the DPA's Statement of Facts, DPA ¶ 24, and it explicitly provides that Boeing would be subject to prosecution for the crime charged in the Information if it were to fail to continue to cooperate

---

[2] Courts have held that the arraignment is not a jurisdictional requirement and exists to protect the rights of the accused. *See Garland v. State of Washington*, 232 U.S. 642, 646 (1914) (holding state arraignment requirement was not jurisdictional but instead technical and failure to arraign defendant did not warrant reversal absent prejudice); *United States v. Rogers*, 469 F.2d 1317, 1317–18 (5th Cir. 1972) (determining that failure to arraign defendant not reversible error when no prejudice established) (citing *Garland*, 232 U.S. at 646; *Dell v. Louisiana*, 468 F.2d 324 (5th Cir. 1972); *Thomas v. United States*, 455 F.2d 469 (5th Cir. 1972)); *see also United States v. Bouterse*, 765 F. App'x 463, 466 (2d Cir. 2019) (holding that failure to arraign defendant not reversible because it did not affect any substantial rights) (citing *Garland*, 232 U.S. at 646); *United States v. Romero,* 640 F.2d 1014, 1015 (9th Cir. 1981) (same).

or if it were to commit any other felony under federal law, DPA ¶ 26. These strict provisions are unaffected by the absence of additional formal conditions of release.

The Movants' argument that court-imposed conditions of release are necessary because "if Boeing were to commit a new offense while the DPA is pending, the Court would not be able to revoke any of *its* conditions of release—because no such conditions exist," Dkt. 18 at 10, lacks merit. As discussed, because the other conditions of release are inapplicable for a corporate defendant, there are no conditions for the court to revoke if Boeing committed another crime. The Movants also argue that failing to impose conditions of release on Boeing means that Boeing could not be prosecuted for "the felony crime of committing a new offense while on release" under 18 U.S.C. § 3147. Dkt. 18 at 10. But as previously mentioned, if Boeing breaches the DPA by committing another crime, it can be prosecuted for the crime charged in the Information, prosecuted for the new crime committed, and potentially be subject to additional financial penalties. DPA ¶ 26. Thus, the failure to be subject to Section 3147 does not mean that Boeing will not face serious consequences for any new criminal conduct that it may commit.

Separately, as nonparties who do not fall within the CVRA's narrow definition of "crime victims," Movants do not have standing to intervene and demand the relief requested here. *See, e.g., United States v. Slovacek*, 699 F.3d 423, 426 (5th Cir. 2012) ("Unlike the Federal Rules of Civil Procedure, there is no procedure for nonparty intervention in criminal cases."). In holding that a purported crime victim lacked standing to appeal the denial of a restitution award to him, the Fifth Circuit in *Slovacek* observed that "nonparties may not challenge adverse restitution rulings via direct appeal, and instead must rely on the procedures for such challenges set forth in the [CVRA]." *Slovacek*, 699 F.3d at 424 (citing *In re Amy Unknown*, 697 F.3d 306, 312-13 (5th Cir. 2012) (*en banc*)). And because the general rule is that a nonparty may not intervene in a

criminal case, as the court in *Slovacek* observed, this Court should deny this effort to intervene for lack of standing to demand the relief requested.

    The Government agrees that a statutory crime victim under the CVRA has the right to attend and to be reasonably heard if a public proceeding occurs, but there are various circumstances that exist where a criminal defendant may not be arraigned or there may not be a public proceeding. These include cases where, as here, the Government may exercise its prosecutorial discretion and seek to dismiss a filed case if certain conditions are met within a certain period of time.

For the foregoing reasons, this Court should deny the Movants' motion.

Respectfully submitted,

| | |
|---|---|
| KENNETH A. POLITE, JR.<br>Assistant Attorney General<br>Criminal Division<br>United States Department of Justice | CHAD E. MEACHAM<br>United States Attorney<br>Northern District of Texas |
| By: *s/ Jerrob Duffy*<br>Jerrob Duffy, Deputy Chief<br>New York Bar No. 2803559<br>jerrob.duffy2@usdoj.gov | By: *s/ Chad E. Meacham*<br>United States Attorney<br>Texas Bar No. 00784584<br>chad.meacham@usdoj.gov |
| United States Department of Justice<br>Criminal Division, Fraud Section<br>1400 New York Avenue, N.W.<br>Washington, D.C. 20005<br>202-514-2000 (office)<br>202-514-3708 (fax) | United States Attorney's Office<br>Northern District of Texas<br>801 Cherry Street, 17th Floor<br>Fort Worth, TX 76102<br>817-252-5200 |

## Certificate of Service

I certify that on February 11, 2022, I electronically filed this pleading with the clerk of the court for the U.S. District Court, Northern District of Texas, using the Court's electronic case filing system, which will send a notification of electronic filing to notify counsel of record for Defendant Boeing and the Movants.

*s/ Jerrob Duffy*
Jerrob Duffy
Deputy Chief, Fraud Section
New York Bar No. 2803559