UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. 4:21-cr-005-O-1 |
| | ) | |
| THE BOEING COMPANY, | ) | |
| | ) | |
| *Defendant.* | ) | |
| ──────────────────────────────── | ) | |

**OPPOSED MOTION OF NAOISE CONNOLLY RYAN ET AL. FOR LEAVE TO FILE AN OVERLENGTH REPLY BRIEF IN SUPPORT OF THEIR SECOND AMENDED MOTION FOR FINDINGS THAT THE PROPOSED BOEING DEFERRED PROSECTION AGREEMENT WAS NEGOTIATED IN VIOLATION OF THEIR RIGHTS**

Naoise Connolly Ryan et al. (the "victims' families"), through undersigned counsel, respectfully submit this Opposed Motion for Leave to File an Overlength Reply Brief in Support of Their Second Amended Motion for Findings that the Proposed Boeing Deferred Prosecution Agreement Was Negotiated in Violation of Their Rights (Dkt. 52). For extraordinary and compelling reasons, the Court should grant the families leave to file a 28-page reply brief.

As the Court is aware, it previously granted the victims' families an additional two weeks to prepare their reply supporting their motion for enforcement of their CVRA rights. Dkt. 64. In their opening motion, the families stated their position that the 737 MAX crash victims they represent are CVRA "victims." Dkt. 52 at 5-7. The victims' families had hoped that the Government would support their position. They requested support from the Justice Department, via three meetings with the Assistant Chief of the Criminal Division's Fraud Section, the Assistant Attorney General of the Criminal Division, and ultimately the Attorney General.  The presentation

to the Attorney General involved not only the Attorney General personally, but also thirteen other Department lawyers. Clearly, the issues here are complicated.

Ultimately, the victims' families were unsuccessful in gaining the Department's support, as the Government opposed the families' "victim" position and raised the new argument that, in any event, the families could not obtain any remedies. *See* Dkt. 58. Nonetheless, the Government repeatedly apologized for failing to confer with the families and for deceiving them about the case. Boeing also filed an opposition, agreeing with Government's opposition to "victim" status and to the availability of remedies. Dkt. 62.

Thereafter, the families received this Court's permission for an extra two weeks to develop their reply brief. Dkt. 64. As the families described in their motion for extra time (which itself extended for ten pages), the families' reply brief will necessarily involve tracing out whether the 737 MAX crashes victims were "directly and proximately harmed" by Boeing's crime, thereby creating CVRA "crime victim" status. Dkt. 63 at 4. As the Fifth Circuit has held, under the CVRA's plain language, a person "may qualify as a victim, even though [he] may not have been the target of the crime, as long as [he] suffers harm as a result of the crime's commission." *In re Fisher*, 640 F.3d 645, 648 (5th Cir. 2011). And the Firth Circuit has further instructed that this causation inquiry requires a district court to construct a "mental picture" of what the world would have looked like in the absence of a defendant's crime. *In re Fisher*, 649 F.3d 401, 403 (5th Cir. 2011).

In requesting extra time to prepare their reply, the victims' families noted that developing that "mental picture" of what "the world would have looked like if Boeing had not embarked on a two-year criminal conspiracy to deceive the FAA requires developing detailed factual information." Dkt. 63 at 4. As the families explained, "This information will concern the causes for two different catastrophic 737 MAX crashes, including aeronautical information about FAA

pilot training requirements and the training's efficacy in providing aircraft safety." Dkt. 63 at 5. The victims' families have also now secured three expert witnesses, who will provide information about the "mental picture" regarding the hypothetical absence of Boeing's crime—information that needs to be recounted in the reply brief. *See* Dkt. 63 at 5.

Undersigned counsel has been working diligently to draft a concise — and comprehensive and coherent — reply on all these issues associated with "victim" status and the availability of remedies. In the view of the Government and Boeing, both of these issues are dispositive and should lead the Court to deny the victims' families' motion. Indeed, the Government and Boeing maintain that the Court should deny the families any relief without such much as a hearing.

Undersigned counsel's current draft of the reply is 33 pages long. Some of the arguments can be trimmed so that they are more concisely presented. But filing a reply shorter than 28 pages will likely involve cutting important information supporting the victims' position.

Alternatively, the Court has also granted the victims' families permission to file a separate motion for appropriate discovery from the Government. That brief is "necessarily interwoven" with the families' reply in support of the CVRA motion. Dkt. 62.  That discovery motion can be up to 25 pages in length. Undersigned counsel has completed a draft of that motion, which is only 14 pages in length—11 pages under the applicable page limitation. Because the issues are "necessarily interwoven," it would be possible to move some of the arguments from the reply brief to the discovery motion. But doing so will complicate the presentation of the families' arguments. Undersigned counsel believes that the families' arguments can be most appropriately — and concisely — presented in a reply brief that is slightly overlength.  The victims' families also believe that, if given sufficient space in their reply, they can present arguments that will greatly simplify this litigation by providing the Court with a basis for summarily granting their CVRA motion

without an evidentiary hearing.

Because both the Government and Boeing have filed responses opposing "victim" status and denying the availability of any remedies, the victims' families believe that they are already entitled to file a single consolidated reply to both oppositions that would not exceed 20 pages—i.e., 10 pages to respond to the Government and 10 pages to respond to Boeing. *See* N.D. Tex. Local Crim. Rule 47.2(c). They now seek an additional 8 pages—i.e., permission to file a single, consolidated reply to both oppositions of 28 pages.

It is also relevant that the victims' families compromise 15 different families, each of whom could, in theory, pursue separate actions in this Court asserting their individual CVRA rights.[1] As a convenience to the Court and opposing counsel, the 15 families have consolidated their arguments into a single, consolidated motion. And this case involves worldwide implications, revolving around the deaths of 346 passengers and crew in two horrific 737 MAX crashes.

## <u>CONCLUSION</u>

This Court should provide the victims' families permission to file an overlength reply brief of not more than 28 pages. A proposed order to that effect is attached.

---

[1] More than 70 other families have indicated that they are supporters of the 15 families' motions. Dkt 52 at 7.

Dated: February 24, 2022

Respectfully submitted,

/s/ Warren T. Burns

Warren T. Burns (Texas Bar No. 24053119)
Burns Charest, LLP
900 Jackson Street
Suite 500
Dallas, TX 75202
469-904-4550
wburns@burnscharest.com

Paul G. Cassell (Utah Bar No. 06078)
(Counsel of Record)
Utah Appellate Project
S.J. QUINNEY COLLEGE OF LAW
University of Utah
383 S. University St.
Salt Lake City, UT 84112
801-585-5202
cassellp@law.utah.edu
(no institutional endorsement implied)
(*pro hac vice*)

*Attorneys for Victims' Families*

## CERTIFICATE OF CONFERENCE

On February 23, 2022, the victims' families advised opposing counsel, via email, of the substance of the grounds for an overlength reply brief. The parties oppose the motion.

*Government's Opposition*

The Government opposes because "[l]ocal Criminal Rule 47.2(c) provides that reply briefs, when authorized, 'must not exceed 10 pages.' The movants' reply briefs in support of the motion concerning supervision of the DPA (DE 18) was 17 pages, and the movants' reply in support of the motion concerning arraignment (DE 17) was 24 pages.  The movants did not seek Court approval or the position of the parties to file an oversize brief for either, and the Government's response briefs were 5 pages (DE 18) and 4 pages (DE 17) respectively.  We have not moved to strike either of your filings for exceeding the Local Criminal Rule 47.2(c) page limit.  It appears that the reply you now propose is intended to raise new arguments and new facts not set forth in the original motion, without prior leave of the Court.  The Government therefore objects to your proposal."

In reply to the Government's opposition, the victims' families note the issues here are complex. Indeed, the victims' families had previously stipulated to a Government response of up to 40 pages. And the Government fails to consider that the families are replying to *two* opposing parties—not one. And, therefore, the families' previous replies on other issues complied with the resulting 20-page limitation.  (The Government mistakenly describes the victims' families reply regarding arraignment as 24 pages in length, when in fact it was 17 pages (Dkt. 66) — less than the permitted 20 pages.) Finally, the victims' families will not present any new arguments in their reply, but only arguments supporting their "victim" position and the availability of remedies. The families previously described the substance of their reply in their 10-page motion for extra time (Dkt. 63), which the Government did not oppose—and which the Court approved (Dkt. 64).

*Boeing's Opposition*

Boeing states its opposition to the request to file an oversize reply brief as follows: "As the government references, the local rules provide for 10 pages for a reply. The government and Boeing have complied with all NDTX page limitations in their filings, and so it is appropriate for your reply brief to also comply with those limitations. Further, to the extent your reply seeks to raise new arguments or facts, Boeing objects."

In reply to Boeing's opposition, the victims' families note that the local rules provide for an overlength reply brief, if approved by the Court. Approval of an overlength brief is appropriate here, particularly since the fifteen victims' families must shoulder the burden of proof on the complex "victim" issue. The victims' families raise no new arguments in their reply.

/s/  Paul G. Cassell
Paul G. Cassell

## CERTIFICATE OF SERVICE

I certify that on February 24, 2022, the foregoing document was served on the parties to the proceedings via the Court's CM/ECF filing system.

/s/  Paul G. Cassell
Paul G. Cassell