IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

**No. 4:21-CR-00005-O**

THE BOEING COMPANY

**THE UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION
TO THE MOTION FILED BY REPRESENTATIVES OF CERTAIN
CRASH VICTIMS OF LION AIR FLIGHT 610 AND ETHIOPIAN AIRLINES
FLIGHT 302 FOR DISCLOSURE OF RELEVANT INFORMATION TO PROVE
"CRIME VICTIM" STATUS AND VIOLATION OF THEIR RIGHTS**

**TABLE OF CONTENTS**

I.      The Movants Have No Right to Discovery in this Criminal Proceeding. ........................... 2

        A.      There Is No General Right of Access to Discovery of Materials that Are
                Not Entered into Evidence or Otherwise Made Part of the Adjudicatory
                Process. ................................................................................................................... 2

        B.      Neither the CVRA Nor Any Other Provision of Law Provides Individuals
                Claiming Crime Victim Status with a Right to Demand Discovery from
                the Government........................................................................................................ 4

        C.      The Movants Are Not Entitled to Discovery from the Government as a
                Matter of Due Process.............................................................................................. 9

        D.      The Movants' Broad Requests for Information and Documents Seek
                Material Protected from Disclosure. ...................................................................... 10

II.     This Court Should Not Grant the Movants' Discovery Requests Pursuant to Its Inherent
        Authority Because the Movants' Underlying Motions Can Be Denied Without Additional
        Factual Development. ......................................................................................................... 11

III.    The Movants' Requested Procedure for Further Litigating Their Motion Should Be
        Denied. ................................................................................................................................. 14

CONCLUSION.................................................................................................................................. 15

## TABLE OF AUTHORITIES

**Cases**

*Bank of Nova Scotia v. United States*,
    487 U.S. 250 (1988).................................................................................. 12

*Banks v. Thaler*,
    583 F.3d 295 (5th Cir. 2009) ................................................................... 9

*Brady v. Maryland*,
    373 U.S. 83 (1963)............................................................................... 2, 9

*Chambers v. NASCO, Inc.*,
    501 U.S. 32 (1991)................................................................................ 11

*Chrysler Corp. v. Brown*,
    441 U.S. 281 (1979)................................................................................ 9

*Degen v. United States*,
    517 U.S. 820 (1996)........................................................................... 2, 13

*Dellwood Farms, Inc. v. Cargill. Inc.*,
    128 F.3d 1122 (7th Cir. 1997) ................................................................ 11

*Giglio v. United States*,
    405 U.S. 150 (1972)................................................................................ 2

*Halprin v. Davis*,
    911 F.3d 247 (5th Cir. 2018) ................................................................... 9

*Hubbard v. United States*,
    514 U.S. 695 (1995)................................................................................ 6

*In re Amy Unknown*,
    701 F.3d 749 (5th Cir. 2012), *vacated on other grounds sub nom. Paroline v.*
    *United States*, 572 U.S. 434 (2014) ...................................................... 10

*In re Antrobus*,
    519 F.3d 1123 (10th Cir. 2008) ............................................................... 8

*In re Antrobus*,
    563 F.3d 1092 (10th Cir. 2009) ............................................................... 8

*In re Hearst Newspapers, L.L.C.*,
    641 F.3d 168 (5th Cir. 2011) ................................................................... 3

*In re Kenna*,
    453 F.3d 1136 (9th Cir. 2006) ............................................................. 6-7

*Lefebure v. D'Aquilla*,
    15 F.4th 650 (5th Cir. 2021), *pet. for cert. filed*, No. 21-1231 (Mar. 4, 2022) ...................... 10

*Link v. Wabash R.R.*,
    370 U.S. 626 (1962) ............................................................................. 11

*Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*,
    2 F.3d 1397 (5th Cir. 1993) ..................................................... 11, 13, 14

*Nat'l R.R. Passenger Corp. v. Nat'l Ass'n of R.R. Passengers*,
    414 U.S. 453 (1974) ............................................................................... 6

*Nixon v. Warner Commc'ns Inc.*,
    435 U.S. 589 (1978) ............................................................................... 3

*Paroline v. United States*,
    572 U.S. 434 (2014) ............................................................................. 10

*PDK Lab'ys Inc. v. DEA*,
    362 F.3d 786 (D.C. Cir. 2004) ............................................................ 13

*Roadway Express, Inc. v. Piper*,
    447 U.S. 752 (1980) ............................................................................. 11

*Stegman v. United States*,
    No. 14-2445-JWL, 2015 WL 728487 (D. Kan. Feb. 19, 2015) ............. 7

*Thomas v. Arn*,
    474 U.S. 140 (1985) ............................................................................. 12

*Transamerica Mortg. Advisors, Inc. v. Lewis*,
    444 U.S. 11 (1979) ............................................................................... 6

*United States* v. *Alcatel-Lucent France, S.A.*,
    688 F.3d 1301 (11th Cir. 2012) ........................................................... 10

*United States v. Anderson*,
    799 F.2d 1438 (11th Cir. 1986) .......................................................... 3-4

*United States v. Armstrong*,
    517 U.S. 456 (1996) ......................................................................... 10-11

*United States v. Atl. States Cast Iron Pipe Co.*,
    612 F. Supp. 2d 453 (D.N.J. 2009) ..................................................... 15

*United States v. Hudson*,
    11 U.S. (7 Cranch) 32 (1812) ............................................................................. 11

*United States v. Hunter*,
    548 F.3d 1308 (10th Cir. 2008) ...................................................................... 6, 8

*United States v. Hunter*,
    No. 2:07-CR-307, 2008 WL 110488 (D. Utah Jan. 8, 2008), *mandamus pet.*
    *denied*, *In re Antrobus*, No. 08-4013 (10th Cir. Feb. 1, 2008) ................................. 7

*United States v. Kovall*,
    857 F.3d 1060 (9th Cir. 2017) ............................................................................ 6

*United States v. McDorman*,
    305 F. App'x 187 (5th Cir. 2008) ................................................................... 14-15

*United States v. Miramontez*,
    995 F.2d 56 (5th Cir. 1993) .............................................................................. 11

*United States v. Moussaoui*,
    483 F.3d 220 (4th Cir. 2007) .............................................................................. 6

*United States v. Nobles*,
    422 U.S. 225 (1975) ......................................................................................... 12

*United States v. Payner*,
    447 U.S. 727 (1980) ......................................................................................... 12

*United States v. Rubin*,
    558 F. Supp. 2d 411 (E.D.N.Y. 2008) ................................................................. 7

*United States v. Ruiz*,
    536 U.S. 622 (2002) ........................................................................................... 2

*United States v. Tsarnaev*,
    — U.S. —, No. 20-443, 2022 WL 626692 (Mar. 4, 2022) ................................... 12

*United States v. Walter*,
    426 F. App'x 239 (5th Cir. 2011) ...................................................................... 14

*Weatherford v. Bursey*,
    429 U.S. 545 (1977) ........................................................................................... 2

**Statutes and Rules**

18 U.S.C. § 3500 ........................................................................................................... 3

18 U.S.C. § 3771 ..................................................................................................... 1, 5, 9

42 U.S.C. § 10607 ........................................................................................................ 5

Fed. R. Civ. P. 8 ........................................................................................................ 14

Fed. R. Crim. P. 6 ...................................................................................................... 10

Fed. R. Crim. P. 16 ........................................................................................ 2-3, 10, 11, 12

Fed. R. Crim. P. 26.2 ................................................................................................... 3

The United States of America (the "Government") respectfully submits this response in opposition to the motion filed by the representatives of certain crash victims of Lion Air Flight 610 and Ethiopian Airlines Flight 302 (the "Movants") for Disclosure of Relevant Information to Prove "Crime Victim" Status and Violation of Their Rights. Dkt. 72.[1] The Movants ask this Court to "direct the Government" to provide them with "information supporting their position" that they qualify as "crime victims," as that term is defined in the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, in order to demonstrate their entitlement to various remedies sought in a series of motions filed with this Court in December of last year pursuant to the CVRA. *See* Dkt. 15, 16, 18, 52. Specifically, the Movants identify thirteen purported "facts" which they assert are relevant to their claim of victim status, Mot. at 4-5, and further assert that the Government has information in its possession that would be helpful in establishing such "facts." Therefore, the Movants request that this Court direct the Government to produce such material to them, claiming that their discovery demand is authorized by various provisions of the CVRA and this Court's inherent powers.

The Movants are incorrect and their motion should be denied. As explained in greater detail below, neither the CVRA nor any other provision of law authorizes non-party individuals or entities asserting victim status in a criminal proceeding to demand, or receive, discovery from the Government in support of their claim. And this Court should decline to exercise its inherent authority to order such discovery because it need not determine the issue of "crime victim" status in order to deny the Movants' underlying motions. Furthermore, there is no basis on which to

---

[1] "Mot." refers to the Movants' Motion for Disclosure of Relevant Information to Prove "Crime Victim" Status and Violation of Their Rights and, where appropriate, is followed by the relevant page number; "Dkt." refers to the docket entries in this case and, where appropriate, is followed by the relevant page number.

1

adopt the Movants' requested civil litigation procedure in this criminal proceeding, which is governed by the Federal Rules of Criminal Procedure.  As the Movants' discovery request is without support as a matter of law, and unnecessary as a matter of fact, it should be denied in its entirety.

**I.      The Movants Have No Right to Discovery in this Criminal Proceeding.**

**A.      There Is No General Right of Access to Discovery of Materials that Are Not Entered into Evidence or Otherwise Made Part of the Adjudicatory Process.**

In contrast to the wide-ranging discovery associated with civil litigation, discovery in criminal cases is limited.  *See, e.g.*, *Degen v. United States*, 517 U.S. 820, 825-826 (1996) (noting that "[a] criminal defendant is entitled to rather limited discovery," whereas "[i]n a civil case, . . . a party is entitled as a general matter to discovery of any information sought if it appears 'reasonably calculated to lead to the discovery of admissible evidence'" (citation omitted)). Although there is no question that the prosecution is required under the Due Process Clause to disclose exculpatory and impeachment material to the accused when such evidence is "material" to guilt or punishment, *see Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972), the Supreme Court has repeatedly recognized that "[t]here is no general constitutional right to discovery in a criminal case," *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977).  *See also United States v. Ruiz*, 536 U.S. 622, 629 (2002) ("[T]he Constitution does not require the prosecutor to share all useful information with the defendant.").

Statutes and rules governing discovery in criminal cases are also limited.  For example, Rule 16 of the Federal Rules of Criminal Procedure specifies certain categories of information subject to pretrial disclosure by the prosecution and defense but exempts other materials from discovery.  *See* Fed. R. Crim. P. 16(a)(2) (exempting from Rule 16 discovery "reports, memoranda, or other internal government documents made by an attorney for the government or other

government agent in connection with investigating or prosecuting the case").  Additionally, the Jencks Act, 18 U.S.C. § 3500, requires the Government to produce to the defense "any statement" made by a government witness that relates to his or her testimony, but only after the witness has testified on direct examination.  *See* Fed. R. Crim. P. 26.2.

There is no statute, rule, or other authority that provides statutory crime victims or individuals or entities asserting victim status (like the Movants here)[2] the right to obtain discovery from the Government in a criminal case.  Of course, members of the public, including crime victims, have a qualified right of access to criminal proceedings and to judicial records, such as materials that have been admitted into evidence or otherwise incorporated into a trial court's adjudicatory proceedings.  *See Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." (footnotes omitted)); *In re Hearst Newspapers, L.L.C.*, 641 F.3d 168, 175 (5th Cir. 2011) ("[T]he Supreme Court has recognized a First Amendment right of access to various aspects of a criminal prosecution.").  But that qualified right does not attach to every piece of information involved in a criminal case.  There is, for instance, no general right of public access to discovery materials that are exchanged by the parties but not incorporated into the adjudicatory process.  *See United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) ("Discovery, whether civil or criminal, is essentially a private process

---

[2] As explained in its initial response to the Movants' CVRA motion, Dkt. 58, the Movants do not qualify as "crime victims" under the CVRA.  To the extent that this filing uses the term "crime victims" without qualifying language specifically characterizing the precise status of the Movants (*e.g.*, "individuals or entities asserting victim status"), such usage is done for purposes of readability and brevity and is not meant to imply that the Movants should be considered to fall within the CVRA's statutory definition of "crime victim."

3

because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation.").

As this Court is well aware, the prosecution of Boeing's former 737 MAX Chief Technical Pilot, Mark Forkner, *see United States v. Forkner*, No. 4:21-CR-00268-O (N.D. Tex.), is set to commence a week from today. The Government expects to introduce a number of exhibits at trial that relate to Forkner's scheme to defraud two of Boeing's U.S. airline customers, as well as the conspiracy to defraud the United States' Federal Aviation Administration Aircraft Evaluation Group described in the Information and deferred prosecution agreement filed in this matter. To the extent those exhibits bear on the purported "facts" in the Movants' Motion, Mot. at 4-5, the Movants (like the rest of the public) will have complete access to them once they are introduced at trial. But that eventuality does not provide the Movants with license to make additional requests for documents and information from the Government in connection with their pending motions in this deferred prosecution of Boeing.

B. **Neither the CVRA Nor Any Other Provision of Law Provides Individuals Claiming Crime Victim Status with a Right to Demand Discovery from the Government.**

The Movants wrongly assert that the text of the CVRA itself obligates the Government "to produce information to the victims' families." Mot. at 13-16. That is not so. The CVRA, as amended, guarantees crime victims the following rights:

1. The right to be reasonably protected from the accused.

2. The right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused.

3. The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.

4

4.       The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding.

5.       The reasonable right to confer with the attorney for the Government in the case.

6.       The right to full and timely restitution as provided in law.

7.       The right to proceedings free from unreasonable delay.

8.       The right to be treated with fairness and with respect for the victim's dignity and privacy.

9.       The right to be informed in a timely manner of any plea bargain or deferred prosecution agreement.

10.       The right to be informed of the rights under this section and the services described in section 503(c) of the Victims' Rights and Restitution Act of 1990 (42 U.S.C. § 10607(c)) and provided contact information for the Office of the Victims' Rights Ombudsman of the Department of Justice.

18 U.S.C. § 3771(a).

The text of the CVRA is clear and unambiguous and makes no mention of a crime victim's right to discovery or an obligation on the part of the Government to produce information to crime victims or individuals like the Movants who assert that they are entitled to crime victim status. The Movants rely primarily on the provision of the CVRA that requires Government personnel to use "their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection (a)" of the statute.  18 U.S.C. § 3771(c).  But that provision does not provide crime victims or those claiming crime victim status with a separate standalone right to discovery.  By its own terms, the "best efforts" standard refers only to the enumerated rights listed above and nowhere in the CVRA's enumerated rights is a right of a crime victim (or a purported crime victim)

to demand access to non-public materials in the Government's possession. "[A]bsent any indication that doing so would frustrate Congress's clear intention or yield patent absurdity, [a court's] obligation is to apply the statute as Congress wrote it." *Hubbard v. United States*, 514 U.S. 695, 703 (1995) (cleaned up).

Congress's decision not to include a right to discovery among the enumerated rights in the CVRA is telling—and dispositive here. "A frequently stated principle of statutory construction is that when legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies." *National Railroad Passenger Corp. v. National Ass'n of Railroad Passengers*, 414 U.S. 453, 458 (1974); *Transamerica Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11, 19 (1979) ("[W]here a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it."). Thus, the fact that the CVRA does not require the Government to hand over evidence to individuals or entities seeking to establish their crime victim status is strong evidence that Congress did not intend to provide for the relief the Movants seek here. *Cf. United States v. Kovall*, 857 F.3d 1060, 1065 (9th Cir. 2017) ("There are limitations on the relief a victim may obtain [under the CVRA].").

For these reasons, numerous courts have rejected claims that crime victims or those seeking to establish crime victim status are entitled to demand discovery from the Government in the course of a criminal proceeding. *See United States v. Hunter*, 548 F.3d 1308, 1317 (10th Cir. 2008) ("The district court and this court have already held that the CVRA does not provide 'victims' with a right of access to the government's files."); *United States v. Moussaoui*, 483 F.3d 220, 224 (4th Cir. 2007) (concluding that neither the CVRA nor the district court's "inherent powers" permitted an order requiring the Government to disclose to victims non-public discovery materials provided to a criminal defendant in the course of discovery); *In re Kenna*, 453 F.3d 1136,

1137 (9th Cir. 2006) (per curiam) (finding no support "in either the language of the [CVRA] or the legislative history" for the proposition that "the CVRA confers a general right for crime victims to obtain disclosure of the PSR"); *Stegman v. United States*, No. 14-2445-JWL, 2015 WL 728487, at *2 (D. Kan. Feb. 19, 2015) ("The United States Attorney, however, does not have an obligation under the CVRA to . . . disclose anything in its investigative file to [claimed victim]."); *United States v. Rubin*, 558 F. Supp. 2d 411, 425 (E.D.N.Y. 2008) ("The CVRA, therefore, does not authorize an unbridled gallop to any and all information in the government's files.").[3]  As the district court in *Hunter* cogently reasoned, "[g]ranting rights to the prosecution's investigative discovery file to persons wishing to establish themselves as a victim is a significant right to append to the CVRA.  If Congress had wanted to afford members of the public the right to prosecution files to determine their victim status, it should have clearly identified that right in the CVRA." *United States v. Hunter*, No. 2:07CR307DAK, 2008 WL 110488, at *1 (D. Utah Jan. 8, 2008), *mandamus pet. denied*, *In re Antrobus*, No. 08-4013 (10th Cir. Feb. 1, 2008).  This Court should

---

[3] The Movants dismiss this quote from *Rubin* and claim that this decision "contradicts the Government's position," observing that the district court in that case stated that "seeking information from the government in connection with restitution . . . would appear to be well within the[] bounds" of the CVRA.  Mot. at 15-16 (quoting *Rubin*, 558 F. Supp. 2d at 425).  Not so.  The district court's analysis in *Rubin* is consistent with the Government's arguments in this response and elsewhere.  In that case, the district court explained that "[a]ny information-gathering aspect of [victims' CVRA] right to confer is necessarily circumscribed, in the first instance, by its relevance to a victim's right to participate in the federal criminal proceedings at hand and to do so within the bounds demarked by the CVRA."  *Rubin*, 558 F. Supp. 2d at 425.  Thus, the court reasoned, while the CVRA might contemplate "[c]onferring with and seeking information from the government in connection with restitution," it did not "authorize an unbridled gallop to any and all information in the government's files," *id.*, which is what the Movants seek here.  In other words, *Rubin* stands only for the proposition that if there is any information-gathering right within the penumbras of the CVRA, it must be tethered to and limited by a right actually enumerated in the CVRA, rather than a free-standing entitlement to discovery from the Government to establish "crime victim" status.

follow this steady line of authority and reject the Movants' argument that they are entitled to discovery from the Government in connection with litigating their underlying CVRA motions.

Apart from *Rubin*, the only other published opinion the Movants rely upon for their claim that the CVRA's best-efforts standard requires the Government to provide them with information "favorable" to their claim is the concurring opinion by Judge Tymkovich in one of the *In re Antrobus* decisions, in which he expressed the view that "the district court and the government erred in failing to permit the [purported crime victims] reasonable access to evidence which could support their claim," an issue which the majority concluded was not before it.  Mot. at 14 (quoting *In re Antrobus*, 519 F.3d 1123, 1126 (10th Cir. 2008) (Tymkovich, J., concurring); *see also In re Antrobus*, 519 F.3d at 1125 n.1 (noting that, in that proceeding, petitioners did not seek mandamus "on the basis that the district court should have afforded them discovery").  Any persuasive value this single concurring opinion may have is undermined by the fact that that two subsequent decisions by unanimous Tenth Circuit panels confirmed that in a separate mandamus proceeding arising out of the same litigation that court "concluded that the district court did not abuse its discretion in refusing to compel production of evidence from the government's files or in refusing to release the grand jury transcripts."  *In re Antrobus*, 563 F.3d 1092, 1095 (10th Cir. 2009); *see also Hunter*, 548 F.3d at 1317 (recounting that in earlier litigation "[t]he district court and this court have already held that the CVRA does not provide 'victims' with a right of access to the government's files").

The Government supports crime victims both in their exercise of the statutory rights enumerated in the CVRA and in their participation in the prosecution and sentencing of the criminals who have caused them harm.  But the Government is also tasked with ensuring that statutes are properly interpreted to implement Congressional intent.  As written, the text and

8

structure of the CVRA make clear that Congress did not intend the statute to provide crime victims or those seeking crime victim status with broad access to non-public material in the Government's possession.

### C. The Movants Are Not Entitled to Discovery from the Government as a Matter of Due Process.

The Movants also claim that their right to demand discovery from the Government to support their CVRA motions is required by principles of due process. Although it is not clear whether the Movants assert a standalone right to due process as a matter of constitutional law or as a concept embedded in the CVRA's statutory guarantee that crime victims "be treated with fairness," 18 U.S.C. § 3771(a)(8)[4], the Movants rely on *Brady v. Maryland*, 373 U.S. 83 (1963), for the notion that "the victims' families are entitled to favorable evidence within the Government's possession and control." Mot. at 17. While the Government forthrightly acknowledges that the Movants deserve to be treated with fairness (regardless of whether they qualify as "crime victims" under the CVRA), *see* Dkt. 58 at 18, *Brady* does not apply in this context and does not support the Movants' claimed right to discovery. *Brady* "serve[s] to protect the due-process rights of criminal defendants," not putative crime victims like the Movants. *Banks v. Thaler*, 583 F.3d 295, 310 (5th Cir. 2009); *see also Halprin v. Davis*, 911 F.3d 247, 256-257 (5th Cir. 2018) (per curiam) ("Under *Brady*, the prosecution violates the due process rights *of the accused* if, upon request for information, the prosecution keeps from the defense favorable, material evidence, regardless of good or bad faith." (emphasis added)). Unlike criminal defendants, crime victims are not "parties" to a criminal prosecution and may not intervene in a

---

[4] The CVRA does not include among its enumerated rights a standalone right to "due process"; rather, the Movants rely on a single statement from one member of Congress within the legislative history of the CVRA. Mot. at 17. But "[t]he remarks of a single legislator, even the sponsor, are not controlling in analyzing legislative history." *Chrysler Corp. v. Brown*, 441 U.S. 281, 311 (1979).

criminal case to make themselves parties to it.  *See United States v. Alcatel-Lucent France, S.A.*, 688 F.3d 1301, 1306 (11th Cir. 2012).  Congress passed the CVRA with these well-accepted principles in mind, and, as the Fifth Circuit has noted, nothing in the CVRA "reflects Congress' intent to depart from" them.  *In re Amy Unknown*, 701 F.3d 749, 755-756 (5th Cir. 2012) (en banc) (holding that crime victims, as non-parties, may not appeal from a final judgment in a criminal case), *vacated on other grounds sub nom. Paroline v. United States*, 572 U.S. 434, 463 (2014); *see also Alcatel-Lucent*, 688 F.3d at 1306 ("[T]he CVRA does not displace the default rule that crime victims [are] non-parties to the criminal action. . . .").  And, as the Fifth Circuit recently recognized, "victims of crime do not have a cognizable interest in the investigation or prosecution of others." *Lefebure v. D'Aquilla*, 15 F.4th 650, 657 (5th Cir. 2021), *pet. for cert. filed*, No. 21-1231 (Mar. 4, 2022).  Simply put, *Brady*'s guarantee that a criminal defendant has a right to favorable evidence from the Government provides no support for a claim that non-parties to a criminal proceeding enjoy a similar due process right.

### D.    The Movants' Broad Requests for Information and Documents Seek Material Protected from Disclosure.

Moreover, the Movants readily admit that their requests may implicate privilege issues or grand jury secrecy rules, Mot. at 20 (contemplating the production of privilege logs by the Government and suggesting that the Government would be required to make an application pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i) to disclose grand jury material "in connection with a judicial proceeding").  If the Court was inclined to entertain the Movants' requests for discovery, considerable issues concerning work product protection, deliberative process privilege, law enforcement investigatory privilege, and grand jury secrecy would arise and unduly complicate and prolong this proceeding.  *See, e.g., United States v. Armstrong*, 517 U.S. 456, 463 (1996) ("Under Rule 16(a)(1)(C), a defendant may examine documents material to his defense, but, under

10

Rule 16(a)(2), he may not examine Government work product in connection with his case.");
*Dellwood Farms, Inc. v. Cargill. Inc.*, 128 F.3d 1122, 1125-1127 (7th Cir. 1997) (Posner, J.)
(upholding government's assertion of the law enforcement investigatory privilege in civil
litigation); *United States v. Miramontez*, 995 F.2d 56, 59 (5th Cir. 1993) (disclosure of grand jury
material requires showing of "a particularized need . . . that outweighs the policy of secrecy").

## II.   This Court Should Not Grant the Movants' Discovery Requests Pursuant to Its Inherent Authority Because the Movants' Underlying Motions Can Be Denied Without Additional Factual Development.

In addition to relying on the text of the CVRA and notions of due process, the Movants
assert that this Court should order the Government to turn over the requested material under the
Court's inherent authority "to manage this proceeding to ensure that it receives all evidence it
needs from the parties to fairly decide the CVRA issues." Mot. at 13.  The Government certainly
recognizes that this Court, like all federal courts, is "vested with certain inherent discovery
powers." *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1409 (5th Cir.
1993).  It is well established that the federal courts possess those inherent powers "which 'are
necessary to the exercise of all others.'" *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)
(quoting *United States v. Hudson*, 11 U.S. (7 Cranch) 32, 34 (1812)).  Such power arises from
"'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly
and expeditious disposition of cases.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting
*Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962)).  And that inherent authority includes the
power "to issue such discovery orders as are necessary to determine and rule upon" questions
presented to the court in both civil and criminal cases. *Nat. Gas Pipeline*, 2 F.3d at 1048 & nn.22-
30 (citing cases).  However, "[b]ecause of their very potency," the Supreme Court has warned that
a court's "inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S.
at 44.  And for three independent reasons, this Court should decline to exercise its inherent

11

authority to order the Government to respond to the vast disclosure demands made by the Movants in connection with this proceeding.

*First*, as recently as last week the Supreme Court cautioned that the exercise of a court's inherent power is bounded by the Constitution, statutory provisions, court rules, and binding Supreme Court precedent. *United States v. Tsarnaev*, — U.S. —, No. 20-443, 2022 WL 626692, at *8 (Mar. 4, 2022); *see also Thomas v. Arn*, 474 U.S. 140, 148 (1985) (court's supervisory power "is invalid if it conflicts with constitutional or statutory provisions").  "To allow otherwise 'would confer on the judiciary discretionary power to disregard the considered limitations of the law it is charged with enforcing.'" *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254 (1988) (quoting *United States v. Payner*, 447 U.S. 727, 737 (1980)).  Thus, a court may not invoke its inherent authority as a basis for circumventing the limits imposed by statute or rule.  For that reason, in *Nobles*, before the Supreme Court endorsed the power of a district court to order the mid-trial disclosure of witness statements under its inherent authority it ensured that such an exercise of authority would not conflict with the Fifth Amendment, the Jencks Act, Federal Rule of Criminal Procedure 16, or the attorney work-product doctrine.  *See United States v. Nobles*, 422 U.S. 225, 233-240 (1975).  As discussed above, Congress's enumeration of specific, limited rights in the CVRA undermines the notion that Congress also intended to create, *sub silentio*, a broad right of access to non-public material in the Government's possession for non-parties seeking to establish victim status.  Furthermore, the Jencks Act, Rule 16, and Supreme Court precedent under *Brady* and its progeny sharply limit the Government's discovery obligations in criminal cases.  For this reason alone, this Court should decline the Movants' invitation to use its inherent authority to sidestep those limitations.

12

*Second*, this Court need not entertain the Movants' discovery requests because they are simply unnecessary to the resolution of their various CVRA motions.  As the Supreme Court has explained, "[a] court's inherent power is limited by the necessity giving rise to its exercise." *Degen*, 517 U.S. at 829; *see also Nat. Gas Pipeline*, 2 F.3d at 1412 (5th Cir. 1993) ("The ultimate touchstone of inherent powers is necessity.").  And, as the Government explained in its initial response to the Movants' CVRA motion, this Court does not need to definitively determine whether the Movants qualify as "crime victims" under the CVRA because it may resolve the Movants underlying motions on the basis that "the remedies sought by the Movants far exceed the scope of the remedies that Congress has authorized."  Dkt. 58 at 8-9, 14-15, 18 n.9.

Because this Court may deny each of the Movants' underlying motions on the basis that all of the remedies sought by the Movants are unavailable or unwarranted, it need not address the factual question of whether the Movants qualify as "crime victims" under the CVRA.  *A fortiori*, the Court need not entertain the Movants' motion for discovery of materials relevant to that unnecessary question.  *See PDK Lab'ys Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring) (observing that "the cardinal principle of judicial restraint" is "if it is not necessary to decide more, it is necessary not to decide more").

*Finally*, it is also unnecessary for this Court to exercise its inherent powers to order discovery of material in the Government's possession that might bear on the question of whether the Movants qualify as crime victims because, as the Movants themselves assert, they believe that their interpretation of information that they already have available to them through publicly available sources, their own experts, and witness testimony, all set forth in an over-fifty-page pleading, Dkt. 72-1, is sufficient to "allow this Court to grant their CVRA motion," Mot. at 7.  Although the Government disagrees with the conclusions the Movants draw from these publicly-

13

available materials, the Movants can hardly claim they lack the information necessary to plead their case as crime victims given the extensive pleading that they have already submitted.  Because the Movants have not demonstrated any "necessity" for additional materials, there is no need for this Court to use its inherent authority to grant the Movants' request for discovery from the Government.  *Nat. Gas Pipeline*, 2 F.3d at 1412 (5th Cir. 1993) ("The ultimate touchstone of inherent powers is necessity.").

### III.    The Movants' Requested Procedure for Further Litigating Their Motion Should Be Denied.

In their Motion, the Movants set forth a detailed proposal for "the production of information" and a process by which the parties would be required to identify the factual disputes between them, including requesting this Court to order the Government (and perhaps Boeing) to "provide a paragraph-by-paragraph response to the families [sic] proffer."  Mot. at 19-21.  Because the Movants' motion for discovery is both legally unsupported and factually unnecessary, this Court need not address this novel request by the Movants.  But if the Court feels it necessary to consider the Movants' proposal in this regard, it should deny the Movants' request entirely.  The Movants' suggested complaint-and-answer procedure, requiring the Government to admit or deny each of their factual assertions paragraph by paragraph, is a hallmark of *civil* litigation.  *See* Fed. R. Civ. P. 8(b) (requiring a party responding to a pleading to "admit or deny the allegations asserted against it by an opposing party").  But "[t]he scope of the rules of civil procedure is limited to civil actions," *United States v. Walter*, 426 F. App'x 239, 240 (5th Cir. 2011) (per curiam) (unpublished), and those rules have no place in this *criminal proceeding*, which is governed by the Federal Rules of Criminal Procedure.  *See also United States v. McDorman*, 305 F. App'x 187, 189 (5th Cir. 2008) (per curiam) (unpublished) ("The Federal Rules of Civil Procedure, however, govern the procedure in all civil actions and proceedings, while the Federal Rules of Criminal

14

Procedure govern the procedure in all criminal proceedings." (citations and internal quotation marks omitted)); *United States v. Atl. States Cast Iron Pipe Co.*, 612 F. Supp. 2d 453, 462 (D.N.J. 2009) (noting that the Federal Rules of Criminal Procedure were amended "to implement the provisions of the CVRA").[5]  This Court should decline to adopt the Movants' proposal, which is unsupported by the rules governing these proceedings and case law, and would unnecessarily prolong and complicate these proceedings.

## CONCLUSION

For the foregoing reasons, the Motion should be denied in its entirety.


Respectfully submitted,


KENNETH A. POLITE, JR.     CHAD E. MEACHAM
Assistant Attorney General     United States Attorney
Criminal Division        Northern District of Texas
United States Department of Justice

By:  s/ Jerrob Duffy      By:  s/ Chad E. Meacham
Jerrob Duffy, Deputy Chief     United States Attorney
New York Bar No. 2803559     Texas Bar No. 00784584
jerrob.duffy2@usdoj.gov      chad.meacham@usdoj.gov

United States Department of Justice  United States Attorney's Office
Criminal Division, Fraud Section   Northern District of Texas
1400 New York Avenue, N.W.    801 Cherry Street, 17th Floor
Washington, D.C. 20005      Fort Worth, TX 76102
202-514-2000 (office)      817-252-5200
202-514-3708 (fax)

---

[5] The only support the Movants offer for the notion that this Court should use the Federal Rules of Civil Procedure as a "general backdrop" in this CVRA proceeding is an unpublished decision from district court outside this circuit.  Mot. at 11.

**<u>Certificate of Service</u>**

I certify that on March 11, 2022, I electronically filed this pleading with the clerk of the court for the U.S. District Court, Northern District of Texas, using the Court's electronic case filing system, which will send a notification of electronic filing to notify counsel of record for Defendant Boeing and the Movants.

<u>*s/ Jerrob Duffy*</u>
Jerrob Duffy
Deputy Chief, Fraud Section
New York Bar No. 2803559
