# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF TEXAS

# FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. 4:21-cr-005-O-1 |
| | ) | |
| THE BOEING COMPANY, | ) | |
| | ) | |
| *Defendant.* | ) | |
| _____ | ) | |

**UNOPPOSED MOTION OF NAOISE CONNOLLY RYAN, AS REPRESENTATIVE OF MICHAEL RYAN; EMILY CHELANGAT BABU AND JOSHUA MWAZO BABU, AS REPRESENTATIVES OF JARED BABU MWAZO; CATHERINE BERTHET, AS REPRESENTATIVE OF CAMILLE GEOFFROY; HUGUETTE DEBETS, AS REPRESENTATIVE OF JACKSON MUSONI; LUCA DIECI, AS REPRESENTATIVE OF PAOLO DIECI; BAYIHE DEMISSIE, AS REPRESENTATIVE OF ELSABET MINWUYELET WUBETE; SRI HARTATI, AS REPRESENTATIVE OF ERYANTO; ZIPPORAH KURIA, AS REPRESENTATIVE OF JOSEPH KURIA WAITHAKA; JAVIER DE LUIS, AS REPRESENTATIVE OF GRAZIELLA DE LUIS Y PONCE; CHRIS MOORE, AS REPRESENTATIVE OF DANIELLE MOORE; PAUL NJOROGE, AS REPRESENTATIVE OF CAROLYNE NDUTA KARANJA, RYAN NJUGUNA NJOROGE, KELLI W. PAULS, AND RUBI W. PAULS; YUKE MEISKE PELEALU, AS REPRESENTATIVE OF RUDOLF PETRUS SAYERS; JOHN KARANJA QUINDOS, AS REPRESENTATIVE OF ANNE WANGUI KARANJA; NADIA MILLERON AND MICHAEL STUMO, AS REPRESENTATIVES OF SAMYA STUMO; GUY DAUD ISKANDER ZEN S., AS REPRESENTATIVE OF FIONA ZEN; AND OTHER SIMILARLY SITUATED REPRESENTATIVES OF THE VICTIMS OF THE CRASHES OF LION AIR FLIGHT JT610 AND ETHIOPIAN AIRLINES FLIGHT ET302 FOR CONTINUANCE OF THE EVIDENTIARY HEARING TO PRESENT EXPERT TESTIMONY SUPPORTING "CRIME VICTIM" STATUS**

1

Warren T. Burns
Burns Charest, LLP
900 Jackson Street
Suite 500
Dallas, TX 75202
469-904-4550
wburns@burnscharest.com

Paul G. Cassell
(Counsel of Record)
Utah Appellate Project
S.J. Quinney College of Law
University of Utah
383 S. University St.
Salt Lake City, UT 84112
801-585-5202
cassellp@law.utah.edu
(no institutional endorsement implied)
(*pro hac vice*)

*Attorneys for Victims' Families*

**UNOPPOSED MOTION OF NAOISE CONNOLLY RYAN ET AL., REPRESENTATIVES OF THE VICTIMS OF THE CRASHES OF LION AIR FLIGHT JT610 AND ETHIOPIAN AIRLINES FLIGHT ET302, FOR CONTINUANCE OF THE EVIDENTIARY HEARING TO PRESENT EXPERT TESTIMONY ESTABLISHING "CRIME VICTIM" STATUS**

Naoise Connolly Ryan et al. (the "victims' families" or "families"),[1] through undersigned counsel, file this motion for the Court to continue the evidentiary hearing to establish the "crime victim" status of the families' relatives who died in the two 737 Boeing MAX plane crashes. A continuance is required because all three of the victims' families' experts are unavailable for the August 10 hearing the Court has set.

As the Court is aware, the victims' families have sought to assert rights under the Crime Victims Rights Act (CVRA), 18 U.S.C. § 3771. In particular, they have argued that the Government violated their CVRA rights when it secretly negotiated a deferred prosecution agreement (DPA) in this case. *See, e.g.,* ECF No. 52.

Following oral argument on these issues, on July 27, 2022, this Court issued a Memorandum Opinion and Order. ECF 96.  The opinion explained that the CVRA issues turned on whether the families represented "crime victims" under the CVRA.  The Court further explained that if the families "can show that Boeing's conspiracy to defraud the FAA caused the [two Boeing 737 MAX] plane crashes, then they can potentially show that they represent 'person[s] directly and proximately harmed as a result of the commission of Federal offense,'"—i.e., can show they represent protected crime victims under the CVRA.  *Id.* at 20. The Court also noted that the families had proffered to the Court (among much other evidence) expert testimony regarding the causal

---

[1] In addition to Ms. Ryan, the other victims' family members filing this motion are Emily Chelangat Babu and Joshua Mwazo Babu, Catherine Berthet, Huguette Debets, Luca Dieci, Bayihe Demissie, Sri Hartati, Zipporah Kuria, Javier de Luis, Nadia Milleron and Michael Stumo, Chris Moore, Paul Njoroge, Yuke Meiske Pelealu, John Karanja Quindos, Guy Daud Iskandar Zen S., and others similarly situated. They are supported by more than one hundred other families.

linkage between Boeing's crime and the two crashes—i.e., expert testimony from (1) pilot Vickie Norton, (2) former FAA official Christopher Keys, and (3) Dr. Rune Storesund from the Center for Catastrophic Risk Management at the University of California at Berkeley. *Id.* at 19-20.  The Court ordered that the families can "present testimony from the experts they have identified showing that [they] represent individuals who were directly and proximately harmed as a result of Boeing's conspiracy to defraud the United States." *Id.* at 21. The Court set a hearing for 2:00 p.m. on August 8, later changed to August 10. ECF 97.

The families require a continuance to effectively present their case. The first expert witness that the families intend to call at the evidentiary hearing is Vickie R. Norton, BSME, MSc, ATP.  She is currently a senior, full-time airline captain for a major U.S. commercial airline.  Her flight schedule for August 2022 has already been determined and cannot feasibly be changed to permit her to travel to Fort Worth for an August 10 hearing (or other dates in August). It is noteworthy in this connection that due to COVID and other factors, commercial airline pilots are in short supply this summer.

Ms. Norton is now aware of the need to travel to Fort Worth to testify for this matter. Her monthly work schedule is determined through a "bid" system, in which she proposes a schedule for the following month.  Ms. Norton is planning to bid a schedule for September 2022 which will provide opportunities for her to travel to Fort Worth to testify.  She finalizes her bid around August 8. She will know her September flight schedule on August 15.

In further support of this motion, the families also note that another of their three experts — Chris Keyes — has a medical procedure to attend to on August 10.  He is also under contract to provide instruction from August 29 through September 16.  He is aware of the need to be available following September 16.

In further support of this motion, the families also note that another one of the three experts for the victims' families – Rune Storesund – will be in Europe on August 10.

In further support of this motion, the families also note that some family members who lost loved ones in the crashes will likely want to travel to Fort Worth to observe the hearing. A continuance would facilitate making travel plans for these families, including families who reside overseas in Europe, Ethiopia, Indonesia, and elsewhere.

Of course, the Court's calendar has preeminent priority in scheduling a hearing. The families therefore suggest that, if the Court grants this motion for a continuance, the Court could provide dates in the second half of September to counsel on which an evidentiary hearing would be possible. That would facilitate counsel's conferral regarding viable hearing dates in September.

The victims' families have conferred with counsel for the Government and Boeing, who do not oppose a continuance. With the agreement of the Government and Boeing, the families propose that, after Ms. Norton learns her schedule on August 15, the parties could then meet and confer on August 18 (several of the families' attorneys are traveling on August 16 and 17) and then propose to the Court several September dates for the evidentiary hearing via an August 19 motion to the Court for a hearing on mutually agreed dates.  The victims' families anticipate that they will be able to propose at least two dates in September where Ms. Norton and their other expert witnesses would be available.

## CONCLUSION

The Court should strike the August 10 evidentiary hearing date to permit the families, the Government, and Boeing to meet and confer about dates in September on which the hearing could be held.  The families also respectfully request that the Court advise counsel of dates in September on which such a hearing could be held consistently with the Court's calendar. The Court should also direct the parties to report back on August 19 of possible dates for hearing.

Finally, in connection with scheduling, the victims' families also respectfully request that a full day be scheduled for their evidentiary hearing. In the families' view, to effectively present their three experts on complicated subjects will require several hours of uninterrupted direct testimony.

Dated: August 1, 2022

Respectfully submitted,

Warren T. Burns (Texas Bar No. 24053119)
Burns Charest, L
900 Jackson Street
Suite 500
Dallas, TX 75202
469-904-4550
wburns@burnscharest.com

Paul G. Cassell (Utah Bar No. 06078)
(Counsel of Record)
Utah Appellate Project
S.J. QUINNEY COLLEGE OF LAW
University of Utah
383 S. University St.
Salt Lake City, UT 84112
801-585-5202
cassellp@law.utah.edu
(no institutional endorsement implied)
(*pro hac vice*)

*Attorneys for Victims' Families*

**CERTIFICATE OF CONFERENCE**

Via emails exchanged with counsel for the Government and Boeing, the victims' families

conferred about this motion.

Paul G. Cassell
_____
Paul G. Cassell


**<u>CERTIFICATE OF SERVICE</u>**

I certify that on August 1, 2022, the foregoing document was served on the parties to the

proceedings via the Court's CM/ECF filing system.

Paul G. Cassell
_____
Paul G. Cassell