# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF TEXAS

# FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| *Plaintiff* | ) ) ) |
| v. | ) ) Case No. 4:21-cr-005-O-1 |
| THE BOEING COMPANY, | ) ) ) |
| *Defendant.* | ) ) |

**OPPOSED MOTION BY NAOISE CONNOLLY RYAN, AS REPRESENTATIVE OF MICHAEL RYAN; EMILY CHELANGAT BABU AND JOSHUA MWAZO BABU, AS REPRESENTATIVES OF JARED BABU MWAZO; CATHERINE BERTHET, AS REPRESENTATIVE OF CAMILLE GEOFFROY; HUGUETTE DEBETS, AS REPRESENTATIVE OF JACKSON MUSONI; LUCA DIECI, AS REPRESENTATIVE OF PAOLO DIECI; BAYIHE DEMISSIE, AS REPRESENTATIVE OF ELSABET MINWUYELET WUBETE; SRI HARTATI, AS REPRESENTATIVE OF ERYANTO; ZIPPORAH KURIA, AS REPRESENTATIVE OF JOSEPH KURIA WAITHAKA; JAVIER DE LUIS, AS REPRESENTATIVE OF GRAZIELLA DE LUIS Y PONCE; CHRIS MOORE, AS REPRESENTATIVE OF DANIELLE MOORE; PAUL NJOROGE, AS REPRESENTATIVE OF CAROLYNE NDUTA KARANJA, RYAN NJUGUNA NJOROGE, KELLI W. PAULS, AND RUBI W. PAULS; YUKE MEISKE PELEALU, AS REPRESENTATIVE OF RUDOLF PETRUS SAYERS; JOHN KARANJA QUINDOS, AS REPRESENTATIVE OF ANNE WANGUI KARANJA; NADIA MILLERON AND MICHAEL STUMO, AS REPRESENTATIVES OF SAMYA STUMO; GUY DAUD ISKANDER ZEN S., AS REPRESENTATIVE OF FIONA ZEN; AND OTHER SIMILARLY SITUATED REPRESENTATIVES OF THE VICTIMS OF THE CRASHES OF LION AIR FLIGHT JT610 AND ETHIOPIAN AIRLINES FLIGHT ET302 FOR LEAVE TO FILE NEW SUPPLEMENTAL FACTUAL INFORMATION IN SUPPORT OF PENDING MOTIONS.**

| | |
|---|---|
| Warren T. Burns | Paul G. Cassell |
| Burns Charest, LLP | (Counsel of Record) |
| 900 Jackson Street | Utah Appellate Project |
| Suite 500 | S.J. Quinney College of Law |
| Dallas, TX 75202 | University of Utah |
| 469-904-4550 | 383 S. University St. |
| wburns@burnscharest.com | Salt Lake City, UT 84112 |
| | 801-585-5202 |
| | cassellp@law.utah.edu |
| | (no institutional endorsement implied) |
| | (*pro hac vice*) |

*Attorneys for Victims' Families*

**OPPOSED MOTION BY NAOISE CONNOLLY RYAN ET AL., REPRESENTATIVES OF THE VICTIMS OF THE CRASHES OF LION AIR FLIGHT JT610 AND ETHIOPIAN AIRLINES FLIGHT ET302 FOR LEAVE TO FILE NEW SUPPLEMENTAL FACTUAL INFORMATION IN SUPPORT OF PENDING MOTIONS**

Naoise Connolly Ryan et al. (the "victims' families" or "families"),[1] through undersigned counsel, file this motion for leave to file supplemental factual information in support of their pending motions. *See* N.D. Tex. Local Rule 56.7 (requiring permission of the presiding judge to file supplemental evidence).

On September 22, 2022, the United States Securities and Exchange Commission ("SEC") filed an Order Instituting Cease-and-Desist Proceedings Pursuant to Section 8A of the Securities Act of 1933, Making Findings, and Imposing a Cease-and-Desist Order against Boeing ("Boeing Cease-and-Desist Order"). *See* Exhibit 1. The SEC also filed a parallel order against former-Boeing CEO Dennis A. Muilenburg. *See* Exhibit 2. These Orders contain an extensive factual recitation of how Boeing and its then-CEO mislead the general public (including investors in Boeing) about the safety of its 737 MAX aircraft in the time period after the Lion Air Crash and before the Ethiopian Airlines Crash. *See* Boeing Cease-and-Desist Order, ¶¶ 15-63; Muilenburg Cease-and-Desist Order, ¶¶ 15-63. Among other factual information, the Orders explain that in around January 2019, Boeing's CEO and other senior executives were informed about how the "Shocker Alert" chat[2] "raised significant questions concerning the adequacy of Boeing's disclosures about the Maneuvering Characteristics Augmentation System ("MCAS") in

---

[1] In addition to Ms. Ryan, the other victims' family members filing this motion are Emily Chelangat Babu and Joshua Mwazo Babu, Catherine Berthet, Huguette Debets, Luca Dieci, Bayihe Demissie, Sri Hartati, Zipporah Kuria, Javier de Luis, Nadia Milleron and Michael Stumo, Chris Moore, Paul Njoroge, Yuke Meiske Peleau, John Karanja Quindos, Guy Daud Iskandar Zen S., and others similarly situated. They are supported by more than one hundred other families.

[2] In the chat, Boeing's chief test pilot stated that he "basically lied to the regulators (unknowingly)" about the capabilities of a new control system on the 737 MAX. *Id.*, ¶ 29.

3

connection with the FAA-AEG's review and approval of pilot training requirements and flight manuals for the 737 MAX, including the omission of MCAS from differences training and flight manuals." Boeing Cease-and-Desist Order, ¶ 63.

This new information that Boeing's senior management knew (at least) two months before the Ethiopian Airlines Crash about the inadequacy of its disclosures to the FAA is relevant to (at least) three of the victims' families pending motions.

First, this new information supports the families' pending motion for a finding that their rights under the Crime Victims' Rights Act (CVRA) were violated (Dkt. 52). The new information supports the families' argument that Boeing made inadequate disclosures to the FAA, leading to the crash of Ethiopian Airlines Flight 302 on March 10, 2019.

Second, this new information supports the families' pending motion for disclosure of relevant information to prove "crime victim" status (Dkt. 72). The new information in the orders supports the families' position that the Government possesses significant information of criminal wrongdoing by Boeing's corporate management that it has failed to disclose to the families and to the Court.

Third, the new information in the orders supports the families' pending motion for the Court to exercise supervisory power over the DPA (Dkt. 17) and otherwise award remedies for violation of the CVRA. This new information supports the families' position that Boeing's senior management was involved in Boeing's crime of concealing information from the FAA and, therefore, that the DPA in this case inadequately address the criminality of Boeing's senior management.

Because the United States (acting through the SEC) drafted the cease-and-desist orders, it cannot contest the accuracy of the information in its own documents. And Boeing lacks "standing"

to participate in the litigation surrounding the families' CVRA arguments and, in any event, declined to contest the cease-and-desist order against it in proceedings before the SEC. *See* Boeing Cease-and-Desist Order at 1.

For all these reasons, the Court should grant the victims' families leave to supplement the record in this case with the two new cease-and-desist orders against Boeing and its former-CEO.

Dated: September 26, 2022                                                          Respectfully submitted,

*/s/ Warren T. Burns*
Warren T. Burns (Texas Bar No. 24053119)
Burns Charest LLP
900 Jackson Street
Suite 500
Dallas, TX 75202
469-904-4550
wburns@burnscharest.com

Paul G. Cassell (Utah Bar No. 06078)
(Counsel of Record)
Utah Appellate Project
S.J. QUINNEY COLLEGE OF LAW
University of Utah
383 S. University St.
Salt Lake City, UT 84112
801-585-5202
cassellp@law.utah.edu
(no institutional endorsement implied)
(*pro hac vice*)

*Attorneys for Victims' Families*

5

**CERTIFICATE OF CONFERENCE**

Via emails exchanged with counsel for the Government and Boeing on September 26, 2022, the victims' families conferred about this motion. The Government and Boeing oppose the motion.

*The Government's and Boeing's Opposition*

The Government opposes the motion "because the SEC settlement has no evidentiary value in this case, as it does not constitute an admission by The Boeing Company; the legal issues involved in the SEC settlement are not relevant to the crime charged in the Information in this case; and, the issues in the SEC case do not pertain to the CVRA analysis of direct and proximate causation that is currently under consideration by the Court pursuant to its Order of July 27, 2022." Email from Gov't (Sept. 26, 2022). Boeing joins the Government's opposition.

In reply to the Government's opposition, the victims' families note that the SEC's cease-and-desist orders have (at a minimum) significant evidentiary value against the Government. For example, the SEC orders show that the Government continues to conceal significant evidence about the extent of Boeing's conspiracy to conceal information from the FAA—a showing that is important in connection with the victims' families' pending motions both for the Government to disclose relevant evidence to them and for the Court to exercise supervisory power over the DPA. Further, the Government's claim that the issue in the SEC case somehow is "not relevant to the crime charged in the Information in this case" is difficult to understand, given that the SEC case concerned Boeing's senior management being made aware of Boeing's inadequate disclosures to the FAA about MCAS two months before the Ethiopian air crash. The extent of Boeing's senior management's knowledge is a central issue in the victims' families' efforts to hold Boeing's management criminally accountable for failing to provide full disclosure to the FAA.

Finally, with respect to the orders not being an admission by Boeing, the Court has not yet ruled on whether Boeing possesses "standing" to be heard regarding, for example, the families' motion for access to information in the Government's files. And, in any event, the orders still possess evidentiary value, as they set out events (e.g., a meeting of Boeing management) that cannot be reasonably disputed by Boeing.

*/s/ Paul G. Cassell*
Paul G. Cassell

## CERTIFICATE OF SERVICE

I certify that on September 26, 2022, the foregoing document was served on the parties to the proceedings via the Court's CM/ECF filing system.

*/s/ Warren T. Burns*
Warren T. Burns