IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) No. 4:21-CR-5-O |
| THE BOEING COMPANY, | ) |
| | ) |
| *Defendant*. | ) |
| | ) |

**THE BOEING COMPANY'S RESPONSE TO MOTION FOR LEAVE TO FILE NEW SUPPLEMENTAL FACTUAL INFORMATION IN SUPPORT OF PENDING MOTIONS FILED ON BEHALF OF CRASH VICTIMS OF LION AIR FLIGHT 610 AND ETHIOPIAN AIRLINES FLIGHT 302**

The Boeing Company (Boeing), by and through counsel, submits this response in opposition to Movants' motion to file new supplemental factual information in support of their pending motions [Dkt. No. 107].

Movants seek to introduce two cease-and-desist orders (the "Orders") recently filed by the Securities and Exchange Commission ("SEC") in relation to Boeing and Dennis Muilenburg, the former Chief Executive Officer of Boeing. As the Government succinctly explained, the motion should be denied because the Orders are irrelevant to the operative issues before the Court. *See* Dkt. No. 107 at 6. Boeing neither admitted nor denied the Orders and their associated factual allegations, and thus they do not constitute any form of admissible evidence in the instant dispute. In any event, the Orders are irrelevant to the Court's inquiry because their allegations are distinct from the offense laid out in the Deferred Prosecution Agreement ("DPA"), which this Court has already identified as the only appropriate basis for determining standing under the Crime Victims Rights Act ("CVRA"). *See* Dkt. No. 96 at 16-17. Indeed, Movants explicitly seek admission of

1

the Orders because they describe alleged conduct by Boeing management that is not contained in the DPA offense, which alone should make their argument fail. Dkt. No. 107 at 4.

Boeing offers this brief response to specifically address Movants' claim that the Orders somehow reflect "new information" that purportedly "supports the families' position that Boeing's senior management was involved in Boeing's crime of concealing information from the FAA" and that Boeing made "inadequate disclosures to the FAA, leading to the crash of Ethiopian Airlines Flight 302 on March 10, 2019." *Id.* Movants' arguments appear to flow from the premise that "Boeing's CEO and other senior executives were informed about how the 'Shocker Alert' chat" raised questions around January 2019 about the adequacy of Boeing's disclosures regarding the Manuevering Characteristics Augmentation System (MCAS). *Id.* at 3.

Movants' argument misconstrues the Orders and their supporting allegations. The Orders allege that Muilenburg was made aware of the chat around January 2019, but that fact does not show an ongoing concealment of MCAS from the FAA between the Lion Air and Ethiopian Airlines accidents. The Orders specify that the issue raised by the chat related to the adequacy of Boeing's historic disclosures *preceding the entry into service of the MAX*—that is, before either accident—and not in furtherance of any claim made by the Movants.

The chat is not "new information" that would assist the Court's decision-making. It is explicitly referenced in Boeing's DPA Statement of Facts. The Orders do not allege or even suggest that Boeing failed to disclose the full operating parameters of MCAS after the Lion Air accident, and the DPA Statement of Facts confirms that the FAA AEG learned about MCAS's expanded operational scope after the Lion Air accident. *See* Dkt. No. 4 at 42, paragraph 49. The Orders contain nothing that establishes or even suggests that Boeing withheld any information from the FAA subsequent to the Lion Air accident—let alone any information that contributed in

any way to the Ethiopian accident. And, to the extent Movants assert that the Orders reflect conduct by Boeing management not contained in the DPA offense, that argument only demonstrates that Movants are ignoring the DPA's considered conclusion that the DPA offense was not facilitated by Boeing senior management, as well as this Court's prior ruling that the DPA offense is the only basis by which to assess standing under the CVRA.

## CONCLUSION

Boeing respectfully requests that Movants' motion be denied.

Respectfully submitted,

| | |
|---|---|
| **McGUIREWOODS LLP** | **KIRKLAND & ELLIS LLP** |
| */s/ Benjamin L. Hatch* | */s/ Craig S. Primis* |
| Benjamin L. Hatch | Craig S. Primis |
| VA Bar No. 70116 | DC Bar No. 454796 |
| bhatch@mcguirewoods.com | cprimis@kirkland.com |
| | |
| Brandon M. Santos | Mark Filip |
| VA Bar No. 75380 | IL Bar No. 6226541 |
| bsantos@mcguirewoods.com | mark.filip@kirkland.com |
| | |
| McGuireWoods LLP | Kirkland & Ellis LLP |
| 888 16th Street N.W., Suite 500 | 1301 Pennsylvania Avenue NW |
| Black Lives Matter Plaza | One Freedom Plaza |
| Washington, DC 20006 | Washington, DC 20004 |
| Tel: 757.640.3727 | Tel: 202.879.5000 |
| Fax: 757.640.3947 | Fax: 202.654.9645 |
| | |
| ***Counsel for The Boeing Company*** | Jeremy Fielding |
| | Texas State Bar No. 24040895 |
| | Jeremy.fielding@kirkland.com |
| | |
| | Kirkland & Ellis LLP |
| | 1601 Main Street |
| | Dallas, Texas 75201 |
| | Tel: (214) 972-1770 |
| | Fax: (214) 972-1771 |
| | |
| | ***Counsel for The Boeing Company*** |

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2022, the foregoing was filed with the Clerk of the United States District Court for the Northern District of Texas using the CM/ECF system. The system will serve counsel of record.

*/s/ Benjamin L. Hatch*
Benjamin L. Hatch