IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:21-CR-5-O |
| THE BOEING COMPANY, | |
| Defendant. | |

**UNITED STATES' RESPONSE IN OPPOSITION TO
MOVANTS' MOTION TO FILE SUPPLEMENTAL FACTUAL INFORMATION**

The United States of America respectfully opposes the Movants' Motion to File Supplemental Factual Information (the "Motion") (Dkt. No. 107). The Motion should be denied because (i) the proffered documents have no factual or precedential value; (ii) the alleged facts are not admitted by either The Boeing Company or the United States; and (iii) the Motion seeks relief that is beyond the scope of the Court's Order of July 27, 2022 (Dkt. No. 96, at 21).

Each of the two proffered documents is an "Order Instituting Cease-And-Desist Proceedings," filed by the U.S. Securities and Exchange Commission (SEC) in two separate administrative actions—one action against The Boeing Company (Boeing), and a separate action against Boeing's former Chief Executive Officer. By their terms, each document states: "The findings herein . . . are not binding on any other person or entity in this or any other proceeding." (Dkt. No. 107-1, at 2 n.2 & 107-2, at 2 n.2). These are typically referred to as "no admit, no deny" settlements. The United States Department of Justice was not a party to these administrative actions and does not agree that the factual assertions in these documents constitute admissible evidence or are relevant in this criminal case.

Further, while the Court's Order of July 27, 2022 directed that an evidentiary hearing would be held so that the Movants could offer expert testimony in an attempt to establish that they "represent individuals who were directly and proximately harmed as a result of" the crime charged in the Information, the Order noted explicitly that the Court would "not permit testimony that contradicts or repeats facts admitted by Boeing in the DPA." (Dkt. No. 96, at 21). The proffered documents from the SEC's administrative action are not evidence—let alone expert testimony—that show the Movants were directly and proximately harmed as a result of the criminal offense charged in this case. Accordingly, the Motion seeks to introduce matters that are beyond the Court's Order and are not relevant to direct and proximate causation.

Here, Boeing has been charged by Information based on the conduct of Boeing Employee-1 and Boeing Employee-2, for which Boeing has admitted its vicariously liability. As the United States has previously stated, these two employees were the only employees whom the government determined—based on the government's investigation and as set forth in the Statement of Facts to support the Deferred Prosecution Agreement—to have acted with the requisite criminal intent in furtherance of the charged criminal conspiracy. (Dkt. No. 4, at 28-43).

As compared to this criminal case, the violations of the civil securities laws alleged in the SEC proceedings have different vicarious liability concepts, a lower burden of proof, and different evidentiary rules than are applicable here. In this case, Boeing's criminal liability must be established beyond a reasonable doubt through the conduct of its employees or agents *who acted with the requisite criminal intent* in order to form the basis of the crime charged—before any analysis of direct and proximate harm from that conduct can occur.

Separately, the Court should disregard the Movant's purported Reply Memorandum (Dkt. No. 110) because it was filed in contravention of Northern District of Texas Local Rule 47.1(f) ("Reply briefs may not be filed unless the moving party requests, and the presiding judge grants, leave to do so.").

Respectfully submitted,

GLENN S. LEON
Chief, Fraud Section
Criminal Division
United States Department of Justice

By:  *s/ Jerrob Duffy*
Jerrob Duffy, Deputy Chief
New York Bar No. 2803559
jerrob.duffy2@usdoj.gov

*s/ Cory E. Jacobs*
Cory Jacobs, Assistant Chief
New York Bar No. 4761953
cory.jacobs@usdoj.gov

United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
202-514-2000 (office)

**Certificate of Service**

I certify that on October 6, 2022, I electronically filed this pleading with the clerk of the court for the U.S. District Court, Northern District of Texas, using the Court's electronic case filing system, which will send a notification of electronic filing to notify counsel for the defendant and movants.

By:  *s/ Jerrob Duffy*
Jerrob Duffy, Deputy Chief

3