UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. 4:21-cr-005-O |
| | ) | |
| THE BOEING COMPANY, | ) | |
| | ) | |
| *Defendant.* | ) | |
| _____ | ) | |

**RESPONSE TO COURT'S ORDER OF OCTOBER 21, 2022,**
**REGARDING SUPPLEMENTAL REMEDIES BRIEFING**
**BY NAOISE CONNOLLY RYAN ET AL., CRIME VICTIMS' REPRESENTATIVES**

Naoise Connolly Ryan et al.[1] (the "victims' representatives"[2]), through undersigned counsel, file this statement regarding supplemental briefing. The Court should ensure that the victims' representatives have an opportunity to reply to any objections from the Government (and Boeing) to the remedies that the victims' representatives have proposed.

A quick recap: Last week, the Court granted the victims' representatives' Second Amended Motion for Findings that the DPA was Negotiated in Violation of the Victims' Rights. *See* Dkt. 116 at 18 (granting Dkt. 52). The case has now moved to stage of determining the appropriate remedies

---

[1] In addition to Ms. Ryan, the other victims' family members filing this motion are Emily Chelangat Babu and Joshua Mwazo Babu, Catherine Berthet, Huguette Debets, Luca Dieci, Bayihe Demissie, Sri Hartati, Zipporah Kuria, Javier de Luis, Nadia Milleron and Michael Stumo, Chris Moore, Paul Njoroge, Yuke Meiske Pelealu, John Karanja Quindos, Guy Daud Iskandar Zen S., and others similarly situated. They are supported by more than one hundred other families.

[2] In light of the Court's ruling that Ms. Ryan et al. represent "crime victims" under the CVRA, it is no longer legally accurate for the Government to refer to them as "movants"—they are crime victims' representatives. *See* Dkt. 116 at 18; *see also* 18 U.S.C. § 3771(e)(2)(A) & (B) (defining "victim" and victims' "representative").

and related issues in light of the Government's violation of the victims' representatives' congressionally conferred CVRA rights.

In previous briefing, the representatives proposed various remedies. *See* Dkt. 52 at 26-28. The Government and Boeing objected to any remedies. *See* Dkt. 58 at 14-18 (Government's objections); Dkt. 62 at 4-18 (Boeing's objections). The representatives then replied. Dkt. 71 at 21-30.  And U.S. Senator Ted Cruz filed an insightful amicus brief discussing remedies. *See generally* Dkt. 78. Remedies are currently fully briefed.

In addition, the victims' representatives have pending two additional motions—regarding (1) the need for an arraignment and an opportunity to speak to conditions of Boeing's release (Dkt. 18) and (2) the exercise of the Court's supervisory power over the DPA (Dkt. 17). These two motions are also fully briefed.

The Court has indicated that it "believes the parties have provided adequate briefing with respect to remedy …." Dkt. 116 at 18. The victims' representatives agree.[3]

The Government and Boeing, however, now propose additional briefing on remedies. *See* Dkt. 119. The victims' representatives have no objection to an additional brief from each of them. But the representatives understand that the Government's brief (and presumably Boeing's as well) will contain new arguments and objections to the remedies that the representatives have proposed. Accordingly, as a matter of fairness, the victims' representatives will require an opportunity to reply to those new objections. Accordingly, the victims' representatives request that in whatever

---

[3] A slightly separate issue is what is the factual record on which the Court will make its ruling on remedies and related issues. Next week, the victims' representatives will meet-and-confer with the Justice Department on various issues, including the record in this case. Depending on the outcome of that meeting, the representatives may need to file an additional motion or motions relating to the record.

briefing schedule the Court establishes, they be given one week after any filings from the Government and Boeing to reply.

### *Conclusion*

To ensure that the victims' representatives have an opportunity to reply to any new objections raised by the Government and Boeing to the proposed remedies in this case, the Court should order a staggered briefing schedule in which the opposing parties file any supplement briefing first and the victims' representatives then file a reply one week later.

Dated: October 28, 2022

Respectfully submitted,

/s/ Warren T. Burns
Warren T. Burns (Texas Bar No. 24053119)
Burns Charest, LLP
wburns@burnscharest.com

Darren P. Nicholson
Burns Charest, LLP
dnicholson@burnscharest.com

Kyle Kilpatrick Oxford
Burns Charest LLP
koxford@burnscharest.com

/s/ Paul G. Cassell
Paul G. Cassell (Utah Bar No. 06078)
(Counsel of Record)
Utah Appellate Project
S.J. QUINNEY COLLEGE OF LAW
University of Utah
cassellp@law.utah.edu
(no institutional endorsement implied)

Tracy A. Brammeier
Clifford Law Offices PC
tab@cliffordlaw.com

Erin Ressa Applebaum
Kreindler & Kreindler LLP
eapplebaum@kreindler.com

Pablo Rojas
Podhurst Orseck PA
projas@podhurst.com

*Attorneys for Victims' Representatives*

### **CERTIFICATE OF SERVICE**

I certify that on October 28, 2022, the foregoing document was served on the parties to the proceedings via the Court's CM/ECF filing system.


<u>/s/ Paul G. Cassell</u>
Paul G. Cassell