UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| *Plaintiff* | ) ) ) |
| v. | )  Case No. 4:21-cr-005-O-1 |
| THE BOEING COMPANY, | ) ) ) |
| *Defendant.* | ) ) ) |

**OPPOSED MOTION BY NAOISE CONNOLLY RYAN ET AL. FOR LEAVE TO RE-FILE PROFFER OF FACTS SUPPORTING THEIR POSITION ON REMEDIES AND REQUEST FOR AN EVIDENTIARY HEARING.**

Naoise Connolly Ryan et al.[1] (the "victims' representatives"), through undersigned counsel, file this motion to re-file their previously filed proffer of facts regarding remedies (and related facts from an SEC cease-and-desist order). The victims' representatives also request an evidentiary hearing on those facts, if the Court believes those facts are needed to grant the representatives the remedies they are seeking.

A quick review: In earlier proceedings, the victims' representatives filed a Second Amended Motion for Findings that the DPA was Negotiated in Violation of the Victims' Rights. *See* Dkt. 52. In support of that motion (and in connection with a separate motion for disclosure of information from the Government), the representatives filed a proffer of facts that they would

---

[1] In addition to Ms. Ryan, the other victims' family members filing this motion are Emily Chelangat Babu and Joshua Mwazo Babu, Catherine Berthet, Huguette Debets, Luca Dieci, Bayihe Demissie, Sri Hartati, Zipporah Kuria, Javier de Luis, Nadia Milleron and Michael Stumo, Chris Moore, Paul Njoroge, Yuke Meiske Pelealu, John Karanja Quindos, Guy Daud Iskandar Zen S., and others similarly situated. They are supported by more than one hundred other families.

1

establish at an evidentiary hearing. Dkt. 72-1. Later, the representatives filed a Motion for Leave to File New Supplemental Factual Information in Support of Pending Motions (specifically, an SEC cease-and-desist order against Boeing). Dkt. 107.

On October 21, 2022, this Court granted the victims' representatives' motion for findings that the DPA was negotiated in violation of the CVRA. 18 Dkt. 116 at 18. In light of that ruling, this Court also denied as "moot" the representatives' pending motions regarding the proffer and submission of the new supplemental factual information. *See id.* at 18.  The Court also directed that the parties' file statements regarding supplemental briefing on remedies for the Government's CVRA violation.

On October 28, 2022, the victims' representatives filed their statement on supplemental briefing.  Dkt. 121. In their statement, the representatives noted that they would be meeting with the Government on various issues, including issues relating to the record in this case. *Id.* at 2 n.3.

 Following the filing of those statements, on October 30, 2022, the Court directed that the Government and Boeing file supplemental remedies briefing by November 11, 2022, and the victims' representatives to reply by November 18, 2022.  Dkt. 123.

On November 3, 2022, the victims' representatives conferred with attorneys from the Justice Department and were unable to reach agreement regarding the record that exists in this case at the remedies stage of the proceedings.

Because the issue of remedies will shortly be before the Court, the victims' representatives want to ensure that a full factual record is available to the Court in making its remedy rulings. To that end, the victims' families now move to re-assert the parts of their earlier proffer that pertain

2

to remedies—specifically, paragraphs 253-332.[2] The representatives proffer that they could prove these facts at an evidentiary hearing held in connection with remedies and request an evidentiary hearing to prove these facts (if the facts are needed to grant the representatives any of the remedies they request).

The victims' representatives also move to re-assert facts that were alleged in their motion regarding the SEC cease-and-desist order. Dkt. 107. The representatives proffer that they could prove these facts at any evidentiary hearing held in connection with remedies and request an evidentiary hearing to prove these facts. Those facts are identified in the proffer as paragraphs 333-367.

The proposed proffer of these facts relevant to remedy is attached as an Exhibit to this motion. *See* Exhibit 1.

## *Conclusion*

The Court should allow the victims' representatives to proffer the facts recounted in the attached Exhibit 1. If needed to grant the victims' representatives the remedies that they are requesting, the Court should grant the representatives an evidentiary hearing to prove the facts that they have proffered.

---

[2] Several minor modifications of the proffer have been made, to update it in light of the Court's recent ruling on "crime victim" status and additional knowledge that the families have obtained.

Dated: November 7, 2022

                                                Respectfully submitted,

/s/ Warren T. Burns
Warren T. Burns (Texas Bar No. 24053119)
Burns Charest, LLP
wburns@burnscharest.com

Darren P. Nicholson
Burns Charest, LLP
dnicholson@burnscharest.com

Kyle Kilpatrick Oxford
Burns Charest LLP
koxford@burnscharest.com

/s/ Paul G. Cassell
Paul G. Cassell (Utah Bar No. 06078)
(Counsel of Record)
Utah Appellate Project
S.J. QUINNEY COLLEGE OF LAW
University of Utah
cassellp@law.utah.edu
(no institutional endorsement implied)

Tracy A. Brammeier
Clifford Law Offices PC
tab@cliffordlaw.com

Erin Ressa Applebaum
Kreindler & Kreindler LLP
eapplebaum@kreindler.com

Pablo Rojas
Podhurst Orseck PA
projas@podhurst.com

*Attorneys for Victims' Representatives*

## CERTIFICATE OF CONFERENCE

On November 3, 2022, the victims' representatives conferred with the Government about the record in this case and were unable to reach agreement with the Government regarding the record—prompting this motion. The Government opposes the motion.

Via emails exchanged with Boeing on November 6 and 7, the victims' representatives have learned that Boeing also opposes the motion.

/s/ Paul G. Cassell
Paul G. Cassell

## **CERTIFICATE OF SERVICE**

I certify that on November 7, 2022, the foregoing document was served on the parties to the proceedings via the Court's CM/ECF filing system.

/s/ Paul G. Cassell
Paul G. Cassell
