**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. 4:21-cr-005-O-1 |
| | ) | |
| THE BOEING COMPANY, | ) | |
| | ) | |
| *Defendant.* | ) | |
| —————————————————————— | ) | |

**OPPOSED MOTION BY NAOISE CONNOLLY RYAN ET AL. FOR A FINDING THAT
THE GOVERNMENT HAS VIOLATED THE CRIME VICTIMS' RIGHTS ACT BY
FAILING TO CONFER BEFORE FILING ITS REMEDIES BRIEF, TO STRIKE THE
GOVERNMENT'S REMEDIES BRIEF, AND FOR AN ACCELERATED DECSION**

/s/ Warren T. Burns
Warren T. Burns (Texas Bar No. 24053119)
Darren P. Nicholson
Kyle Oxford
Chase Hilton
Burns Charest, LLP
wburns@burnscharest.com
dnicholson@burnscharest.com
koxford@burnscharest.com
chilton@burnscharest.com

/s/ Paul G. Cassell
Paul G. Cassell (Utah Bar No. 06078)
(Counsel of Record)
Utah Appellate Project
S.J. QUINNEY COLLEGE OF LAW
University of Utah
cassellp@law.utah.edu
(no institutional endorsement implied)

Tracy A. Brammeier
Clifford Law Offices PC
tab@cliffordlaw.com

Erin Ressa Applebaum
Kreindler & Kreindler LLP
eapplebaum@kreindler.com

Pablo Rojas
Podhurst Orseck PA
projas@podhurst.com

*Attorneys for Victims' Representatives*

i

# TABLE OF CONTENTS

Table of Authorities.....................................................................**Error! Bookmark not defined.**

Introduction ........................................................................................................... 1

Factual Background .............................................................................................. 3

Background Regarding the Fraud Sections' Earlier CVRA Violation ......................................... 3

The Victims' Families Immediate Request an Opportunity to Confer......................................... 6

The Fraud Section Discusses Conferring with the Victims' Families ......................................... 6

The Fraud Section Agrees to Confer with the Families Before Making a Remedies Filing ....... 10

The Fraud Section Reverses Course and Decides to File without Conferring ............................ 13

Argument ............................................................................................................. 15

I.    The Government Violated Its CVRA Obligations to Reasonable Confer with the Families by Filing Its Remedies Brief Without Conferring with the Families. .............. 15

II.   The Court Should Exercise Its CVRA Enforcement Powers by Striking the Government's Remedies Brief and Directing It to Confer with the Families Before Making a Filing on the Subject. ........................................................................ 18

III.  The Court Should Set an Accelerated Schedule for Ruling on the Motion in Light of the Upcoming Videoconference Meeting to be Held on November 18...................... 19

Conclusion ........................................................................................................... 20

Certificate of Conference ....................................................................................... 2

Certificate of Service ............................................................................................. 2

# TABLE OF AUTHORITIES

Cases

*United States v. Atl. States Cast Iron Pipe Co.,* 612 F. Supp. 2d 453, 458 (D.N.J. 2009 .............. 19

Statutes

18 U.S.C. § (a)(5) & (8) ................................................................................................. 9

18 U.S.C. § 3771(c)(1) .............................................................................................. 1, 9

18 U.S.C. § 3771(a) ................................................................................................. 3, 5

18 U.S.C. § 3771(a)(5) ......................................................................................... passim

18 U.S.C. § 3771(c)(3) ................................................................................................ 20

18 U.S.C. § 3771(d)(3). ............................................................................................... 19

Other Authorities

150 Cong Rec. 22953 (Oct. 9, 2004) ......................................................................... 19

Bryan A. Garner, Garner's Modern English Usage 198 (4th ed. 2016) ............................ 17

Merriam-Webster's Collegiate Dictionary 260 (11th ed. 2006) ......................................... 17

Treatises

Attorney General Guidelines for Victim and Witness Assistance, Art. IV.H at 28 (May 2012) ..... 4

**OPPOSED MOTION BY NAOISE CONNOLLY RYAN ET AL. FOR A FINDING THAT THE GOVERNMENT HAS VIOLATED THE CRIME VICTIMS' RIGHTS ACT BY FAILING TO CONFER BEFORE FILING ITS REMEDIES BRIEF, TO STRIKE THE GOVERNMENT'S REMEDIES BRIEF, AND FOR AN ACCELERATED DECISION**

Naoise Connolly Ryan et al.[1] (the "victims' families"), through undersigned counsel, file this motion for (1) a finding that the Government has violated the Crime Victims' Rights Act (CVRA) by failing to confer with the families before filing its remedies brief, (2) to strike the Government's remedies brief (Dkt. 128) because it has failed to confer, and (3) for an accelerated decision on these issues, which would lead to a new Government filing on November 22—a filing informed by the views of the families. The Court has jurisdiction to consider this motion under the CVRA. *See* 18 U.S.C. § 3771(b)(1) (district court "shall ensure" that CVRA rights are respected); § 3771(c)(1) (district court "shall take up and decide any motion asserting a victim's right forthwith").

## Introduction

The Court is well aware that this case involves 346 families from around the world, whose family members were killed in two Boeing 737 MAX crashes. In January 2021, the Government and Boeing cut a secret deferred prosecution agreement (DPA) essentially ending Boeing's criminal liability for its crimes causing the 346 deaths. The DPA was filed in this Court on January 7, 2021. Dkt. 1.

On December 16, 2021, the families filed a motion (and later a second amended motion) challenging the DPA because it was orchestrated in violation of the families' rights under the

---

[1] In addition to Ms. Ryan, the other victims' family members filing this motion are Emily Chelangat Babu and Joshua Mwazo Babu, Catherine Berthet, Huguette Debets, Luca Dieci, Bayihe Demissie, Sri Hartati, Zipporah Kuria, Javier de Luis, Nadia Milleron and Michael Stumo, Chris Moore, Paul Njoroge, Yuke Meiske Pelealu, John Karanja Quindos, Guy Daud Iskandar Zen S., and others similarly situated. They are supported by more than one hundred other families.

1

CVRA. Dkt. 55. After briefing and several hearings, on October 21, 2022, this Court entered its ruling on the families CVRA motion, finding that the families represented "crime victims" under the CVRA and that the Government had violated the families' CVRA rights by (among other things) failing to confer with the families before reaching the DPA. Dkt. 116 at 18. The Court directed the parties (i.e., the families, the Government, and Boeing) to provide notice about whether they needed supplemental briefing on the issue of remedies for the Government's CVRA violations. *Id.*

Within several hours of the Court's ruling—i.e., on October 21—fifteen families represented by undersigned counsel contacted the Government and sought to confer about the next steps in the case, including what the Government's position would be regarding remedies. But the Government has not yet conferred with the 15 families who bring this motion, much less the more than 300 other families who are also keenly interested in conferring. Instead (and quite remarkably given this Court's recent ruling finding a previous CVRA violation), on November 11, 2022, the Government filed its remedies brief with this Court without conferring with the families.

The Government's filing of its important remedies brief in this case without conferring with the families plainly violated the families' CVRA's "reasonable right to confer with the attorney for the Government in the case." 18 U.S.C. § 3771(a)(5). Under the CVRA, this Court is required to "ensure" that crimes victims are "afforded the rights described [in the CVRA]." *Id.*, § 3771(b)(1). The Court should find that the Government has violated the families CVRA rights to confer by refusing to confer with them. To enforce their right to confer, the Court should strike the Government's remedies brief and direct that it confer with the families about that issue.

The Court should accelerate briefing and a decision on this motion. The Government has set up a video conference call with the families about this case on Friday, November 18. The

families move that this Court, after striking the Government's brief, should direct the Government to confer with the families about brief during the November 18 meeting. The Government could then submit a new remedies brief—informed by the views of the families on November 22.  The families propose a briefing schedule to accomplish an accelerated ruling below.

## Factual Background[2]

The victims' families, by and through undersigned counsel, respectfully submit this proffer of facts that, on information and belief, they would establish if the Court were to provide them an evidentiary hearing regarding the issues related to this motion. Based on the sources cited in the footnotes for each proposed fact (including this Court's earlier ruling on the CVRA issues, Dkt. 116), the families do not believe that the Department can reasonably dispute any of these facts and that the Court can simply grant their motion based on these facts.

### Background Regarding the Fraud Sections' Earlier CVRA Violation

1.     On October 29, 2018, a 737 MAX operating as Lion Air Flight 610 crashed shortly after taking off from Indonesia. None of the 189 passengers and crew survived. On March 10, 2019, another 737 MAX, operating as Ethiopian Airlines Flight 302, crashed shortly after taking off from Ethiopia. Again, none of the 157 passengers and crew survived.[3]

2.     After overcoming Boeing's efforts to prevent it from learning about the criminal conspiracy to conceal the 737 MAX's safety issues, the Government assembled a team of attorneys to negotiate with Boeing's team of attorneys about resolving Boeing criminal culpability for the

---

[2] The following factual section discusses communications between counsel for the victims' families and the Government. While it is not undersigned counsel's ordinary practice to discuss such communications in public filings, in this case such discussion is necessary because the issue at hand is whether the Government's "conferred" with the families. Counsel for the families previously informed counsel that these communications would be disclosed as part of the families' filing.

[3] Dkt. 116 at 4-5.

crashes. The Justice Department's own regulations require federal officials to contact victims "at the earliest opportunity after detection of a crime at which it may be done without interfering with an investigation. . . ." But the Government *never* contacted Boeing's victims at *any* point during the investigation, much less at the "earliest opportunity." Indeed, to make matters worse, the Government provided the families with inaccurate information that no Justice Department investigation was occurring.[4]

3.      After the Government and Boeing reached their secret agreement, the Government publicly disclosed it by filing it on the docket in the U.S. District Court for the Northern District of Texas on January 7, 2021. In the DPA, Boeing admitted that it had conspired to conceal from Federal Aviation Administration safety issues of the 737 MAX connected to the two crashes.[5]

4.      On December 16, 2021, the victims' families filed a motion to enforce their CVRA rights in this Court. The motion argued that, in reaching the secret deal, the Government had violated the families' CVRA rights: (1) to reasonably confer about the case; (2) to timely notice of the DPA; and (3) to be treated with fairness.[6]

5.      Thereafter, on January 10, 2022, undersigned counsel and other representatives of the victims' families held a Zoom conference call with representatives of the Justice Department's Fraud Section. During the call, the Fraud Section's representatives refused to confer with the families' representatives about this case. Instead, the Fraud Section took the position that that the

---

[4] Dkt. 116 at 5; Dkt. 52 at 10-11; Attorney General Guidelines for Victim and Witness Assistance, Art. IV.H at 28 (May 2012).

[5] Dkt. 1.

[6] Dkt. 52 at 17-26 (citing 18 U.S.C. § 3771(a)).

call was merely a "listening session" for the Department to learn about the concerns of the victims' families.[7]

6.      On January 14, 2022, undersigned counsel and other representatives of the victims' families had a Zoom conference call with representatives of the Criminal Division of the U.S. Department of Justice about this case, including the Assistant Attorney General for the Criminal Division, Kenneth A. Polite, Jr. During the call, the Criminal Division's representatives refused to confer with the families' representatives about this case. Instead, the Division took the position that that the call was merely a "listening session" for the Department to learn about the concerns of the victims' families.[8]

7.      On January 26, 2022, undersigned counsel and other representatives of the victims' families held a Zoom conference call with Attorney General Merrick Garland and more than a dozen other Department attorneys working on the case. During the call, as had been required by representatives of the Attorney General before the call, the Attorney General and other Department attorneys declined to confer with the families' representatives about this case. Instead, the Attorney General took the position that that the call was merely a "listening session" for the Department to learn about the concerns of the victims' families.[9]

8.      On February 8, 2022, the Government filed its opposition to the victims' families' motion, taking the position that the families did not represent "crime victims" under the CVRA.[10]

---

[7] Dkt. 52; Dkt. 124-1 ¶ 294; Cassell Dec., Exhibit 1 to this motion at 4 (hereinafter "Ex. 1").

[8] Dkt. 124-1 ¶ 295; Ex. 1 at 4.

[9] Dkt. 124-1 ¶ 296; Ex. 1 at 4.

[10] Dkt. 58.

9.     After a hearing on the families' motion as well as an evidentiary hearing, on October 21, 2022, this Court rejected the Government's position. This Court ruled that credible evidence supported the victims' families' status "as lawful representatives of 'crime victims' under the CVRA and that they therefore have standing to assert rights under the Act."  Accordingly, this Court granted the families' motion, finding that the Government had negotiated the DPA in violation of the victims' families' rights. This Court then noted that the next issue was the question of the "remedy" for the Government's violations of the families' CVRA rights.  The Court directed that the various parties (e.g., the families, the Government, and Boeing) file a notification of whether additional briefing was needed on the issue of remedies by October 28, 2022. [11]

**The Victims' Families Immediate Request an Opportunity to Confer**

10.     Within two hours of this Court's ruling—i.e., late on October 21—undersigned counsel sent an email to the Government (specifically, the Justice Department's Fraud Section attorneys handling the case) again invoking the families' CVRA right confer. The email requested that a new "clean team" from the Department be assigned to handle the case. The email noted that this was the approach that the Department had followed in the Jeffrey Epstein after a district court finding that the Department had violated the CVRA. The email also specifically invoked the families' CVRA right to confer: "Because my clients have been recognized as 'victims' under the CVRA, we also invoking our CVRA right to confer and would like to confer about next steps immediately."[12]

**The Fraud Section Discusses Conferring with the Victims' Families**

---

[11] Dkt. 116 at 18.
[12] Ex. 1 at 5.

11.     After the families sent their email of October 21 invoking their right to confer, the Fraud Section did not respond promptly. Accordingly, at the end of the day on October 24, 2022, undersigned counsel for the families sent another email that was "[j]ust following up on the [earlier] email" and noted that time was of the essence in light of impending deadline of October 28. The email asked for the Department's response.[13]

12.     The next day, October 25, the Fraud Section responded that it would be back in touch regarding "substantive issues or next steps soon."[14]

13.     The next day, October 26, undersigned counsel responded to the Fraud Section, noting—again—the need for conferral "quickly" about next steps, including remedies:

> As you know, my clients are required to file a statement regarding supplemental briefing by Friday with Judge O'Connor. Obviously the nature of that statement will be influenced by the Justice Department's intended next steps. As you know, we have been trying to confer with the Department for months and months about next steps in obtaining Boeing's prosecution – so we are hopeful that our requested conferral (to which the families are obviously entitled) will take place quickly. But my sense is that any will not happen in the next 48 hours. If that timing is accurate, will DOJ now file a motion for extension of time for it – and the victims – to file the supplemental statement? Otherwise, we will have to explain to Judge O'Connor that the Department is continuing not to confer with us, which means we cannot predict the course of future proceedings.[15]

14.     In further emails and a teleconference call, the Fraud Section and undersigned counsel discussed next steps. Ultimately, in a telephone conference call between undersigned counsel and the Fraud Section on Thursday, October 27, it was agreed between the participants that the Fraud Section would file a joint motion for extension of time to extend the October 28 deadline in order to facilitate the possibility of conferral with the victims' families.[16]

---

[13] *Id.*
[14] *Id.*
[15] *Id.* at 6.
[16] *Id.*

15.     On Friday, October 28, however, the Fraud Section did not file the promised joint motion for extension of time. Indeed, at 1:30 p.m. eastern time, undersigned counsel was sufficiently alarmed by the Fraud Section's delay that he sent an email inquiring about why that motion for extension had not yet been filed: "I was expecting to see a motion to extend time come across my email screen by now – just confirming that is still under way, right?"[17]

16.     But, unfortunately, what had previously been agreed between the Fraud Section and the victims' families did not occur. Undersigned counsel learned in a later telephone call with the Fraud Section that, instead of seeking an extension, it was changing course and would file a statement with the Court in a few hours indicating that it would seek to file supplemental briefing on November 11.  That additional time would allow the possibility of a meet-and-confer with the victims over the following two weeks. As an accommodation to the Fraud Section, undersigned counsel agreed to that change in plan.[18]

17.     On October 28, the Fraud Section filed its statement on further remedies briefing. The statement indicated that discussions were on-going about arranging a conferral opportunity for the families. The statement recommended setting a deadline for the Government's (and Boeing's) remedies briefing of November 11—which this Court quickly adopted.[19]

18.     On October 28, undersigned counsel also sent a further email to the Fraud Section (as a follow-up to the phone conference on October 27). In relevant part, the email reviewed the need for continuation of discussions between the parties and arranging an opportunity to confer for all the families. The first step in that process was a "lawyers-only" meeting, which would then arrange logistics for the Department's prosecutors to meet and confer with all 346 families:

---

[17] *Id.*
[18] *Id.* at 6-7.
[19] Dkt. 119 at 1.

Since we are requesting the [lawyer-only] meeting, we will provide a detailed agenda of our issues for the meeting in advance.  We anticipate that our agenda will include … DOJ setting up a meeting with the victims' families to answer questions and confer (along the lines of the meetings that General Garland's Oklahoma City bombing prosecution team held with the Oklahoma City families) …

… In our view, now that Judge O'Connor has found that the families are "crime victims" representatives and that the Government has violated their rights, the posture of the Justice Department is legally required to change. The Department is now obligated to use its "best efforts" to protect the families' rights, 18 U.S.C. sec. 3771(c)(1), including their rights to confer and to fair treatment, id., secs. (a)(5) & (8).[20]

19.     On October 31, the Fraud Section responded, agreeing to a lawyer-only meeting on November 3.[21]

20.     On November 1, counsel for the families sent a detailed agenda for the lawyers-only meeting to the Fraud Section. Among the first items on the agenda was the issue of "how soon with DOJ hold a meeting to confer with the 346 families?"  The agenda explained in detail need for a conferral with all the families – including the need to have the conferral with the 346 families before the Department's remedies filing on November 11:

As you know, Judge O'Connor has held that the 346 families around the world are "crime victims' representatives" for purpose of the CVRA. As a result, all 346 families are entitled to confer with the prosecutors handling this case. See 18 U.S.C. § 3771(a) (5) You have also sent notices to (as we understand it) all 346 families, advising them that they each have the right "to confer with the attorney for the Government in the case."

Against this backdrop, the Justice Department now needs to quickly set up a meeting for all of the victims' families who would like to confer with the prosecutors. We have had a number of inquiries from families as to how they should confer with you. In the interest of avoiding multiple contacts, we have advised them that we are meeting and conferring with you about quickly setting up a conferral opportunity.

**As you know, the Justice Department is currently scheduled to make a filing about appropriate remedies for the Department's CVRA violations on November 11, 2022. Thus, in order for the families to be able to reasonably**

_____

[20] *Id.* at 7.
[21] *Id.* at 8.

9

**confer with the Department, the conferral between the prosecutors and the families must take place before November 11.**

When will the Department confer with all the families? And how will the Department make sure that the conferral effectively includes all 346 families? We would note that undersigned counsel had the opportunity to work with then-Principal Associate Deputy Attorney General Merrick Garland in connection with the Oklahoma City bombing case. ADAG Garland made sure that all of the hundreds of Oklahoma City families harmed by that bombing had a chance to personally confer with the prosecutors on the prosecution team. I am confident that General Garland would want the prosecutors to follow the same general approach here.[22]

### The Fraud Section Agrees to Confer with the Families Before Making a Remedies Filing

21.     On November 3, a videoconference call was held between Fraud Section attorneys and attorneys representing the victims' families. During the meeting, counsel for the victims' families reiterated the families' request to confer with the Department before it made its filing regarding remedies. Both the Fraud Section and victims' families agreed that, in light of this Court's ruling, the Department was required to confer with the families. The parties discussed the need for the Department to file for an extension of time in order to permit conferral with the families to take place before the Department filed its remedies brief. The Fraud Section and the families agreed to continue discussions on these and other issues.[23]

22.     The next day, November 4, undersigned counsel sent a letter to the Fraud Section memorializing the issues that had been discussed the day before. The letter memorialized agreement between the Fraud Section and the families that a conferral was now required under the CVRA—and reiterated the families' need to confer before the Department's remedies filing:

> **As we understand the situation, both sides have agreed that a meeting between the prosecutors and the victims' families is desirable—and, indeed, now required by the virtue of Judge O'Connor's ruling recognizing the families as representing "crime victims."** The families now have a "right to

---

[22] *Id.* at 8 (emphasis in original).
[23] *Id.* at 8-9.

confer" under the CVRA. 18 U.S.C. § 3771(a) (5). But, unfortunately, as noted in Point #1 above, it is impossible for the families to confer with you now about pursuing criminal prosecution of Boeing for its admitted crime, because the existing "immunity" provisions in the DPA block that prosecution. Until those provisions are rescinded, the families' conferral is truncated—they cannot confer with you about prosecuting Boeing.

Even though the families are currently prevented from conferring with you about prosecuting Boeing in the future, they still would very much like to confer about what has happened in this case in the past to reach that unfortunate point. **And they would like to confer about whether you will support the families' position on remedies in the Department's upcoming filing (as discussed in Point #1 above) to obtain the Department's support for rescinding the illegally crafted immunity provisions.**

Against that backdrop, we (e.g., Bob Clifford at our meeting yesterday) have expressed our concern that, as a matter of fairness and human decency, the families should know what the Department intends to do at the conferral meeting—specifically, does the Department plan to simply defend its illegal conduct or to genuinely confer with the families about possible next steps. Our understanding is that you have agreed to get back to us on the Department's intentions at the meeting.[24]

23. The next workday, Monday, November 7, the Fraud Section sent an email to the victims' families, noting a "target" of a meeting with the victims' families on November 18 and agreement "in concept" with the victims' families' proposal to seek an extension of the November 11 deadline for the Department's remedies filing, so that filing would be made after the families had an opportunity to confer. In relevant part, the email from the Fraud Section stated: "We agree in concept with your proposal to seek additional time from the court to brief on the issue of remedies until after the meet and confer session with the victims."[25]

24. On November 8, 2022, the Victim Assistance Unit in the Fraud Section sent a mass email to attorneys representing victims in the Boeing matter, indicated that November 18 was the date the Department was "considering" for the meet and confer.[26]

---

[24] *Id.* at 9-10 (emphasis in original).
[25] *Id.* at 10.
[26] *Id.*

25.     On November 8, undersigned counsel also responded to the Fraud Section regarding the items of interest (text in gray indicates the interspersed and responsive statements from undersigned counsel):

1.     ***Meet and Confer with victims:***  We have carefully considered logistics, and are going to target Friday, November 18 as the date to meet and confer with victims.  We will be communicating formal notice as well as further details and logistics as they develop to all of the victims, but for now, we wanted to let you and your colleagues know that the proposed date is Friday, November 18.

This date works for us – We assume a 9 AM eastern time start, both in person (in D.C.) and via video conferencing? If so, we will begin letting the families now, so they can make plans.

2.     ***Motion to continue briefing schedule on remedies:***  We agree in concept with your proposal to seek additional time from the court to brief on the issue of remedies until after the meet and confer session with the victims.  If we inform the court of the proposed meet and confer date of <u>November 18</u>, it is possible that the court would be willing to extend the briefing deadline.  To that end, I would propose that, ASAP, you/your colleagues confirm whether you agree to extend the remedies briefing deadline to <u>November 22, 2022</u>; and if you do agree, that you file a joint motion to continue the remedies briefing schedule, with a representation that the government joins in your request, tomorrow morning.

We obviously want to work with you on scheduling. We agree to filing a joint motion (it would be useful if your team could actually do the filing), subject to two points:

(1) November 22 is the day before the Thanksgiving holiday starts. Our team has a number of family and other obligations over that holiday. As a result, we would need until Monday, December 5, for our reply – anything shorter than that will be quite difficult for our team. Thus, we agree to November 22 – subject to your agreement (and presumably Boeing's) to December 5.

(2) As mentioned in our conference call on Thursday, we remain very concerned about participating in what our clients might view as sham "meet and confer". We don't want to be difficult. But we do believe, in fairness to our clients, we should have a clear understanding (that can be conveyed both to our clients and the Court) about whether the Department will be conferring, with an open mind, about whether to criminally prosecute Boeing (e.g., to throw out the "immunity" provisions in the DPA). Our understanding, based on earlier briefing, is that the Department will NOT confer about that topic, because (in its view) the DPA does not permit criminal prosecution of Boeing (at least by the Fraud Section) and the DPA cannot be set aside. As you know from our discussions on Thursday and letter

on Friday, we read *HSBC* to authorize setting aside of a DPA based on "impropriety." And we further believe that Judge O'Connor has found impropriety. But our impression is that we have been unsuccessful in persuading you and your team on that point. In fairness to our clients, clarity on this fundamental issue is extremely important. Just as you would like to know ASAP were we stand on an extension, we would like to know ASAP where the Department stands on this key issue about the scope of the meet-and-confer. The key point is that the label "meet and confer" implies that the victim's input about the prosecutorial decisions to be made by the DOJ is on the table. Yet, that isn't the case absent the DPA being subject to being opened or amended to reflect consideration of the views you'll hear from the families. If that is not the case then all you're offering is a "meeting" with the victims -- which is fine. [But] let's not call it the "meet and confer" that was required under the law because that would be misleading.[27]

26.     On Wednesday, November 9, despite both sides indicating a need to discuss issues "ASAP," undersigned counsel did not hear back from the Fraud Section.[28]

27.     Concerned that time was running out, on Thursday, November 10, at 12:19 p.m. eastern time, undersigned counsel sent another email to the Fraud Section, expressing concern that the Section had not responded and pressing to resolving the issues quickly.[29]

**The Fraud Section Reverses Course and Decides to File without Conferring**

28.     Later that day, Thursday, November 10, at 2:13 p.m. eastern time, undersigned counsel received an email stating that the Fraud Section was changing course: It was not going to seek a continuance and would, instead, file its remedies brief without first conferring with the families:

> We have decided not to seek a continuance.  We plan to file our brief tomorrow.
> The AG Guidelines instruct that the conference should provide victims a meaningful opportunity to express their opinions before a major decision is reached.  The Guidelines don't prescribe a specific format because what is meaningful and the scope of the conference may vary based on the facts and circumstances in each case.  We take our responsibilities to victims seriously and

---

[27] *Id.* at 11-12 (emphasis rearranged; text in gray indicates statements typed in by counsel for the families into the email chain previously sent by the Government).

[28] *Id.* at 12.

[29] *Id.* at 12-13.

intend to provide a meaningful conference, including providing information about our investigation and the Deferred Prosecution Agreement, and give victims an opportunity to present their views.[30]

29.    Undersigned counsel immediately responded by email at 2:46 p.m. eastern time, noting that this was a surprising change in course and a violation of the CVRA:

> I must say I am extremely surprised by this email – announcing a change of course from where we had understood things stood.
> My clients – and presumably hundreds of other families – would like to confer with the Department before it takes its position on remedies. Clearly that is going to be a major step in the process – and any "reasonable" conferral right would include a chance to confer on this step. We read this email as saying that you are refusing to do so.
> If you proceed with taking a position on remedies without conferring with the families, we will seriously consider filing a motion stating that, by this act, you are continuing to violate your CVRA obligations.  Can we talk further before you take that (unfortunate) step? [31]

30.    The Fraud Section did not acknowledge (much less respond to) this request for further discussion on Thursday, November 10 or the morning of November 11. Accordingly, at 3:30 p.m. on Friday. November 11, counsel for the families sent a fourteen-page letter to the Fraud Section. The letter recounted the facts described above and stated that families' position that, if the Department moved forward with its remedies filing without first conferring with the families, that would violate the CVRA. The letter noted that the Fraud Section had not yet responded to the families request to continue the discussions on scheduling, made more than 48 hours early–a request that the Section had not even acknowledged.[32]

31.    On Friday night, November 11, at 9:16 p.m. eastern, the Fraud Section sent an email to the families' counsel, stating that "after conferring internally," the Department had concluded

---

[30] *Id.* at 13.
[31] *Id.*
[32] *See generally* Ex. 1 (letter to Fraud Section attorneys).

that a remedies filing that night "would serve the interest of allowing the court's decision proceed, which is in the interest of all parties." The email also noted that the Department was "preparing to provide a conference will all the victims in this matter, including your clients, next Friday [i.e., November 18]." A few minutes later, the Fraud Section filed its remedies brief.[33]

### Argument

I.    **The Government Violated Its CVRA Obligations to Reasonable Confer with the Families by Filing Its Remedies Brief Without Conferring with the Families.**

The foregoing chronology makes clear that the Government is not honoring its CVRA obligations to 346 families, including the fifteen families who specifically bring this motion. In 2004, Congress enacted the CVRA because it found that, in case after case, victims "were kept in the dark by prosecutors too busy to care . . . and by a court system that simply did not have a place for them." 150 Cong. Rec. S4262 (Apr. 22, 2004) (colloquy by Sens. Feinstein and Kyl). In filing its important remedies briefing before meeting with the families, the Government did precisely what Congress had forbidden: it kept the victims' families "in the dark."

The facts recounted above tell a remarkable story of Government intransigence. On October 21, 2022, this Court ruled that the Government had failed to confer with 346 victims' families before entering into a secret DPA agreement with Boeing. Dkt. 116. But rather than take decisive action to honor its legal obligations and to confer with the families about the next steps in this case, the Government continued down the path of secrecy: The Government filed its remedies brief without conferring with Naoise Ryan, Emily Chelangat Babu and Joshua Mwazo Babu, Catherine Berthet, Huguette Debets, Luca Dieci, Bayihe Demissie, Sri Hartati, Zipporah Kuria, Javier de Luis, Nadia Milleron and Michael Stumo, Chris Moore, Paul Njoroge, Yuke Meiske

---

[33] Cassell Dec. at 2.

Pelealu, John Karanja Quindos, and Guy Daud Iskandar Zen S.—not to mention more than three hundred other families around the world who are keenly interested in this case. These families all want to know what steps the Government is taking to hold Boeing accountable for its crime—a crime which this Court has found killed 346 people. Dkt. 116 at 16 ("but for Boeing's criminal conspiracy to defraud the FAA, 346 people would not have lost their lives in the crashes.").

To be sure, in some cases it may be difficult whether or not the Government is "reasonably" conferring with crime victims. But the Government's recent actions do not present a close case. As recounted above, within two hours of this Court's ruling that the Government had failed to confer with the families about the DPA, undersigned counsel communicated with the Government that the fifteen families bringing this motion (and presumably hundreds more) wanted to confer quickly with the Government about next steps in the case. Extensive discussions followed about how to arrange a meeting with the 346 families, with the Government ultimately setting a date of Friday, November 18, for a video meeting with the families around the world.

The Government also agreed, "in principle," that this meeting should take place *before* the Government made its remedies filing. It could hardly have been otherwise. Clearly the Government's remedies filing was going to be an extraordinarily important step in this case, since it would involve the prosecutors' position on step that might lead to Boeing's criminal prosecution. The families had a CVRA right to confer about that step.

But at the eleventh hour, without discussing the issue with the families (or their legal counsel), the Government abruptly changed course. Claiming to rely on the "interests of all the parties," the Government simply filed its remedies brief without talking to the 346 families.

The Government's filing-without-conferring violated the CVRA. The CVRA extends to crime victims (and, in cases involving a victim who is deceased, the victims' families) a right to

"reasonably confer with the Government in the case." 18 U.S.C. § 3771(a) (5). At this point in the case, even though the Government filed criminal charges against Boeing twenty-two months ago, it has never "conferred" with the victims' families at all.[34] To "confer" means "to compare view or take counsel: CONSULT" (MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 260 (11th ed. 2006)) or "to come together to take counsel and exchange views" (BRYAN A. GARNER, GARNER'S MODERN ENGLISH USAGE 198 (4th ed. 2016)). The 346 families have not had the opportunity to "come together" and "exchange views" with the prosecutors handling the case. Instead, the Government simply announced its view on remedies to this Court.

The CVRA drafters clearly understood the CVRA would operate quite differently from the Government's unilateral approach. As Senators Kyl and Feinstein explained in their definitive colloquy regarding the CVRA, "[o]f course, in providing victim information or opinion it is important that the victim be able to confer with the prosecutor concerning a variety of matters and proceedings. [Section 3771(a)(5)] provides a right to confer with the attorney for the Government in the case. This right is *intended to be expansive*. For example, the victim has the right to confer with the Government concerning *any critical stage* or disposition of the case. The right, however, is not limited to these examples." 150 CONG REC.S4269 7296 (Apr. 22, 2004) (colloquy by Sens. Feinstein and Kyl) (emphasis added).

To be sure, crime victims do not have the right to confer about every minor detail in a case. CVRA does not extend an unbridled right to confer, but rather a "reasonable" right to confer. But clearly the remedies stage in the current proceedings is a crucial one—a junction in the proceedings

---

[34] As noted in the statement of facts above, Attorney General Garland met with some of the victims' families in January 2022. While the families very much appreciated his willingness to have that meeting, that meeting (and two other earlier meetings with Criminal Division lawyers) was *not* an opportunity for the families to confer.  Indeed, the Attorney General's representatives made clear that he would *not* being conferring with the families' attorneys, but merely "listening."

where prosecutors should confer with victims' before taking their next steps in the case. The families understand that the prosecutors will, of course, make the final determination about what to say in their remedies brief. But the Government's briefing must be informed having at least listened to the views of the victims' families.

In sum, by filing its remedies brief without first conferring with the victims' families, the Government violated its CVRA obligation to reasonably confer with the families.

II.     **The Court Should Exercise Its CVRA Enforcement Powers by Striking the Government's Remedies Brief and Directing It to Confer with the Families Before Making a Filing on the Subject.**

The victims' families are disappointed that they have had to bring this issue to the Court's attention. As recounted in the facts above, counsel for fifteen of the victims' families had been working hard to arrange a meeting between all 346 families and the prosecutors before the Government made its remedies filing. Indeed, the Government had agreed, "in principle," to such an approach—with a meeting to be held on November 18, followed by the Government filing its remedies brief four days later, on November 22.  But then, on November 9 (just 48 hours before it was to make its remedies filing), without explanation the Government changed course and refused to confer in advance.

This Court must now use its CVRA enforcement powers to enforce the families' right to confer. *See* Dkt. 96 ("The CVRA also imposes duties on district courts."). As the Court has recognized in earlier proceedings in this case, the CVRA authorizes those seeking protection of CVRA their rights to assert them by "motion" in "the district court in which a defendant is being prosecuted for the crime." Dkt. 96 at 6 (*citing* 18 U.S.C. § 3771(d)(3)). And the CVRA specifically "places responsibility on the [district] court for its implementation, requiring that '*the court shall ensure* that the crime victim is afforded [those] rights.'" *United States v. Atl.*

*States Cast Iron Pipe Co.,* 612 F.Supp.2d 453, 458 (D.N.J. 2009) (quoting 18 U.S.C. § 3771(b)(1)) (emphasis added). Indeed, as the Senate co-sponsor of the CVRA explained, "it is the clear intent and expectation of Congress that the *district . . . courts* will establish procedures that will allow for a prompt adjudication of any issues regarding the assertion of a victim's right, while *giving meaning* to the rights we establish." 150 CONG. REC. 22953 (Oct. 9, 2004) (statement of Sen. Kyl) (emphases added).

Here, a simply way exists for the Court to "ensure," 18 U.S.C. § 3771(b)(1), that the families' CVRA right to confer is respected by the Government. The Court should simply strike the Government's remedies brief (Dkt. 128) and direct the Government to confer first with the families about remedies. As we explain in the next section below, such an order from this Court will not significantly delay any proceedings. The Government has already set up a meeting with the families on November 18. So, striking the Government's remedies brief and then directing that it confer with the families on subject of remedies is something that can rapidly address the Government's new CVRA violation.[35]

### III. The Court Should Set an Accelerated Schedule for Ruling on the Motion in Light of the Upcoming Videoconference Meeting to be Held on November 18.

Under the CVRA, crime victims have a right to accelerated proceedings (if needed to protect their interests). Specifically, the CVRA commands that a district court "shall take up and decide any motion asserting a victim's right *forthwith*." 18 U.S.C. § 3771(c)(3) (emphasis added). The CVRA sets a five-day limit for a stay of proceedings in connection with a CVRA motion. *Id.*,

---

[35] To be clear, the upcoming November 18 meeting cannot, by itself, address all of the Government's CVRA violations. In particular, as the families have explained at length in their earlier briefing, they are currently precluded from conferring with the Government about obtaining Boeing's prosecution, because the DPA's "immunity" provisions prevent Boeing prosecution. For this reason, the families have been seeking rescission of those provisions in earlier briefing and will continue to press that point.

§ 3771(c)(3). Against that backdrop, the victims' families propose that the Court set an accelerated schedule for briefing on this motion, under which the Government and Boeing would respond to this motion by 4:00 p.m. Central Standard Time on Wednesday, November 16, and then the victims would reply by 10:00 a.m. Central Standard Time on Thursday, November 17. This would place the Court in a position to rule, if it were so inclined, by the close of business November 17. A ruling in favor of the victims' families by November 17 would then allow the families to confer with the prosecutors on the subject of remedies on the November 18 video conference call, scheduled to begin at 6:00 a.m. Central Standard Time on November 18. The parties' positions on this accelerated schedule are indicated in the certificate of conference below.

## <u>Conclusion</u>

The Court has already once held that the Government violated its CVRA obligation to confer—by reaching a secret DPA with Boeing. Sadly, the Government continues to fail to protect victims' CVRA rights. This Court should set an accelerated briefing schedule on this motion and then grant the families' motion for a finding that the Government has violated its CVRA obligation to confer on the subject of remedies. Using its CVRA enforcement powers under § 3771(b)(1), the Court should then strike the Government's remedies brief—directing that the Government respect the families' right to confer on this important subject. The Government can thereafter file its remedies brief—with the benefit of having heard from the families.

Dated: November 14, 2022                    Respectfully submitted,


/s/ Warren T. Burns                          /s/ Paul G. Cassell
Warren T. Burns (Texas Bar No. 24053119)     Paul G. Cassell (Utah Bar No. 06078)
Darren P. Nicholson                          (Counsel of Record)
Kyle Oxford                                  Utah Appellate Project
Chase Hilton                                 S.J. QUINNEY COLLEGE OF LAW
Burns Charest, LLP                           University of Utah
wburns@burnscharest.com                      cassellp@law.utah.edu
dnicholson@burnscharest.com                  (no institutional endorsement implied)
koxford@burnscharest.com
chilton@burnscharest.com                     Tracy A. Brammeier
                                             Clifford Law Offices PC
                                             tab@cliffordlaw.com

                                             Erin Ressa Applebaum
                                             Kreindler & Kreindler LLP
                                             eapplebaum@kreindler.com

                                             Pablo Rojas
                                             Podhurst Orseck PA
                                             projas@podhurst.com

                      *Attorneys for Victims' Representatives*

1

## **CERTIFICATE OF CONFERENCE**

Via emails exchanged on November 12, 13, and 14, victims' families conferred with the

Government and Boeing. The Government and Boeing both oppose the motion.


/s/ Paul G. Cassell
Paul G. Cassell

## **CERTIFICATE OF SERVICE**

I certify that on November 14, 2022, the foregoing document was served on the parties to

the proceedings via the Court's CM/ECF filing system.


/s/ Paul G. Cassell
Paul G. Cassell