**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. 4:21-cr-005-O-1 |
| | ) | |
| THE BOEING COMPANY, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

**APPENDIX TO THE OPPOSED MOTION BY NAOISE CONNOLLY RYAN ET AL.**
**FOR A FINDING THAT THE GOVERNMENT HAS VIOLATED THE CRIME**
**VICTIMS' RIGHTS ACT BY FAILING TO CONFER BEFORE FILING ITS**
**REMEDIES BRIEF, TO STRIKE THE GOVERNMENT'S REMEDIES BRIEF, AND**
**FOR AN ACCELERATED DECISION**

Naoise Connolly Ryan et al.[1] (the "victims' families"), through undersigned counsel, file

this Appendix in Support of Their Motion for a Finding that the Government has Violated the

Crime Victims' Rights Act by Failing to Confer Before Filing its Remedies Brief, To Strike the

Government's Remedies Brief, and for an Accelerated Decision.

| Exhibit No. | Description | Appendix Page Rage |
|---|---|---|
| A | Declaration of Paul G. Cassell | Appx. 001-003 |
| B | Paul G. Cassell Letter to Glenn Leon, Chief, Fraud Section of the U.S. Department of Justice Criminal Division regarding the Request that the Justice Department Comply with its CVRA Obligation to Reasonably Confer with Victims' Families in U.S. v. Boeing, No. 4:21-cr-0005 (Fort Woth Div. – N.D. Tex) (dated | Appx. 004-018 |

[1] In addition to Ms. Ryan, the other victims' family members filing this motion are Emily Chelangat Babu and Joshua Mwazo Babu, Catherine Berthet, Huguette Debets, Luca Dieci, Bayihe Demissie, Sri Hartati, Zipporah Kuria, Javier de Luis, Nadia Milleron and Michael Stumo, Chris Moore, Paul Njoroge, Yuke Meiske Pelealu, John Karanja Quindos, Guy Daud Iskandar Zen S., and others similarly situated. They are supported by more than one hundred other families.

| Exhibit No. | Description | Appendix Page Rage |
|---|---|---|
|  | November 11, 2022) |  |

Dated: November 14, 2022                    Respectfully submitted,

/s/ Warren T. Burns
Warren T. Burns (Texas Bar No. 24053119)
Darren P. Nicholson
Kyle Oxford
Chase Hilton
Burns Charest, LLP
wburns@burnscharest.com
dnicholson@burnscharest.com
koxford@burnscharest.com
chilton@burnscharest.com

/s/ Paul G. Cassell
Paul G. Cassell (Utah Bar No. 06078)
(Counsel of Record)
Utah Appellate Project
S.J. QUINNEY COLLEGE OF LAW
University of Utah
cassellp@law.utah.edu
(no institutional endorsement implied)

Tracy A. Brammeier
Clifford Law Offices PC
tab@cliffordlaw.com

Erin Ressa Applebaum
Kreindler & Kreindler LLP
eapplebaum@kreindler.com

Pablo Rojas
Podhurst Orseck PA
projas@podhurst.com

*Attorneys for Victims' Representatives*

## CERTIFICATE OF SERVICE

I certify that on November 14, 2022, the foregoing document was served on the parties to the proceedings via the Court's CM/ECF filing system.

/s/ Paul G. Cassell
Paul G. Cassell

# EXHIBIT 1

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. 4:21-cr-005-O-1 |
| | ) | |
| THE BOEING COMPANY, | ) | |
| | ) | |
| *Defendant.* | ) | |
| _____ | ) | |

**DECLARATION IN SUPPORT OF MOTION BY NAOISE CONNOLLY RYAN ET AL. FOR A FINDING THAT THE GOVERNMENT HAS VIOLATED THE CRIME VICTIMS' RIGHTS ACT BY FAILING TO CONFER BEFORE FILING ITS REMEDIES BRIEF, TO STRIKE THE GOVERNMENT'S REMEDIES BRIEF, AND FOR AN ACCELERATED DECISION.**

I, Paul G. Cassell, declare as follows :

1. I am an attorney at law duly licensed in the State of Utah and admitted to appear before this Court in this case *pro hac vice*. I respectfully submit this declaration in support of the Motion for a Finding that the Government Has Violated the Crime Victims' Rights Act.

2. Attached as Exhibit A is a letter that I sent to the relevant Government attorneys in this case on the afternoon of November 11, 2022, before the Government filed its brief regarding remedies. The letter summarizes the relevant discussions between the Government and counsel regarding the victims' families having an opportunity to confer with the Government before it filed its remedies brief.

3. On Friday night, November 11, at 9:16 p.m. eastern, the Fraud Section sent an email to counsel, stating (in relevant part) that "after conferring internally," the Department had concluded

1

**Appx. 002**

that filing that night (rather than seeking the court's permission for a brief extension of time) "would serve the interest of allowing the court's decision to proceed, which is in the interest of all parties." The email also noted that the Department was "preparing to provide a conference with all the victims in this matter, including your clients, next Friday [i.e., November 18]."

Dated: November 14, 2022

Respectfully submitted,


/s/ Paul G. Cassell
Paul G. Cassell (Utah Bar No. 06078)
(Counsel of Record)
Utah Appellate Project
S.J. QUINNEY COLLEGE OF LAW
University of Utah
cassellp@law.utah.edu
(no institutional endorsement implied)

**Appx. 003**

# EXHIBIT A

PAUL G. CASSELL
Utah Appellate Project
S.J. Quinney College of Law at the University of Utah
383 S. University St.
Salt Lake City, UT 84112
Telephone: 801-585-5202
cassellp@law.utah.edu*

November 11, 2022

Glenn Leon
Chief, Fraud Section
U.S. Department of Justice Criminal Division
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001
Via email: glenn.leon@usdoj.gov

Re:    <u>**Request that the Justice Department Comply with its CVRA Obligation
to Reasonably Confer with Victims' Families in U.S. v. Boeing, No. 4:21-
cr-005 (Fort Worth Div. - N.D. Tex)**</u>

Dear Mr. Leon,

As you know, Judge O'Connor has recently ruled that the Fraud Section has
violated the Crime Victims' Rights Act (CVRA) by concluding a deferred prosecution
agreement (DPA) with Boeing—without conferring with 346 families who represent the
victims of Boeing's criminal conspiracy).[1] I write to reiterate my concern that the Fraud
Section is about to commit yet another serious violation of the CVRA—by taking
another important step in this case without conferring with the victims' families.
Specifically, it appears that you intend to file your brief on the appropriate remedies for
the Fraud Section's CVRA violations later today (on November 11). But you are going
to meet-and-confer with the families one week later (on November 18). Filing your brief
without conferring with the families violates your obligation to reasonably confer with
those families. I write to urgently request that you honor your CVRA obligations by
conferring with the families before making that filing. If you do not do so, my clients
will be forced to seek the intervention of Judge O'Connor to protect their rights.

*Factual Background Regarding the DPA*

---

[1] Dkt. 116 (Oct. 21, 2022. I represent fifteen of those families. But I believe that the positions I
express in this letter would be applicable to others victims' families, many of whom lack legal
counsel in this criminal proceeding.

* This daytime business address is provided for identification and correspondence purposes only and is not intended
to imply institutional endorsement by the University of Utah.

I want to make sure that we are on the proverbial "same page" about the factual situation. Since you have only recently been appointed to your position, it may be useful if I summarize the relevant facts that have previously occurred.

In and around January 2021, the Justice Department hurriedly cut a deal with Boeing, which immunized it from any criminal liability for two crashes of Boeing 737 MAX aircraft. These crashes killed 346 passengers and crew, including family members of my clients. A fair-minded assessment of the DPA comes from a former attorney in the Fraud Section—Ankush Khardori—who has described the arrangement as "*one of the most unusual and ill-conceived corporate criminal settlements in American history.*"[2] Likewise, Columbia Law Professor John Coffee has written a book about DPAs: *Corporate Crime and Punishment: The Crisis of Underenforcement* (2020). He describes the deal as "one of the worst" he's seen."

If the only issue were whether the Boeing DPA was a good deal or a bad one, the victims' families would not have filed their legal challenges. But in swiftly arranging an agreement with Boeing in January 2021, the Department flouted the law.

This case involves extraordinarily serious crimes. For more than two years, Boeing knowingly, and with intent to defraud, conspired to impair, obstruct, and interfere with the FAA's evaluation of the safety of the Boeing 737 MAX aircraft. Your Fraud Section prosecutors have alleged these facts in a criminal complaint in this case— which Boeing has agreed not to contest.

The relevant facts extend back to May 2019, when following the two crashes of Boeing 737 MAX aircraft, the Fraud Section began a criminal investigation into Boeing's criminal conspiracy. The conspiracy concealed safety problems with the 737 MAX from the FAA. In the extended criminal investigation that followed, the Justice Department discovered overwhelming evidence of Boeing's crimes. This criminal investigation lasted for many months, including much of 2019 and all of 2020. At first, Boeing deliberately refused to cooperate with the investigation. Boeing only began to reveal its criminal conduct to the Justice Department after successfully delaying the criminal investigation for six months.[3]

After overcoming Boeing's efforts to prevent it from learning about the criminal conspiracy to conceal the 737 MAX's safety issues, the Department assembled a team of

---

[2] Ankush Khardori, *The Trump Administration Let Boeing Settle a Killer Case for Almost Nothing*, INTELLIGENCER (Jan. 23, 2021) (emphasis added).
[3] Boeing DPA, SOF ¶ 4(c).

attorneys to negotiate with Boeing's team of attorneys about resolving the case. The Justice Department's own regulations require federal officials to contact victims "at the earliest opportunity after detection of a crime at which it may be done without interfering with an investigation. . . ."[4] But the Department *never* contacted Boeing's victims at *any* point during the investigation, much less at the "earliest opportunity."

As early as May 2019, the victims' families became aware of general media reports suggesting that the Department was investigating Boeing. They sought to confer with prosecutors, by contacting the Department's Victims' Rights Ombudsman. But they were given inaccurate information that no investigation was occurring—effectively blocking them from conferring with the prosecutors.

While the Government blocked the victims from conferring with the prosecutors, Boeing had no such difficulty. During the last weeks of 2020 and the first week of 2021, attorneys for the Justice Department and Boeing collaborated to rapidly craft a DPA. The DPA provided numerous benefits to the company but no real accountability for the harms its crimes caused the victims and their families. Most important, the DPA immunized Boeing from criminal prosecution for all conduct listed in the Statement of Facts, which included a description of the two crashes.

After the Justice Department and Boeing reached their secret agreement, the Department publicly disclosed it by filing it on the docket in the U.S. District Court for the Northern District of Texas on January 7, 2021. Immediately after filing the felony criminal information charging Boeing and the associated DPA, the Justice Department did not turn its attention to informing the victims' families about the immunizing agreement. Instead of working to contact the families, the Department turned to its Office of Public Affairs to release a congratulatory press release.[5] The first and only notice that the victims' families received that Boeing had been immunized from criminal prosecution was through media coverage.

The Department's actions violated the CVRA. In 2004, Congress enacted the CVRA because it found that, in case after case, victims "were kept in the dark by prosecutors too busy to care . . . and by a court system that simply did not have a place

---

[4] Attorney General Guidelines for Victim and Witness Assistance, Art. IV.H at 28 (May 2012).
[5] *See* Press Release, Office of Public Affairs, *Boeing Charged with 737 Max Fraud Conspiracy and Agrees to Pay over $2.5 Billion*, https://www.justice.gov/opa/pr/boeing-charged-737-max-fraud-conspiracy-and-agrees-pay-over-25-billion.

3

**Appx. 007**

for them."[6] While the Department was secretly negotiating its DPA with Boeing, it did precisely what Congress had forbidden: it kept the victims' families "in the dark."

### *Factual Background Regarding the Fraud Sections' Violation of the CVRA*

On December 16, 2021, the victims' families filed a motion to enforce their CVRA rights in the U.S. District Court for the Northern District of Texas. Thereafter, on January 10, 2022, undersigned counsel and other representatives of the victims' families held a Zoom conference call with representatives of the Fraud Section. During the call, the Fraud Section's representatives refused to confer with the families' representatives about this case. Instead, the Fraud Section took the position that that the call was merely a "listening session" for the Department to learn about the concerns of the victims' families.[7]

On January 14, 2022, undersigned counsel and other representatives of the victims' families had a Zoom conference call with representatives of the Criminal Division of the U.S. Department of Justice about this case, including the Assistant Attorney General for the Criminal Division, Kenneth A. Polite, Jr. During the call, the Criminal Division's representatives refused to confer with the families' representatives about this case. Instead, the Division took the position that that the call was merely a "listening session" for the Department to learn about the concerns of the victims' families.[8]

On January 26, 2022, undersigned counsel and other representatives of the victims' families held a Zoom conference call with Attorney General Merrick Garland and more than a dozen other Department attorneys working on the case. During the call, as had been required by representatives of the Attorney General before the call, the Attorney General and other Department attorneys declined to confer with the families' representatives about this case. Instead, the Attorney General took the position that that the call was merely a "listening session" for the Department to learn about the concerns of the victims' families.[9]

Thereafter, the Fraud Section filed its opposition to the victims' families' motion, taking the position that the families did not represent "crime victims" under the CVRA.

---

[6] 150 CONG. REC. 7296 (2004) (colloquy by Sens. Feinstein and Kyl).
[7] Dkt. 124-1 ¶ 294.
[8] Dkt. 124-1 ¶ 295.
[9] Dkt. 124-1 ¶ 2956

After a hearing on the motion as well as an evidentiary hearing, Judge O'Connor emphatically rejected the Fraud Section's position.

On October 21, 2022, Judge O'Connor ruled that credible evidence supported the victims' families' status "as lawful representatives of 'crime victims' under the CVRA and that they therefore have standing to assert rights under the Act."[10] Accordingly, Judge O'Connor granted the families' motion, finding that the Fraud Section negotiated the DPA in violation of the victims' families' rights. Judge O'Connor noted that the next issue was the question of the "remedy" for the Fraud Section's violations of the families' CVRA rights.  The Court directed that the various parties (e.g., the families, the Fraud Section, and Boeing) file a notification of whether additional briefing was needed on the issue of remedies by October 28, 2022.

### The Victims' Families Immediate Request an Opportunity to Confer

Within two hours of Judge O'Connor's ruling—i.e., late on October 21— undersigned counsel sent an email to the Fraud Section attorneys handling the case invoking (once again) the families' CVRA right confer. The email requested that a new "clean team" from the Department be assigned to handle the case. The email noted that this was the approach that the Department had followed in the Jeffrey Epstein after a district court finding that the Department had violated the CVRA. The email also specifically invoked their CVRA right to confer: "Because my clients have been recognized as 'victims' under the CVRA, we also invoking our CVRA right to confer and would like to confer about next steps immediately."

### The Fraud Section Discusses Conferring with the Victims' Families

The victims' families have continued to attempt to confer with the Department. After the families sent their email of October 21 invoking their right to confer, the Fraud Section did not respond promptly. Accordingly, at the end of the day on October 24, 2022, undersigned counsel for the families sent another email that was "[j]ust following up on the [earlier] email" and noted that time was of the essence in light of Judge O'Connor's deadline of October 28. The email asked for the Department's response.

The next day, October 25, the Fraud Section responded that it would be back in touch regarding "substantive issues or next steps soon."

---

[10] Dkt. 116 at 18.

**Appx. 009**

The next day, October 26, undersigned counsel responded the Fraud Section, noting—again—the need for conferral:

> As you know, my clients are required to file a statement regarding supplemental briefing by Friday with Judge O'Connor. Obviously the nature of that statement will be influenced by the Justice Department's intended next steps. **As you know, we have been trying to confer with the Department for months and months about next steps in obtaining Boeing's prosecution – so we are hopeful that our requested conferral (to which the families are obviously entitled) will take place quickly.** But my sense is that any will not happen in the next 48 hours. If that timing is accurate, will DOJ now file a motion for extension of time for it – and the victims – to file the supplemental statement? Otherwise, we will have to explain to Judge O'Connor that the Department is continuing not to confer with us, which means we cannot predict the course of future proceedings.

In further emails and teleconference call, the Fraud Section and undersigned counsel discussed next steps.

Ultimately, in a telephone conference call between undersigned counsel and the Fraud Section on Thursday, October 27, it was agreed between the participants that the Fraud Section would file a motion for extension of time to extend the October 28 deadline in order to facilitate the possibility of conferral with the victims' families. The motion was to state that the families were in agreement with Department's motion for the extension of time.

On Friday, October 28, however, the Fraud Section did not file the promised motion for extension of time. Indeed, at 1:30 p.m. eastern time, undersigned counsel was sufficiently alarmed by the Fraud Section's delay that he sent an email inquiring about why that motion for extension had not yet been filed: "I was expecting to see a motion to extend time come across my email screen by now – just confirming that is still under way, right?"

But, unfortunately, what has previously been agreed between the Fraud Section and the victims' families did not occur. Undersigned counsel learned in a later telephone call with the Fraud Section that, instead of seeking an extension, the Fraud Section would file a statement with Judge O'Connor in a few hours indicating that it would seek to file supplemental briefing on November 11. That additional time would allow the possibility of a meet-and-confer with the victims over the following two

**Appx. 010**

weeks. As an accommodation to the Fraud Section, undersigned counsel agreed to that change in plan.

On October 28, the Fraud Section filed its statement on its remedies briefing. The statement indicated that discussions were on-going about arranging a conferral opportunity for the families:

> Counsel for the Government and counsel for the Movants have engaged in discussions and expect further dialogue including a substantive meet and confer meeting next week. This meeting may resolve certain outstanding matters.[11]

On October 28, undersigned counsel also sent a further email to the Fraud Section (as a follow-up to the phone conference on October 27). In relevant part, the email reviewed the need for continuation of discussions between the parties and arranging an opportunity to confer for all the families. The first step in that process was a "lawyers-only" meeting, which would then arrange logistics for the Department's prosecutors to meet and confer with all the families:

> Since we are requesting the [lawyer-only] meeting, we will provide a detailed agenda of our issues for the meeting in advance.  We anticipate that our agenda will include … DOJ setting up a meeting with the victims' families to answer questions and confer (along the lines of the meetings that General Garland's Oklahoma City bombing prosecution team held with the Oklahoma City families) …

> Thank you in advance for considering all these points – and we look forward to continuing the discussions in the interest of narrowing the range of disputes. In our view, now that Judge O'Connor has found that the families are "crime victims" representatives and that the Government has violated their rights, the posture of the Justice Department is legally required to change. The Department is now obligated to use its "best efforts" to protect the families' rights, 18 U.S.C. sec. 3771(c)(1), including their rights to confer and to fair treatment, id., secs. (a)(5) & (8).

On October 31, the Fraud Section responded, agreeing to a lawyer-only meeting on November 3.

---

[11] Dkt. 119 at 1.

On November 1, undersigned counsel sent a detailed agenda for the lawyers-only meeting to the Fraud Section.  Among the first items on the agenda was the issue of "how soon with DOJ hold a meeting to confer with the 346 families?"  The agenda explained in detail need for a conferral with all the families – including the need to have the conferral with the 346 families *before* the Department's remedies filing on November 11 (emphasis added):

> As you know, Judge O'Connor has held that the 346 families around the world are "crime victims' representatives" for purpose of the CVRA. As a result, all 346 families are entitled to confer with the prosecutors handling this case. *See* 18 U.S.C. § 3771(a)(5). You have also sent notices to (as we understand it) all 346 families, advising them that they each have the right "to confer with the attorney for the Government in the case."
>
> Against this backdrop, the Justice Department now needs to quickly set up a meeting for all of the victims' families who would like to confer with the prosecutors. We have had a number of inquiries from families as to how they should confer with you. In the interest of avoiding multiple contacts, we have advised them that we are meeting and conferring with you about quickly setting up a conferral opportunity.
>
> **As you know, the Justice Department is currently scheduled to make a filing about appropriate remedies for the Department's CVRA violations on November 11, 2022. Thus, in order for the families to be able to reasonably confer with the Department, the conferral between the prosecutors and the families must take place before November 11.**
>
> When will the Department confer with all the families? And how will the Department make sure that the conferral effectively includes all 346 families? We would note that undersigned counsel had the opportunity to work with then-Principal Associate Deputy Attorney General Merrick Garland in connection with the Oklahoma City bombing case. ADAG Garland made sure that all of the hundreds of Oklahoma City families harmed by that bombing had a chance to personally confer with the prosecutors on the prosecution team. I am confident that General Garland would want the prosecutors to follow the same general approach here.

### *The Fraud Section Agrees to Confer with the Families Before Its November 11 Filing*

On November 3, a videoconference call was held between Fraud Section attorneys and attorneys representing the victims' families (including undersigned

**Appx. 012**

counsel). During the meeting, counsel for the victims' families reiterated the families' request to confer with the Department before it made its filing regarding remedies. Both the Fraud Section and victims' families agreed that, in light of Judge O'Connor's ruling, the Department was required to confer with the families. The parties discussed timing issues in connection with the impending remedies filing the Department was required to make and the need for the Department to file for an extension of time in order to permit conferral with the families to happen before the Department filed its remedies brief. The parties discussed issues regarding whether it would be best for the Department or the families to file for the extension of time in order to permit the families to the confer regarding the Department's remedies filing. The Fraud Section and the families agreed to continue discussions on these and other issues.

The next day, November 4, undersigned counsel sent a letter to the Fraud Section memorializing the issues that had been discussed the day before. The letter memorialized agreement between the Fraud Section and the families that a conferral was now required under the CVRA—and reiterated the families' need to confer before the Department's remedies filing (emphasis added):

> **As we understand the situation, both sides have agreed that a meeting between the prosecutors and the victims' families is desirable—and, indeed, now required by the virtue of Judge O'Connor's ruling recognizing the families as representing "crime victims."** The families now have a "right to confer" under the CVRA. 18 U.S.C. § 3771(a)(5). But, unfortunately, as noted in Point #1 above, it is impossible for the families to confer with you now about pursuing criminal prosecution of Boeing for its admitted crime, because the existing "immunity" provisions in the DPA block that prosecution. Until those provisions are rescinded, the families' conferral is truncated—they cannot confer with you about prosecuting Boeing.
>
> Even though the families are currently prevented from conferring with you about prosecuting Boeing in the future, they still would very much like to confer about what has happened in this case in the past to reach that unfortunate point. **And they would like to confer about whether you will support the families' position on remedies in the Department's upcoming filing (as discussed in Point #1 above) to obtain the Department's support for rescinding the illegally crafted immunity provisions.**
>
> Against that backdrop, we (e.g., Bob Clifford at our meeting yesterday) have expressed our concern that, as a matter of fairness and human decency, the families should know what the Department intends

9

**Appx. 013**

to do at the conferral meeting—specifically, does the Department plan to simply defend its illegal conduct or to genuinely confer with the families about possible next steps. Our understanding is that you have agreed to get back to us on the Department's intentions at the meeting.

The next workday, Monday, November 7, the Fraud Section sent an email to the victims' families, noting a "target" of a meeting with the victims' families on November 18 and agreement "in concept" with the victims' families' proposal to seek an extension of the November 11 deadline so that the Department's remedies filing would be made after the families had an opportunity to confer. In relevant part, the email stated (emphasis added):

> Thank you again for your time on Thursday.  I thought our meeting with you and your fellow counsel was constructive.
>
> I am writing to follow up on a few items:
>
> 1. Meet and Confer with victims:  We have carefully considered logistics, and are going to target Friday, November 18 as the date to meet and confer with victims.  We will be communicating formal notice as well as further details and logistics as they develop to all of the victims, but for now, we wanted to let you and your colleagues know that the proposed date is Friday, November 18.
>
> 2. Motion to continue briefing schedule on remedies:  **We agree in concept with your proposal to seek additional time from the court to brief on the issue of remedies until after the meet and confer session with the victims.**  If we inform the court of the proposed meet and confer date of November 18, it is possible that the court would be willing to extend the briefing deadline.  To that end, I would propose that, ASAP, you/your colleagues confirm whether you agree to extend the remedies briefing deadline to November 22, 2022; and if you do agree, that you file a joint motion to continue the remedies briefing schedule, with a representation that the government joins in your request, tomorrow morning.

On November 8, 2022, the Victim Assistance Unit in the Fraud Section sent a mass email to attorneys representing victims in the Boeing matter, indicated that November 18 was the date the Department was "considering" for the meet and confer.

Appx. 014

On November 8, undersigned counsel also responded to the Fraud Section regarding the items of interest (text in grey is interspersed statements from the families):

Thank you very much for your note and for following up on this case. Like your team, our team thought our discussions were constructive. We look forward to continuing to work on this case to protect the CVRA rights of the victims' families. Our responses to your items of interest are interspersed below:

1. ***Meet and Confer with victims:*** We have carefully considered logistics, and are going to target **<u>Friday, November 18</u>** as the date to meet and confer with victims. We will be communicating formal notice as well as further details and logistics as they develop to all of the victims, but for now, we wanted to let you and your colleagues know that the proposed date is <u>Friday, November 18.</u>

This date works for us – We assume a 9 AM eastern time start, both in person (in D.C.) and via video conferencing? If so, we will begin letting the families now, so they can make plans.

2. ***Motion to continue briefing schedule on remedies:*** We agree in concept with your proposal to seek additional time from the court to brief on the issue of remedies until after the meet and confer session with the victims. If we inform the court of the proposed meet and confer date of <u>November 18</u>, it is possible that the court would be willing to extend the briefing deadline. To that end, I would propose that, ASAP, you/your colleagues confirm whether you agree to extend the remedies briefing deadline to <u>November 22, 2022</u>; and if you do agree, that you file a joint motion to continue the remedies briefing schedule, with a representation that the government joins in your request, tomorrow morning.

We obviously want to work with you on scheduling. We agree to filing a joint motion (it would be useful if your team could actually do the filing), subject to two points:

(1) November 22 is the day before the Thanksgiving holiday starts. Our team has a number of family and other obligations over that holiday. As a result, we would need until Monday, December 5, for our reply – anything shorter than that will be quite difficult for our team. Thus, we

**Appx. 015**

agree to November 22 – subject to your agreement (and presumably Boeing's) to December 5.

(2) As mentioned in our conference call on Thursday, we remain very concerned about participating in what our clients might view as sham "meet and confer". We don't want to be difficult. But we do believe, in fairness to our clients, we should have a clear understanding (that can be conveyed both to our clients and the Court) about whether the Department will be conferring, with an open mind, about whether to criminally prosecute Boeing (e.g., to throw out the "immunity" provisions in the DPA). Our understanding, based on earlier briefing, is that the Department will NOT confer about that topic, because (in its view) the DPA does not permit criminal prosecution of Boeing (at least by the Fraud Section) and the DPA cannot be set aside. As you know from our discussions on Thursday and letter on Friday, we read *HSBC* to authorize setting aside of a DPA based on "impropriety." And we further believe that Judge O'Connor has found impropriety. But our impression is that we have been unsuccessful in persuading you and your team on that point. In fairness to our clients, clarity on this fundamental issue is extremely important. Just as you would like to know ASAP were we stand on an extension, we would like to know ASAP where the Department stands on this key issue about the scope of the meet-and-confer. The key point is that the label "meet and confer" implies that the victim's input about the prosecutorial decisions to be made by the DOJ is on the table. Yet, that isn't the case absent the DPA being subject to being opened or amended to reflect consideration of the views you'll hear from the families. If that is not the case then all you're offering is a "meeting" with the victims -- which is fine. [But] let's not call it the "meet and confer" that was required under the law because that would be misleading.

On Wednesday, November 9, despite both sides indicating a need to discuss issues "ASAP," undersigned counsel did not hear back from the Fraud Section.

Concerned that time was running out, on Thursday, November 10, at 12:19 p.m. eastern time, undersigned counsel sent another email to the Fraud Section, pressing to resolving the issues quickly:

Just following up to get a status report. With tomorrow being a federal holiday, we had assumed that the motion for continuance would be filed

**Appx. 016**

very soon, giving Judge O'Connor an opportunity to rule on it today. We await your response to our points of concern raised below.

### The Fraud Section Reverses Course and Decides to File without Conferring

Later that day, at 2:13 p.m. eastern time, undersigned counsel received notice that the Fraud Section was changing course: It was *not* going to seek a continuance and would, instead, simply file its remedies brief without first conferring with the families:

> We have decided not to seek a continuance. We plan to file our brief tomorrow.

> The AG Guidelines instruct that the conference should provide victims a meaningful opportunity to express their opinions before a major decision is reached. The Guidelines don't prescribe a specific format because what is meaningful and the scope of the conference may vary based on the facts and circumstances in each case. We take our responsibilities to victims seriously and intend to provide a meaningful conference, including providing information about our investigation and the Deferred Prosecution Agreement, and give victims an opportunity to present their views.

Undersigned counsel immediately responded by email at 2:46 p.m. eastern time, noting that this was a surprising change in course and a violation of the CVRA:

> I must say I am extremely surprised by this email – announcing a change of course from where we had understood things stood.

> My clients – and presumably hundreds of other families – would like to confer with the Department before it takes its position on remedies. Clearly that is going to be a major step in the process – and any "reasonable" conferral right would include a chance to confer on this step. We read this email as saying that you are refusing to do so.

> If you proceed with taking a position on remedies without conferring with the families, we will seriously consider filing a motion stating that, by this act, you are continuing to violate your CVRA obligations. Can we talk further before you take that (unfortunate) step?

**Appx. 017**

As of this writing, the Fraud Section has not responded to this email.

### *Renewed Request that the Fraud Section Comply With Its CVRA Obligations*

The foregoing chronology makes clear that the Fraud Section is not honoring its CVRA obligations to 346 families, including the fifteen families that I specifically represent. Within two hours of Judge O'Connor ruling that they represented "crime victims," the families requested an opportunity to confer before you made your remedies filing. That request to confer has been repeated many times since—as recounted in detail above. And yet now, three weeks later, you continue to refuse to confer with them before taking a pivotal and potentially decisive step in this case.

On behalf of the families I represent, I once again request that the Fraud Section honor its obligation to confer with these families before making its remedies filing. My understanding was that an agreement to that effect had been reached. But, in any event, that conferral is required under federal law, 18 U.S.C. § 3771(a)(5).

Your prompt response to this request to confer—before making your remedies filing—would be appreciated. If you do not confer with the families before making your remedies filing, we intend to recount the foregoing facts to the Court and seek its assistance to enforce the families' CVRA right to reasonably confer. Also, if you do not confer before making your filing, to avoid confusion to our clients, we intend to emphasize to them that the proposed "meet-and-confer" on November 18 is, in truth, merely an after-the-fact "meeting" to describe what the Department has already done—not meaningful conferral about that it should do.

Respectfully submitted,

Paul G. Cassell et al.
*Counsel for*
  *Boeing 737 MAX crashes victims' families*

cc via email:

Various Department attorneys
Co-counsel for the victims' families

14

**Appx. 018**