IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) No. 4:21-CR-5-O |
| THE BOEING COMPANY, | ) |
| | ) |
| *Defendant*. | ) |
| | ) |

### THE BOEING COMPANY'S RESPONSE TO MOTION FOR LEAVE TO RE-FILE PROFFER OF FACTS SUPPORTING THEIR POSITION ON REMEDIES AND REQUEST FOR AN EVIDENTIARY HEARING [DOCKET NO. 124]

The Boeing Company ("Boeing") submits this response in opposition to the Crime Victims' Representatives'[1] ("the Representatives") motion for leave to re-file a proffer of purported factual information in support of their pending motions ("Motion," Dkt. 124).

### PRELIMINARY STATEMENT

The Representatives seek to "re-file their previously filed proffer of facts regarding remedies (and related facts from an SEC cease-and-desist order)" "to ensure that a full factual record is available to the Court in making its remedy rulings." Dkt. 124 at 1, 2. The Representatives' Motion should be denied because the proffer does not constitute facts, and it will not aid this Court in determining the remedies available to the Representatives, which is a pure question of law. Moreover, the Motion improperly seeks to advance material previously raised to this Court, in contravention of the Court's order stating that supplemental briefing on remedies

---

[1] Boeing adopts the terminology this Court used in its October 30, 2022 Order to refer to the Representatives, but expressly preserves all objections and reserves all rights to appeal any and all of the Court's rulings made in the course of these proceedings, including with respect to this Court's determination of the Representatives' standing under the Crime Victims' Rights Act and the process it used to reach that determination.

"shall contain only new arguments" on that issue. The Court previously denied as moot the Representatives' request for discovery and their prior request to supplement their proffer, and it should deny the Representatives' Motion here.

## BACKGROUND

The Representatives initially filed their lengthy proffer of purported facts on March 4, 2022, along with a request to conduct discovery in support of their motion alleging that the deferred prosecution agreement ("DPA") was negotiated in violation of the Crime Victims' Rights Act ("CVRA"). Dkts. 72; 72-1. On September 26, 2022, the Representatives sought leave to supplement their initial proffer to include two cease-and-desist orders (the "SEC Orders") recently filed by the Securities and Exchange Commission ("SEC") in relation to Boeing and Dennis Muilenburg, the former Chief Executive Officer of Boeing. Dkt. 107. Boeing and the Government opposed both the Representatives' initial request for discovery and accompanying proffer (Dkts. 73; 74) and the Representatives' request for leave to supplement their initial proffer (Dkts. 107 at 6, 108). On October 21, 2022, the Court issued a Memorandum Opinion and Order, finding that the Representatives had "standing to assert rights as the representatives of 'crime victims' under the CVRA," but reserving determination of "the question of remedy." Dkt. 116 at 2, 18. The Court left the Representatives' motions concerning remedy (Dkts. 17; 18) pending on the docket, but specifically denied as moot Representatives' motion for discovery (Dkt. 72) and subsequent motion for leave to supplement their initial proffer (Dkt. 107). The Court noted that while it "believe[d] the parties ha[d] provided adequate briefing with respect to remedy," (Dkt. 116 at 18), it permitted them to submit supplemental briefing, with the caveat that it "**shall** contain only new arguments with respect to the issue of remedy and **shall not** reiterate arguments previously made in relevant briefing." Dkt. 123 at 1–2 (emphasis in original).

## ARGUMENT

The Representatives now seek to "re-file" and "re-assert" portions of the earlier proffer with additional content derived from the SEC Orders. Dkt. 124 at 1, 2. This Motion should be denied for the following reasons.

First, the proffer material is unsupported and inadmissible for the reasons Boeing has already identified. Dkts. 74; 108. As Boeing noted in its opposition to the Representatives' initial request for discovery and accompanying proffer, "[d]espite movants' assurance that the 'proffer draws on many materials that cannot be reasonably disputed,' Dkt. 72 at 6, the document in fact draws from numerous sources that cannot be considered factual, including unlitigated allegations from pending civil lawsuits and the 'anticipated' testimony of . . . unnamed . . . witnesses. Indeed, several proffered 'facts' appear to have no basis in fact at all." Dkt. 74 at 17. The proposed proffer remains riddled with deficiencies like these. As such, the proffer is inadmissible and can serve no useful purpose in these proceedings.[2]

Second, the Court should deny the Representatives' Motion because this unsupported factual proffer is unnecessary to the issue now pending before this Court, which is to determine what remedies are available to the Representatives under the CVRA, as a matter of law. For example, various paragraphs in the proposed proffer relate to the Representatives' allegations that the Government violated the CVRA, but the Court has already ruled on that issue, and that material

---

[2] In addition, and independently, the proposed proffer continues to contain many statements that can be—and are—vigorously disputed. Nor would an evidentiary hearing on the proffer be necessary or feasible. As discussed above, the material in the proffer is not germane to this Court's determination of the legal question regarding what remedies are available under the CVRA. Furthermore, as noted above, Boeing can and does dispute most, if not all, of the statements in the proffer that do not faithfully reflect the facts Boeing admitted in the DPA; resolving those disputes would in effect require a full-fledged trial of the myriad allegations those statements in the proffer contain, which would be both impossible—and unnecessary—in a collateral proceeding like this one.

is not relevant to remedies. Other paragraphs—including those drawn from the SEC Orders—concern alleged conduct, not admitted by Boeing, that is not only outside the crime charged in the DPA, but also has no bearing on any of the Representatives' proposed remedies. As Boeing has elsewhere argued, Dkts. 62; 74; 129, the remedies requested by the Representatives as to Boeing are not available as a matter of law. The Court's determination of that issue will depend on the text of the CVRA and the case law interpreting it, not on the purported facts included in the proffer. The Representatives' proffer—or, for that matter, an evidentiary hearing—are thus wholly unnecessary to the decision on remedies remaining before this Court.

The Representatives state that they modified their proffer "in light of the Court's recent ruling on 'crime victim' status and additional knowledge that the families have obtained," (Dkt. 124 at 3 n.2), but none of the changes made constitute facts, and none are relevant or necessary to determining the available remedies. *Compare* Dkt. 72-1 at 48–49 with Dkt. 124-1 at 11–12 (adding only editorialization, such as that "[m]ore recently, the Department [of Justice] has refused to provide information that would help the families to help establish their position on remedies"). The Representatives likewise renew their request to incorporate the SEC Orders into their proffer. But as previously discussed in the Government's and Boeing's responses in opposition to the Representatives' first motion to supplement their proffer (Dkts. 107 at 6 and 108, respectively), the SEC Orders are irrelevant to the issues before the Court. Boeing incorporates here by reference its prior arguments in opposition (Dkts. 74; 108), but it bears re-emphasis that the SEC Orders do not reflect any new or admissible information, as Boeing neither admitted nor denied the content of the SEC Orders and their associated factual allegations.[3]

---

[3] The paragraphs relating to the SEC Orders further illustrate that the Representatives have added no new facts to their proffer, but only additional editorializing regarding the cited portions of the Orders. Dkt. 124-1 at 22–23 ("The November 2018 Press Release ***deceptively failed to*** mention

Finally, on its face, the Representatives' Motion to re-file and re-assert their proffer—material that even they admit they previously tendered to this Court—directly contravenes this Court's order that any supplements to briefing on the question of remedy contain only new arguments. For all of these reasons, the Representatives' Motion should be denied.[4]

## CONCLUSION

Boeing accordingly respectfully requests that the Representatives' Motion be denied.

---

that the SRB had identified an ongoing 'airplane safety issue' associated with MCAS or the planned software redesign – indeed, it did not mention MCAS at all.") (emphasis added to material changed from the SEC Orders); Dkt. 124-1 at 23 ("Accordingly, Boeing failed to exercise reasonable care ***to avoid deceiving the public, investors, and its airline customers*** in connection with the November 2018 Press Release.") (emphasis added to material changed from the SEC Orders).

[4] To the extent this Motion is in effect a motion for reconsideration of the Court's prior rulings denying the motion for discovery and motion to supplement the proffer, it should be denied on this ground, as well. Although a "motion for reconsideration in the criminal arena is not well-established in the Federal Rules," *United States v. Thompson*, No. CR14-153, 2017 WL 6325818, at *3 (E.D. La. Dec. 11, 2017), in analogous contexts courts consider whether "(1) an intervening change in controlling law . . . has occurred since the Court's earlier ruling; (2) evidence not previously available has become available; or (3) reconsideration is necessary to correct a clear error of law or fact or prevent a manifest injustice." *United States v. Lopez*, No. 2:20-CR-115-Z, 2021 WL 2267455, at *2 (N.D. Tx. June 3, 2021) (citing *Thompson*, at *3). The Representatives do not attempt to satisfy that standard. Nor could they: there has been no change in the law; there is no new evidence (even the SEC Orders, which are not themselves evidence, were previously tendered to the Court); and the Representatives do not seek to correct any of the Court's relevant prior rulings.

Respectfully submitted,

| | |
|---|---|
| **McGUIREWOODS LLP** | **KIRKLAND & ELLIS LLP** |
| */s/ Benjamin L. Hatch* | */s/ Mark R. Filip* |
| Benjamin L. Hatch | Mark R. Filip |
| VA Bar No. 70116 | IL Bar No. 6226541 |
| bhatch@mcguirewoods.com | mark.filip@kirkland.com |
| | |
| Brandon M. Santos | Craig S. Primis |
| VA Bar No. 75380 | DC Bar No. 454796 |
| bsantos@mcguirewoods.com | cprimis@kirkland.com |
| | |
| McGuireWoods LLP | Kirkland & Ellis LLP |
| 888 16th Street N.W., Suite 500 | 1301 Pennsylvania Avenue NW |
| Black Lives Matter Plaza | Washington, DC 20004 |
| Washington, DC 20006 | Tel: 202.389.5000 |
| Tel: 757.640.3727 | Fax: 202.389.5200 |
| Fax: 757.640.3947 | |
| | Jeremy Fielding |
| ***Counsel for The Boeing Company*** | Texas State Bar No. 24040895 |
| | Jeremy.fielding@kirkland.com |
| | |
| | Kirkland & Ellis LLP |
| | 1601 Main Street |
| | Dallas, Texas 75201 |
| | Tel; (214) 972-1770 |
| | Fax: (214) 972-1771 |
| | |
| | ***Counsel for The Boeing Company*** |

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2022, the foregoing was filed with the Clerk of the United States District Court for the Northern District of Texas using the CM/ECF system. The system will serve counsel of record.

                                                 */s/ Benjamin L. Hatch*
                                                 Benjamin L. Hatch