# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GARIMA SETHI, as Special Administrator of the Estate of BHAYVE SUNEJA,<br><br>    Plaintiff,<br><br>    v.<br><br>THE BOEING COMPANY, an Illinois corporation,<br><br>    Defendant. | In re Lion Air Flight JT 610 Crash<br><br>Lead Case: 1-18-cv-07686<br><br>This filing applies only to:<br>Case No.: 20-cv-5498 |

## STIPULATION OF THE PARTIES

Plaintiff Garima Sethi, as Special Administrator/Personal Representative of the Estate of Bhavye Suneja ("Plaintiff") and Defendant The Boeing Company ("Boeing") entered into a stipulation governing the terms of any future trial arising from the death of Plaintiff's decedent Bhavye Suneja. Although that agreement was confidential at the time, counsel for Boeing conferred today with Plaintiff's counsel and both parties have agreed to file both the attached stipulation as well as a proposed scheduling order (which is being filed separately) on the main docket without seeking leave to file under seal.

-1-

92444068.1

DATED this 18th day of April, 2022.

Respectfully submitted,


**THE BOEING COMPANY**


By:*/s/ Mack H. Shultz*
    One of its Attorneys

Bates McIntyre Larson
BLarson@perkinscoie.com
Daniel T. Burley
DBurley@perkinscoie.com
Perkins Coie LLP
131 S. Dearborn, Suite 1700
Chicago, Illinois 60603-5559
Phone: (312) 324-8400
Fax: (312) 324-9400

Mack H. Shultz
MShultz@perkinscoie.com
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

92444068.1

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

GARIMA SETHI, as Special Administrator of
the Estate of BHAYVE SUNEJA, deceased,

        Plaintiff,

    v.

THE BOEING CO., a Delaware corporation,

        Defendant.

No. 1:20-cv-05498

### ~~CONFIDENTIAL~~ STIPULATION OF THE PARTIES ~~TO BE FILED ONLY UNDER SEAL~~

Defendant The Boeing Company ("Boeing") and Plaintiff Garima Sethi, as Special Administrator/Personal Representative of the Estate of Bhayve Suneja ("Plaintiff"), hereby stipulate to the following terms regarding any future trial arising from the death of Plaintiff's Decedent Bhayve Suneja, who lost his life in the October 29, 2018 crash of Lion Air Flight JT 610. In sum, the parties agree that the Death on the High Seas Act ("DOHSA") governs this claim and that the Plaintiff's damages are to be determined exclusively by DOHSA; that any future trial of this Plaintiff's claim will be before The Honorable Thomas M. Durkin of the United States District Court for the Northern District of Illinois;[1] that a trial will be to the Court and not decided by a jury, advisory or actual; that Boeing will not contest responsibility for Plaintiff's damages at trial; and that Boeing will not subsequently attempt to have this particular claim dismissed via forum non conveniens or any other jurisdictional grounds; and that Boeing will not challenge the Plaintiff's standing or capacity to assert claims arising from and related to the death of Mr. Suneja.

---

[1]     Should the Honorable Judge Durkin conclude his judicial service prior to any trial in this matter, Boeing and the Plaintiff agree and stipulate that any future trial will be before the judge in the Northern District of Illinois who succeeds Judge Durkin in presiding over the above-captioned matter.

92402044.1

Specifically, the parties also stipulate as follows:

**A.    Liability**

1.    Boeing agrees not to contest its responsibility to Plaintiff, the Special Administrator/Personal Representative of Bhayve Suneja, for all appropriate and applicable damages allowed under DOHSA awarded by the Court, subject to its right to appeal such damage award, if any.

2.    Boeing further stipulates and agrees that it will not argue during the damages bench trial that any other person or entity is responsible to Plaintiff for compensatory damages under DOHSA arising from the Lion Air Flight JT 610 crash. Specifically, Boeing will not attempt to ascribe any fault to any pilot or crewmember on Flight JT 610, or seek contributory or comparative negligence against them during the damages bench trial. However, Boeing may otherwise seek contribution and/or indemnity in subsequent litigation from any other person or entity who is not a party to this individual action.

3.    Plaintiff agrees that she will not seek to amend her complaint nor seek to add any additional plaintiffs or defendants as parties in this action and that she waives any rights to do so. Defendant Boeing agrees that Plaintiff has standing and capacity to assert claims against Boeing arising from and related to the death of Mr. Suneja.

**B.    Choice of law**

1.    The parties agree and stipulate that Plaintiff is only entitled to recover, whether by voluntary settlement or trial, the full measure of damages permitted under the Death on the High Seas Act ("DOHSA"), 46 U.S.C. § 30302 *et seq*. DOHSA will exclusively govern the damages awarded, if any, and the beneficiaries entitled to receive such damages.

2.    The parties further agree and stipulate that DOHSA permits recovery for pecuniary damages and that in this case, arising out of the October 29, 2018 crash of Lion Air

92402044.1

Flight JT 610, DOHSA also permits recovery of nonpecuniary damages "for loss of care, comfort, and companionship" by certain beneficiaries. *Id.* § 30307.

3.    Neither party will attempt to supplement or limit the damages available under DOHSA with foreign or other law.

4.    Punitive damages are not available or recoverable under DOHSA and Plaintiff waives any ability to argue otherwise or seek punitive damages.

**C.    Venue and Bench Trial – No Jury**

**1.**    The parties agree that venue is proper before Judge Durkin in the United States District Court for the Northern District of Illinois.

2.    Boeing will not attempt to have this individual case dismissed via forum non conveniens. Boeing specifically reserves its right to move to dismiss any other pending cases arising from the Lion Air JT 610 mishap via forum non conveniens or any other available legal basis.

3.    The parties waive their right to a jury trial, to the extent such a right is available under the applicable law. If the parties are unable to settle this matter, damages will be decided by a bench trial before Judge Durkin. The parties agree that no jury, advisory or otherwise, will hear this case.

**D.    Confidentiality**

1.    This stipulation is strictly confidential and shall remain so until the parties agree to waive confidentiality. Accordingly, neither the parties to this stipulation, nor any of their agents or employees, may disclose the terms or provisions of this stipulation to any person, other than agents or employees of the parties themselves and the Honorable Donald O'Connell, Ret., in his capacity as mediator or arbitrator in this matter. In addition, Boeing may disclose the terms and provisions of this stipulation to its insurers and reinsurers, subject to their agreement to keep the terms and provisions confidential. The terms and provisions of this stipulation may be

92402044.1

disclosed only for purposes germane to the context of this litigation and any person to whom the terms or provisions of this stipulation are disclosed must first agree to keep such information confidential. The parties shall specifically not disclose the terms and provisions of this stipulation to any other person with a claim or purported claim against Boeing related to the 737 Max. The terms and provisions of this stipulation shall specifically not be disclosed in the context of any legal proceeding except the instant proceeding, unless necessary to comply with applicable law or court order. To the extent that disclosure of this stipulation may become legally required in the context of any other legal proceeding, such disclosure shall, to the extent legally permissible, be done under seal and under the maximum available confidentiality protections.

2.      The parties stipulate that this confidentiality provision is a material part of this stipulation. The parties further agree that any controversy or claim arising from an alleged or actual breach of confidentiality will be subject to binding arbitration before the Honorable Donald O'Connell, Ret., to determine an award of money damages. Any award rendered by the Arbitrator may be entered for judgment and collection in any court having jurisdiction thereof.

3.      To the extent that either party desires to bring this stipulation to the Court's attention, including but not limited to for purposes of requesting a bench trial in this matter or requesting the Court's approval of this stipulation, the parties will confer about the means and timing of filing. The stipulation will remain confidential and will be filed (if at all) no earlier than October 30, 2021. Any party submitting this stipulation to the Court must do so under seal. Either party may request a bench trial in this matter provided that the date of any such trial does not impair the timely and efficient conclusion of damages discovery.

**E.      Additional stipulations by the parties:**

1.      The parties reserve their right to appeal any decision from the District Court pursuant to the Federal Rules of Civil Procedure.

2.      The parties agree and stipulate that Plaintiff Garima Sethi is the duly and properly appointed Special Administrator/Personal Representative of the Estate of Decedent Bhayve Suneja, and that Plaintiff Garima Sethi has standing to assert claims and seek appropriate damages arising from the death of Mr. Suneja. Accordingly, Boeing agrees and stipulates that it shall not challenge or contest Ms. Sethi's standing and capacity to assert such claims and seek such damages.

3.      The execution of this Stipulation is not an acknowledgement by the parties that they have reached an impasse in their settlement efforts before The Honorable Donald O'Connell, Ret. The parties may elect to continue settlement efforts with Judge O'Connell after this stipulation is executed.

4.      The terms of the stipulation are a bargained for resolution of the liability aspects of this litigation for this Plaintiff only. The parties hereto acknowledge that this stipulation is not made with respect to any particular facts, and that facts related to liability have not been actually litigated and determined in this matter. No agreement made by Boeing in this stipulation is applicable to any other case or matter, including but not limited to all litigation arising from any 737 MAX aircraft or accident. The terms of this stipulation apply to this individual case brought by Garima Sethi and no other pending or future cases related to the Lion Air JT 610 mishap or anything related to the 737 MAX.

5.      The parties agree that damages discovery will be conducted after this stipulation is executed and entered. The parties will have a right to damages discovery, including discovery propounded on third parties, regarding issues relevant to damages available under DOHSA. The parties agree that there will be no liability discovery in this proceeding.

92402044.1

6.      Nothing in this stipulation shall be construed to limit, waive, or constrain—in whole

or in part—Plaintiff's ability to introduce and present otherwise proper and

admissible evidence related to Plaintiff's damages in this matter, including but not

limited to Plaintiff's nonpecuniary damages, to the extent appropriate and available

under DOHSA.

DATED: October _19_, 2021.


**PLAINTIFF GARIMA SETHI**

_____
Steven C. Marks
SMarks@podhurst.com
**PODHURST ORSECK, P.A.**
SunTrust International Center, Suite 2300
One S.E. Third Avenue
Miami, Florida 33131
Phone: (305) 358-2800
Fax: (305) 358-2382


**DEFENDANT THE BOEING COMPANY**

By: _____
Mack H. Shultz, Jr.
MShultz@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

-6-

## CERTIFICATE OF SERVICE

I, certify that on April 18, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to attorneys of record.  I also certify that I served the foregoing by email to the following attorneys:

Filippo Marchino
fm@xlawx.com
Tom Cassaro
tc@xlawx.com
Thomas Gray
tg@xlawx.com
**THE X-LAW GROUP, P.C.**
625 Fair Oaks Ave., Suite 390
South Pasadena, CA 91030
Tel: (213) 599-3380

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 18th day of April, 2022.

 /s/ Bates McIntyre Larson
PERKINS COIE LLP
110 N Wacker Drive, Suite 3400
Chicago, Illinois 60603-1500
Tel: (312) 324-8400
Fax: (312) 324-9400

-7-

92444068.1