**EXHIBIT 2**

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH<br><br>Plaintiffs,<br><br>v.<br><br>THE BOEING COMPANY, a Delaware corporation; ROSEMOUNT AEROSPACE, INC., a Delaware corporation; ROCKWELL COLLINS, INC., a Delaware corporation. | Lead Case: 1:19-cv-02170 (Consolidated)<br><br>Honorable Jorge L. Alonso<br><br>Magistrate Judge M. David Weisman<br><br>*This Stipulation Relates to All Actions*<br><br>**CONFIDENTIAL** |

## AGREED STIPULATION OF THE PARTIES

The parties in this consolidated matter have had ongoing discussions regarding the Defendants' responsibility for the subject accident and the jurisdiction whose law shall determine Plaintiffs' damages. As a result of those discussions, the parties have agreed to a stipulation for the purposes of this case only in which Defendant the Boeing Company ("Boeing") admits and stipulates to its liability for the compensatory damages proximately caused by the ET 302 accident, and the parties agree that the measure and elements of Plaintiffs' damages are to be determined under Illinois law without regard to the nationality, citizenship, domicile or residency of Plaintiffs or their decedents.

Specifically, the parties stipulate as follows:

1

A. <u>Liability:</u>

1. Boeing agrees and stipulates, for purposes of this case only, that it is liable to the estates, survivors, dependents and beneficiaries of the victims of the Ethiopian Airlines Flight 302 accident for all compensatory damages resulting from the deaths of Plaintiffs' decedents.[1] Boeing further stipulates and agrees that it will not argue, in any individual trial for compensatory damages, that any other person or entity is liable to any individual Plaintiff for compensatory damages stemming from the Ethiopian Airlines Flight 302 accident and further shall not ascribe fault to the Pilot (Captain), Co-Pilot (First Officer) or seek contributory or comparative negligence against them in any such individual trial for compensatory damages, except that Boeing may seek contribution and/or indemnity from any other (1) co-defendant, or (2) third party not a party to the litigation.

2. The following Statement of the Case shall be read to the jury as part of this Stipulation at the beginning of any compensatory damages trial:

    Defendant the Boeing Company began to design and develop a new version of its 737 aircraft in 2011 calling it the Boeing 737 Max. In May of 2017, airlines began to fly passengers on the Boeing 737 Max. On November 15, 2018, Defendant the Boeing Company delivered to Ethiopian Airlines, based in Addis Ababa, Ethiopia, a Boeing 737 Max. On March 10, 2019, at about 8:38 in the morning that same 737 Max took off from Bole International Airport in Addis Ababa with 157 passengers and crew onboard. The flight was a regularly scheduled international flight from Addis Ababa to Jomo Kenyatta International Airport in Nairobi, Kenya. The flight crashed about 32 miles southeast of Addis Ababa. All 157 passengers and crew onboard the 737 Max operating as Flight ET 302 were killed and the aircraft was destroyed. The history of the flight and the aircraft's movements will be described to you through expert testimony at our upcoming trial.

    Defendant the Boeing Company admits that it accepts responsibility for the crash of Flight ET 302, which caused the deaths of all onboard the Boeing 737 Max including [name of decedent]. In this trial, Boeing does not blame nor allege that any other person or entity was responsible for Plaintiff's damages arising from the Ethiopian Airlines Flight 302 accident.

    This trial will be limited to you, as jurors, deciding whether Plaintiff has been damaged as alleged and, if so, the amount of fair and reasonable compensation for such damages based on the evidence presented.

3. The Parties further agree and stipulate that, in the event of any compensatory damages trial, they will not object to instructing the jury by reference to Illinois Pattern Jury Instructions

---

[1] The terms of the stipulation are a bargained-for resolution to this litigation. The parties hereto acknowledge that this stipulation is not made with respect to any particular facts, and that facts related to liability have not been actually litigated and determined in this matter. No agreement made by Boeing in this stipulation is applicable to any other case or matter, including but not limited to all litigation arising from any 737 Max aircraft or accident.

2

as long as those instructions are given in accordance with the terms of this stipulation and the statements made herein on liability.

**B. Choice of Law:**

1. The parties have stipulated and agreed that each and every Plaintiff is entitled to recover, whether by voluntary settlement or trial, the full measure of damages permitted under Illinois law and pursuant to the elements of recoverable damages under Illinois law— including but not limited to loss of economic support; loss of services; loss of society; grief, sorrow and mental suffering of the decedent's next of kin; loss of consortium; loss of instruction, moral training, and superintendence; burial expenses; pain and suffering and emotional distress of the decedent; and all other damages recognized under Illinois law— regardless of the citizenship, residency, domicile or nationality of any Plaintiff or decedent. The parties further agree that the Court shall instruct the jury accordingly pursuant to Illinois law, and as to each Plaintiff's wrongful death and survival damages, shall specifically instruct the jury pursuant to Chapters 30 and 31 of the Illinois Pattern Jury Instructions. Further, the parties agree that the verdict form will be in accordance with Chapter 45 of the Illinois Pattern Jury Instructions. Plaintiffs understand and agree that, by stipulating to the application to Illinois law, they are waiving any right to recover punitive damages from Boeing stemming from the Ethiopian Airlines Flight 302 accident.

2. Pursuant to the Illinois Wrongful Death Act, at 740 ILCS 180/2(a), wrongful death damages are to be distributed to the decedent's "surviving spouses and next of kin." The parties have stipulated and agreed that "surviving spouses" shall be construed, without limitation, to include any domestic partners of the decedent legally recognized under the laws of the decedent's domicile. The parties have further stipulated and agreed that "next of kin" shall be construed to include all persons who would be recognized as beneficiaries of the decedent under the laws of Illinois and any parents who are or would be recognized as intestate heirs in the decedent's domicile. Appendix A to this Stipulation, the entirety of which (including the preamble) is incorporated by reference herein, contains the complete list of all cases where the Plaintiff(s) allege there may be parents who are not beneficiaries of the decedent under the laws of Illinois but who are or would be recognized as intestate heirs in the decedent's domicile and qualify as beneficiaries under the exception to Illinois law in this stipulation. It is understood and agreed that except in those cases listed on Appendix A, the "next of kin" shall mean only those persons who would be recognized as beneficiaries of the decedent under the laws of Illinois.

3. The parties stipulate and agree that in the event of any disputes under this Stipulation regarding distribution of damages, such disputes may be submitted by agreement of the parties for resolution by the appointed mediator, Hon. Donald P. O'Connell, (Ret.).[2]

---

[2] Nothing in this agreement is intended to foreclose or govern how plaintiffs distribute settlement or judgment proceeds paid by Boeing.

3

C. **Confidentiality:**

1. The existence of this stipulation and all of its terms are to remain strictly confidential at all times, until it is filed with the Court or otherwise specifically waived by the parties. Accordingly, upon receipt, the parties and their undersigned attorneys accept and agree that they shall not disclose the terms or provisions of this stipulation to any person, other than the lawyers' agents or employees. In addition, Boeing may disclose the terms and provisions of this stipulation to its agents, employees, insurers and reinsurers, subject to their agreement to keep the terms and provisions confidential. The undersigned attorneys for all Plaintiffs further agree that their clients are bound to this confidentiality provision and shall not distribute or disseminate any information about this stipulation to anyone else. The parties shall specifically not disclose the terms and provisions of this stipulation to any other person with a claim or purported claim against Boeing related to the 737 Max. The terms and provisions of this stipulation shall specifically not be disclosed in the context of any legal proceeding except the instant proceeding, unless necessary to comply with applicable law or a court order. To the extent that disclosure of this stipulation may become legally required in the context of any other legal proceeding, such disclosure shall, to the extent legally permissible, be done under seal and under the maximum available confidentiality protections.

2. The parties stipulate that the above confidentiality provision is a material part of this stipulation. The parties further agree that any controversy or claim arising from an alleged or actual breach of confidentiality will be subject to binding arbitration before the Honorable Donald O'Connell, (Ret.), to determine an award of money damages. Any award rendered by the Arbitrator may be entered for judgment and collection in any court having jurisdiction thereof.

D. **Additional stipulations by the parties[3]:**

1. It is agreed and stipulated that venue in this action is proper in the Northern District of Illinois, that the Northern District of Illinois is a proper and convenient forum for this action, that no party will challenge the propriety of the Northern District of Illinois as a venue or forum for this action, and that the parties object to any change or transfer of forum. Accordingly, all cases that are not otherwise resolved by the time of trial will proceed before a jury in the Northern District of Illinois, consistent with the above stipulation.

2. Plaintiffs agree to release and waive all claims, including but not limited to any claim for punitive or exemplary damages, arising out of or related to the Ethiopian Airlines Flight

---

[3] These provisions are for the Court and not for the benefit of the jury.

302 accident, other than currently operative claims for compensatory damages as alleged in the Master Complaint.

3. Any trial in this matter between Boeing and any individual Plaintiff shall be limited to the issue of compensatory damages. The jury shall be instructed that Boeing admits liability for the Plaintiff's compensatory damages proximately caused by the Ethiopian Airlines Flight 302 accident, and the jury's role is limited to fixing the amount of money that will fairly and reasonably compensate the beneficiaries and the estate in accordance with Chapters 30 and 31 of the Illinois Pattern Jury Instructions, as well as Illinois Pattern Instructions 1.03B and 23.01B. The parties have agreed that they will jointly propose to the Court the use of Illinois Pattern Jury Instruction 1.03B as tendered in each damages trial: "The defendant, Boeing, has admitted that it produced an airplane that had an unsafe condition that was a proximate cause of Plaintiff's compensatory damages caused by the Ethiopian Airlines Flight 302 accident. Boeing does not blame any other person for the Ethiopian Airlines Flight 302 accident, nor will Boeing argue that anyone else is responsible for Plaintiff's damages, in this trial. There are other issues you will need to decide in this case." The parties have agreed that they will jointly propose to the Court the use of Illinois Pattern Jury Instruction 23.01B as tendered in each damages trial: "Boeing admits that it produced an airplane that had an unsafe condition that was a proximate cause of Plaintiff's compensatory damages caused by the Ethiopian Airlines Flight 302 accident. Boeing does not blame any other person for the Ethiopian Airlines Flight 302 accident, nor will Boeing argue that anyone else is responsible for Plaintiff's damages, in this trial. You need only decide what amount of money will reasonably and fairly compensate Plaintiff for those damages." Except as specifically provided herein, the jury shall not hear evidence on issues of liability. The parties further agree that no evidence or argument about punitive damages will properly be the subject of discovery or be admitted in any compensatory-damages-only trial in this consolidated action between Boeing and any individual Plaintiff.

4. It is agreed and stipulated that the parties will be permitted to introduce all relevant and admissible evidence at trial regarding the decedents and their beneficiaries' alleged compensatory damages. This may include evidence of economic and non-economic damages for the beneficiaries, as well as the pre-impact, pre-death pain and suffering and emotional distress of the decedent as permitted under Illinois law. The parties agree that damages discovery will continue after this stipulation is executed and entered. The parties will have a right to discovery, including discovery propounded on third parties, regarding issues relevant to wrongful death damages and survival damages. The parties are in no way giving up the right to discovery related to compensatory damages. It is understood that the Plaintiffs intend to present an animation of the accident flight, with both interior and exterior views, to the jury. This animation may include, but need not be limited to, Flight Data Recorder data and any animation produced by Boeing. Boeing agrees it will not object under Federal Rule of Evidence 901 to the authenticity of the Flight Data Recorder data or any Cockpit Voice Recorder audio or any animation or simulation it produces.

5. The undersigned attorneys for all Plaintiffs are authorized to enter into this stipulation on behalf of all personal representatives for the estates of the decedents and all Plaintiffs who have brought a case consolidated into this litigation under docket no. 19-cv-2170 to recover wrongful death and/or survival damages sustained as a result of the Ethiopian Airlines Flight 302 accident on March 10, 2019.[4]

---

[4] The Estate of Samya Stumo and the Estate of Jared Babu currently abstain from agreement or objection to this stipulation at the time of execution, but the position of either or both estates may be revisited at a later date.

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| *[signature]* | By: *[signature]* |
| Robert A. Clifford | *One of its Attorneys* |
| rac@cliffordlaw.com | |
| Kevin P. Durkin | Dan K. Webb |
| kpd@cliffordlaw.com | dwebb@winston.com |
| Tracy A. Brammeier | Christopher B. Essig |
| tab@cliffordlaw.com | cessig@winston.com |
| John V. Kalantzis | Julia Mano Johnson |
| jvk@cliffordlaw.com | jmjohnson@winston.com |
| CLIFFORD LAW OFFICES, P.C. | WINSTON & STRAWN LLP |
| 120 N. LaSalle Street Suite 3600 | 35 W. Wacker Dr. |
| Chicago, Illinois 60602 | Chicago, Illinois 60601 |
| (312) 899-9090 | (312) 588-5600 |
| *[signature]* | Mack H. Shultz, Jr. |
| Steven C. Marks | MShultz@perkinscoie.com |
| smarks@podhurst.com | Bruce D. Campbell |
| Ricardo M. Martinez-Cid | BCampbell@perkinscoie.com |
| rmartinez-cid@podhurst.com | Michael Scoville |
| Kristina M. Infante | MScoville@perkinscoie.com |
| kinfante@podhurst.com | Christopher M. Ledford |
| Pablo Rojas | CLedford@perkinscoie.com |
| projas@podhurst.com | PERKINS COIE LLP 1201 |
| PODHURST ORSECK, P.A. | Third Avenue Suite 4900 |
| SunTrust International Center, Suite 2300 | Seattle, Washington 98101-3099 |
| One S.E. Third Avenue | 206-359-8000 |
| Miami, Florida 33131 | |
| *[signature]* | Jonathan R. Buck |
| Justin T. Green | jbuck@perkinscoie.com |
| jgreen@kreindler.com | Daniel T. Burley |
| Anthony Tarricone | dburley@perkinscoie.com |
| atarricone@kreindler.com | PERKINS COIE LLP |
| Brian J. Alexander | 131 South Dearborn St. Suite 1700 |
| balexander@kreindler.com | Chicago, IL 60603 |
| Daniel O. Rose | 312-324-8400 |
| drose@kreindler.com | |
| Megan W. Benett | **Attorneys for The Boeing Company** |
| mbenett@kreindler.com | |
| Andrew J. Maloney III | |
| amaloney@kreindler.com | |

Erin R. Applebaum
eapplebaum@kreindler.com
KREINDLER & KREINDLER LLP
485 Lexington Avenue, 28th Floor
New York, NY 10017

**On behalf of all Plaintiffs**

By: _____
David I. Katzman
dkatzman@klm-law.com
**Katzman, Lampert & Stoll**
950 West University Drive
#101
Rochester, Michigan 48307

**Attorney for Plaintiffs Mohammed Omer Cherchir and Anthony P. Janik**

8

# APPENDIX A

The Plaintiffs in the following cases allege that the parents of the decedents may qualify as intestate heirs under the law of the decedent's domicile. Boeing disagrees that all of the parents on the following list of cases are intestate heirs under the law of the decedent's domicile. Whether a decedent's parent in any of the following cases is, in fact and law, an intestate heir must still be proven by the Plaintiff in a mediation or before trial. Boeing reserves the right to challenge whether a parent is an intestate heir under the applicable law or based on evidence. The parties agree that they are entitled to discovery on the issue of the facts and evidence needed to ascertain whether a parent is an intestate heir.

In the event a dispute arises over whether a parent is an intestate heir, the parties shall submit facts and law in support of their position. The burden of proof shall be on the proponent that any particular parent is an intestate heir. This list does not create a presumption that the parents in the following cases are intestate heirs under the law of the decedent's domicile, and inclusion of a case on the list shall not be used by the Court to determine whether the parents are in fact intestate heirs under that law. Specifically, in any mediation, the parties agree that Hon. Donald P. O'Connell (Ret.) shall have the authority to render a final determination on the issue of whether a parent is an intestate heir under the law of the decedent's domicile. If the case proceeds to trial, the Court shall make a final determination prior to trial of whether a parent is an intestate heir based on the evidence presented.

| Decedent | Case number |
|---|---|
| Aadland, Karoline | 19-cv-5103 |
| Abdalla, Mucaad Hussein | 19-cv-3677/19-cv-2348 |
| Abdulhai, Ibrahim Mohamed | 19-cv-5449 |
| Alalo, Christine | 19-cv-6077 |
| Al-Mutairi, Saad Khalaf | 19-cv-4285 |
| Asiavugwa, Cedrick | 19-cv-7517 |
| Chihab, Ben Ahmed | 20-cv-7513 |
| Garg, Shikha | 19-cv-5079 |
| Hisham, Abdelgadir Abukalam | 19-cv-4697 |
| Hussein, Abdulkjalil Qaid Ghazi | 19-cv-6718 |
| Jin, Yetao | 19-cv-6153 |
| Kamau, Jane Njeri | 19-cv-6149 |
| Kipngetich, Rogony | 19-cv-3669 |
| Konarska, Stella Osebe | 20-cv-6941 |
| Matsliah, Avraham | 19-cv-5971 |
| Musoni, Jackson | 19-cv-2170 |
| Mwazo, Jared Babu | 19-cv-5562 |
| Ndivo, Mercy Ngami | 19-cv-5563 |
| Ngare, Anthony Wanjohi | 19-cv-3671 |
| Nukavarapu, Manisha | 19-cv-2597 |
| Odero, Immaculate Achieng | 21-cv-89 |

| | |
|---|---|
| Ryan, Micheal Eoghan | 19-cv-3540 |
| Tayob, Marcelino | 21-cv-91 |
| Thugge, George Kamau | 19-cv-5098 |
| Wang, Chunming | 19-cv-5756 |
| Wang, Hao | 20-cv-4542 |
| Zhou, Yuan | 19-cv-7520 |