Case No. 4:21-cr-00005-O

SMARTWINGS' MOTION TO BE DESIGNATED AS A CRIME VICTIM UNDER THE CVRA AND FOR AN ACCOUNTING OF THE "AIRLINE COMPENSATION AMOUNT" IN BOEING'S DEFERRED PROSECUTION AGREEMENT

## I. INTRODUCTION

Smartwings, A.S. ("Smartwings"), an European Union airline (common carrier) that suffered large financial losses due to The Boeing Company's ("Boeing") misconduct with regard to the MAX, respectfully requests that this Court (1) rule that Smartwings has standing under the Crime Victim Rights Act to assert its victim rights, and (2) require Boeing to provide Smartwings with an accounting of amounts spent and remaining of the Airline Compensation Amount ("Airline Fund") established in Paragraph 12 of the January 10, 2021 Deferred Prosecution Agreement ("DPA").

## II. FACTS

**A.  Smartwings, a large 737 MAX Customer, was Heavily Damaged by Boeing's Fraud.**

Smartwings is headquartered in the Czech Republic and flies through Europe and North Africa. Boeing aggressively marketed its 737 MAX as a safe and efficient airplane, and convinced Smartwings to transition to an all-MAX fleet. By the time the MAX was grounded worldwide following the two (2) tragic crashes, Smartwings had seven MAX's in its fleet (five of which were actually flying when the MAX was grounded and had to divert to nearby airports), plus contracts to purchase or lease thirty-seven (37) more over the next four (4) years.[1]  Smartwings was receiving

---

[1] Smartwings was supposed to have taken delivery of 14 additional MAX's in 2019 (four in the two weeks following

SMARTWINGS' MOTION TO BE DESIGNATED AS A CRIME VICTIM AND FOR AN ACCOUNTING - 1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.588.4185

132370.0001/8963544.4

MAX's at a rapid rate, and was supposed to have had sixteen (16) MAX's available for its 2019 summer season where it earns most of its revenue.

As the Court knows all too well, on October 28, 2018, Lion Air Flight 610 crashed outside Jakarta, killing all one hundred eighty-nine (189) on board. Ethiopian Air Flight 302 crashed on March 10, 2019, killing all one hundred and fifty-nine (159) on board. As the Court has found:

> In other words, Boeing's fraud is the *sine qua non* of the harmful result. Had Boeing's employees not concealed their knowledge about MCAS, the AEG would have certified a more rigorous level of training, pilots around the world would have been adequately prepared for MCAS activation, and neither crash would have occurred.

*See Second Memorandum Opinion and Order* dated October 21, 2022 (Dkt. 116). A few days after the second crash, the European Union Aviation Safety Agency, by its Emergency Airworthiness Directive No. 2019-0051-E, grounded the MAX, leaving Smartwings with seven (7) MAX's it was obligated to continue maintaining and paying for but could not use. Smartwings was also forced to scramble to attempt to replace MAX capacity with alternative less efficient aircraft through expensive wet leases (i.e, leases of aircraft with crews). It had to cancel many flights, terminate tens of thousands of tickets, close facilities, cancel new routes, keep and pay employees on alert due to Boeing's promises for a quick fix for the MAX, and ultimately lay-off many employees. Smartwings also had to supply substitute transportation for many passengers in order to comply with numerous bulk sales contracts it had with European travel agencies. Smartwings has thus suffered hundreds of millions of dollars in damages as a result of Boeing's fraud and malfeasance.

Smartwings' situation is unusual compared to other airlines not only because of the size of its losses, but because Smartwings expressed concerns and asked questions in the fall of 2018 about MAX safety – concerns and questions that Boeing refused to address. After the Lion Air crash, Smartwings asked Boeing for information about whether the MAX was safe, but it received no information of substance from Boeing in response. Smartwings became so concerned that it

---

the grounding), plus six in 2020, six in 2021, 9 in 2022, and 2 in 2023).

SMARTWINGS' MOTION TO BE DESIGNATED AS A CRIME VICTIM AND FOR AN ACCOUNTING - 2

132370.0001/8963544.4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.588.4185

wrote Boeing a November 27, 2018 letter captioned "Safety of Boeing 737." After describing Smartwings' strong disagreement with Boeing's Lion Air response of (1) blaming the pilots, (2) providing Smartwings and other operators with empty gestures but no substantive information, and (3) failing to fix the MAX, the Smartwings letter stated: "It seems that the Boeing Company is not aware of its global social responsibility" with regard to the MAX's safety, and concluded with a plea to Boeing to fix the MAX situation. Boeing did nothing to respond in substance. Instead, Boeing demanded in early 2019 that Smartwings take delivery of two (2) more MAX's in late March 2019 or face large contractual penalties. Smartwings responded that it would not do so until Boeing provided an official response to the November 29, 2019 letter. Boeing never did, but continued to insist that Smartwings had to take delivery of the next MAX's when they were ready in late March 2019.

The day of the Ethiopian crash, Smartwings sent an even more frustrated and urgent email to Boeing. Instead of responding to the substance of this urgent request, Boeing proposed another sales call. Boeing did ultimately cancel the March deliveries, but only because the FAA and European regulators forced Boeing to stop deliveries while the aircraft was grounded. To date, Boeing has still never responded to the substance of Smartwings' letter or email.

### B. Boeing's Deferred Prosecution Agreement for Defrauding the United States Requires Boeing to Compensate Airlines as well as Crash Decedents.

In the DPA, Boeing agreed not to contest allegations that it had illegally concealed faults in MCAS from the FAA. In addition to the other penalties and the passenger compensation fund, Paragraph 12 of the DPA requires Boeing to establish the Airline Fund to compensate MAX-owning airlines like Smartwings. The DPA required a fund administrator to oversee the victim compensation process. However, no administrator was appointed and no oversight was required with regard to the Airline Fund. Instead, Boeing was given near total discretion to distribute the funds as it saw fit. *See* Dkt. 4, at 12 ("The Company shall pay any remaining amounts due under the Airline Compensation Amount to its airline customers by the end of the Term and shall provide

SMARTWINGS' MOTION TO BE DESIGNATED AS A CRIME VICTIM AND FOR AN ACCOUNTING - 3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.588.4185

132370.0001/8963544.4

documentation to the Fraud Section evidencing the amounts paid.

C.   **Contrary to the DPA, Boeing Has Not Compensated Smartwings And Has Instead Continued to Deny Its Obligations**

Smartwings was forced to sue Boeing to obtain adequate compensation for its MAX losses. Smartwings originally filed its lawsuit in Cook County, Illinois, where Boeing was headquartered. Boeing obtained a *forum non conveniens* order requiring Smartwings to refile in Washington State, which it did on June 22, 2021. Boeing removed the case to the Western District of Washington on July 9, 2021, where it remains pending. Due principally to multiple Rule 12 motions filed by Boeing, the case has moved slowly and substantive discovery into Boeing's misconduct is just beginning. In fact, Boeing first filed an Answer to Smartwings' complaint on Monday, November 14, 2022.

### III. ARGUMENT

To avoid repetition, Smartwings incorporates by reference the legal authorities and analysis in a similar motion filed by Polish Airline Polskie Linie Lotnicze Lot S.A. ("LOT"), Dkt. 120, filed October 28, 2022 ("LOT CVRA Motion"). Smartwings makes the following additional arguments and statements regarding its request for CVRA crime victim status and other limited relief:

**A. Smartwings is a "person" under the CVRA.**

As argued in the LOT CVRA Motion, the term "person" in the CVRA includes corporations. The one known reported decision considering this issue agreed. *United States v. Ruzicka,* 331 F. Supp. 3d 888, 899 (D. Minn. 2018) (S Corporation qualified as victim under CVRA). Also, the term "person" under a similar federal victim rights statute, the Mandatory Victim Restitution Act ("MVRA"), includes corporations. *E.g., United States v. Benedict,* 855 F.3d 880, 886 (8th Cir. 2017). And courts "have interpreted the CVRA in light of the MVRA . . . and, therefore, … MVRA . . . case law is relevant to the Court's interpretation of the CVRA." *Ruzicka*, 331 F. Supp. 3d at 893.

SMARTWINGS' MOTION TO BE DESIGNATED AS A CRIME VICTIM AND FOR AN ACCOUNTING - 4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.588.4185

132370.0001/8963544.4

### B. Smartwings is a "crime victim".

Smartwings incorporates Section IV. of the LOT CVRA Motion by reference. As described in that motion, the CVRA defines crime victims as those "directly and proximately harmed" by a defendant's criminal conduct. Like LOT, Smartwings suffered direct and proximate harm as a result of Boeing's fraud when Smartwings' fleet of MAX aircraft was grounded and when Boeing did not deliver thirty-seven (37) more usable safe aircraft over the next two (2) years. The accident victims' families proved to the Court that the two (2) accidents were a "direct and proximate result" of the fraud described in the DPA because of Boeing's fraudulent omissions and misstatements to airlines as well as to the FAA and foreign regulators. October 21, 2021 Order (Dkt. __) at __. For the same reason, Smartwings and LOT are also crime victims. In addition, the very existence of the $1.77 billion Airline Fund in the DPA shows Boeing and the Department of Justice recognized that airlines like Smartwings suffered harm as a direct and proximate result of Boeing's misconduct. While an airline's pecuniary losses cannot compare to the death of a loved one, the CVRA specifically contemplates financial restitution and does not limit its scope of those suffering physical losses. 18 U.S.C. § 3771(a)(6). Thus, Smartwings qualifies as a crime victim.

### C. Smartwings requests an accounting of the Airline Fund.

Once crime victim status is confirmed, Smartwings will have rights expressly enumerated by the CVRA including "[t]he right to full and timely restitution as provided in law" and "[t]he right to proceedings free from unreasonable delay." 18 U.S.C. § 3771(a)(6)-(7). The CVRA places responsibility on the Court for its implementation, requiring that "the court shall ensure that the crime victim is afforded [those] rights." *Id.* § 3771(b)(1). *United States v. CITGO Petroleum Corp.*, 893 F. Supp. 2d 848, 854 (S.D. Tex. 2012) (court has responsibility to implement CVRA).

The Airline Fund appears to have been intended to require Boeing to honor the rights of airlines like Smartwings by prohibiting Boeing from forcing airlines to prove fraud again and again in multiple civil lawsuits, and by providing at least a modicum of automatic compensation. But as to Smartwings, Boeing's unsupervised self-implementation of the DPA has done neither.

SMARTWINGS' MOTION TO BE DESIGNATED AS A CRIME VICTIM AND FOR AN ACCOUNTING - 5

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.588.4185

132370.0001/8963544.4

Boeing has been extremely secretive about the Airline Fund, and the few details that have leaked out have suggested that Boeing is not administering it fairly.[2] Most Boeing-airline MAX settlements are shrouded in secrecy[3] but the few details that have leaked out raise questions about Boeing's administration of the Airline Fund. For example, there are indications that certain airlines are receiving outsized settlements while others like Smartwings receive nothing. Also, at least one of Boeing's settlement "payments" consisted at least in part of "credit memos to be issued upon the satisfaction of certain conditions related to aircraft deliveries."[4] In other words, Boeing may be improperly counting a negotiated reduction in its profit from future aircraft deliveries as "payments" out of the Airline Fund. In addition, public reports suggest that Boeing received between $500 million and $1 billion from its insurers in payouts for "grounding liability" insurance for claims like Smartwings'.[5] An accounting should disclose whether Boeing is using its insurers' money rather than its own money to fund portions of the Airline Fund so that Smartwings and the Department of Justice can assess the propriety of this.

As described above, the Airline Fund is unlike the Crash-Victim Beneficiaries Compensation Amount in that the DPA's provisions concerning the Airline Fund contain no provisions allowing for any meaningful oversight. Virtually everything about the Airline Fund is

---

[2] *See, e.g.*, Forbes, Apr. 29, 2020 https://www.forbes.com/sites/willhorton1/2020/04/29/boeing-pays-southwest-airlines-428-million-for-737-max-compensation/?sh=2038070814fdsh=1c77dbd814fd) (reporting that Boeing paid Southwest Airlines at least $428 million as a partial settlement for Boeing's 737 MAX fraud)

[3] Washington Post, Jan. 6, 2020 (https://www.washingtonpost.com/transportation/2020/01/06/american-airlines-boeing-reach-settlement-max-related-losses/) (describing a confidential settlement Boeing reached with American Airlines); Pax Aero, Mar. 1, 2021 (https://paxex.aero/united-airlines-max-order/) (quoting United Airlines concerning its confidential settlement reached with Boeing for 737 MAX losses); The Economic Times, Nov. 17, 2021 (https://economictimes.indiatimes.com/industry/transportation/airlines-/-aviation/spicejet-boeing-settle-737-max-related-claims/articleshow/87751043.cms?from=mdr) (describing Boeing's confidential settlement with the Indian air carrier); IFN News, Jan. 7, 2020 (https://www.ifn.news/posts/multiple-737-max-operators-agree-oncompensation-settlements-with-boeing/) (reporting confidential Boeing settlements with AeroMexico, Turkish Airlines, and "a growing list of airlines that Boeing has settled compensation cases for 737 MAX losses").

[4] Pax Aero, Mar. 1, 2021 (https://paxex.aero/united-airlines-max-order/) (quoting United Airlines concerning its confidential settlement reached with Boeing for 737 MAX losses).

[5] Aviation Source News, October 20, 2022 (https://aviationsourcenews.com/news/insurance-firms-nailed-as-a-result-of-the-boeing-737-max-crashes/)

---

SMARTWINGS' MOTION TO BE DESIGNATED AS A CRIME VICTIM AND FOR AN ACCOUNTING - 6

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.588.4185

132370.0001/8963544.4

left to Boeing's discretion. In light of the above-described concerns, as well as the fraud that led to the DPA in the first place, this aspect of Boeing's penalty should not be left un-monitored.

To determine what Boeing has done with the Airline Fund and what modifications to the DPA might be necessary to bring it into compliance with the CVRA, an accounting is appropriate. *See* 18 U.S.C. ¶ 3664(a) (statute governing federal criminal restitution requires the Court to direct an accounting as part of the mandatory pre-sentence report). After analyzing the accounting, Smartwings will be in a position to further address the Court about whether Boeing's self-administration of the Airline Fund has been appropriate to date and if not how to accomplish increased oversight and/or other remedies that may be appropriate.

### D. Granting Smartwings Crime Victim Status and Ordering An Accounting Is Consistent with the Goals of the DPA.

Smartwings is cognizant of the CVRA provisions granting the Court discretion to fashion reasonable procedures "that do[] not unduly complicate or prolong the proceedings." Ordering an accounting will constitute a good first step to protect Smartwings' victim rights without undue complications and delays. Thereafter, allowing Smartwings the opportunity to propose additional remedies that may be necessary is the appropriate procedure for evaluating a request for restitution. *See, e.g., United States v. CITGO Petroleum Corp.,* 893 F. Supp. 2d 848, 854 (S.D. Tex. 2012) (victims seeking financial restitution from corporation directed to submit memorandum with proposed remedy and method to allow court to determine if restitution can be awarded without undue complexity or delay).

In addition, this is not a case in which "the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a)[.]" 18 U.S.C. § 3771(d)(2). Smartwings and LOT are the only two airlines that have to date sought crime victim status. Even if there are other eligible airlines that have not been properly compensated by the Airline Fund, the relatively small number of such airlines and the similarity of their situations would not make relief impractical.

SMARTWINGS' MOTION TO BE DESIGNATED AS A CRIME VICTIM AND FOR AN ACCOUNTING - 7

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.588.4185

132370.0001/8963544.4

## IV. **CONCLUSION**

For the reason stated above and in the LOT CVRA Motion, Smartwings respectfully requests that the Court (1) recognize Smartwings as a crime victim under the CVRA; and (2) order Boeing to provide Smartwings, within 30 days, a complete and accurate accounting of the source of funds for the Airline Fund and the nature and circumstances of any payments that Boeing intends to count against the Airline Fund.

DATED: November 28, 2022.

LANE POWELL PC

By: */s/ David M. Schoeggl*
David M. Schoeggl, WSBA No. 13638
Attorney-in-Charge
Callie A. Castillo, WSBA No. 38214
Katie D. Bass, WSBA No. 51369
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, Washington 98111-9402
Telephone: 206.223.7000
schoeggld@lanepowell.com
castilloc@lanepowell.com
bassk@lanepowell.com

*Attorneys for SMARTWINGS, A.S.*

- and –

SMARTWINGS' MOTION TO BE DESIGNATED AS A CRIME VICTIM AND FOR AN ACCOUNTING - 8

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.588.4185

132370.0001/8963544.4

JACKSON WALKER LLP

By: /s/Katherine A. Staton
    **Katherine A. Staton**
    State Bar No. 02815650
    2323 Ross Avenue, Suite 600
    Dallas, Texas 75201
    (214) 953-6000
    (214) 953-5822 – Fax
    Email:  kstaton@jw.com

    **Jeffrey R. Gilmore**
    State Bar No. 24083073
    777 Main Street, Suite 2100
    Fort Worth, Texas 76102
    (817) 334-7285
    Email:  jgilmore@jw.com

SMARTWINGS' MOTION TO BE DESIGNATED AS A CRIME VICTIM AND FOR AN ACCOUNTING - 9

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.588.4185

132370.0001/8963544.4