IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:21-CR-00005-O |
| THE BOEING COMPANY | |

**THE UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO NAOISE CONNOLLY RYAN, ET AL.'S MOTION FOR A FINDING THAT THE GOVERNMENT HAS VIOLATED THE CRIME VICTIMS' RIGHTS ACT BY FAILING TO CONFER BEFORE FILING ITS REMEDIES BRIEF, TO STRIKE THE GOVERNMENT'S REMEDIES BRIEF, AND FOR AN ACCELERATED DECISION**

The United States of America (the "Government") respectfully opposes the motion of the 17 representatives of crime victims of the Lion Air Flight 610 and Ethiopian Airlines Flight 302 plane crashes (the "Movants") requesting that this Court find that the Government violated their reasonable right to confer when it filed its supplemental remedies brief by the November 11, 2022, deadline set by the Court, and strike that brief from the docket. *See* Dkt. 130. This Court should deny that motion because the Government reasonably conferred with the Movants about potential remedies pursuant to this Court's ruling that the Movants are crime victims under the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771.

As explained below, the Government conferred with the Movants' attorneys regarding these remedies before it filed its supplemental remedies brief. It also conferred with the Movants and their attorneys regarding potential remedies after filing that brief and updated its position with this Court as appropriate based on that conferral. And the Government will continue to reasonably confer with the Movants throughout this case. This Court should therefore deny their motion for a finding of a CVRA violation and to strike the Government's supplemental remedies brief.

## RELEVANT BACKGROUND

On October 21, 2022, this Court granted the Movants' motion and ruled that the Movants are crime victims under the CVRA. Dkt. 116 at 18. This Court also indicated that it would next "decide the question of remedy" for any CVRA violation in this case. Dkt. 116 at 18. Though this Court "believe[d] the parties ha[d] provided adequate briefing with respect to remedy," it invited the parties to provide notice if they wanted to "supplement their briefing." *Id.* On October 28, 2022, the Government stated that it wished to supplement its remedies briefing after further "discussions and [] further dialogue" with the Movants, "including a substantive meet and confer meeting [the following] week." Dkt. 119 at 1. The Movants did not object to that proposal, agreeing that they would "meet-and-confer with the Justice Department on various issues" and

"may need to file an additional motion or motions relating to the record in this case." Dkt. 121 at 2 n.2.  This Court therefore ordered the Government and Boeing to file supplemental briefs no later than November 11, 2022, and "to inform the Court of any prior remedies proposals that have been resolved or are moot as a result of the parties' scheduled meet and confer." Dkt. 123 at 1-2.

The Government and the Movants' attorneys then set a virtual conferral for November 3, 2022.  Before that conferral, the Movants' attorneys sent the Government a detailed "proposed agenda for our upcoming meeting for counsel for the victims' families to confer with the Department about its CVRA violation in the Boeing case." Ex. A (November 1, 2022 Email from Paul Cassell).  That agenda explained that "we have now shifted into a 'conferral' mode" and identified "issues [the Movants' attorneys] want[ed] to confer about" at the November 3, 2022, conferral.  Ex. B (Proposed Agenda) at 1; *see also id.* at 1-2 (invoking the right to confer at that meeting).  These issues included the Government's position on the Movants' arraignment motion and potential remedies for any CVRA violation. *Id.* at 5-7.

The Government and the Movants, through their attorneys, exchanged views on these matters during the November 3, 2022 conferral.  The Government informed the Movants that since the entry of the DPA in this case, the Government had changed its policies and developed new guidelines and training for victim and witness assistance.[1]  The Government explained that the instant case was one of the reasons these changes were made.  The Government also stated that it still disagreed with the Movants' proposed retrospective remedies, such as voiding or modifying

---

[1] "All Department [of Justice] personnel whose primary job responsibilities affect crime victims . . . shall complete basic training about the [2022 Attorney General Guidelines], the CVRA, and [the Victims' Rights and Restitution Act] within a reasonable time after the AG Guidelines 2022 edition goes into effect" on March 31, 2023. *See* Dep't of Justice, The Attorney General Guidelines for Victim and Witness Assistance, at 7 (2022 Edition), *available at* https://www.justice.gov/ag/page/file/1546086/download.  Moreover, "all such personnel shall complete a yearly training on" these same matters. *Id.*

the DPA. The Movants and Government also agreed to a further conferral between the Government and the Movants about what has occurred in the case and about whether the Government would support the families' position on remedies in the upcoming filing. This conferral was later scheduled for November 18, 2022.

The parties discussed the possibility of postponing the supplemental remedies briefing but ultimately did not agree upon the terms of such a postponement. Therefore, the Government filed its supplemental remedies brief on the November 11, 2022 deadline set by this Court. Dkt. 128. On November 14, 2022, the Movants filed the instant motion claiming a violation of the CVRA's reasonable right to confer and seeking to strike the Government's supplemental remedies brief. Dkt. 130. On November 18, 2022, the Government held the previously scheduled conferral with the families of hundreds of crash victims in this case and numerous attorneys, where, over the course of over five hours, the families and the Government discussed, among other things, potential remedy issues. After conferring with the representatives of the victims, the Government agreed to support the request of any qualifying crime victim or their lawful representatives to be reasonably heard at the arraignment of Boeing, although it is for this Court to determine the nature of the arraignment and the manner in which the victims may be heard at an arraignment. On November 22, 2022, the Government notified the Court of this development by moving for leave to supersede its prior position on arraignment (a filing that Movants did not oppose). Dkt. 139.

## ARGUMENT

Given this Court's prior ruling that the Movants are crime victims, they have "[t]he reasonable right to confer with the attorney for the Government in the case." 18 U.S.C. § 3771(a)(5). That right is a qualified one, requiring conferral only when "reasonable," *id.*—*i.e.*, when "sensible[,]" "fair, proper, or moderate under the circumstances," Black's Law Dictionary,

*Reasonable* (Online 11th ed. 2019); *see also, e.g.*, *In re Dean*, 527 F.3d 391, 395 (5th Cir. 2008) (requiring conferral with crime victims "before a plea agreement is reached"). But crime victims may not generally "dictate the manner, timing, or quantity of conferrals" in a case. *Jordan v. Dep't of Justice*, 173 F. Supp. 3d 44, 53 (S.D.N.Y. 2016).

The reasonable right to confer grants a crime victim the right "to communicate meaningfully with the government, personally or through counsel." *Dean*, 527 F.3d at 395. The CVRA's requirement amounts to "a requirement that the government confer in some reasonable way with the victims before ultimately exercising its broad discretion," *id.*, but it does not limit the Government's discretion, *see id.*; *see also* 18 U.S.C. § 3771(d)(6) (providing that nothing in the CVRA "shall be construed to impair the prosecutorial discretion of the Attorney General or any officer under his direction").

Here, the Government has respected the Movants' reasonable right to confer about potential CVRA remedies in this matter. As noted, the Government held a videoconference conferral with their attorneys on November 3, 2022. The Movants' counsel there communicated the Movants' views on remedies to the Government, and the Government reciprocated. The Government therefore satisfied any reasonable conferral right regarding remedies invoked by the Movants before filing its supplemental brief by the Court's deadline of November 11, 2022, because the Movants had already "communicate[d] meaningfully with the government . . . through counsel," *Dean*, 527 F.3d at 395; *see also Jordan*, 173 F. Supp. 3d at 52 (noting that prosecutors fulfilled their conferral obligation under the CVRA when they "received and reviewed the documents [the crime victim] submitted, met with her attorney [for an hour], and listened to her allegations"); *In re Davis*, 20-CV-6557 (CJS), 2021 WL 2649574, at **2-3 & *6 (W.D.N.Y. Jun. 28, 2021) (finding right to confer satisfied where putative crime victim's "attorney has conferred

with an Assistant United States Attorney on the matter and [] the FBI and Department of Justice have investigated her allegations" of sexual abuse, perjury, and deprivation of federal civil rights).

The Movants' argument to the contrary rests on several mistaken premises. Chief among them is the implicit contention that the Government may satisfy the CVRA's reasonable right to confer only by communicating with the Movants themselves, as opposed to their attorneys. *See, e.g.*, Dkt. 130 at 15-16.[2] But the Movants themselves invoked their right to confer in scheduling the November 3 videoconference between their attorneys and the Government and did not express a request to attend that conferral themselves. *See* Ex. B at 1-2 (invoking the right to confer in anticipation of that meeting).

The Movants also misapprehend what a "reasonable" right to confer involves in the context of remedies briefing for a CVRA violation. For one thing, a "reasonable" right to confer cannot mean personally meeting the victims before every legal briefing let alone a supplemental filing on issues previously presented to the Court, as these legal briefings do not resemble major case decisions such as a plea, trial, or sentencing.[3] *Cf. Dean*, 527 F.3d at 395 (requiring conferral with crime victims "before a plea agreement is reached"). Furthermore, even if the CVRA's right to confer attaches to certain legal filings, it cannot reasonably require the Government to confer with the victims on every aspect of the case, as opposed to the specific legal issue addressed in the briefing. *Contra* Dkt. 130 at 16 (noting that the families "all want to know what steps the Government is taking to hold Boeing accountable for its crime").

The Government here did provide a reasonable right to confer about the remedies described in the Government's supplemental brief. It filed its remedies briefing after an initial conferral with

---

[2] That is not the law. *See Dean*, 527 F.3d at 395; *Jordan*, 173 F. Supp. 3d at 52.

[3] This is especially true as the Court has clearly signaled its belief that no additional briefing was necessary. *See* Dkt. 116 at 18.

Movants' attorneys and in line with a court-set deadline. It then held a subsequent conferral with counsel for Movants and families of crash victims from around the world on November 18, 2022, which resulted in the Government updating its position on arraignment and so informing the Court. *See* Dkt. 139 at 1 (informing the Court that, after conferring with the Movants on November 18, 2022, the Government supported allowing "any qualifying crime victims or their lawful representatives to be reasonably heard at the arraignment of Boeing"). The crash victims were allowed "to communicate meaningfully with the government, personally or through counsel" consistent with the CVRA. *Dean*, 527 F.3d at 395.

## **CONCLUSION**

In short, the Government conferred with the Movants through their attorneys on the remedies issues currently pending before this Court before filing its supplemental remedies brief on November 11, 2022, as ordered by the Court. The Government has continued to confer with the Movants and other crime victims as appropriate since then, and it has updated its remedies position with this Court accordingly. It will continue to do the same going forward. No sanction is appropriate.

For these reasons, this Court should deny the Movants' motion for a finding of a CVRA violation and to strike the Government's supplemental remedies brief.

Respectfully submitted,

| | |
|---|---|
| KENNETH A. POLITE, JR.<br>Assistant Attorney General<br>Criminal Division<br>United States Department of Justice | CHAD E. MEACHAM<br>United States Attorney<br>Northern District of Texas |
| By: *s/ Kenneth A. Polite, Jr.*<br>Assistant Attorney General<br>Pennsylvania Bar No. 326446<br>kenneth.polite@usdoj.gov | By: *s/ Chad E. Meacham*<br>United States Attorney<br>Texas Bar No. 00784584<br>chad.meacham@usdoj.gov |
| United States Department of Justice<br>Criminal Division<br>950 Pennsylvania Ave., NW<br>Washington, D.C. 20530<br>202-514-2000 | United States Attorney's Office<br>Northern District of Texas<br>801 Cherry Street, 17th Floor<br>Fort Worth, TX 76102<br>817-252-5200 |

**Certificate of Service**

       I certify that on November 28, 2022, I electronically filed this pleading with the clerk of the court for the U.S. District Court, Northern District of Texas, using the Court's electronic case filing system, which will send a notification of electronic filing to notify counsel of record for Defendant Boeing and the Movants.

                                             *s/ Jerrob Duffy*
                                             Jerrob Duffy
                                             Deputy Chief, Fraud Section
                                             New York Bar No. 2803559