IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:21-CR-00005-O |
| THE BOEING COMPANY | |

**THE UNITED STATES OF AMERICA'S RESPONSE TO THE NOVEMBER 22, 2022 MOTION TO SEEK REMEDIES PURSUANT TO CRIME VICTIMS' RIGHTS ACT**

The United States of America (the "Government") respectfully opposes the motion of a second set of representatives of crash victims from Lion Air Flight 610 and Ethiopian Airlines Flight 302 (the "November 2022 Movants") seeking crime-victim status and remedies under the Crime Victims' Rights Act (the "CVRA"), 18 U.S.C. § 3771. *See* Dkt. 138. The Government acknowledges that the Court has previously ruled that another set of similarly situated crash victims qualify as "crime victims" under the CVRA, *see* Dkt. 116, and in accordance with the Court's ruling, the Government will be according CVRA rights to the November 2022 Movants. To preserve the issue, however, the Government here reasserts and reincorporates its arguments that the Lion Air and Ethiopian Airlines crash victims were not directly and proximately harmed—within the technical and context-specific meaning of the CVRA—by Boeing's conspiracy to defraud the Federal Aviation Administration's Aircraft Evaluation Group and thus are not crime victims in this case. *See* Dkt. 58.

The Government recognizes that the November 2022 Movants' losses are tragic and irreparable and apologizes for not meeting and conferring with all of the crash victims before executing a Deferred Prosecution Agreement (the "DPA") with Boeing. Alongside the other Movants and other crash victims' representatives, the November 2022 Movants were invited to a conferral meeting that occurred on November 18, 2022, and the Government understands that a subset of the November 2022 Movants participated in this meeting, along with their counsel. More generally, the Government is committed to improving its outreach and communication with those harmed by crime, as reflected by its recent revisions to the Attorney General Guidelines for Victim and Witness Assistance.[1] These revised AG Guidelines generally prompt prosecutors to go above

---

[1] *See* Dep't of Justice, *The Attorney General Guidelines for Victim and Witness Assistance* (2022 Ed.) (effective March 31, 2023).

and beyond their statutory duties under the CVRA by, for example, conferring with those who may fall outside the CVRA's statutory definition of a "crime victim" but were nevertheless significantly, even if indirectly, harmed by a federal offense and by presuming that prosecutors will confer with these individuals before executing deferred prosecution agreements when reasonable, feasible, and appropriate.

As to the issue of remedies, the November 2022 Movants state in their motion that they "seek remedies which are different than those sought by" the other crash-victim families in this case, but they do not identify what those remedies are. Dkt. 138 at 7. On December 6, 2022, the Government had a telephone call with counsel for the November 2022 Movants, during which both parties opened a dialogue as to the wide range of possible remedies being contemplated by the November 2022 Movants. The parties intend to continue their discussions regarding possible remedies. The Government thus respectfully submits that, at present, the issue of remedies is not yet ripe for this Court's intervention. The Government therefore respectfully requests a later opportunity to submit further briefing on any proposed remedies once the November 2022 Movants specify which additional remedies they are asking this Court to consider.

## **CONCLUSION**

For these reasons, this Court should deny the November 2022 Movants' motion. If this Court deems the November 2022 Movants as crime victims under the CVRA, it should permit both them and the Government to submit supplemental briefing once the November 2022 Movants identify proposed remedies for any CVRA violation in this case.

Respectfully submitted,

| | |
|---|---|
| KENNETH A. POLITE, JR. | CHAD E. MEACHAM |
| Assistant Attorney General | United States Attorney |
| Criminal Division | Northern District of Texas |
| United States Department of Justice | |
| | |
| By: *s/ Kenneth A. Polite, Jr.* | By: *s/ Chad E. Meacham* |
| Assistant Attorney General | United States Attorney |
| Pennsylvania Bar No. 326446 | Texas Bar No. 00784584 |
| kenneth.polite@usdoj.gov | chad.meacham@usdoj.gov |
| | |
| United States Department of Justice | United States Attorney's Office |
| Criminal Division | Northern District of Texas |
| 950 Pennsylvania Ave., NW | 801 Cherry Street, 17th Floor |
| Washington, D.C. 20530 | Fort Worth, TX 76102 |
| 202-514-2000 | 817-252-5200 |

## Certificate of Service

       I certify that on December 6, 2022, I electronically filed this pleading with the clerk of the court for the U.S. District Court, Northern District of Texas, using the Court's electronic case filing system, which will send a notification of electronic filing to notify counsel of record for Defendant Boeing and the November 2022 Movants.

                                         *s/ Cory E. Jacobs*
                                         Cory E. Jacobs
                                         Assistant Chief, Fraud Section
                                         New York Bar No. 4761953