IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:21-CR-00005-O |
| THE BOEING COMPANY | |

**THE UNITED STATES OF AMERICA'S RESPONSE TO SMARTWINGS' MOTION TO BE DESIGNATED AS A CRIME VICTIM UNDER THE CVRA AND FOR AN ACCOUNTING OF THE "AIRLINE COMPENSATION AMOUNT" IN BOEING'S <u>DEFERRED PROSECUTION AGREEMENT</u>**

The United States of America (the "Government") opposes the motion of Smartwings, A.S. ("Smartwings") requesting crime-victim status under the Crime Victims' Rights Act (the "CVRA" or "Act"), 18 U.S.C. § 3771, and seeking a proposed "accounting" of the Airline Compensation Amount ("Airline Fund") established in the Deferred Prosecution Agreement (the "DPA") between Boeing and the Government. Consistent with the Government's prior briefing, this Court should deny Smartwings' motion.

## FACTUAL BACKGROUND

This Court has previously recounted this case's history, *see United States v. Boeing Co.*, No. 21-cr-5-O, 2022 WL 13829875 (N.D. Tex. Oct. 21, 2022); *United States v. Boeing Co.*, No. 21-cr-5-O, 2022 WL 2972231 (N.D. Tex. Jul. 27, 2022), and the Government therefore notes only those facts that uniquely pertain to Smartwings.

Smartwings is a private Czech-based airline that purportedly purchased or leased several Boeing 737 MAX aircraft before March 2019. *See* Dkt. 141 at 1. After the Lion Air Flight 610 and Ethiopian Airlines Flight 302 plane crashes, Smartwings' regulator grounded all 737 MAX aircraft operating in European Union airspace. *Id.* at 2. Smartwings claims to have suffered hundreds of millions of dollars in losses as a result and to have received no compensation from Boeing. *Id.* at 5-6; *see also generally Smartwings, A.S. v. Boeing Co.*, No. 21-cv-918, *First Am. Compl.*, Dkt. 40 (W.D. Wash. Mar. 11, 2022).

The Department of Justice and Boeing executed the DPA in this case on January 7, 2021. Dkt. 4. Among other things, that agreement required Boeing to pay more than $1.7 billion to Boeing's 737 MAX airline customers. *Id.* at 9. That "Airline Fund" represented an immediate down payment by Boeing to begin compensating these airlines "for the direct pecuniary harm that its airline customers incurred as a result of the grounding of [Boeing's] 737 MAX." *Id.* at 12.

Under the terms of the DPA, payments from that fund do not limit the ability of Boeing's airline customers to seek further compensation from Boeing through civil litigation. *Id.* at 9.

On November 28, 2022, Smartwings filed a motion claiming crime-victim status in this case and invoking the CVRA's "right to full and timely restitution as provided in law" and "right to proceedings free from unreasonable delay" to request that this Court order an "accounting" of the amounts spent from and remaining in the Airline Fund. Dkt. 141 at 5, *see also id.* at 7 (arguing that the "accounting" that occurs under 18 U.S.C. § 3664 for calculating restitution applies here); *id.* at 8 (seeking an order that would require "Boeing to provide Smartwings, within 30 days, a complete and accurate accounting of the source of funds for the Airline Fund and the nature and circumstances of any payments that Boeing intends to count against the Airline Fund").

## ARGUMENT

**I.   Smartwings Is Not a Crime Victim.**

Based on this Court's prior holdings, to qualify as a "crime victim" under the CVRA, Smartwings must show, by a preponderance of the evidence, see *Boeing Co.*, 2022 WL 13829875 at *5, that they are "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." 18 U.S.C. § 3771(e)(1). "A person is directly harmed by the commission of a federal offense where that offense is a but-for cause of the harm." *In re Fisher*, 640 F.3d 645, 648 (5th Cir. 2011). Proximate cause, meanwhile, is a "flexible concept" that "generally refers to the basic requirement that there must be some direct relation between the injury asserted and the injurious conduct alleged." *Paroline v. United States*, 572 U.S. 434, 444 (2014) (citations and internal quotation marks omitted). Mere foreseeability, however, will not suffice to establish proximate cause under the CVRA because many "Federal offense[s]," 18 U.S.C. § 3771(e)(1), "cause ripples of harm to flow far beyond the defendant's misconduct," *Bank of Am. Corp. v. City of Miami, Fla.*, 137 S. Ct. 1296, 1306 (2017) (holding that

"foreseeability" is insufficient to establish proximate cause under the Fair Housing Act for this reason); *see also* 1 W. LaFave, *Substantive Criminal Law* § 6.4(c) (3d ed., Oct. 2022 Update) (noting that, although proximate cause concepts in tort law and criminal law are "closely analogous," criminal law's conception of proximate cause arguably requires "a closer relationship between the result achieved and that intended or hazarded").

The Government acknowledges this Court's prior opinion concerning the causal chains in this CVRA litigation. In order to preserve the issue, the Government respectfully incorporates its prior causation arguments here and maintains that Smartwings does not meet the standard for causation. Indeed, Smartwings' claimed harm—the grounding of its planes in the wake of the Lion Air and Ethiopian Airlines plane crashes—depends on the subsequent actions of Smartwings' European regulator, which grounded the planes in order to conduct an independent safety assessment. Smartwings' claim therefore relies upon "ripples of harm" that "flow far beyond" Boeing's misconduct, *Bank of Am. Corp.*, 137 S. Ct. at 1306, and relies on the independent and discretionary decisions of yet another actor. That does not satisfy the direct and proximate cause requirements of the CVRA.

II. **No Legal Authority Authorizes Smartwings' Proposed Accounting Remedy.**

If this Court deems Smartwings a crime victim, it should nonetheless deny Smartwings' request for a "complete and accurate accounting of the source of funds for the Airline Fund and the nature of any payments that Boeing intends to count against the Airline Fund" for Smartwings' review. *Id.* at 8. Smartwings appears to assert that this request is based on the CVRA's "right to full and timely restitution as provided in law" and "right to proceedings free from unreasonable delay," *id.* at 5, and refences the procedures used to compute restitution during sentencing, *see id.* at 7 (citing 18 U.S.C. § 3664(a)). Neither authority authorizes such an "accounting."

The CVRA grants crime victims "[t]he right to full and timely restitution as provided in law." 18 U.S.C. § 3771(a)(6). But that right "is a purely procedural one, intended to facilitate a victim's ability to participate directly in the criminal process; it does not expand any substantive rights to restitution provided by . . . other statutes." *Fed. Ins. Co. v. United States*, 882 F.3d 348, 359 (2d Cir. 2018); *accord In re Wellcare Health Plans, Inc.*, 754 F.3d 1234, 1236 (11th Cir. 2014) (agreeing that the CVRA's restitution right "does not provide an independent, substantive basis for restitution").

A crime victim's substantive right to criminal restitution therefore must stem from some federal law besides the CVRA. "A federal court cannot order restitution except when authorized by statute," and two main "sources of statutory authority" for restitution apply in criminal cases. *United States v. Love*, 431 F.3d 477, 479 (5th Cir. 2005) (citation and internal quotation marks omitted).[1] Those statutory authorities treat restitution and the gathering of information for restitutionary purposes as part of the criminal-sentencing process—*i.e.*, only after a defendant has been convicted of a crime. *See* 18 U.S.C. § 3556 (instructing district courts that, "in imposing a sentence on a defendant who has been found guilty of an offense[,]" restitution is either mandatory or discretionary depending on the defendant's crime and the corresponding restiutionary scheme); 18 U.S.C. § 3583(d) (permitting a district court to order restitution as a condition of a defendant's supervised release); *see also Paroline v. United States*, 572 U.S. 434, 445 (2014) ("[A]s is typically the case with criminal restitution, § 2259 is intended to compensate victims for losses caused by the offense of conviction."); *United States v. Alcatel-Lucent France, SA*, 688 F.3d 1301, 1305 n.1

---

[1] Other provisions of the criminal code authorize restitution in circumstances not relevant here. *See, e.g.*, 18 U.S.C. § 2259 (restitution rights of child pornography victims).

(11th Cir. 2012) ("[T]he issue of restitution is part and parcel of the criminal sentence that may or may not ultimately be imposed on [a defendant].").

Smartwings' invocation of any right it may have under the CVRA "to full and timely restitution as provided in law" and its request to jumpstart the restitutionary process through an "accounting" is therefore at best, premature. 18 U.S.C. § 3771(a)(6). Presently, Boeing has been charged with—but not convicted of—a crime in this case.[2] Instead, the United States and Boeing have executed a deferred prosecution agreement, which, depending on Boeing's continued compliance with that agreement, may or may not result in further prosecution. Therefore, neither the substantive criminal restitution statutes nor the CVRA currently "provide" Smartwings or any crime victim with the ability to obtain criminal restitution or restitution-related remedies from Boeing. *See In re W.R. Huff Asset Mgmt. Co., LLC*, 409 F.3d 555, 564 (2d Cir. 2005) (explaining in the restitution context that "the CVRA does not grant victims any rights against individuals who have not been convicted of a crime").

Even if Smartwings could at this time seek restitution-related relief through the CVRA, the "accounting" process it envisions, *see* Dkt. 141 at 7, would be inappropriate. The Probation Office would "obtain and include in its presentence report, or in a separate report, as the court may direct, information sufficient for the court to exercise its discretion in fashioning a restitution order." 18 U.S.C. § 3664(a). That report would likely include "a complete accounting of the losses to each victim, any restitution owed pursuant to a plea agreement, and information relating to the economic circumstances of each defendant." *Id.*; *see also id.* § 3664(d)(1)-(2) (explaining how victim input

---

[2] Separately, the United States charged a former Boeing employee (the Chief Technical Pilot responsible for the 737 MAX) with fraud offenses related to the admitted facts in the DPA, but no conviction ensued there, either; a federal jury acquitted the defendant at trial. *See United States v. Forkner*, No. 21-cr-268-O (N.D. Tex. Mar. 23, 2022).

would be gathered); *id.* § 3664(d)(3) (explaining how a defendant would inform the Probation Office of its financial resources and circumstances).  That report, therefore, would likely discuss the Airline Fund and whether Smartwings had received or will receive a payout from that fund.  But Smartwings would have no right to access that presentence report through the CVRA.  *See In re Siler*, 571 F.3d 604, 609 (6th Cir. 2009); *In re Kenna*, 453 F.3d 1136, 1137 (9th Cir. 2006) (per curiam); *see also United States v. BP Prods. N. Am. Inc.*, No. H-07-434, 2008 WL 501321, at *9 (S.D. Tex. Feb. 21, 2008) (collecting cases), *disapproved on other grounds by In re Dean*, 527 F.3d 391 (5th Cir. 2008).[3]

---

[3] To the extent that Smartwings' motion could be read to envision an equitable "accounting"—*i.e.* "an antediluvian form of [civil] discovery," *Secs. & Exch. Comm'n v. Hallam*, 42 F.4th 316, 333 (5th Cir. 2022)—into Boeing's handling of the Airline Fund, this Court should deny that request.  That civil-discovery remedy belonged to a bygone era, when "discovery was not generally available."  Dan Dobbs & Caprice Roberts, *Law of Remedies: Damages, Equity, Restitution* § 4.3(5), at 416-17 (3d ed. 2018).  It has "little or no use today" in the civil setting, *Hallam*, 42 F.4th at 333 (citation and internal quotation marks omitted), and it has never played a role in criminal prosecutions.  Certainly, nothing in the CVRA or the federal restitution statutes authorizes a nonparty crime victim to appear in a criminal case and demand to peer into the defendant's finances.  *United States v. Hunter*, 548 F.3d 1308, 1317 (10th Cir. 2008) (no right to discovery under the CVRA); *United States v. Moussaoui*, 483 F.3d 220, 224 (4th Cir. 2007) (same).

## **CONCLUSION**

For these reasons, this Court should deny Smartwings' motion, and decline to grant Smartwings' request for crime-victim status and its proposed "accounting" remedy.

Respectfully submitted,

| | |
|---|---|
| KENNETH A. POLITE, JR.<br>Assistant Attorney General<br>Criminal Division<br>United States Department of Justice | LEIGHA SIMONTON<br>United States Attorney<br>Northern District of Texas |
| By: *s/ Kenneth A. Polite, Jr.*<br>Assistant Attorney General<br>Pennsylvania Bar No. 326446<br>kenneth.polite@usdoj.gov | By: *s/ Chad E. Meacham*<br>Assistant United States Attorney<br>Texas Bar No. 00784584<br>chad.meacham@usdoj.gov |
| United States Department of Justice<br>Criminal Division<br>950 Pennsylvania Ave., NW<br>Washington, D.C. 20530<br>202-514-2000 | United States Attorney's Office<br>Northern District of Texas<br>801 Cherry Street, 17th Floor<br>Fort Worth, TX 76102<br>817-252-5200 |

**Certificate of Service**

   I certify that on December 12, 2022, I electronically filed this pleading with the clerk of the court for the U.S. District Court, Northern District of Texas, using the Court's electronic case filing system, which will send a notification of electronic filing to notify counsel of record for Defendant Boeing and Smartwings.

                 *s/ Cory E. Jacobs*
                 Cory E. Jacobs
                 Assistant Chief, Fraud Section
                 New York Bar No. 4761953