**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) **No. 4:21-CR-5-O** |
| THE BOEING COMPANY, | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

**THE BOEING COMPANY'S RESPONSE TO MOTION FILED BY SMARTWINGS, A.S. TO BE DESIGNATED AS A CRIME VICTIM UNDER THE CVRA AND FOR AN ACCOUNTING OF THE "AIRLINE COMPENSATION AMOUNT" IN BOEING'S DEFERRED PROSECUTION AGREEMENT**

1

**PRELIMINARY STATEMENT**

Smartwings, A.S. ("Smartwings") asks this Court to find that it has standing under the Crime Victims' Rights Act ("CVRA"), and to exercise supervisory authority over the Deferred Prosecution Agreement ("DPA" or "Agreement"). *See* Dkt. 141. Smartwings' request comes on the heels of a motion filed by Polskie Linie Lotnicze S.A. ("LOT")—another airline customer that has leased 737 MAX airplanes—which similarly asks the Court to find that it has crime victim status under the CVRA and to award remedies thereunder. Smartwings—like LOT—comes to this Court nearly two years after The Boeing Company ("Boeing") and the Department of Justice ("DOJ") entered into the DPA, almost one year after representatives of those who died in the crashes (the "Representatives")[1] first filed a CVRA action in this Court, and while also pursuing a civil lawsuit against Boeing in another federal district court for economic damages allegedly suffered as a result of the 737 MAX grounding.

Smartwings' motion should be denied for the same reasons that LOT's motion should be denied—(i) it is not a victim under the CVRA, and (ii) the remedies it seeks are neither available nor appropriate.

**BACKGROUND**

The proceedings involving the DPA and various movants' claims for rights under the CVRA are detailed in the Government's response to LOT's motion, Dkt. 145 at 1–3, Boeing's response to LOT's motion, *see* Dkt. 150 at 4–6, and prior filings in this matter and are well known to the Court. Boeing therefore will not repeat that history here but will address the background

---

[1] Boeing adopts the terminology this Court used in its October 30, 2022 Order to refer to the Representatives, but expressly preserves all objections and reserves all rights to appeal any and all of the Court's rulings made in the course of these proceedings, including with respect to this Court's determination of the Representatives' standing under the CVRA and the process it followed in reaching that determination.

2

specific to the Smartwings motion.

On October 28, 2022, just seven days after this Court ruled that the Representatives had CVRA standing, LOT filed a motion requesting that the Court find it also has standing as a "crime victim" under the CVRA, alleging violations of the CVRA by the DOJ similar to those alleged by the Representatives, and seeking various extraordinary remedies similar to those sought by the Representatives. Dkt. 120, at 1. ("The Court should grant LOT's motion because its reasoning set forth in its October 21 Order applies equally to LOT.") A month later, on November 28, 2022, Smartwings filed the instant motion seeking relief under the CVRA asserting many of the same legal arguments relied upon by LOT. *See* Dkt. 141 at 4 (incorporating "by reference the legal authorities and analysis in a similar motion filed by" LOT). Like LOT, Smartwings asks the Court to recognize it as a crime victim under the CVRA as a result of financial losses allegedly suffered in connection with the grounding of the 737 MAX by the European Union Aviation Safety Agency ("EASA"). In addition, Smartwings seeks an "accounting" of the Airline Compensation Amount for which the DPA provides to compensate Boeing's airline customers for losses incurred in connection with the grounding, Dkt. 4 at 12, while also purporting to leave open the possibility of requesting additional, undefined remedies from the Court at a later date. Dkt. 141 at 7.

Like LOT, Smartwings opted to pursue civil litigation against Boeing to recover on its alleged losses attributable to the MAX grounding. And like LOT, it now seeks relief in this Court for the same alleged harm. Smartwings' lawsuit—filed more than seventeen months before the present motion—is pending in the same U.S. District Court for the Western District of Washington that is hearing the LOT lawsuit. *See* Complaint, *Smartwings, A.S. v. The Boeing Co.*, Case No. 2:21-cv-00918 (W.D. Wash. July 9, 2021), Dkt. 1-2 ("Compl."). The parties are currently engaged in discovery, and the case is set for trial in November 2023.

## ARGUMENT

Smartwings' request for relief should be denied for the same reasons Boeing has asserted in response to the similar motion filed by LOT. Smartwings is not a crime victim within the meaning of the CVRA because its alleged harm—financial losses from the grounding—was not directly and proximately caused by the charged offense. *See* Dkt. 150 at 6–11. Moreover, even if the Court were to find that Smartwings has standing under the CVRA, neither the CVRA nor this Court's inherent authority can provide the relief requested.

Boeing, as a condition of the DPA negotiated with DOJ, agreed to the Airline Compensation Amount to compensate airline customers for losses suffered as a result of the grounding. As prescribed by the DPA, DOJ—and not any potential airline beneficiary—is responsible for supervising Boeing's satisfaction of its obligations under the DPA, including payment of the Airline Compensation Amount. In requesting an "accounting" of the Airline Compensation Amount, Smartwings is effectively seeking this Court's authority to directly supervise Boeing's performance under the DPA, or for this Court to assume that supervisory role. But as Smartwings concedes, the DPA nowhere provides for such additional supervision beyond that assigned to the DOJ. In particular, nothing in the DPA or any other source law provides this Court with the authority to order the accounting Smartwings seeks. Neither the Speedy Trial Act, the CVRA, nor the Court's general supervisory power provide the Court with the authority to supervise the DPA, as Smartwings requests. *See* Dkt. 150 at 11–13. And such an intervention by the Court would be inconsistent with separation of powers principles and the prosecutorial discretion that is reserved to the Executive. *See id.* at 11. Finally, an accounting would not actually remedy any of the CVRA violations that were allegedly committed by the DOJ.

Aside from requesting an "accounting," Smartwings does not specify in its motion what other remedy or remedies it seeks. To the extent Smartwings requests remedies that include or

involve modifying the DPA, Boeing relies on its prior briefing and analysis of the legal principles that would foreclose such relief, including principles of contract law, due process, and equity. *See* Dkt. 129; Dkt. 150. Should Smartwings at any point request additional remedies, Boeing respectfully requests an opportunity to supplement this response.

Smartwings also suggests that the Mandatory Victims Restitution Act ("MVRA") supports its request for an accounting of the Airline Compensation Amount. *See* Dkt 141 at 5 (citing the right under the CVRA to "full and timely restitution as provided in law"); *id.* at 7 (citing the procedures for issuing restitution orders under the MVRA, which include the ability of the court to direct an accounting). It does not. The MVRA requires a district court, following a conviction and as part of sentencing, to impose restitution for victims of the underlying offense. *See* 18 U.S.C. § 3663A. Boeing has not been convicted, much less sentenced for an offense. And, should Boeing continue to comply with the DPA, neither of these events will ever occur, as DOJ will dismiss the Criminal Information as required by the terms of the DPA. *See* Dkt. 4 at ¶ 25. The MVRA and any associated right to resitution is entirely inapplicable here.

## CONCLUSION

For the reasons stated above and as set forth in Boeing's past filings, Boeing respectfully requests that Smartwings' motion be denied.

Respectfully submitted,

| | |
|---|---|
| **McGUIREWOODS LLP** | **KIRKLAND & ELLIS LLP** |
| */s/ Benjamin L. Hatch* | */s/ Mark R. Filip* |
| Benjamin L. Hatch | Mark R. Filip |
| VA Bar No. 70116 | IL Bar No. 6226541 |
| bhatch@mcguirewoods.com | mark.filip@kirkland.com |
| | |
| Brandon M. Santos | Craig S. Primis |
| VA Bar No. 75380 | DC Bar No. 454796 |
| bsantos@mcguirewoods.com | cprimis@kirkland.com |

<div style="display:grid;grid-template-columns:1fr 1fr;">

McGuireWoods LLP
888 16th Street N.W., Suite 500
Black Lives Matter Plaza
Washington, DC 20006
Tel: 757.640.3727
Fax: 757.640.3947

*Counsel for The Boeing Company*

Kirkland & Ellis LLP
1301 Pennsylvania Avenue NW
One Freedom Plaza
Washington, DC 20004
Tel: 202.879.5000
Fax: 202.654.9645

Jeremy Fielding
Texas State Bar No. 24040895
Jeremy.fielding@kirkland.com

Kirkland & Ellis LLP
1601 Main Street
Dallas, Texas 75201
Tel; (214) 972-1770
Fax: (214) 972-1771

*Counsel for The Boeing Company*

</div>

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2022, the foregoing was filed with the Clerk of the United States District Court for the Northern District of Texas using the CM/ECF system. The system will serve counsel of record.

*/s/ Benjamin L. Hatch*
Benjamin L. Hatch