**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

```
---------------------------------------------------------------- x
UNITED STATES OF AMERICA          §       Case No.  4-21-cr-00005-O
                                  §
                  Plaintiff,      §
                                  §
        vs.                       §
                                  §
THE BOEING COMPANY                §
                                  §
                  Defendant.      §
                                  §
---------------------------------------------------------------- x
```

## SECOND DECLARATION OF ANTHONY U. BATTISTA

I, Anthony U. Battista, Esq., declare as follows:

1.      I am an attorney admitted to practice law before this Court.

2.      I am a member of Condon & Forsyth, LLP, counsel for Polskie Linie Lotnicze Lot S.A. ("LOT"). I submit this declaration in reply to the DOJ's Opposition, and in further support of LOT's motion pursuant to the Crime Victims' Rights Act ("CVRA") for findings that LOT is a "crime victim" under the CVRA, the proposed Boeing Deferred Prosecution Agreement was negotiated in violation of LOT"s CVRA rights, and LOT is entitled to remedies for those violations.

3.      I am fully familiar with the facts of this case, the matters at issue in this Declaration and the motion.

4.      Attached as Exhibit 1 is a true and correct copy of my email exchanges with Brian Strang, an attorney for the DOJ, wherein Mr. Strang asked for certain information concerning LOT's direct negotiations with Boeing discussed in my December 31, 2021 letter to the DOJ.

5.      Exhibit 1 also contains a reference to my January 19, 2022 letter to Mr. Strang, a true and correct copy of which is attached as Exhibit 2, that responds to Mr. Strang's request for information and his reply thereafter stating that he would review and respond to the January 19, 2022 letter.

6.      Attached as Exhibit 3 hereto is a true and correct copy of a December 8, 2022 letter that I sent to the DOJ, together with the attachment to that letter.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 22nd day of December 2022, at New York, NY.


/s/ Anthony U. Battista
ANTHONY U. BATTISTA

# EXHIBIT 1

**From:** Strang, Brian (CRM) <Brian.Strang@usdoj.gov>
**Sent:** Wednesday, January 19, 2022 4:30 PM
**To:** Anthony Battista <ABattista@condonlaw.com>
**Cc:** Diana Gurfel <DGurfel@condonlaw.com>; Evan Kwarta <EKwarta@condonlaw.com>; Mary Dow
<MDow@condonlaw.com>
**Subject:** RE: Boeing/LOT - C&F Ref: 10380

Mr. Battista,

Thank you for your letter.  I'll review and get back with you.


Very Respectfully,
Brian Strang

Attorney Advisor
Corporate Enforcement, Compliance, and Policy Unit
Fraud Section, Criminal Division
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005
Office: 202-616-1513
Cell: 202-316-9437


**From:** Zoila Cedeno <ZCedeno@condonlaw.com> **On Behalf Of** Anthony Battista
**Sent:** Wednesday, January 19, 2022 4:21 PM
**To:** Strang, Brian (CRM) <Brian.Strang@usdoj.gov>
**Cc:** Anthony Battista <ABattista@condonlaw.com>; Diana Gurfel <DGurfel@condonlaw.com>; Evan
Kwarta <EKwarta@condonlaw.com>; Mary Dow <MDow@condonlaw.com>
**Subject:** [EXTERNAL] RE: Boeing/LOT - C&F Ref: 10380

Dear Mr. Strang:

Further to our emails below, please see the attached letter on behalf of LOT.

Regards,

---

**Anthony U. Battista**
Partner

**Condon & Forsyth LLP**
7 Times Square  /  New York, NY 10036
Direct 212.894.6892
Main 212.490.9100  /  Fax 212.370.4453
[condonlaw.com](condonlaw.com)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
NOTICE: This message is intended only for use by the named addressee and may contain privileged and/or confidential information. If you are not the named addressee you should not disseminate, copy or take any action in reliance on it. If you have received this message in error please notify [info@condonlaw.com](info@condonlaw.com) and delete this message and any attachments accompanying it immediately.

\*Any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

**From:** Strang, Brian (CRM) <[Brian.Strang@usdoj.gov](Brian.Strang@usdoj.gov)>
**Sent:** Tuesday, January 11, 2022 2:09 PM
**To:** Anthony Battista <[ABattista@condonlaw.com](ABattista@condonlaw.com)>
**Cc:** Diana Gurfel <[DGurfel@condonlaw.com](DGurfel@condonlaw.com)>; Evan Kwarta <[EKwarta@condonlaw.com](EKwarta@condonlaw.com)>; Mary Dow <[MDow@condonlaw.com](MDow@condonlaw.com)>; Zoila Cedeno <[ZCedeno@condonlaw.com](ZCedeno@condonlaw.com)>
**Subject:** RE: Boeing/LOT

Ok, perfect. I will await your reply.

---

**From:** Anthony Battista <[ABattista@condonlaw.com](ABattista@condonlaw.com)>
**Sent:** Tuesday, January 11, 2022 1:30 PM
**To:** Strang, Brian (CRM) <[Brian.Strang@usdoj.gov](Brian.Strang@usdoj.gov)>
**Cc:** Diana Gurfel <[DGurfel@condonlaw.com](DGurfel@condonlaw.com)>; Evan Kwarta <[EKwarta@condonlaw.com](EKwarta@condonlaw.com)>; Mary Dow <[MDow@condonlaw.com](MDow@condonlaw.com)>; Zoila Cedeno <[ZCedeno@condonlaw.com](ZCedeno@condonlaw.com)>
**Subject:** [EXTERNAL] RE: Boeing/LOT

Dear Mr. Strang:

Thank you for your response.  We will confirm the details of Boeing's final offer to LOT along with more details regarding LOT's actual damages. We will then revert to you with those details by the end of this week.  LOT has not been compensated by Boeing.

Regards,

Tony

_____

**Anthony U. Battista**
Partner

**Condon & Forsyth LLP**
7 Times Square  /  New York, NY 10036
Direct 212.894.6892
Main 212.490.9100  /  Fax 212.370.4453
condonlaw.com

*************************************************
NOTICE: This message is intended only for use by the named addressee and may contain privileged and/or confidential information. If you are not the named addressee you should not disseminate, copy or take any action in reliance on it. If you have received this message in error please notify info@condonlaw.com and delete this message and any attachments accompanying it immediately.

*Any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Strang, Brian (CRM) <Brian.Strang@usdoj.gov>
**Sent:** Tuesday, January 11, 2022 12:55 PM
**To:** Anthony Battista <ABattista@condonlaw.com>
**Cc:** Diana Gurfel <DGurfel@condonlaw.com>; Evan Kwarta <EKwarta@condonlaw.com>; Mary Dow <MDow@condonlaw.com>; Zoila Cedeno <ZCedeno@condonlaw.com>
**Subject:** RE: Boeing/LOT

Removing Cory and Mike, since their roles are on the prosecutorial end rather than compliance.

**From:** Strang, Brian (CRM)
**Sent:** Tuesday, January 11, 2022 12:51 PM
**To:** ABattista@condonlaw.com
**Cc:** Jacobs, Cory (CRM) <Cory.Jacobs@usdoj.gov>; O'Neill, Michael (CRM) <Michael.T.ONeill@usdoj.gov>; dgurfel@condonlaw.com; ekwarta@condonlaw.com; mdow@condonlaw.com; zcedeno@condonlaw.com
**Subject:** Boeing/LOT

Mr. Battista,

I'm on DOJ's team on the Boeing matter for the compensation and compliance piece.  My understanding is you represent LOT and have some concerns about Boeing's compliance with the Deferred Prosecution Agreement.  What can you share with us about what compensation your client has received from Boeing and your compliance concerns?

Very Respectfully,

Brian Strang

Attorney Advisor
Corporate Enforcement, Compliance, and Policy Unit
Fraud Section, Criminal Division
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005
Office: 202-616-1513
Cell: 202-316-9437

# EXHIBIT 2



Direct Dial: (212) 894-6892
Direct Fax:  (212) 370-4453
abattista@condonlaw.com

January 19, 2022

**<u>VIA E-MAIL</u>**

Brian Strang, Esq.
Attorney Advisor
Corporate Enforcement, Compliance, and Policy Unit
Fraud Section, Criminal Division
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005

Re:   *Polskie Linie Lotnicze Lot, S.A. v. The Boeing Company*, No. C21-1449RSM (W.D. Wash. 2021)
C & Ref:  6135.10380/AUB

Dear Mr. Strang:

We represent Polskie Linie Lotnicze Lot, S.A. a/k/a LOT Polish Airlines ("LOT") in connection with the above-captioned matter and write in response to your email dated January 11, 2022, wherein you asked that we: (1) describe what compensation LOT has received from The Boeing Company ("Boeing") for LOT's 737 MAX grounding losses; and (2) identify our concerns with Boeing's compliance with the Deferred Prosecution Agreement ("DPA") that Boeing entered into with the United States of America on January 7, 2021.  *See U.S. v. The Boeing Company*, No. 4:21-cr-00005-O, Docket No. 4 (N.D. Tex. Jan. 7, 2021) (the "DPA").

*First*, LOT has not received any compensation from Boeing.  For that reason, LOT was forced to commence the above-captioned action on October 25, 2021.   LOT attempted to obtain compensation from Boeing in good faith for nearly two years, but its efforts were not reciprocated.

As with most of its customer airlines, Boeing attempted to negotiate an early settlement with LOT for its damages arising from the worldwide grounding of the 737 MAX.  In negotiations that began not long after the March 10, 2019 crash of Ethiopian Airlines Flight 302, it first appeared that Boeing would conduct serious and reasonable settlement discussions with LOT. But as time wore on, it became clear that Boeing had no real intention of meaningfully compensating LOT in proportion to its losses suffered or treating LOT in the manner that Boeing treated its other customers.

Brian Strang, Esq.
U.S. Department of Justice
January 19, 2022
Page 2

Boeing and LOT's negotiations ended in the Fall of 2021, at which time Boeing's aforementioned intentions became clear and LOT ceased negotiating.  As described in our December 30, 2021 letter to Cory E. Jacobs, Esq. and Michael T. O'Neill, Esq. ("Dec. 30 Letter"), by the time Boeing and LOT's negotiations ended, Boeing had already entered into the DPA wherein it admitted to defrauding the FAA AEG and its customer airlines such as LOT, agreed in the DPA to compensate its customer airlines, and had paid enormous amounts to settle several other customer 737 MAX loss claims.  *See* Dec. 30 Letter at pp. 1-4.

Notwithstanding the foregoing, Boeing's final settlement offer to LOT fell far short of LOT's losses, and consisted only of Boeing credits, which required that to be credited – LOT had to purchase products from Boeing, the very company that caused its losses.  *See id.* at p. 7. Although LOT explained to Boeing that its losses exceeded $200 million (and as set forth in the Dec. 30 Letter, at least $180 million of those losses quickly were verified (*see id.*)), Boeing's final offer was as follows:

- Approximately $48 million in credits that LOT had to use toward the payment for leasing eight (8) additional 737 MAX aircraft that LOT did not necessarily want or need;

- $18 million in credits toward the purchase of a Boeing 787/737 MAX Data Simulator Package;

- Approximately $1.5 million in credits that had to be applied toward rent payments for the lease of a Boeing 737-700 aircraft; and

- An agreement that Boeing would offer a fixed discounted purchase price to LOT's lessors for the eight (8) 737 MAX aircraft that Boeing wanted LOT to lease.

Boeing's entire "offer" was contingent on LOT's purchase or lease of Boeing products, and, apart from that portion of the Data Simulator Package that could be attributed to 787 aircraft and $1.5 million of rent assistance for a 737-700, required that LOT lease additional MAX aircraft to obtain "compensation" for its losses.  Such offer was inconsistent with Boeing's commitment in the DPA that compensation to airline customers be "paid" as opposed to "credited."  *See* DPA at p. 9, ¶ 7.  The final offer also was in contradiction of LOT's clear statement to Boeing made one year earlier that LOT neither desired nor was in position to take additional MAX aircraft considering that LOT would have to spend exorbitant amounts to acquire additional aircraft of the same type that had caused it to lose more than $200 million in the first instance.

Further, the total credit "value" of Boeing's offer was for less than a third of LOT's damages without any cash compensation for loses LOT amassed over the 2-year MAX grounding.

CONDON FORSYTH

Brian Strang, Esq.
U.S. Department of Justice
January 19, 2022
Page 3

*Second*, Boeing's treatment of LOT violates the DPA in at least four ways. As an initial matter, Boeing's failure to compensate LOT at all violates its commitment to compensate customer airlines for their losses arising from the nearly 2-year worldwide grounding of the 737 MAX. *See, e.g.*, DPA at p. 12, ¶ 12.

Next, and in a similar regard, as set forth in the Dec. 30 Letter, Boeing has filed a motion to dismiss LOT's Complaint. *See* Dec. 30 Letter at p. 8 and Appendix 3. That motion to dismiss seeks to avoid Boeing's commitment made in the DPA to compensate customer airlines, such as LOT, for the pecuniary losses those customers sustained as a result of Boeing's criminal conduct. *See, e.g.*, DPA at p. 12, ¶ 12. The motion to dismiss also violates Boeing's agreement made in the DPA that it would not contradict its acceptance of responsibility for the facts described in the Statement of Facts in the DPA, including "in litigation." *See* DPA, p. 20, ¶ 32. The motion to dismiss itself thus should be considered violations of the DPA for the above two reasons.

Last, the motion to dismiss argues that Boeing did not "knowingly" make material misrepresentations to LOT, and that to the extent that Boeing did so, its misrepresentations were immaterial, legally permissible puffery. *See* Dec. 30 Letter, Appendix 3, at ECF pp. 16-21. Those arguments violate the DPA because Boeing: (a) admitted in the DPA to knowingly making false statements that its customer airlines would rely upon (*see, e.g.*, DPA at pp. A-5-A-6, ¶¶ 18-19; pp. A-13-A-14, ¶ 44); (b) agreed in the DPA that it would not contradict its acceptance of responsibility for knowingly making such false statements (*see id.*, at p. 20, ¶ 32), but did so in its motion; and (c) agreed that customer airlines made aircraft acquisition decisions based on Boeing's deliberately fraudulent conduct, *i.e.*, that Boeing's misrepresentations were material. *See, e.g.*, *id.* at A-13-A-14, ¶¶ 44, 46.

Based on the foregoing, LOT wrote to counsel for Boeing requesting that it withdraw its motion to dismiss because it violates the DPA. Boeing refused.

Because of Boeing's actions described in this letter, LOT respectfully requests that the Department of Justice take the steps necessary to ensure Boeing's compliance with the DPA, and/or re-opens the DPA to increase Boeing's customer airline compensation requirement. *See* Dec. 30 Letter at pp. 7-8. Boeing should not be permitted to fairly compensate some of its airline customers while stiffing others for losses arising from the same fraudulent conduct that caused Boeing to enter into the DPA to avoid criminal prosecution. Similarly, Boeing should not be allowed to get off scot-free for LOT's losses that arise from the fraudulent conduct that it admitted to in the DPA. We trust that you will take the steps necessary to fairly address the matters set forth within.

**CONDON FORSYTH**

Brian Strang, Esq.
U.S. Department of Justice
January 19, 2022
Page 4

                        *        *        *

Please do not hesitate to contact us if you wish to discuss this matter.

Best regards,

Anthony U. Battista

cc:   Diana Gurfel Shapiro, Esq.
      Evan Kwarta, Esq.
      Mary Dow, Esq.
      Condon & Forsyth LLP

# EXHIBIT 3



Direct Dial: (212) 894-6892
Direct Fax: (212) 370-4453
abattista@condonlaw.com

December 8, 2022

**<u>VIA E-MAIL</u>**

Jerrob Duffy, Esq.
W. Connor Winn, Esq.
Cory E. Jacobs, Esq.
Michael T. O'Neill, Esq.
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005

Re:   *Polskie Linie Lotnicze Lot, S.A. v. The Boeing Company*, No. C21-1449RSM (W.D. Wash.)
      *U.S. v. The Boeing Company*, No. 4:21-cr-00005-O, Doc. 4 (N.D. Tex.)
      C & Ref:  6135.10380/AUB

Dear Sirs:

We are attorneys for Polskie Linie Lotnicze Lot, S.A. a/k/a LOT Polish Airlines ("LOT") in the above referenced civil and criminal actions against The Boeing Company ("Boeing"). LOT filed an action against Boeing in the U.S. District Court for the Western District of Washington for damages arising from the fraud that Boeing perpetrated in connection with its certification, sale and grounding of 737 MAX aircraft.   *See Polskie Linie Lotnicze Lot, S.A. v. The Boeing Company*, No. C21-1449RSM (W.D. Wash.) (the "Civil Action").

We write further to our letter dated December 30, 2021, and the correspondence thereafter, including, most recently, the call we had on November 9, 2022, during which the DOJ advised that we should bring to your attention Boeing's violations of the Deferred Prosecution Agreement ("DPA").  As discussed below, recent actions taken by Boeing in the Civil Action violate the DPA.

In the DPA, Boeing agreed, as is relevant here:

- That it "shall not, through present or future attorneys, officers, directors, employees, agents, or any other person authorized to speak for the Company make any public statement, in litigation or otherwise, contradicting the acceptance of responsibility by the Company set forth above or the facts described in the attached Statement of Facts" (*see*

NYOFFICE 1427893v.2
**Condon & Forsyth LLP** / 7 Times Square /  New York, NY 10036
Tel 212.490.9100 / Fax 212.370.4453 / condonlaw.com

*New York*
*Los Angeles*
*Miami*

CONDON FORSYTH

Jerrob Duffy, Esq.
W. Connor Winn, Esq.
Cory E. Jacobs, Esq.
Michael T. O'Neill, Esq.
U.S. Department of Justice
December 8, 2022
Page 2

*U.S. v. The Boeing Company,* No. 4:21-cr-00005-O, Doc. 4 (N.D. Tex.)*.* at ECF p. 20, ¶ 32);

- That "[a]ny such contradictory statement shall, subject to cure rights of [Boeing] described below, constitute a breach of this Agreement, and the Company thereafter shall be subject to prosecution. . . ." (*id.* at pp. 20-21);

- That the determination of whether Boeing made a statement that contradicted the Statement of Facts was left to the sole discretion of the DOJ (*see id.* at p. 21);

- That the North District of Texas has jurisdiction over the criminal action (*see id.* at p. 1, ¶ 1); and

- That the term of the DPA was three (3) years from January 7, 2021, during which the above-referenced obligations apply.  *See id.* at p. 3, ¶ 3.[1]

Collectively, the foregoing requires that Boeing "accept [] responsibility [for] the facts described in the [] Statement of Facts" in the civil action, and that the failure to do so would constitute a breach of the DPA.  *See id.* p. 20, ¶ 32.

Under those plain terms, Boeing's December 5, 2022 responses to the First Set of Requests for Admission ("RFAs") that LOT served in the Civil Action (attached here as Exhibit 1) violate the DPA because Boeing refused to admit to facts in the RFAs that were taken verbatim from the Statement of Facts attached to the DPA.  Specifically, Federal Rule of Civil Procedure 36, gives Boeing two choices in responding to LOT's RFAs: (1) admit to the matter requested; or (2) deny it and explain why.  *See* Fed. R. Civ. P. 36(a)(4).

LOT served Boeing with 89 RFAs asking Boeing to admit to facts that will become admissible proof in the civil action that were set forth within the DPA's Statement of Facts.[2]  The facts that LOT requested that Boeing admit were taken directly from the DPA.  Under the DPA's clear terms, Boeing had but one option in response to LOT's RFAs—to admit them all.  But Boeing did not do so.  Instead, it violated the DPA.

---

[1] DPA paragraph 3 also sets forth conditions under which the term of DPA would be extended, including for violations thereof in the form described herein.

[2] As Boeing correctly noted in its December 5 response, LOT accidentally left RFA numbers 67, 79 and 80 blank, and thus there are only 89 total RFAs.

**CONDON** ∕ **FORSYTH**

Jerrob Duffy, Esq.
W. Connor Winn, Esq.
Cory E. Jacobs, Esq.
Michael T. O'Neill, Esq.
U.S. Department of Justice
December 8, 2022
Page 3

Boeing's responses to virtually every RFA save six (RFA numbers 81-82, and 89-92) are identical. For example, RFA No. 1 and Boeing's response is as follows:

> **REQUEST FOR ADMISSION NO. 1:**
>
> Admit that The Boeing Company ("Boeing") is a U.S.-based multinational corporation that designs, manufactures, and sells commercial airplanes to airlines worldwide.
>
> **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**
>
> Boeing admits that it executed the deferred prosecution agreement filed at *United States v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for themselves. Boeing admits that Paragraph 2 of the Deferred Prosecution Agreement states that: "The Boeing Company ('Boeing') was a U.S.-based multinational corporation that designed, manufactured, and sold commercial airplanes to airlines worldwide." To the extent this Request asks for admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this Request.

As exemplified by RFA No. 1 above, no part of LOT's RFAs reference the DPA. Rather, the RFAs request that Boeing either admit or deny under Rule 36 specific facts—*e.g.*, that it "is a U.S.-based multinational corporation that designs, manufactures, and sells commercial airplanes to airlines worldwide." By admitting to the contents of the DPA, instead of the facts set forth with the DPA, Boeing's responses to LOT's RFAs constitute denials. *See e.g.*, *Thomason v. Metropolitan Life Ins. Co.*, No. 3:14–00086–P–BF, 2015 WL 1914527, at *2 (N.D. Tex. Apr. 27, 2015) (citing *Harris v. Oil Reclaiming Co., Ltd.*, 190 F.R.D. 674, 676–77 (D. Kan.1999); *U.S. ex rel. Dyer v. Raytheon Co.*, No. Civ. A. 08–10341–DPW, 2013 WL 5348571, *5 (D. Mass. Sept.23, 2013)) (treating "admission" that does not directly address the matter set forth in the RFA as a denial).

Indeed, the cases cited above establish that, apart from denying knowledge sufficient to answer (which Boeing did not do), courts will treat a party's response to an RFA under Rule 34 as binary: the matter set forth within the RFA is either admitted or denied.

CONDON FORSYTH

Jerrob Duffy, Esq.
W. Connor Winn, Esq.
Cory E. Jacobs, Esq.
Michael T. O'Neill, Esq.
U.S. Department of Justice
December 8, 2022
Page 4

Boeing repeated this pattern of responding by reference to the DPA, instead of to the matter set forth in LOT's RFAs, to virtually every fact "described in the [] Statement of Facts," contradicting the acceptance of responsibility for those facts, including ones that form the very basis of the DPA.

For example:

### REQUEST FOR ADMISSION NO. 40:

Admit that Boeing did not disclose the expansion of the MCAS operational scope to the FAA AEG personnel responsible for publishing the 737 MAX FSB Report and making training related determinations.

### RESPONSE TO REQUEST FOR ADMISSION NO. 40:

Boeing admits that it executed the deferred prosecution agreement filed at *United States v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for themselves. Boeing admits that Paragraph 25 of the Deferred Prosecution Agreement states that: "Boeing did not disclose the expansion to the FAA AEG personnel responsible for publishing the 737 MAX FSB Report and making the training-related determination." To the extent this Request asks for admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this Request.

\*       \*       \*

### REQUEST FOR ADMISSION NO. 69:

Admit that by concealing MCAS's expanded operational scope from the FAA AEG, Boeing, through Mark Forkner and Patrik Gustavsson, defrauded, impaired, obstructed, defeated, and interfered with the FAA AEG's lawful function to evaluate MCAS and to include information about MCAS in the 737 MAX FSB Report.

### RESPONSE TO REQUEST FOR ADMISSION NO. 69:

**CONDON**⁄**FORSYTH**

Jerrob Duffy, Esq.
W. Connor Winn, Esq.
Cory E. Jacobs, Esq.
Michael T. O'Neill, Esq.
U.S. Department of Justice
December 8, 2022
Page 5

> Boeing admits that it executed the deferred prosecution agreement filed at *United States v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for themselves. Boeing admits that Paragraph 42 of the Deferred Prosecution Agreement states that: "By concealing MCAS's expanded operational scope from the FAA AEG, Boeing, through [Mark Forkner] and [Patrik Gustavsson], defrauded, impaired, obstructed, defeated, and interfered with the FAA AEG's lawful function to evaluate MCAS and to include information about MCAS in the 737 MAX FSB Report." To the extent this Request asks for admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this Request.

*        *        *

LOT did not ask Boeing to admit what the DPA said, LOT asked Boeing to admit that facts in the RFAs (which mirrored facts within the DPA's Statement of Facts) are true, including that Boeing did not disclose MCAS's operational scope to the FAA AEG, and that its failure to do so defrauded the FAA. Boeing declined to do so. Simply put, Boeing's responses to LOT's RFAs are denials of the facts "described in the [] Statement of Facts," in breach of the DPA. *See* DPA, ECF p. 20, ¶ 32.

LOT therefore requests that the DOJ take all appropriate action against Boeing in the criminal action pending in the Northern District of Texas. We would welcome the opportunity to discuss what those actions should be, and ask that the DOJ confirm receipt of this letter and advise LOT of what actions the DOJ intends to take against Boeing on account of the DPA violations discussed herein.

*        *        *

Jerrob Duffy, Esq.
W. Connor Winn, Esq.
Cory E. Jacobs, Esq.
Michael T. O'Neill, Esq.
U.S. Department of Justice
December 8, 2022
Page 6

Please do not hesitate to contact us with any questions or comments.


Best regards,

*[signature]*

Anthony U. Battista

cc:    Jeff Hellberg, Esq
       Diana Gurfel Shapiro, Esq.
       Evan Kwarta, Esq.
       Mary Dow, Esq.
       Condon & Forsyth LLP

THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| POLSKIE LINIE LOTNICZE LOT S.A., | No. 2:21-cv-01449-RSM |
| Plaintiff, | **DEFENDANT THE BOEING COMPANY'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION** |
| v. | |
| THE BOEING COMPANY, | |
| Defendant. | |

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant The Boeing Company ("Boeing"), by and through its attorneys of record Perkins Coie LLP, hereby responds to Plaintiff Polskie Linie Lotnicze LOT S.A.'s ("LOT") First Set of Requests for Admission as follows:

## <u>GENERAL OBJECTIONS</u>

The following general objections apply to each Request listed below and shall have the same force and effect as if set forth in full in response to each Request. The assertion of the same, similar, or additional objections in response to a specific Request below does not waive or modify any of these general objections.

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 1

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1.    To the extent that a Request requires Boeing to respond on behalf of any entity other than itself, or on behalf of an agent or employee of another entity, Boeing objects because such Request is overly broad, unduly burdensome, and beyond the scope of permissible discovery. Boeing makes these responses solely on behalf of Boeing.

2.    Boeing objects to these Requests to the extent they call for any material that is subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the insurer-insured privilege, or any other statutory or common-law privilege or immunity. Specific objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a specific objection should not be interpreted as evidence that Boeing does not object to a given Request on the basis of an applicable privilege or immunity. Inadvertent disclosure of any information or document subject to and/or protected by any privilege or immunity does not waive the privilege or immunity as to other information or documents regarding the same subject or content, and it does not waive Boeing's right to object to the introduction of such privileged or immunized information or documents into evidence.

3.    Boeing objects to these Requests to the extent they seek any information that is confidential or proprietary, including trade secrets or other confidential research, development, financial, or commercial materials. Boeing also objects to these Requests to the extent they seek any information that is subject to confidentiality agreements with third parties, unless those parties have authorized disclosure of that material. Any information that may be disclosed in the future in response to these Requests shall be disclosed without waiving any claim of confidentiality.

4.    Boeing objects to these Requests as overbroad, unduly burdensome, and not proportional to the needs of the case.

5.    Boeing objects to Plaintiff's definition of the term "737 MAX" to the extent that it refers to variants of the 737 MAX other than the 737 MAX 8. To the extent LOT requests

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 2

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   information related to MCAS, Boeing will provide information to the extent it relates to the

2   MCAS on the 737 MAX 8.

3       6.      Boeing objects to Plaintiff's definition of the terms "Defendant," "Boeing," and

4   "you" to the extent they refer to any individuals or entities other than The Boeing Company. As

5   used in these responses the term "Boeing" refers exclusively to The Boeing Company.

6       7.      Boeing objects to Plaintiff's definition of the term "FAA" to the extent it refers to

7   individuals or entities other than the United States Federal Aviation Administration. As used in

8   these responses the term "FAA" refers exclusively to the United States Federal Aviation

9   Administration.

10      8.      Boeing objects to Plaintiff's definition of the term "EASA" to the extent it refers

11  to individuals or entities other than the European Union Aviation Safety Agency. As used in

12  these responses the term "EASA" refers exclusively to the European Union Aviation Safety

13  Agency.

14      9.      In responding to these Requests, Boeing does not waive but rather preserves its

15  rights to (a) object on the grounds of competency, relevancy, materiality, privilege, work

16  product, and admissibility; and (b) object on any ground to the use of any responses herein or the

17  documents referred to herein in any subsequent proceeding, including the trial of this or any

18  other action.

19      10.     Boeing objects to each of the Requests to the extent they seek information outside

20  of Boeing's possession, custody, and control.

21      11.     Boeing has not yet completed its investigation, review, and analysis of the facts

22  and law relating to this case. The information set forth below is true and correct to the best

23  knowledge of Boeing as of the date of these responses, which are based on records and

24  information currently known and available. Boeing reserves the right to supplement these

25  responses and/or to produce subsequently discovered material relevant to these responses

26  pursuant to Federal Rule of Civil Procedure 26(e).

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 3

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that The Boeing Company ("Boeing") is a U.S.-based multinational corporation that designs, manufactures, and sells commercial airplanes to airlines worldwide.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Boeing admits that it executed the deferred prosecution agreement filed at *United States v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for themselves. Boeing admits that Paragraph 2 of the Deferred Prosecution Agreement states that: "The Boeing Company ('Boeing') was a U.S.-based multinational corporation that designed, manufactured, and sold commercial airplanes to airlines worldwide." To the extent this Request asks for admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this Request.

**REQUEST FOR ADMISSION NO. 2:**

Admit that Boeing's airline customers include aircraft lessors and major U.S. and foreign based airlines.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Boeing admits that it executed the deferred prosecution agreement filed at *United States v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for themselves. Boeing admits that Paragraph 3 of the Deferred Prosecution Agreement states that: "Boeing's airline customers included major U.S.-based airlines headquartered in the Northern District of Texas and elsewhere." To the extent this Request asks for admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this Request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that as of today, Boeing operates from various locations, including in and around

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 4

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    Seattle, Washington.

2    **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

3          Boeing admits that it executed the deferred prosecution agreement filed at *United States*

4    *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

5    Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

6    themselves. Boeing admits that Paragraph 2 of the Deferred Prosecution Agreement states that:

7    "Boeing operated from various locations, including in and around Seattle, Washington." To the

8    extent this Request asks for admissions beyond what is stated in the Deferred Prosecution

9    Agreement, Boeing denies this Request.

10   **REQUEST FOR ADMISSION NO. 4:**

11         Admit that the Boeing 737 is a commercial airplane designed, manufactured, and sold by

12   Boeing beginning in the 1960's and is one of Boeing's best-selling airplane models.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

14         Boeing admits that it executed the deferred prosecution agreement filed at *United States*

15   *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

16   Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

17   themselves. Boeing admits that Paragraph 4 of the Deferred Prosecution Agreement states that:

18   "The Boeing 737 was a commercial airplane that could seat approximately 200 passengers and

19   was one of Boeing's best-selling airplane models. Boeing began designing, manufacturing, and

20   selling the Boeing 737 in the 1960s." To the extent this Request asks for admissions beyond

21   what is stated in the Deferred Prosecution Agreement, Boeing denies this Request.

22   **REQUEST FOR ADMISSION NO. 5:**

23         Admit that the Boeing 737 designed by Boeing is a commercial airplane that can seat

24   about 200 passengers.

25   **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

26         Boeing admits that it executed the deferred prosecution agreement filed at *United States*

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

92516820

1    *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

2    Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

3    themselves. Boeing admits that Paragraph 4 of the Deferred Prosecution Agreement states that:

4    "The Boeing 737 was a commercial airplane that could seat approximately 200 passengers and

5    was one of Boeing's best-selling airplane models." To the extent this Request asks for

6    admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this

7    Request.

8    **REQUEST FOR ADMISSION NO. 6:**

9        Admit that, over time, Boeing designed, manufactured, and sold new versions of the

10    Boeing 737 to its airline and leasing customers.

11    **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

12        Boeing admits that it executed the deferred prosecution agreement filed at *United States*

13    *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

14    Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

15    themselves. Boeing admits that Paragraph 4 of the Deferred Prosecution Agreement states that:

16    "Over time, Boeing designed, manufactured, and sold new versions of the Boeing 737 to its

17    airline customers, including major U.S.-based airlines." To the extent this Request asks for

18    admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this

19    Request.

20    **REQUEST FOR ADMISSION NO. 7:**

21        Admit that in or around June 2011, Boeing began developing and marketing a new

22    version of its Boeing 737 called the Boeing 737 MAX ("737 MAX").

23    **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

24        Boeing admits that it executed the deferred prosecution agreement filed at *United States*

25    *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

26    Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 6

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  themselves. Boeing admits that Paragraph 5 of the Deferred Prosecution Agreement states that:

2  "In or around June 2011, Boeing began developing and marketing a new version of its Boeing

3  737 called the 737 MAX." To the extent this Request asks for admissions beyond what is stated

4  in the Deferred Prosecution Agreement, Boeing denies this Request.

5  **REQUEST FOR ADMISSION NO. 8:**

6      Admit that the 737 MAX was designed by Boeing as a competitive answer to a new

7  version of an airplane developed by one of Boeing's top rivals in commercial airplanes, Airbus.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

9      Boeing admits that it executed the deferred prosecution agreement filed at *United States*

10  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

11  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

12  themselves. Boeing admits that Paragraph 5 of the Deferred Prosecution Agreement states that:

13  "The 737 MAX was designed by Boeing as a competitive answer to a new version of an airplane

14  developed by one of Boeing's top rivals in commercial airplanes, [Airbus]." To the extent this

15  Request asks for admissions beyond what is stated in the Deferred Prosecution Agreement,

16  Boeing denies this Request.

17  **REQUEST FOR ADMISSION NO. 9:**

18      Admit that Boeing promised that the 737 MAX has increased fuel efficiency over its

19  prior version, the 737 Next Generation ("737 NG").

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

21      Boeing admits that it executed the deferred prosecution agreement filed at *United States*

22  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

23  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

24  themselves. Boeing admits that Paragraph 5 of the Deferred Prosecution Agreement states that:

25  "Like the new version of Airbus's airplane, the 737 MAX promised increased fuel efficiency

26  over its prior version, the 737 Next Generation ('737 NG')." To the extent this Request asks for

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 7

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this

2  Request.

3  **REQUEST FOR ADMISSION NO. 10:**

4      Admit that Boeing's 737 MAX Flight Technical Team was principally responsible for

5  identifying and providing to the FAA AEG all information that was relevant to the FAA AEG in

6  connection with the FAA AEG's publication of the 737 MAX FSB Report.

7  **RESPONSE TO REQUEST 10:**

8      Boeing admits that it executed the deferred prosecution agreement filed at *United States*

9  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

10  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

11  themselves. Boeing admits that Paragraph 11 of the Deferred Prosecution Agreement states that:

12  "Boeing's 737 MAX Flight Technical Team was principally responsible for identifying and

13  providing to the FAA AEG all information that was relevant to the FAA AEG in connection with

14  the FAA AEG's publication of the 737 MAX FSB Report." To the extent this Request asks for

15  admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this

16  Request.

17  **REQUEST FOR ADMISSION NO. 11:**

18      Admit that from in or around early 2012 until in or around early 2014, Mark Forkner was

19  a Technical Pilot for Boeing's 737 MAX Flight Technical Team.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

21      Boeing admits that it executed the deferred prosecution agreement filed at *United States*

22  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

23  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

24  themselves. Boeing admits that Paragraph 12 of the Deferred Prosecution Agreement states that:

25  "From in or around early 2012 until in or around early 2014, [Mark Forkner] was a Technical

26  Pilot for Boeing's 737 MAX Flight Technical Team." To the extent this Request asks for

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 8

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this

2  Request.

3  **REQUEST FOR ADMISSION NO. 12:**

4      Admit that in 2014, Mark Forkner became Boeing's 737 MAX Chief Technical Pilot.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

6      Boeing admits that it executed the deferred prosecution agreement filed at *United States*

7  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

8  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

9  themselves. Boeing admits that Paragraph 12 of the Deferred Prosecution Agreement states that:

10  "In or around early 2014, [Mark Forkner] became Boeing's 737 MAX Chief Technical Pilot." To

11  the extent this Request asks for admissions beyond what is stated in the Deferred Prosecution

12  Agreement, Boeing denies this Request.

13  **REQUEST FOR ADMISSION NO. 13:**

14      Admit that in his role as Boeing's 737 MAX Chief Technical Pilot (*see* Request No.12),

15  Mark Forkner led the 737 MAX Technical Team.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

17      Boeing admits that it executed the deferred prosecution agreement filed at *United States*

18  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

19  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

20  themselves. Boeing admits that Paragraph 12 of the Deferred Prosecution Agreement states that:

21  "In or around early 2014, [Mark Forkner] became Boeing's 737 MAX Chief Technical Pilot. In

22  that role, [Mark Forkner] led the 737 MAX Flight Technical Team." To the extent this Request

23  asks for admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies

24  this Request.

25  **REQUEST FOR ADMISSION NO. 14:**

26      Admit that from in or around 2014 until July 2018, Patrik Gustavsson was a Technical

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 9

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  Pilot for Boeing's 737 MAX Flight Technical Team.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

3    Boeing admits that it executed the deferred prosecution agreement filed at *United States*

4  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

5  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

6  themselves. Boeing admits that Paragraph 13 of the Deferred Prosecution Agreement states that:

7  "From in or around mid-2014 until in or around July 2018, [Patrik Gustavsson] was a Technical

8  Pilot for Boeing's 737 MAX Flight Technical Team." To the extent this Request asks for

9  admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this

10  Request.

11  **REQUEST FOR ADMISSION NO. 15:**

12    Admit that in or around July 2018, Mark Forkner left Boeing and Patrik Gustavsson

13  became Boeing's 737 MAX Chief Technical Pilot.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

15    Boeing admits that it executed the deferred prosecution agreement filed at *United States*

16  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

17  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

18  themselves. Boeing admits that Paragraph 13 of the Deferred Prosecution Agreement states that:

19  "In or around July 2018, after [Mark Forkner] left Boeing, [Patrik Gustavsson] became Boeing's

20  737 MAX Chief Technical Pilot." To the extent this Request asks for admissions beyond what is

21  stated in the Deferred Prosecution Agreement, Boeing denies this Request.

22  **REQUEST FOR ADMISSION NO. 16:**

23    Admit that in his role as Boeing's 737 MAX Chief Technical Pilot (*see* Request No. 15),

24  Patrik Gustavsson led the 737 MAX Flight Technical Team.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

26    Boeing admits that it executed the deferred prosecution agreement filed at *United States*

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 10

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

2   Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

3   themselves. Boeing admits that Paragraph 13 of the Deferred Prosecution Agreement states that:

4   "In or around July 2018, after [Mark Forkner] left Boeing, [Patrik Gustavsson] became Boeing's

5   737 MAX Chief Technical Pilot. In that role, Patrik Gustavsson led the 737 MAX Flight

6   Technical Team." To the extent this Request asks for admissions beyond what is stated in the

7   Deferred Prosecution Agreement, Boeing denies this Request.

8   **REQUEST FOR ADMISSION NO. 17:**

9       Admit that Mark Forkner and Patrik Gustavsson understood that the FAA AEG relied on

10   them, as members of Boeing's 737 MAX Flight Technical Team, to identify and provide to the

11   FAA AEG all information that was relevant in connection with the FAA AEG's publication of

12   the 737 MAX FSB Report, including information that could impact the FAA AEG's differences-

13   training determination.

14   **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

15       Boeing admits that it executed the deferred prosecution agreement filed at *United States*

16   *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

17   Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

18   themselves. Boeing admits that Paragraph 14 of the Deferred Prosecution Agreement states that:

19   "[Mark Forkner] and [Patrik Gustavsson] understood that the FAA AEG relied on them, as

20   members of Boeing's 737 MAX Flight Technical Team, to identify and provide to the FAA AEG

21   all information that was relevant to the FAA AEG in connection with the FAA AEG's

22   publication of the 737 MAX FSB Report, including information that could impact the FAA

23   AEG's differences-training determination." To the extent this Request asks for admissions

24   beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this Request.

25   **REQUEST FOR ADMISSION NO. 18:**

26       Admit that Mark Forkner and Patrik Gustavsson understood that, because flight controls

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 11

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  were vital to flying modern commercial airplanes, differences between the flight controls of the

2  737 NG and the 737 MAX were especially important to the FAA AEG for purposes of its

3  publication of the 737 MAX FSB Report and the FAA AEG's differences-training

4  determination.

5  **RESPONSE TO REQUEST FOR REQUEST FOR ADMISSION NO. 18:**

6        Boeing admits that it executed the deferred prosecution agreement filed at *United States*

7  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

8  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

9  themselves. Boeing admits that Paragraph 15 of the Deferred Prosecution Agreement states that:

10  "[Mark Forkner] and [Patrik Gustavsson] also understood that, because flight controls were vital

11  to flying modern commercial airplanes, differences between the flight controls of the 737 NG

12  and the 737 MAX were especially important to the FAA AEG for purposes of its publication of

13  the 737 MAX FSB Report and the FAA AEG's differences-training determination." To the

14  extent this Request asks for admissions beyond what is stated in the Deferred Prosecution

15  Agreement, Boeing denies this Request.

16  **REQUEST FOR ADMISSION NO 19.:**

17        Admit that from at least in and around November 2016 through at least in and around

18  December 2018, within the United States, Boeing, through Mark Forkner and Patrik Gustavsson,

19  knowingly, and with intent to defraud, conspired to defraud the FAA AEG.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

21        Boeing admits that it executed the deferred prosecution agreement filed at *United States*

22  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

23  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

24  themselves. Boeing admits that Paragraph 16 of the Deferred Prosecution Agreement states that:

25  "From at least in and around November 2016 through at least in and around December 2018, in

26  the Northern District of Texas and elsewhere, Boeing, through [Mark Forkner] and [Patrik

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 12

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  Gustavsson], knowingly, and with intent to defraud, conspired to defraud the FAA AEG." To the

2  extent this Request asks for admissions beyond what is stated in the Deferred Prosecution

3  Agreement, Boeing denies this Request.

4  **REQUEST FOR ADMISSION NO. 20:**

5  Admit that at all times during the aforementioned conspiracy referenced in Request No.

6  19, Mark Forkner and Patrik Gustavsson were acting within the scope of their employment with

7  Boeing and with the intention, at least in part, to benefit Boeing.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

9  Boeing admits that it executed the deferred prosecution agreement filed at *United States*

10  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

11  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

12  themselves. Boeing admits that Paragraph 17 of the Deferred Prosecution Agreement states that:

13  "At all times during the conspiracy, [Mark Forkner] and [Patrik Gustavsson] were acting within

14  the scope of their employment and with the intention, at least in part, to benefit Boeing." To the

15  extent this Request asks for admissions beyond what is stated in the Deferred Prosecution

16  Agreement, Boeing denies this Request.

17  **REQUEST FOR ADMISSION NO. 21:**

18  Admit that the purpose of the aforementioned conspiracy referenced in Request No. 19

19  was to defraud the FAA AEG by impairing, obstructing, defeating, and interfering with the

20  lawful function of the FAA AEG by dishonest means in connection with its publication of the

21  737 MAX FSB Report and its differences-training determination for the Boeing 737 MAX, in

22  order to bring about a financial gain to Boeing and to benefit Mark Forkner and Patrik

23  Gustavsson in connection with the Boeing 737 MAX.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

25  Boeing admits that it executed the deferred prosecution agreement filed at *United States*

26  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 13

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for themselves. Boeing admits that Paragraph 17 of the Deferred Prosecution Agreement states that: "The purpose of the conspiracy was to defraud the FAA AEG by impairing, obstructing, defeating, and interfering with the lawful function of the FAA AEG by dishonest means in connection with its publication of the 737 MAX FSB Report and its differences-training determination for the Boeing 737 MAX, in order to bring about a financial gain to Boeing and to benefit Mark Forkner and Patrik Gustavsson in connection with the Boeing 737 MAX." To the extent this Request asks for admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this Request.

**REQUEST FOR ADMISSION NO. 22:**

Admit that Boeing knew "Level B" differences training was significantly less expensive for airlines to complete than "Level D."

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Boeing admits that it executed the deferred prosecution agreement filed at *United States v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for themselves. Boeing admits that Paragraph 18 of the Deferred Prosecution Agreement states that: "As Boeing knew, 'Level B' differences training was significantly less expensive for airlines to complete than 'Level D.'" To the extent this Request asks for admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this Request.

**REQUEST FOR ADMISSION NO. 23:**

Admit that Boeing was aware that, in and around November 2014, if the FAA AEG required a less rigorous level of differences-training for the 737 MAX aircraft—such as "Level B"— in the 737 MAX FSB Report, the 737 MAX would be a more attractive option for Boeing's airline customers already flying the 737 NG because, rather than switching to an entirely new airplane, such as the new version of Airbus's airplane, customers would be able to save

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 14

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  significant money in pilot-training costs by transitioning to the 737 MAX.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

3  Boeing admits that it executed the deferred prosecution agreement filed at *United States*

4  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

5  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

6  themselves. Boeing admits that Paragraph 18 of the Deferred Prosecution Agreement states that:

7  "[I]f the FAA AEG required a less rigorous level—such as 'Level B'—of differences training for

8  the 737 MAX in the 737 MAX FSB Report, the 737 MAX would be a more attractive option for

9  Boeing's airline customers already flying the 737 NG than switching to an entirely new airplane,

10  such as the new version of [Airbus's] airplane, as such customers would save significant money

11  in pilot-training costs by transitioning to the 737 MAX." To the extent this Request asks for

12  admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this

13  Request.

14  **REQUEST FOR ADMISSION NO. 24:**

15  Admit that Boeing's stated objectives in designing the 737 MAX included securing the

16  FAA AEG's determination to require no greater than "Level B" differences training in the 737

17  MAX FSB Report.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

19  Boeing admits that it executed the deferred prosecution agreement filed at *United States*

20  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

21  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

22  themselves. Boeing admits that Paragraph 19 of the Deferred Prosecution Agreement states that:

23  "Boeing's stated objectives in designing the 737 MAX included securing the FAA AEG's

24  determination to require no greater than 'Level B' differences training in the 737 MAX FSB

25  Report." To the extent this Request asks for admissions beyond what is stated in the Deferred

26  Prosecution Agreement, Boeing denies this Request.

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 15

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    **REQUEST FOR ADMISSION NO. 25:**

2    Admit that in or around November 2014, Patrik Gustavsson wrote in an internal Boeing

3    electronic chat communication to Mark Forkner that "nothing can jepordize [sic] level b[.]".

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

5    Boeing admits that it executed the deferred prosecution agreement filed at *United States*

6    *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

7    Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

8    themselves. Boeing admits that Paragraph 19 of the Deferred Prosecution Agreement states that:

9    "[I]n or around November 2014, Patrik Gustavsson wrote in an internal Boeing electronic chat

10   communication to Mark Forkner that 'nothing can jepordize [sic] level b[.]'" To the extent this

11   Request asks for admissions beyond what is stated in the Deferred Prosecution Agreement,

12   Boeing denies this Request.

13   **REQUEST FOR ADMISSION NO. 26:**

14   Admit that in or around December 2014, Mark Forkner wrote in an email to another

15   Boeing employee stating that "if we lose Level B [it] will be thrown squarely on my shoulders. It

16   was [Mark Forkner], yes [Mark Forkner]! Who cost Boeing tens of millions of dollars!"

17   **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

18   Boeing admits that it executed the deferred prosecution agreement filed at *United States*

19   *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

20   Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

21   themselves. Boeing admits that Paragraph 19 of the Deferred Prosecution Agreement states that:

22   "In or around December 2014, Mark Forkner wrote in an email to another Boeing employee that

23   'if we lose Level B [it] will be thrown squarely on my shoulders. It was [Mark Forkner], yes

24   [Mark Forkner]! Who cost Boeing tens of millions of dollars!'" To the extent this Request asks

25   for admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this

26   Request.

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 16

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  **REQUEST FOR ADMISSION NO. 27:**

2  Admit that to achieve its promised fuel efficiency, the 737 MAX used larger engines than

3  the 737 NG.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

5  Boeing admits that it executed the deferred prosecution agreement filed at *United States*

6  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

7  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

8  themselves. Boeing admits that Paragraph 20 of the Deferred Prosecution Agreement states that:

9  "To achieve its promised fuel efficiency, the 737 MAX used larger engines than the 737 NG."

10  To the extent this Request asks for admissions beyond what is stated in the Deferred Prosecution

11  Agreement, Boeing denies this Request.

12  **REQUEST FOR ADMISSION NO. 28:**

13  Admit that the larger 737 MAX engines, and their placement under the airplane's wings,

14  meant that the aerodynamics of the 737 MAX differed from those of the 737 NG.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

16  Boeing admits that it executed the deferred prosecution agreement filed at *United States*

17  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

18  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

19  themselves. Boeing admits that Paragraph 20 of the Deferred Prosecution Agreement states that:

20  "These larger engines, and their placement under the airplane's wings, meant that the

21  aerodynamics of the 737 MAX differed from those of the 737 NG." To the extent this Request

22  asks for admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies

23  this Request.

24  **REQUEST FOR ADMISSION NO. 29:**

25  Admit that the 737 MAX's different aerodynamics created a new handling characteristic

26  for the 737 MAX that caused the 737 MAX's nose to pitch up during a certain flight maneuver

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 17

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  called a high-speed, wind-up turn.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

3     Boeing admits that it executed the deferred prosecution agreement filed at *United States*

4  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

5  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

6  themselves. Boeing admits that Paragraph 21 of the Deferred Prosecution Agreement states that:

7  "These different aerodynamics created a new handling characteristic for the 737 MAX that

8  caused the 737 MAX's nose to pitch up during a certain flight maneuver called a high-speed,

9  wind-up turn." To the extent this Request asks for admissions beyond what is stated in the

10  Deferred Prosecution Agreement, Boeing denies this Request.

11  **REQUEST FOR ADMISSION NO. 30:**

12     Admit that prior to certification of the 737 MAX in 2017, Boeing knew that if it did not

13  fix the 737 MAX's pitch-up characteristic in high-speed, wind-up turns, the FAA could

14  determine that the 737 MAX did not meet U.S. federal airworthiness standards.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

16     Boeing admits that it executed the deferred prosecution agreement filed at *United States*

17  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

18  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

19  themselves. Boeing admits that Paragraph 22 of the Deferred Prosecution Agreement states that:

20  "[I]f Boeing did not fix the 737 MAX's pitch-up characteristic in high-speed, wind-up turns, the

21  FAA could determine that the 737 MAX did not meet U.S. federal airworthiness standards." To

22  the extent this Request asks for admissions beyond what is stated in the Deferred Prosecution

23  Agreement, Boeing denies this Request.

24  **REQUEST FOR ADMISSION NO. 31:**

25     Admit that to fix the 737 MAX's pitch-up characteristic, Boeing created MCAS and

26  incorporated it as a part of the 737 MAX's flight controls.

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 18

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Boeing admits that it executed the deferred prosecution agreement filed at *United States v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for themselves. Boeing admits that Paragraph 23 of the Deferred Prosecution Agreement states that: "To fix this pitch-up characteristic, Boeing created MCAS and incorporated it as a part of the 737 MAX's flight controls." To the extent this Request asks for admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this Request.

**REQUEST FOR ADMISSION NO. 32:**

Admit that MCAS was an aircraft "part" within the meaning of Title 18, United States Code, Sections 31(a)(7) and 38.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Boeing admits that it executed the deferred prosecution agreement filed at *United States v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for themselves. Boeing admits that Paragraph 23 of the Deferred Prosecution Agreement states that: "MCAS was an aircraft 'part' within the meaning of Title 18, United States Code, Sections 31(a)(7) and 38." To the extent this Request asks for admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this Request.

**REQUEST FOR ADMISSION NO. 33:**

Admit that in operation, MCAS would automatically cause the airplane's nose to pitch down by adjusting the 737 MAX's horizontal stabilizer (a horizontal tail located near the rear of the airplane).

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Boeing admits that it executed the deferred prosecution agreement filed at *United States v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 19

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

2   themselves. Boeing admits that Paragraph 23 of the Deferred Prosecution Agreement states that:

3   "In operation, MCAS would automatically cause the airplane's nose to pitch down by adjusting

4   the 737 MAX's horizontal stabilizer (a horizontal tail located near the rear of the airplane)." To

5   the extent this Request asks for admissions beyond what is stated in the Deferred Prosecution

6   Agreement, Boeing denies this Request.

7   **REQUEST FOR ADMISSION NO. 34:**

8       Admit that prior to June 2015, as originally designed, MCAS could only activate during a

9   high-speed, wind-up turn.

10   **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

11       Boeing admits that it executed the deferred prosecution agreement filed at *United States*

12   *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

13   Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

14   themselves. Boeing admits that Paragraph 23 of the Deferred Prosecution Agreement states that:

15   "As originally designed, MCAS could only activate during a high-speed, wind-up turn." To the

16   extent this Request asks for admissions beyond what is stated in the Deferred Prosecution

17   Agreement, Boeing denies this Request.

18   **REQUEST FOR ADMISSION NO. 35:**

19       Admit that in or around June 2015, Mark Forkner and other Boeing employees briefed

20   the FAA AEG on MCAS.

21   **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

22       Boeing admits that it executed the deferred prosecution agreement filed at *United States*

23   *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

24   Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

25   themselves. Boeing admits that Paragraph 24 of the Deferred Prosecution Agreement states that:

26   "In or around June 2015, [Mark Forkner] and other Boeing employees briefed the FAA AEG on

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 20

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  MCAS." To the extent this Request asks for admissions beyond what is stated in the Deferred

2  Prosecution Agreement, Boeing denies this Request.

3  **REQUEST FOR ADMISSION NO. 36:**

4      Admit that during the June 2015 FAA AEG briefing on MCAS, Boeing described MCAS

5  as a system that could only activate during a high-speed, wind-up turn.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

7      Boeing admits that it executed the deferred prosecution agreement filed at *United States*

8  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

9  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

10 themselves. Boeing admits that Paragraph 24 of the Deferred Prosecution Agreement states that:

11 "During this briefing, Boeing described MCAS as a system that could only activate during a

12 high-speed, wind-up turn." To the extent this Request asks for admissions beyond what is stated

13 in the Deferred Prosecution Agreement, Boeing denies this Request.

14 **REQUEST FOR ADMISSION NO. 37:**

15      Admit that after the aforementioned briefing, Mark Forkner and another Boeing

16 employee further discussed MCAS with an FAA AEG employee, ("FAA AEG Employee-1")

17 and reiterated to FAA AEG Employee-1 the limited operational scope of MCAS.

18 **RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

19      Boeing admits that it executed the deferred prosecution agreement filed at *United States*

20 *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

21 Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

22 themselves. Boeing admits that Paragraph 24 of the Deferred Prosecution Agreement states that:

23 "After the briefing, [Mark Forkner] and another Boeing employee further discussed MCAS with

24 an FAA AEG employee ('FAA AEG Employee-1') and reiterated to FAA AEG Employee-1 the

25 limited operational scope of MCAS." To the extent this Request asks for admissions beyond

26 what is stated in the Deferred Prosecution Agreement, Boeing denies this Request.

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 21

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  **REQUEST FOR ADMISSION NO. 38:**

2      Admit that subsequent to the June 2015 FAA AEG MCAS briefing, Boeing expanded

3  MCAS's operational scope, including the speed range within which MCAS could activate,

4  significantly altering its original design.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

6      Boeing admits that it executed the deferred prosecution agreement filed at *United States*

7  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

8  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

9  themselves. Boeing admits that Paragraphs 24 and 25 of the Deferred Prosecution Agreement

10 state that: "After the briefing, [Mark Forkner] and another Boeing employee further discussed

11 MCAS with an FAA AEG employee ('FAA AEG Employee-1') and reiterated to FAA AEG

12 Employee-1 the limited operational scope of MCAS. Subsequently, Boeing expanded MCAS's

13 operational scope, including the speed range within which MCAS could activate, significantly

14 altering its original design." To the extent this Request asks for admissions beyond what is stated

15 in the Deferred Prosecution Agreement, Boeing denies this Request.

16 **REQUEST FOR ADMISSION NO. 39:**

17     Admit that within this altered design (*see* Request No. 38), among other things, when the

18 737 MAX registered a high angle of attack, the change to MCAS expanded the speed range

19 within which MCAS could activate from approximately Mach 0.6-0.8 to approximately Mach

20 0.2-0.8—that is, from only high-speed flight to nearly the entire speed range for the 737 MAX,

21 including low-speed flight, which generally occurs at a lower altitude and in and around takeoff

22 and landing.

23 **RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

24     Boeing admits that it executed the deferred prosecution agreement filed at *United States*

25 *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

26 Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 22

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   themselves. Boeing admits that Paragraph 25 of the Deferred Prosecution Agreement states that:

2   "Among other things, when the airplane registered a high angle of attack, the change expanded

3   the speed range within which MCAS could activate from approximately Mach 0.6-0.8 to

4   approximately Mach 0.2-0.8—that is, from only high-speed flight to nearly the entire speed

5   range for the 737 MAX, including low-speed flight, which generally occurs at a lower altitude

6   and in and around takeoff and landing." To the extent this Request asks for admissions beyond

7   what is stated in the Deferred Prosecution Agreement, Boeing denies this Request.

8   **REQUEST FOR ADMISSION NO. 40:**

9       Admit that Boeing did not disclose the expansion of the MCAS operational scope to the

10  FAA AEG personnel responsible for publishing the 737 MAX FSB Report and making training-

11  related determinations.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

13      Boeing admits that it executed the deferred prosecution agreement filed at *United States*

14  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

15  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

16  themselves. Boeing admits that Paragraph 25 of the Deferred Prosecution Agreement states that:

17  "Boeing did not disclose the expansion to the FAA AEG personnel responsible for publishing the

18  737 MAX FSB Report and making the training-related determination." To the extent this

19  Request asks for admissions beyond what is stated in the Deferred Prosecution Agreement,

20  Boeing denies this Request.

21  **REQUEST FOR ADMISSION NO. 41:**

22      Admit that Boeing was aware that on August 16, 2016, the FAA AEG issued a

23  provisional "Level B" differences-training determination for the 737 MAX before the FAA AEG

24  published the 737 MAX FSB Report.

25  **RESPONSE TO REQUEST 41:**

26      Boeing admits that it executed the deferred prosecution agreement filed at *United States*

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 23

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

2   Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

3   themselves. Boeing admits that Paragraph 26 of the Deferred Prosecution Agreement states that:

4   "On or about August 16, 2016, before the FAA AEG published the 737 MAX FSB Report, the

5   FAA AEG issued a provisional 'Level B' differences-training determination for the 737 MAX."

6   To the extent this Request asks for admissions beyond what is stated in the Deferred Prosecution

7   Agreement, Boeing denies this Request.

8   **REQUEST FOR ADMISSION NO. 42:**

9       Admit that as of August 16, 2016, Boeing had not informed the FAA AEG that Boeing

10  had expanded the operational scope of MCAS.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

12      Boeing admits that it executed the deferred prosecution agreement filed at *United States*

13  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

14  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

15  themselves. Boeing admits that Paragraph 26 of the Deferred Prosecution Agreement states that:

16  "At the time of this provisional determination, the FAA AEG was unaware that Boeing had

17  expanded MCAS's operational scope." To the extent this Request asks for admissions beyond

18  what is stated in the Deferred Prosecution Agreement, Boeing denies this Request.

19  **REQUEST FOR ADMISSION NO. 43:**

20      Admit that on or about August 16, 2016, Mark Forkner emailed other Boeing employees,

21  including Patrik Gustavsson, and wrote that the FAA AEG's provisional determination of "Level

22  B" differences-training "culminates more than 3 years of tireless and collaborative efforts across

23  many business units" and that the Boeing 737 MAX program management "is VERY happy."

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

25      Boeing admits that it executed the deferred prosecution agreement filed at *United States*

26  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 24

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

2  themselves. Boeing admits that Paragraph 27 of the Deferred Prosecution Agreement states that:

3  "On or about the same day, [Mark Forkner] recognized Boeing's achievement in an email to

4  Boeing employees, including [Patrik Gustavsson], and wrote that the FAA AEG's provisional

5  determination 'culminates more than 3 years of tireless and collaborative efforts across many

6  business units' and that the 737 MAX program management 'is VERY happy.'" To the extent

7  this Request asks for admissions beyond what is stated in the Deferred Prosecution Agreement,

8  Boeing denies this Request.

9  **REQUEST FOR ADMISSION NO. 44:**

10  Admit that Mark Forkner and Patrik Gustavsson knew that the FAA AEG based its

11  August 16, 2016 provisional "Level B" differences-training determination for the 737 MAX in

12  part on the FAA AEG's understanding that MCAS could only activate during the limited

13  operational scope of a high-speed, wind-up turn.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

15  Boeing admits that it executed the deferred prosecution agreement filed at *United States*

16  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

17  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

18  themselves. Boeing admits that Paragraph 28 of the Deferred Prosecution Agreement states that:

19  "As [Mark Forkner] and [Patrik Gustavsson] knew, the FAA AEG based its provisional 'Level

20  B' differences training for the 737 MAX in part on its understanding that MCAS could only

21  activate during the limited operational scope of a high-speed, wind up turn." To the extent this

22  Request asks for admissions beyond what is stated in the Deferred Prosecution Agreement,

23  Boeing denies this Request.

24  **REQUEST FOR ADMISSION NO. 45:**

25  Admit that Mark Forkner and Patrik Gustavsson also understood, as Mark Forkner

26  acknowledged in an email on or about August 16, 2016, that the FAA AEG's "Level B"

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 25

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  differences-training determination for the 737 MAX was only a "provisional approval [. . .]

2  assuming no significant systems changes to the airplane."

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

4      Boeing admits that it executed the deferred prosecution agreement filed at *United States*

5  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

6  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

7  themselves. Boeing admits that Paragraph 29 of the Deferred Prosecution Agreement states that:

8  "[Mark Forkner] and [Patrik Gustavsson] also understood, as [Mark Forkner] acknowledged in

9  his email on or about August 16, 2016, that the FAA AEG's 'Level B' differences determination

10  for the 737 MAX was only a 'provisional approval [. . .] assuming no significant systems

11  changes to the airplane.'" To the extent this Request asks for admissions beyond what is stated in

12  the Deferred Prosecution Agreement, Boeing denies this Request.

13  **REQUEST FOR ADMISSION NO. 46:**

14      Admit that on or about November 10, 2016, in an email to Boeing employees including

15  Patrik Gustavsson discussing a potential change to another part of the 737 MAX's flight

16  controls, Mark Forkner emphasized that "[o]ne of the Program Directives we were given was to

17  not create any differences [. . .] . This is what we sold to the regulators who have already granted

18  us the Level B differences determination. To go back to them now, and tell them there is in fact a

19  difference [. . .] would be a huge threat to that differences training determination."

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

21      Boeing admits that it executed the deferred prosecution agreement filed at *United States*

22  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

23  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

24  themselves. Boeing admits that Paragraph 30 of the Deferred Prosecution Agreement states that:

25  "For example, in an email to Boeing employees including [Patrik Gustavsson] discussing a

26  potential change to another part of the 737 MAX's flight controls on or about November 10,

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

92516820

2016, [Mark Forkner] emphasized that '[o]ne of the Program Directives we were given was to not create any differences [. . .]. This is what we sold to the regulators who have already granted us the Level B differences determination. To go back to them now, and tell them there is in fact a difference [. . .] would be a huge threat to that differences training determination.'" To the extent this Request asks for admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this Request.

**REQUEST FOR ADMISSION NO. 47:**

Admit that on or about November 15, 2016, during a test flight of the 737 MAX in a simulator, Mark Forkner experienced what Mark Forkner recognized as MCAS operating at lower speed.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Boeing admits that it executed the deferred prosecution agreement filed at *United States v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for themselves. Boeing admits that Paragraph 31 of the Deferred Prosecution Agreement states that: "On or about November 15, 2016, during a test flight of the 737 MAX in a simulator, [Mark Forkner] experienced what [Mark Forkner] recognized as MCAS operating at lower speed." To the extent this Request asks for admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this Request.

**REQUEST FOR ADMISSION NO. 48:**

Admit that during the foregoing test flight of the 737 MAX in a simulator (*see* Request No. 47), Mark Forkner further recognized that the lower-speed operation of the MCAS was different from what Boeing had previously briefed and described to the FAA AEG.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Boeing admits that it executed the deferred prosecution agreement filed at *United States v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 27

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

2   themselves. Boeing admits that Paragraph 31 of the Deferred Prosecution Agreement states that:

3   "[Mark Forkner] further recognized that this lower-speed operation was different from what

4   Boeing had briefed and described to the FAA AEG." To the extent this Request asks for

5   admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this

6   Request.

7   **REQUEST FOR ADMISSION NO. 49:**

8       Admit that on or about November 15, 2016, Mark Forkner and Patrik Gustavsson

9   discussed MCAS in an internal Boeing electronic chat communication, writing in part:

10          Mark Forkner: Oh shocker alerT! [sic] / MCAS is now active
    down to [Mach] .2 / It's running rampant in the sim on me / at least
11          that's what [a Boeing simulator engineer] thinks is happening

12          Patrik Gustavsson: Oh great, that means we have to update the
    speed trim description in vol 2
13

14          Mark Forkner: so I basically lied to the regulators (unknowingly)

15          Patrik Gustavsson: it wasn't a lie, no one told us that was the case.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

17      Boeing admits that it executed the deferred prosecution agreement filed at *United States*

18  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

19  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

20  themselves. Boeing admits that Paragraph 32 of the Deferred Prosecution Agreement states that:

21  "On or about that same day, [Mark Forkner] and [Patrik Gustavsson] discussed MCAS in an

22  internal Boeing electronic chat communication, writing in part:

23      [Forkner]: Oh shocker alerT! [sic] / MCAS is now active down to [Mach] .2 / It's running

24  rampant in the sim on me / at least that's what [a Boeing simulator engineer] thinks is happening

25      [Gustavsson]: Oh great, that means we have to update the speed trim description in vol 2

26      [Forkner]: so I basically lied to the regulators (unknowingly)

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 28

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  [Gustavsson]: it wasn't a lie, no one told us that was the case." To the extent this Request

2  asks for admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies

3  this Request.

4  **REQUEST FOR ADMISSION NO. 50:**

5  Admit that around the time that Mark Forkner and Patrik Gustavsson discussed MCAS's

6  expanded operational scope, in or around November 15, 2016, Mark Forkner asked a Boeing

7  senior engineer assigned to the 737 MAX program about MCAS's operational scope and was

8  informed that MCAS could activate beyond the operational scope of a high-speed wind-up turn.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

10  Boeing admits that it executed the deferred prosecution agreement filed at *United States*

11  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

12  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

13  themselves. Boeing admits that Paragraph 37 of the Deferred Prosecution Agreement states that:

14  "Around the time that [Mark Forkner] and [Patrik Gustavsson] discussed MCAS's expanded

15  operational scope, [Mark Forkner] asked a Boeing senior engineer assigned to the 737 MAX

16  program about MCAS's operational scope. The senior engineer confirmed to [Mark Forkner]

17  that MCAS could activate beyond the limited operational scope of a high-speed, wind-up turn."

18  To the extent this Request asks for admissions beyond what is stated in the Deferred Prosecution

19  Agreement, Boeing denies this Request.

20  **REQUEST FOR ADMISSION NO. 51:**

21  Admit that on or about November 15, 2016, Mark Forkner and Patrik Gustavsson

22  recognized that the FAA AEG was under the misimpression that MCAS operated only during a

23  high-speed, wind up turn and could not operate at lower Mach speeds, such as at Mach 0.2.

24  **RESPONSE TO REQUEST NO. 51:**

25  Boeing admits that it executed the deferred prosecution agreement filed at *United States*

26  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 29

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

2  themselves. Boeing admits that Paragraph 33 of the Deferred Prosecution Agreement states that:

3  "At this point, [Mark Forkner] and [Patrik Gustavsson] recognized that the FAA AEG was under

4  the misimpression that MCAS operated only during a high-speed, wind up turn and could not

5  operate at lower Mach speeds, such as at Mach 0.2." To the extent this Request asks for

6  admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this

7  Request.

8  **REQUEST FOR ADMISSION NO. 52:**

9       Admit that at least as of November 15, 2016, Mark Forkner and Patrik Gustavsson knew

10  that the FAA AEG's provisional "Level B" differences-training determination had been based in

11  part on outdated and inaccurate information about MCAS.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

13       Boeing admits that it executed the deferred prosecution agreement filed at *United States*

14  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

15  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

16  themselves. Boeing admits that Paragraph 33 of the Deferred Prosecution Agreement states that:

17  "[Mark Forkner] and [Patrik Gustavsson] therefore knew, at least as of the time of this chat

18  communication, that the FAA AEG's provisional 'Level B' differences-training determination

19  had been based in part on outdated and inaccurate information about MCAS." To the extent this

20  Request asks for admissions beyond what is stated in the Deferred Prosecution Agreement,

21  Boeing denies this Request.

22  **REQUEST FOR ADMISSION NO. 53:**

23       Admit that in and around November 2016, Mark Forkner and Patrik Gustavsson also

24  knew that MCAS's expanded operational scope was relevant to the FAA AEG's decisions about

25  the content of the 737 MAX FSB Report, including whether to include information about

26  MCAS.

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 30

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

2       Boeing admits that it executed the deferred prosecution agreement filed at *United States*

3   *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

4   Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

5   themselves. Boeing admits that Paragraph 34 of the Deferred Prosecution Agreement states that:

6   "[Mark Forkner] and [Patrik Gustavsson] also knew that MCAS's expanded operational scope

7   was relevant to the FAA AEG's decisions about the content of the 737 MAX FSB Report,

8   including whether to include information about MCAS." To the extent this Request asks for

9   admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this

10  Request.

11  **REQUEST FOR ADMISSION NO. 54:**

12      Admit that in and around November 2016, Mark Forkner and Patrik Gustavsson

13  understood that it was their responsibility to update the FAA AEG about any relevant changes to

14  the 737 MAX's flight controls—such as MCAS's expanded operational scope.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

16      Boeing admits that it executed the deferred prosecution agreement filed at *United States*

17  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

18  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

19  themselves. Boeing admits that Paragraph 34 of the Deferred Prosecution Agreement states that:

20  "[Mark Forkner] and [Patrik Gustavsson] similarly understood that it was their responsibility to

21  update the FAA AEG about any relevant changes to the 737 MAX's flight controls—such as

22  MCAS's expanded operational scope." To the extent this Request asks for admissions beyond

23  what is stated in the Deferred Prosecution Agreement, Boeing denies this Request.

24  **REQUEST FOR ADMISSION NO. 55:**

25      Admit that prior to the publication of the 737 MAX FSB Report, despite knowing that the

26  FAA AEG had issued its provisional "Level B" differences-training determination without any

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 31

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  awareness that MCAS's operational scope had been expanded to include high angle-of-attack

2  conditions in nearly the entire speed range of ordinary commercial flight, Mark Forkner and

3  Patrik Gustavsson did not correct the FAA AEG's understanding of MCAS's operational scope

4  or otherwise ensure that the FAA AEG's "Level B" differences-training determination was based

5  on an accurate understanding of MCAS's operation.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

7      Boeing admits that it executed the deferred prosecution agreement filed at *United States*

8  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

9  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

10  themselves. Boeing admits that Paragraph 35 of the Deferred Prosecution Agreement states that:

11  "Despite knowing that the FAA AEG had issued its provisional 'Level B' determination without

12  any awareness that MCAS's operational scope had been expanded to include high angle of attack

13  conditions in nearly the entire speed range of ordinary commercial flight, [Mark Forkner] and

14  [Patrik Gustavsson] did not correct the FAA AEG's understanding of MCAS's operational scope

15  or otherwise ensure that the FAA AEG's 'Level B' determination was based on an accurate

16  understanding of MCAS's operation." To the extent this Request asks for admissions beyond

17  what is stated in the Deferred Prosecution Agreement, Boeing denies this Request.

18  **REQUEST FOR ADMISSION NO. 56:**

19      Admit that Boeing—through Mark Forkner and Patrik Gustavsson—intentionally

20  withheld and concealed from the FAA AEG its knowledge of MCAS's expanded operational

21  scope.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

23      Boeing admits that it executed the deferred prosecution agreement filed at *United States*

24  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

25  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

26  themselves. Boeing admits that Paragraph 35 of the Deferred Prosecution Agreement states that:

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 32

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   "Boeing—through [Mark Forkner] and [Patrik Gustavsson]—intentionally withheld and

2   concealed from the FAA AEG their knowledge of MCAS's expanded operational scope." To the

3   extent this Request asks for admissions beyond what is stated in the Deferred Prosecution

4   Agreement, Boeing denies this Request.

5   **REQUEST FOR ADMISSION NO. 57:**

6        Admit that shortly after the aforementioned November 15, 2016 test flight of the 737

7   MAX in a simulator, Mark Forkner spoke with FAA AEG Employee-1 who asked Mark Forkner

8   about the simulated test flight.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

10       Boeing admits that it executed the deferred prosecution agreement filed at *United States*

11   *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

12   Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

13   themselves. Boeing admits that Paragraph 36 of the Deferred Prosecution Agreement states that:

14   "[S]hortly after the simulated test flight described in paragraph 30, [Mark Forkner] talked with

15   FAA AEG Employee-1, who asked [Mark Forkner] about the simulated test flight." To the

16   extent this Request asks for admissions beyond what is stated in the Deferred Prosecution

17   Agreement, Boeing denies this Request.

18   **REQUEST FOR ADMISSION NO. 58:**

19       Admit that during the foregoing conversation between Mark Forkner, and FAA AEG

20   Employee-1 (*see* Request No. 57), Mark Forkner intentionally withheld and concealed from

21   FAA AEG Employee-1 the fact that MCAS's operational scope had been expanded beyond what

22   the FAA AEG relied upon when it issued its provisional "Level B" differences-training

23   determination for the 737 MAX on August 16, 2016.

24   **RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

25       Boeing admits that it executed the deferred prosecution agreement filed at *United States*

26   *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 33

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

2  themselves. Boeing admits that Paragraph 36 of the Deferred Prosecution Agreement states that:

3  "[Mark Forkner] intentionally withheld and concealed from FAA AEG Employee-1 the fact that

4  MCAS's operational scope had been expanded beyond what the FAA AEG relied upon when it

5  issued its provisional 'Level B' differences-training determination for the 737 MAX." To the

6  extent this Request asks for admissions beyond what is stated in the Deferred Prosecution

7  Agreement, Boeing denies this Request.

8  **REQUEST FOR ADMISSION NO. 59:**

9       Admit that on or about November 17, 2016, the FAA AEG emailed three Boeing

10 employees, including Mark Forkner, Patrik Gustavsson, and another Boeing employee, a draft of

11 the forthcoming 737 MAX FSB Report.

12 **RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

13      Boeing admits that it executed the deferred prosecution agreement filed at *United States*

14 *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

15 Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

16 themselves. Boeing admits that Paragraph 38 of the Deferred Prosecution Agreement states that:

17 "On or about November 17, 2016, the FAA AEG emailed three Boeing employees, including

18 [Mark Forkner], [Patrik Gustavsson], and another Boeing employee, a draft of the forthcoming

19 737 MAX FSB Report." To the extent this Request asks for admissions beyond what is stated in

20 the Deferred Prosecution Agreement, Boeing denies this Request.

21 **REQUEST FOR ADMISSION NO. 60:**

22      Admit that on or about November 17, 2016, Mark Forkner asked Patrik Gustavsson and

23 the other Boeing employee to review the draft 737 MAX FSB Report provided by the FAA "for

24 any glaring issues."

25 **RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

26      Boeing admits that it executed the deferred prosecution agreement filed at *United States*

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 34

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

2   Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

3   themselves. Boeing admits that Paragraph 38 of the Deferred Prosecution Agreement states that:

4   "That same day, [Mark Forkner] asked [Patrik Gustavsson] and the other Boeing employee to

5   review the draft 737 MAX FSB Report 'for any glaring issues.'" To the extent this Request asks

6   for admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this

7   Request.

8   **REQUEST FOR ADMISSION NO. 61:**

9       Admit that on or about November 22, 2016, a Boeing employee emailed the draft 737

10   MAX FSB Report back to the FAA AEG with proposed edits copying Mark Forkner and Patrik

11   Gustavsson.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

13       Boeing admits that it executed the deferred prosecution agreement filed at *United States*

14   *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

15   Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

16   themselves. Boeing admits that Paragraph 39 of the Deferred Prosecution Agreement states that:

17   "On or about November 22, 2016, the other Boeing employee emailed the draft 737 MAX FSB

18   Report back to the FAA AEG with proposed edits. [Mark Forkner] and [Patrik Gustavsson] were

19   included on this email." To the extent this Request asks for admissions beyond what is stated in

20   the Deferred Prosecution Agreement, Boeing denies this Request.

21   **REQUEST FOR ADMISSION NO. 62:**

22       Admit that on or about November 22, 2016, Mark Forkner emailed the draft 737 MAX

23   FSB Report back to the FAA AEG which included a proposed edit to delete a reference to

24   MCAS, and wrote, "We agreed not to reference MCAS since it's outside normal operating

25   envelope."

26

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 35

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

Boeing admits that it executed the deferred prosecution agreement filed at *United States v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for themselves. Boeing admits that Paragraph 39 of the Deferred Prosecution Agreement states that: "[Mark Forkner] included a proposed edit to delete a reference to MCAS, and wrote, 'We agreed not to reference MCAS since it's outside normal operating envelope.'" To the extent this Request asks for admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this Request.

**REQUEST FOR ADMISSION NO. 63:**

Admit that when sharing proposed edits to the 737 MAX FSB Report, neither Mark Forkner nor Patrik Gustavsson shared the fact of MCAS's expanded operational scope with the FAA AEG or otherwise corrected the FAA AEG's misimpression that MCAS's operational scope was limited to high-speed, wind-up turns.

**RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

Boeing admits that it executed the deferred prosecution agreement filed at *United States v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for themselves. Boeing admits that Paragraph 39 of the Deferred Prosecution Agreement states that: "Neither [Mark Forkner] nor [Patrik Gustavsson] shared the fact of MCAS's expanded operational scope with the FAA AEG or otherwise corrected the FAA AEG's misimpression that MCAS's operational scope was limited to high-speed, wind-up turns." To the extent this Request asks for admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this Request.

**REQUEST FOR ADMISSION NO. 64:**

Admit that by failing to share the fact of MCAS's expanded operational scope with the

DEFENDANT THE BOEING COMPANY RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION (NO. 2:21-CV-01449-RSM) – 36

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    FAA AEG or otherwise correct the FAA AEG's misimpression that MCAS's operational scope

2    was limited to high-speed wind-up turns, Mark Forkner and Patrik Gustavsson deceived the FAA

3    AEG into believing that the basis upon which the FAA AEG had initially "agreed" to remove

4    any information about MCAS from the 737 MAX FSB Report—that MCAS could only activate

5    during the limited operational scope of a high-speed wind-up turn—remained the same.

6    **RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

7         Boeing admits that it executed the deferred prosecution agreement filed at *United States*

8    *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

9    Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

10   themselves. Boeing admits that Paragraph 40 of the Deferred Prosecution Agreement states that:

11   "In doing so, [Mark Forkner] and [Patrik Gustavsson] deceived the FAA AEG into believing that

12   the basis upon which the FAA AEG had initially 'agreed' to remove any information about

13   MCAS from the 737 MAX FSB Report—that MCAS could only activate during the limited

14   operational scope of a high-speed, wind-up turn—remained the same." To the extent this

15   Request asks for admissions beyond what is stated in the Deferred Prosecution Agreement,

16   Boeing denies this Request.

17   **REQUEST FOR ADMISSION NO. 65:**

18        Admit that Mark Forkner and Patrik Gustavsson withheld their knowledge of MCAS

19   from the FAA AEG to avoid risking the FAA AEG taking any action that could threaten the

20   provisional "Level B" differences-training determination for the 737 MAX in the FSB Report.

21   **RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

22        Boeing admits that it executed the deferred prosecution agreement filed at *United States*

23   *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

24   Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

25   themselves. Boeing admits that Paragraph 40 of the Deferred Prosecution Agreement states that:

26   "[Mark Forkner] and [Patrik Gustavsson] withheld their knowledge of MCAS from the FAA

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 37

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

AEG to avoid risking the FAA AEG taking any action that could threaten the differences-training determination for the 737 MAX." To the extent this Request asks for admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this Request.

**REQUEST FOR ADMISSION NO. 66:**

Admit that on or about January 17, 2017, Mark Forkner again reminded the FAA AEG in an email to delete any reference to MCAS from the forthcoming 737 MAX FSB Report, and wrote, "Flight Controls: Delete MCAS, recall we decided we weren't going to cover it [. . .] since it's way outside the normal operating envelope."

**RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

Boeing admits that it executed the deferred prosecution agreement filed at *United States v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for themselves. Boeing admits that Paragraph 41 of the Deferred Prosecution Agreement states that: "On or about January 17, 2017, [Mark Forkner] again reminded the FAA AEG in an email to delete any reference to MCAS from the forthcoming 737 MAX FSB Report, and wrote, 'Flight Controls: Delete MCAS, recall we decided we weren't going to cover it [. . .] since it's way outside the normal operating envelope.'" To the extent this Request asks for admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this Request.

**REQUEST FOR ADMISSION NO. 67:**

Request for Admission No. 67 is not included in Plaintiff's RFAs, and no response from Boeing is needed.

**REQUEST FOR ADMISSION NO. 68:**

Admit that, through his January 17, 2017 email reminding the FAA AEG to delete any reference to MCAS from the forthcoming 737 MAX FSB Report, Mark Forkner deceived the FAA AEG into believing that the basis upon which the FAA AEG had initially "decided" to remove any information about MCAS from the 737 MAX FSB Report—that MCAS could only

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 38

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    activate during the limited operational scope of a high-speed, wind-up turn—remained the same.

2    **RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

3    Boeing admits that it executed the deferred prosecution agreement filed at *United States*

4    *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

5    Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

6    themselves. Boeing admits that Paragraph 41 of the Deferred Prosecution Agreement states that:

7    "Again, [Mark Forkner] deceived the FAA AEG into believing that the basis upon which the

8    FAA AEG had initially 'decided' to remove any information about MCAS from the 737 MAX

9    FSB Report—that MCAS could only activate during the limited operational scope of a high-

10   speed, wind-up turn—remained the same." To the extent this Request asks for admissions

11   beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this Request.

12   **REQUEST FOR ADMISSION NO. 69:**

13   Admit that by concealing MCAS's expanded operational scope from the FAA AEG,

14   Boeing, through Mark Forkner and Patrik Gustavsson, defrauded, impaired, obstructed, defeated,

15   and interfered with the FAA AEG's lawful function to evaluate MCAS and to include

16   information about MCAS in the 737 MAX FSB Report.

17   **RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

18   Boeing admits that it executed the deferred prosecution agreement filed at *United States*

19   *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

20   Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

21   themselves. Boeing admits that Paragraph 42 of the Deferred Prosecution Agreement states that:

22   "By concealing MCAS's expanded operational scope from the FAA AEG, Boeing, through

23   [Mark Forkner] and [Patrik Gustavsson], defrauded, impaired, obstructed, defeated, and

24   interfered with the FAA AEG's lawful function to evaluate MCAS and to include information

25   about MCAS in the 737 MAX FSB Report." To the extent this Request asks for admissions

26   beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this Request.

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 39

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

92516820

1  **REQUEST FOR ADMISSION NO. 70:**

2  Admit that to Boeing's knowledge, based on Boeing's misleading statements, half-truths,

3  and omissions to the FAA AEG about MCAS, and in reliance on those statements and omissions,

4  the FAA AEG agreed to delete all information about MCAS from the 737 MAX FSB Report.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

6  Boeing admits that it executed the deferred prosecution agreement filed at *United States*

7  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

8  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

9  themselves. Boeing admits that Paragraph 43 of the Deferred Prosecution Agreement states that:

10  "Based on Boeing's misleading statements, half-truths, and omissions to the FAA AEG about

11  MCAS, and in reliance on those statements and omissions, the FAA AEG agreed to delete all

12  information about MCAS from the 737 MAX FSB Report." To the extent this Request asks for

13  admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this

14  Request.

15  **REQUEST FOR ADMISSION NO. 71:**

16  Admit that from in or around January 2017 through in or around July 2017 (when the 737

17  MAX FSB Report was published), Mark Forkner and Patrik Gustavsson sent and caused to be

18  sent emails to representatives of various Boeing airline customers that had agreed to purchase the

19  737 MAX.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 71:**

21  Boeing admits that it executed the deferred prosecution agreement filed at *United States*

22  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

23  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

24  themselves. Boeing admits that Paragraph 44 of the Deferred Prosecution Agreement states that:

25  "From in or around January 2017 through in or around July 2017 (when the 737 MAX FSB

26  Report was published), [Mark Forkner] and [Patrik Gustavsson] sent and caused to be sent

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 40

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   emails to representatives of various Boeing airline customers that had agreed to purchase the 737

2   MAX, including major U.S.-based airlines." To the extent this Request asks for admissions

3   beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this Request.

4   **REQUEST FOR ADMISSION NO. 72:**

5         Admit that in the emails referenced above (*see* Request No. 71), Mark Forkner, Patrik

6   Gustavsson, or members of the 737 MAX Flight Technical Team referenced and included drafts

7   for the forthcoming 737 MAX FSB Report, airplane manuals, and pilot training materials.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 72:**

9         Boeing admits that it executed the deferred prosecution agreement filed at *United States*

10   *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

11   Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

12   themselves. Boeing admits that Paragraph 44 of the Deferred Prosecution Agreement states that:

13   "In these emails, [Mark Forkner] and [Patrik Gustavsson] or members of their 737 MAX Flight

14   Technical Team referenced and included drafts of the forthcoming 737 MAX FSB Report and

15   airplane manuals and pilot-training materials for Boeing's 737 MAX airline customers." To the

16   extent this Request asks for admissions beyond what is stated in the Deferred Prosecution

17   Agreement, Boeing denies this Request.

18   **REQUEST FOR ADMISSION NO. 73:**

19         Admit that none of the foregoing email communications from members of the 737 MAX

20   Flight Technical Team to Boeing airline customers (*see* Request Nos. 71-72) contained any

21   information about MCAS.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 73:**

23         Boeing admits that it executed the deferred prosecution agreement filed at *United States*

24   *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

25   Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

26   themselves. Boeing admits that Paragraph 44 of the Deferred Prosecution Agreement states that:

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 41

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   "None of these items contained any information about MCAS, consistent with [Mark Forkner]'s

2   and [Patrik Gustavsson]'s efforts to deceive the FAA AEG into deleting information about

3   MCAS." To the extent this Request asks for admissions beyond what is stated in the Deferred

4   Prosecution Agreement, Boeing denies this Request.

5   **REQUEST FOR ADMISSION NO. 74:**

6        Admit that on or about July 5, 2017, the FAA AEG published the 737 MAX FSB Report,

7   which included the FAA AEG's "Level B" differences-training determination for the 737 MAX.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 74:**

9        Boeing admits that it executed the deferred prosecution agreement filed at *United States*

10  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

11  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

12  themselves. Boeing admits that Paragraph 45 of the Deferred Prosecution Agreement states that:

13  "On or about July 5, 2017, the FAA AEG published the first 737 MAX FSB Report, which

14  included the FAA AEG's 'Level B' differences-training determination for the 737 MAX." To the

15  extent this Request asks for admissions beyond what is stated in the Deferred Prosecution

16  Agreement, Boeing denies this Request.

17  **REQUEST FOR ADMISSION NO. 75:**

18       Admit that to Boeing's knowledge, 737 MAX FSB Report lacked information about

19  MCAS, and relevant portions of the 737 MAX FSB Report were materially false, inaccurate, and

20  incomplete.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

22       Boeing admits that it executed the deferred prosecution agreement filed at *United States*

23  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

24  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

25  themselves. Boeing admits that Paragraph 46 of the Deferred Prosecution Agreement states that:

26  "Because of Boeing's intentional withholding of information from the FAA AEG, the final

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 42

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  version of the 737 MAX FSB Report lacked information about MCAS, and relevant portions of

2  this 737 MAX FSB Report were materially false, inaccurate, and incomplete." To the extent this

3  Request asks for admissions beyond what is stated in the Deferred Prosecution Agreement,

4  Boeing denies this Request.

5  **REQUEST FOR ADMISSION NO. 76:**

6      Admit that 737 MAX airplane manuals and pilot-training materials based on the 737

7  MAX FSB Report lacked information about MCAS, and relevant portions of these manuals and

8  materials were materially false, inaccurate, and incomplete as a result.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 76:**

10     Boeing admits that it executed the deferred prosecution agreement filed at *United States*

11 *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

12 Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

13 themselves. Boeing admits that Paragraph 46 of the Deferred Prosecution Agreement states that:

14 "In turn, airplane manuals and pilot-training materials for U.S.-based airlines lacked information

15 about MCAS, and relevant portions of these manuals and materials were similarly materially

16 false, inaccurate, and incomplete as a result." To the extent this Request asks for admissions

17 beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this Request.

18 **REQUEST FOR ADMISSION NO. 77:**

19     Admit that after the FAA AEG published the final version of the 737 MAX FSB Report,

20 Boeing continued to sell, and 737 MAX operator airlines were permitted to fly, the 737 MAX.

21 **RESPONSE TO REQUEST FOR ADMISSION NO. 77:**

22     Boeing admits that it executed the deferred prosecution agreement filed at *United States*

23 *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

24 Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

25 themselves. Boeing admits that Paragraph 47 of the Deferred Prosecution Agreement states that:

26 "After the FAA AEG published the final version of the 737 MAX FSB Report, Boeing continued

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 43

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

to sell, and Boeing's U.S.-based airline customers were permitted to fly, the 737 MAX." To the extent this Request asks for admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this Request.

**REQUEST FOR ADMISSION NO. 78:**

Admit that to Boeing's knowledge, pilots flying the 737 MAX for 737 MAX operator airlines between July 5, 2017 and March 2019 were not provided any information about MCAS in their airplane manuals and pilot-training materials.

**RESPONSE TO REQUEST FOR ADMISSION NO. 78:**

Boeing admits that it executed the deferred prosecution agreement filed at *United States v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for themselves. Boeing admits that Paragraph 47 of the Deferred Prosecution Agreement states that: "Pilots flying the 737 MAX for Boeing's airline customers were not provided any information about MCAS in their airplane manuals and pilot-training material." To the extent this Request asks for admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this Request.

**REQUEST FOR ADMISSION NO. 79:**

Request for Admission No. 79 is not included in Plaintiff's RFAs, and no response is required from Boeing.

**REQUEST FOR ADMISSION NO. 80:**

Request for Admission No. 80 is not included in Plaintiff's RFAs, and no response is required from Boeing.

**REQUEST FOR ADMISSION NO. 81:**

Admit that to Boeing's knowledge, on October 29, 2018, Lion Air Flight 610, a Boeing 737 MAX, crashed shortly after takeoff into the Java Sea near Indonesia.

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 44

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 81:**

2       Boeing admits that on October 29, 2018, Lion Air Flight 610, a Boeing 737 MAX,

3   crashed shortly after takeoff into the Java Sea near Indonesia. Boeing denies the remaining

4   allegations.

5   **REQUEST FOR ADMISSION NO. 82:**

6       Admit that to Boeing's knowledge, all 189 passengers and crew on board Lion Air Flight

7   610 died.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 82:**

9       Boeing admits that all 189 passengers and crew on board Lion Air Flight 610 died.

10  Boeing denies the remaining allegations.

11  **REQUEST FOR ADMISSION NO. 83:**

12      Admit that following the Lion Air crash in October 2018, Boeing employees, including

13  Patrik Gustavsson, met with personnel from the FAA AEG to discuss, among other things,

14  MCAS's operational scope.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 83:**

16      Boeing admits that it executed the deferred prosecution agreement filed at *United States*

17  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

18  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

19  themselves. Boeing admits that Paragraph 50 of the Deferred Prosecution Agreement states that:

20  "In and around the same time, Boeing employees, including [Patrik Gustavsson], met with

21  personnel from the FAA AEG to discuss, among other things, MCAS's operational scope." To

22  the extent this Request asks for admissions beyond what is stated in the Deferred Prosecution

23  Agreement, Boeing denies this Request.

24  **REQUEST FOR ADMISSION NO. 84:**

25      Admit that after the aforementioned meeting with personnel from the FAA AEG in or

26  around October 2018 to discuss, among other things, MCAS's operational scope (*see* Request

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 45

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   No. 82), Patrik Gustavsson told FAA AEG Employee-1 that he was previously unaware of

2   MCAS's expanded operational scope and otherwise misled her about his prior knowledge of

3   MCAS.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 84:**

5       Boeing admits that it executed the deferred prosecution agreement filed at *United States*

6   *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

7   Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

8   themselves. Boeing admits that Paragraph 50 of the Deferred Prosecution Agreement states that:

9   "After that meeting, [Patrik Gustavsson] told FAA AEG Employee-1 that he was previously

10  unaware of MCAS's expanded operational scope and otherwise misled FAA AEG Employee-1

11  about [Patrik Gustavsson]'s prior knowledge of MCAS." To the extent this Request asks for

12  admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this

13  Request.

14  **REQUEST FOR ADMISSION NO. 85:**

15      Admit that around the same time that Patrik Gustavsson told FAA AEG Employee-1 that

16  he was previously unaware of MCAS's expanded operational scope, (*see* Request No. 84) Patrik

17  Gustavsson caused Boeing to present a false and misleading presentation to the FAA AEG about

18  MCAS.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 85:**

20      Boeing admits that it executed the deferred prosecution agreement filed at *United States*

21  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

22  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

23  themselves. Boeing admits that Paragraph 51 of the Deferred Prosecution Agreement states that:

24  "Also, in and around the same time, [Patrik Gustavsson] caused Boeing to present a false and

25  misleading presentation to the FAA AEG about MCAS." To the extent this Request asks for

26  admissions beyond what is stated in the Deferred Prosecution Agreement, Boeing denies this

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 46

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  Request.

2  **REQUEST FOR ADMISSION NO. 86:**

3  Admit that after the crash of Lion Air Flight 610, Patrik Gustavsson caused Boeing to

4  represent in a presentation to the FAA AEG that, during the training-evaluation process, Boeing

5  and the FAA AEG had "discussed and agreed on [the] removal of MCAS" from the 737 MAX

6  FSB Report and associated materials.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 86:**

8  Boeing admits that it executed the deferred prosecution agreement filed at *United States*

9  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

10  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

11  themselves. Boeing admits that Paragraph 51 of the Deferred Prosecution Agreement states that:

12  "In connection with this investigation, [Patrik Gustavsson] caused Boeing to represent in a

13  presentation to the FAA AEG that, during the training-evaluation process, Boeing and the FAA

14  AEG had 'discussed and agreed on [the] removal of MCAS' from the 737 MAX FSB Report and

15  associated materials." To the extent this Request asks for admissions beyond what is stated in the

16  Deferred Prosecution Agreement, Boeing denies this Request.

17  **REQUEST FOR ADMISSION NO. 87:**

18  Admit that Patrik Gustavsson's representation in a presentation to the FAA AEG during

19  the training evaluation process (*see* Request No. 86) was misleading because he failed to disclose

20  the November 15, 2016 "shocker alert" chat communication and the fact that the FAA AEG was

21  deprived of relevant information about MCAS.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 87:**

23  Boeing admits that it executed the deferred prosecution agreement filed at *United States*

24  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

25  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

26  themselves. Boeing admits that Paragraph 51 of the Deferred Prosecution Agreement states that:

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 47

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  "This representation was misleading because [Patrik Gustavsson] had failed to disclose the

2  'shocker alert' chat communication and the fact that the FAA AEG was deprived of relevant

3  information about MCAS." To the extent this Request asks for admissions beyond what is stated

4  in the Deferred Prosecution Agreement, Boeing denies this Request.

5  **REQUEST FOR ADMISSION NO. 88:**

6      Admit that following the Lion Air crash, Boeing proposed changes to the operational

7  scope of MCAS, and the FAA AEG worked with Boeing to evaluate these changes to MCAS for

8  purposes of pilot training.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 88:**

10      Boeing admits that it executed the deferred prosecution agreement filed at *United States*

11  *v. The Boeing Company*, No. 4:21-cr-00005-O-1 (N.D. Tex.) (Dkt. No. 4) (the "Deferred

12  Prosecution Agreement"), and that the contents of the Deferred Prosecution Agreement speak for

13  themselves. Boeing admits that Paragraph 52 of the Deferred Prosecution Agreement states that:

14  "Following the Lion Air crash, Boeing proposed changes to the operational scope of MCAS, and

15  the FAA AEG worked with Boeing to evaluate these changes to MCAS for purposes of pilot

16  training." To the extent this Request asks for admissions beyond what is stated in the Deferred

17  Prosecution Agreement, Boeing denies this Request.

18  **REQUEST FOR ADMISSION NO. 89:**

19      Admit that to Boeing's knowledge on March 10, 2019, Ethiopian Airlines Flight 302, a

20  Boeing 737 MAX, crashed shortly after takeoff near Ejere, Ethiopia.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 89:**

22      Boeing admits that on March 10, 2019, Ethiopian Airlines Flight 302, a Boeing 737

23  MAX, crashed shortly after takeoff near Ejere, Ethiopia. Boeing denies the remaining

24  allegations.

25  **REQUEST FOR ADMISSION NO. 90:**

26      Admit that to Boeing's knowledge, all passengers and crew on Ethiopian Airlines Flight

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 48

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  302 died.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 90:**

3  Boeing admits that all 157 passengers and crew on board Ethiopian Airlines Flight 302

4  died. Boeing denies the remaining allegations.

5  **REQUEST FOR ADMISSION NO. 91:**

6  Admit that to Boeing's knowledge, on March 13, 2019, the 737 MAX was officially

7  grounded by the FAA.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 91:**

9  Boeing admits that on March 13, 2019, the 737 MAX was officially grounded in the

10  United States by the FAA, indefinitely halting further flights of this airplane by any U.S.-based

11  airline. Boeing denies the remaining allegations.

12  **REQUEST FOR ADMISSION NO. 92:**

13  Admit that to Boeing's knowledge on March 12, 2019, the 737 MAX was grounded by

14  EASA, indefinitely halting further flights of this airplane by any EU governed airline.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 92:**

16  Boeing admits that on March 12, 2019, the 737 MAX was grounded by EASA,

17  indefinitely halting further flights of this airplane by any EU-governed airline. Boeing denies the

18  remaining allegations.

19

20

21

22

23

24

25

26

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 49

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  Dated:  December 5, 2022

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

By:  s/ Ulrike B. Connelly
Steve Y. Koh, Bar No. 23284
Eric B. Wolff, Bar No. 43047
Ulrike B. Connelly, Bar No. 42478
Gregory F. Miller, Bar No. 56466
Michelle L. Maley, Bar No. 51318
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
SKoh@perkinscoie.com
EWolff@perkinscoie.com
UConnelly@perkinscoie.com
GMiller@perkinscoie.com
MMaley@perkinscoie.com

*Attorneys for Defendant The Boeing Company*

DEFENDANT THE BOEING COMPANY RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION (NO. 2:21-CV-01449-RSM) – 50

92516820

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000