UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Criminal Action No. 4:21-cr-5-O |
| | § | |
| THE BOEING COMPANY, | § | |
| | § | |
| Defendant. | § | |

# ORDER

Before the Court are the Motion of Naoise Connolly Ryan, *et al.*, and Other Similarly Situated Representatives of the Victims of the Crashes of Lion Air Flight JT610 and Ethiopian Airlines Flight ET302 Under the Crime Victims' Rights Act for an Arraignment of Boeing and a Hearing on Conditions of Release (Mot., ECF No. 18), filed December 16, 2021; The Boeing Company's Response to Motions Filed on Behalf of Crash Victims of Lion Air Flight 610 and Ethiopian Airlines Flight 302 (Boeing's Resp., ECF No. 59), filed February 9, 2022; Reply in Support of Motion of Naoise Connolly Ryan, *et al.*, and Other Similarly Situated Representatives of the Victims of the Crashes of Lion Air Flight JT610 and Ethiopian Airlines Flight ET302 Under the Crime Victims' Rights Act for an Arraignment of Boeing and a Hearing on Conditions of Release (Reply, ECF No. 66), filed February 18, 2022; and the United States of America's Motion for Leave to Strike and Supersede the United States' Previous Filing Regarding Arraignment of Boeing and a Hearing on Conditions of Release (United States' Mot., ECF No. 139), filed November 22, 2022.[1]

---

[1] The Court has also considered relevant portions of the parties' and representatives' supplemental briefing that address this issue. *See* ECF Nos. 128, 129, 140.

I.  **BACKGROUND**

On December 16, 2021, Naoise Connolly Ryan and others (collectively, "Movants") filed motions in the above-captioned case seeking to enforce their rights as representatives of "crime victims" under the Crime Victims' Rights Act ("CVRA" or the "Act"). Through this motion, they seek to enforce their rights to attend and be heard regarding conditions of release at Boeing's public arraignment—a proceeding that has yet to take place. Before ruling on the instant motion, however, the Court needed to resolve the contested issue of the Movants' status as lawful representatives of "crime victims" for purposes of the Act. Because without such status, there are no rights to enforce. On October 21, 2022, the Court held that the Movants (hereinafter "Representatives") are indeed lawful representatives of "crime victims" and are entitled to assert statutory rights conferred by the CVRA.[2] With the Representatives' legal status decided, the issue of arraignment is now ripe for review. Having considered the arguments and applicable law, the Court **GRANTS** the Representatives' motion.

II.  **DISCUSSION**

The Representatives move the Court to arraign Boeing and permit them to be heard regarding conditions of Boeing's release in open court—a proceeding they argue is required by Federal Rule of Criminal Procedure 10 and 18 U.S.C. § 3771(a)(4).[3] Though the Government did not originally oppose the Representatives' requested relief, it has since "notice[d] its *support* for this Court to permit any qualifying crime victims or their lawful representative to be reasonably heard at the arraignment of Boeing."[4] Boeing opposes the motion on grounds that an arraignment

---

[2] Second Opinion & Order 17–18, ECF No. 116; 18 U.S.C. § 3771(a), (b), (d).
[3] *See generally* Mot., ECF No. 18.
[4] United States' Mot. 1, ECF No. 139 (emphasis added).

is not required in the context of a deferred prosecution agreement ("DPA"), like the one at issue here.[5]

> Federal Rule of Criminal Procedure 10 sets out the required procedures for an arraignment:
>
> (a) **In General.** An arraignment must be conducted in open court and must consist of:
> (1) ensuring that the defendant has a copy of the indictment or information;
> (2) reading the indictment or information to the defendant or stating to the defendant the substance of the charge; and then
> (3) asking the defendant to plead to the indictment or information.
>
> (b) **Waiving Appearance.** A defendant need not be present for the arraignment if:
> (1) the defendant has been charged by *indictment* or *misdemeanor information*;
> (2) the defendant, in a written waiver signed by both the defendant and defense counsel, has waived appearance and has affirmed that the defendant received a copy of the indictment or information and that the plea is not guilty; and
> (3) the court accepts the waiver.

FED. R. CRIM. P. 10 (emphasis added). Section 3771(a) specifies the rights to which "crime victims" or their lawful representatives are entitled, including:

> (2) The right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused. . . .
> (3) The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.
> (4) The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding.

18 U.S.C. § 3771(a)(2), (3)–(4), (e)(2)(B); *see also* § 3771(b)(1) (dictating that "the court *shall ensure* that the crime victim [or his lawful representative] is afforded the rights described in subsection (a)") (emphasis added). The Act vests the Court with some discretion with regard to the format of relevant public proceedings to avoid "unduly complicat[ing] or prolong[ing] the proceedings." 18 U.S.C. § 3771(d)(2).

---

[5] Boeing's Resp. 16–18, ECF No. 59.

3

The Court holds that the Federal Rules of Criminal Procedure, in conjunction with the CVRA, require this Court to publicly arraign Boeing and permit the crime victims' representatives to be heard at or in advance of the proceeding. FED. R. CRIM. P. 10, 18 U.S.C. § 3771(a)(3), (4), (d)(2). Because Boeing has been charged by felony information—and not by indictment or misdemeanor information—Boeing has no right to waive its appearance at an arraignment under Rule 10.[6] Though some courts have not required an arraignment upon filing of a DPA, many courts routinely enforce this procedural requirement.[7] A plain reading of Rule 10's unconditional language supports a mandatory arraignment. Moreover, "[i]t is important to note that the amendment does not permit the defendant to waive the arraignment itself, which may be a triggering mechanism for other rules." *See* FED. R. CRIM. P. 10 advisory committee's note to the 2002 amendment.

### III. CONCLUSION

Therefore, the Court **GRANTS** the motion (ECF No. 18) and **ORDERS** the parties to appear for a public arraignment at **9:00 a.m. CST on January 26, 2023** in the **Second Floor Courtroom** of the Federal Courthouse in Fort Worth, 501 West 10th Street, Fort Worth, Texas 76102.

The Court further **ORDERS** that The Boeing Company have an appropriate person appear at the arraignment on behalf of the Defendant.

The Court further **ORDERS** that any lawful representatives of those that this Court has identified as "crime victims" who intend to appear to be heard at the proceedings **SHALL** provide written notice to the Court, by filing the same on the docket, indicating whether they will testify

---

[6] *See generally* Felony Information, ECF No. 1.
[7] *Compare* Mot., ECF No. 18 at 7 (collecting cases) *with* Boeing's Resp., ECF No. 62 at 17–18 (same).

personally or through counsel. Such notice shall be filed **no later than 5:00 p.m. CST January 23, 2023**.

    **SO ORDERED** this **19th day** of **January, 2023**.

                                                _/s/ Reed O'Connor_
                                                Reed O'Connor
                                                **UNITED STATES DISTRICT JUDGE**