UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| *Plaintiff* | ) ) ) | |
| v. | ) ) | Case No. 4:21-cr-005-O-1 |
| THE BOEING COMPANY, | ) ) | |
| *Defendant.* | ) ) | |
| _____ | ) | |

**NOTICE BY NAOISE CONNOLLY RYAN ET AL. REGARDING INTENT TO BE
HEARD CONCERNING BOEING'S CONDITIONS OF RELEASE**

Naoise Connolly Ryan et al.[1] (the "victims' representatives"), through undersigned counsel, file this notice as directed by the Court's order granting an arraignment (ECF No. 162). The victims' representatives identified below intend to speak at the hearing, in person or through in-person legal counsel.

On Thursday, January 26, the Court will first hold an arraignment of Boeing, as required by Fed. R. Crim. P. 10(a). *See* ECF No. 162 at 4 (holding that Boeing has no right to waive its appearance at an arraignment under Rule 10). At the arraignment, the Court will ask Boeing to plead guilty or not guilty. Fed. R. Crim. P. 10(a)(3) ("An arraignment must consist of … asking the defendant to plead to the indictment or information …."). After Boeing pleads, then a "release"

---

[1] In addition to Ms. Ryan, the other victims' family members filing this motion are Emily Chelangat Babu and Joshua Mwazo Babu, Catherine Berthet, Huguette Debets, Luca Dieci, Bayihe Demissie, Sri Hartati, Zipporah Kuria, Javier de Luis, Nadia Milleron and Michael Stumo, Chris Moore, Paul Njoroge, Yuke Meiske Pelealu, John Karanja Quindos, Guy Daud Iskandar Zen S., and others similarly situated. They are supported by more than one hundred other families.

1

hearing will be triggered. *See* ECF No. 162 at 4 ("the defendant [may not] … waive the arraignment itself, which may be a triggering mechanism for other rules" (quoting Fed. R. Crim. P. 10, Adv. Comm. Note to 2002 Amendment). At the arraignment, Boeing will have an "appropriate person" there to enter its plea. Because Boeing's arraignment will be its first appearance before the Court (other than through counsel at previous hearings), 18 U.S.C. § 3142(a) requires a determination of the appropriate conditions of release for Boeing while charges are pending. *See* 18 U.S.C. § 3142(a) ("Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall order that, pending trial, the person be … released on a condition or combination of conductions under subsection (c) of this section …."

In turn, at the release hearing, under the CVRA, crime victims (and, in cases involving deceased victims, their representatives) have the right to be "reasonably heard" regarding the "release" of a criminal defendant. 18 U.S.C. § 3771(a)(5). The representatives have the right to be heard either in person or through legal counsel. *See* 18 U.S.C. § 3771(d)(1) ("the crime victim or the crime victim's lawful representative may assert the rights described [in the CVRA]").  As the Senate sponsors of the CVRA have explained: "This provision [§ 3771(d)(1)] allows the crime victim's representative … to go into a criminal trial court and assert the crime victim's rights …. [A] crime victim may choose to enlist a private attorney to represent him or her in the criminal case—this provision allows that attorney to enter an appearance on behalf of the victim in the criminal trial court and assert the victim's rights." 150 CONG. REC. S4260-01, 150 Cong. Rec. S4260-01, S4268, 2004 WL 867940 (Apr. 22, 2004) (statement of Sen. Feinstein in colloquy with Sen. Kyl).

The right to be heard includes a right to be heard in person: "This provision is intended to allow crime victims to directly address the court in person. … To the extent the victim has the right

to independently address the court, the victim acts as an independent participant in the proceedings." *Id.* As a result, "[t]he victim of crime, or their counsel, should be able to provide any information, as well as their opinion, directly to the court concerning the release … of the accused." *Id.* (statement of Sen. Feinstein in colloquy with Sen. Kyl).

The CVRA's right to be heard is a right to be "reasonably" heard. As the CVRA's Senate sponsors explained, "[i]t is important that the 'reasonably be heard' language not be an excuse for minimizing the victim's opportunity to be heard. Only if it is not practical for the victim to speak in person or if the victim wishes to be heard by the court in a different fashion should this provision mean anything other than an in-person right to be heard." *Id.* (statement of Sen. Kyl in colloquy with Sen. Feinstein)

This Court has also authorized the victims' representatives to be heard in an earlier order. ECF No. 162 at 4-5. The Court has directed advance notice of those intending to be heard. *Id.*

Against this backdrop, the victims' representatives and their counsel provide notice of their intent to be heard regarding Boeing's conditions of release:

Naoise Connolly Ryan, representative of Mick Ryan;

Catherine Berthet, representative of Camille Geoffroy;

Zipporah Muthoni Kuria, representative of Joseph Kuria Waithaka;

Nadia Milleron and Michael Stumo, representatives of Samya Rose Stumo;

Chris, Clariss, and David Moore, representatives of Danielle Moore;

Paul Njoroge, representative of Carolyne Nduta Karanja, Ryan Njuguna Njoroge, Kelli W. Pauls, and Rubi W. Pauls;

Paul Kiernan, representative of Joanna Toole;

Naheed Noormohamed, representative of Ameen Noormohamed;

3

Ike and Susan Riffel, representatives of Bennett Riffel and Melvin Riffel; and

Brittney Riffel, representative of Melvin Riffel.

Paul Cassell, legal counsel for the Movants and on behalf of various other victims' representatives who are unable to appear personally.

In an effort to avoid repetitive testimony, undersigned counsel have attempted to coordinate presentations that will be made by the victim's representatives. In an effort to reduce the time required in-court to address the conditions of release, the victims' representatives will be filing a brief on the issue by close of business on Wednesday, January 25.

Dated: January 23, 2023

Respectfully submitted,

/s/ Warren T. Burns
Warren T. Burns (Texas Bar No. 24053119)
Burns Charest, LLP
wburns@burnscharest.com

Darren P. Nicholson
Burns Charest, LLP
dnicholson@burnscharest.com

Kyle Kilpatrick Oxford
Burns Charest LLP
koxford@burnscharest.com

Chase Hilton
Burns Charest LLP
chilton@burnscharest.com

/s/ Paul G. Cassell
Paul G. Cassell (Utah Bar No. 06078)
(Counsel of Record)
Utah Appellate Project
S.J. QUINNEY COLLEGE OF LAW
University of Utah
cassellp@law.utah.edu
(no institutional endorsement implied)

Tracy A. Brammeier
Clifford Law Offices PC
tab@cliffordlaw.com

Erin Ressa Applebaum
Kreindler & Kreindler LLP
eapplebaum@kreindler.com

Pablo Rojas
Podhurst Orseck PA
projas@podhurst.com

*Attorneys for Victims' Representatives*

4

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 23, 2023, the foregoing document was served on the parties to the proceedings via the Court's CM/ECF filing system.

<u>/s/ Paul G. Cassell</u>
Paul G. Cassell