UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| *Plaintiff* | ) ) ) |
| v. | ) Case No. 4:21-cr-005-O-1 |
| THE BOEING COMPANY, | ) ) ) |
| *Defendant.* | ) ) |

# NOTICE BY NAOISE CONNOLLY RYAN, ET AL. REGARDING BOEING'S NON-COMPLIANCE WITH ITS DEFERRED PROSECUTION AGREEMENT

/s/ Warren T. Burns
Warren T. Burns (Texas Bar No. 24053119)
Burns Charest, LLP
wburns@burnscharest.com

Darren P. Nicholson
Burns Charest, LLP
icholson@burnscharest.com

Kyle Kilpatrick Oxford
Burns Charest LLP
koxford@burnscharest.com

Chase Hilton
Burns Charest LLP
chilton@burnscharest.com

/s/ Paul G. Cassell
Paul G. Cassell (Utah Bar No. 06078)
(Counsel of Record)
Utah Appellate Project
S.J. QUINNEY COLLEGE OF LAW
University of Utah
cassellp@law.utah.edu
(no institutional endorsement implied)

Tracy A. Brammeier
Clifford Law Offices PC
tab@cliffordlaw.com

Erin R. Applebaum
Kreindler & Kreindler LLP
eapplebaum@kreindler.com

Pablo Rojas
Podhurst Orseck PA
projas@podhurst.com

*Attorneys for Victims' Representatives*

**NOTICE BY NAOISE CONNOLLY RYAN, ET AL. REGARDING BOEING'S**

**NON-COMPLIANCE WITH ITS DEFERRED PROSECUTION AGREEMENT**

**Introduction**

Naoise Connolly Ryan et al.[1] (the "victims' representatives"), through undersigned counsel, file this Notice of Boeing's Non-Compliance with Its Deferred Prosecution Agreement (DPA). Specifically, while Boeing promised in its DPA to accept responsibility for its conspiracy crime—and never to make any public statement contradicting that acceptance of responsibility—last week it pleaded not-guilty to the conspiracy charge filed against it. Boeing's failure to accept responsibility for its conspiracy is relevant to several issues pending before the Court. Accordingly, the victims' representatives ask the Court to take notice of this fact.[2]

**I. Boeing Violated Its DPA By Pleading Not Guilty.**

In its DPA, Boeing admitted it is guilty of conspiring to defraud the FAA. *See* DPA at ¶ 2, ECF No. 4 ("The Company admits, accepts, and acknowledges that it is responsible under United States law for the acts of its officers, directors, employees, and agents as charged in the Information, and as set forth in the Statement of Facts, and that the allegations described in the Information and the facts described in the Statement of Facts are true and accurate."). The DPA also contains a specific provision regarding "acceptance of responsibility" that Boeing violated by pleading not guilty. Here is the full text forbidding Boeing from contradicting its responsibility for that conspiracy:

> **The Company expressly agrees that it shall not**, through present or future attorneys, officers, directors, employees, agents, or any other person authorized to

---

[1] In addition to Ms. Ryan, the other victims' family members filing this motion are Emily Chelangat Babu and Joshua Mwazo Babu, Catherine Berthet, Huguette Debets, Luca Dieci, Bayihe Demissie, Sri Hartati, Zipporah Kuria, Javier de Luis, Nadia Milleron and Michael Stumo, Chris Moore, Paul Njoroge, Yuke Meiske Pelealu, John Karanja Quindos, Guy Daud Iskandar Zen S., and others similarly situated. They are supported by more than one hundred other families.

[2] At the arraignment, the victims' representatives gave notice they would be filing this notice. *See* Tr. (Jan. 26, 2023) at 85.

2

>speak for the Company **make any public statement, in litigation or otherwise, contradicting the acceptance of responsibility by the Company set forth above or the facts described in the attached Statement of Facts**. Any such contradictory statement shall, subject to cure rights of the Company described below, constitute a breach of this Agreement, and the Company thereafter shall be subject to prosecution as set forth in Paragraphs 26-30 of this Agreement. The decision whether any public statement by any such person contradicting a fact contained in the attached Statement of Facts will be imputed to the Company for the purpose of determining whether it has breached this Agreement shall be at the sole discretion of the Fraud Section. If the Fraud Section determines that a public statement by any such person contradicts, in whole or in part, a statement contained in the attached Statement of Facts, the Fraud Section shall so notify the Company, and the Company may avoid a breach of this Agreement by publicly repudiating such statement(s) within five business days after notification. The Company shall be permitted to raise defenses and to assert affirmative claims *in other proceedings* relating to the matters set forth in the attached Statement of Facts provided that such defenses and claims do not contradict, in whole or in part, a statement contained in the attached Statement of Facts. This Paragraph does not apply to any statement made by any present or former officer, director, employee, or agent of the Company in the course of any criminal, regulatory, or civil case initiated against such individual, unless such individual is speaking on behalf of the Company.

DPA ¶ 32 (emphases added).

As noted in the first sentence highlighted above, Boeing agreed not to "make any public statement, in litigation or otherwise, contradicting the acceptance of responsibility by the Company set forth" in the DPA "in litigation or otherwise." Boeing stating it is "not guilty" of conspiring to defraud the FAA directly contradicts the statement of facts stating that Boeing is guilty of conspiring to defraud the FAA. *See* DPA Statement of Facts, ECF No. 4, at A-1 through A-16. And doing so, through an authorized corporate representative at the arraignment, was clearly a public statement by Boeing. Simply put, Boeing breached the plain terms of ¶ 32 of its agreement by pleading not guilty to defrauding the FAA.[3]

---

[3] There is a provision in ¶ 32 authorizing Boeing to "raise defenses" in litigation. But that provision is specifically limited to "other proceedings"—not this proceeding, *U.S. v. The Boeing Company*, Case No. 4:21-cr-0005 (N.D. Texas). In addition, Boeing can only raise "defenses" "provided that such defenses … do not contradict, in whole or in part, a statement contained in the

At the arraignment, the Government stated that it did "not believe" that the DPA required Boeing to plead guilty. Tr. (Jan. 26, 2023) at 7. Regardless of the Government's subjective beliefs, nothing in the DPA's text carves out an exception to Boeing's obligation to objectively comply with the DPA during its arraignment. Because the DPA is a written contract, "[t]he sole measure of performance is the [plea] agreement's express terms." *United States v. Guerrero*, 299 Fed.Appx. 331, 335 (5th Cir.2008) (*citing United States v. Cates*, 952 F.2d 149, 153 (5th Cir.1992)).

To be sure, the DPA also says that the Fraud Section has discretion to determine whether Boeing has breached this provision of the Agreement. That may be true with regard to the practical matter of applying the DPA's specific enforcement mechanism. But the Court should not blind itself to the fact that, now that the DPA is being challenged, the Government and Boeing are no longer applying the DPA as written.

Last week, the Court asked Boeing whether it was guilty of conspiring to defraud the FAA. And Boeing said "no." That public statement violated the DPA's express terms.

## II.  The Court Should Consider Boeing's Failure to Accept Responsibility in Connection with Issues Pending Before the Court.

Against the backdrop that the parties are no longer enforcing the DPA as written, their arguments in defense of the DPA stand in a quite different light. If the parties are merely giving a nod and a wink to following the DPA, the Court should not treat the DPA's provisions as sacrosanct.

More specifically, Boeing's recent DPA violation is directly relevant to several issues pending before the Court. Most immediately, in determining conditions of release, the Court is

---

Statement of Facts." Saying that Boeing is "not guilty" of the crime covered by the Statement of Facts clearly contradicts—not just in part, but in whole—the statement of facts.

obligated to consider safety of the community. A criminal corporation who has refused to accept responsibility for its crime is more dangerous than one who has so accepted.

In addition, the Court currently has pending before it the victims' representatives briefing regarding the appropriate remedy for the CVRA violation by the Government and its negotiating partner, Boeing. *See* ECF No. 140. The victims' representatives have asked for the Court to excise from the DPA certain language—the "immunity provisions." *See id.* at 1-15. The fact that the Department and Boeing feel free to effectively excise from the DPA provisions that they now find inconvenient supports the representatives' argument that the DPA is subject to further review and revision.

Finally, the Court also currently has pending before it the victims' representatives' motion for the Court to exercise supervisory power over the DPA. ECF No. 17. The fact that the Government and Boeing are not following the DPA's terms supports an argument for close scrutiny and possible modification of the Agreement. For example, the representatives have argued that the DPA undermines the integrity of judicial proceedings. *See id.* at 11-12; *see also* Victims' Reply in Support of Supervisory Powers Motion, ECF No. 65 at 15-17. That argument is now reinforced by the fact that the Court is being asked to enforce a DPA that rests on an untruthful foundation. Under the DPA, Boeing explicitly received credit for a two-level Sentencing Guidelines reduction in its culpability score used to calculate its monetary fine. The ostensible reason for that two-level credit was because Boeing had supposedly "clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct." ECF No. 4 at 11, ¶ 9. With this two-level reduction in place, Boeing dropped down to a culpability score of five, which produced a fine range of $243 million to $487 million. *Id.* Boeing then paid only the minimum fine of $243 million. *Id.*

But generally speaking, this two-level, acceptance-of-responsibility reduction is reserved for defendants who actually plead guilty. As the Guidelines provide:

> Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable under §1B1.3 (Relevant Conduct) (*see* Application Note 1(A)), will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a). However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility.

U.S.S.G. § 3E1.1, Application Notes.

Boeing's two-level credit in the DPA for accepting responsibility is no minor detail. Without that two-level credit, Boeing's culpability score would have been two levels higher—i.e., a seven. And a culpability score of seven produces a minimum multiplier for a corporate fine of 1.40. *See* U.S.S.G. § 8C.2.6 (table). If that minimum multiplier had been applied to Boeing's fine, the minimum fine amount would have been $340.2 million ($243 million x 1.40). In other words, Boeing's two-level acceptance of responsibility reduction was worth more than $97 million to the company.[4]

Perhaps if the Court it had been shown other clear evidence of acceptance of responsibility at the arraignment, the Court could ignore Boeing's clear repudiation of its DPA obligation to accept responsibility. But at its arraignment, Boeing never said it accepted responsibility—or even apologized to the families who were attending. *See* Tr. (Jan. 26, 2023) at 6-7. Instead, Boeing said only (and cagily) that it "intends to abide by the representations and commitments that are in [the DPA] …."[5]

---

[4] Also, unlike other payments Boeing might make, the DPA provides that the Boeing cannot offset its fine with insurance payments or tax credits. DPA at ¶ 8. So, the $97 million was money Boeing itself would have paid.

[5] In other cagey statements to this Court, Boeing has likewise refused to accept responsibility for the deaths it caused, regretting only the "impacts" of crashes that occurred for

As the victims' representatives explained in their remedies briefing, the case law regarding district court review of DPAs has generally held that "inherent supervisory power serves to ensure that the courts do not lend a judicial imprimatur to any aspect of a criminal proceeding that smacks of lawlessness or impropriety." Peter R. Reilly, *Deferred Prosecution as Discretionary Injustice*, 2017 UTAH L. REV. 839, 849 (2017).

To put it plainly, Boeing's DPA is a charade. In the agreement, Boeing pretended to accept responsibility. But last week in this Court, Boeing did the exact opposite—and, thus its maneuver garnered favorable press as a company that had not committed a crime. *See, e.g.,* NPR, *Boeing Pleads Not Guilty to Fraud in Criminal Case Over Deadly 737 MAX Crashes* (Jan. 26, 2023), https://www.npr.org/2023/01/26/1151565489/boeing-criminal-fraud-charge-737-max-crashes.[6] The Court should not endorse such ploys.

### **Conclusion**

For all these reasons, this Court should take notice that, by pleading not guilty, Boeing has violated its DPA obligations. The Court should then consider that fact in connection with pending issues in this case.

---

some purported unknown reason. *See, e.g.,* Tr. (May 3, 2022) at 108 ("Boeing acknowledges and profoundly regrets the inestimable impacts of these tragic accidents. And it extends its deepest condolences to all the families and loved ones of those lost on the Lion Air 610 and Ethiopian 302 flights.").

[6] Also in the press last week, Boeing's CEO stated on national television that "I think we can all imagine how tough and difficult that would be [i.e., to be a family member who lost a loved one in the crashes]. *Any and every hearing they want to express those views is OK with me.*" Arcelia Martin, Dallas Morning News (quoting Dave Calhoun, Boeing's chief executive office, on CNBC on Jan. 25, 2023), available at https://www.aviationpros.com/aircraft/commercial-airline/news/21293711/boeing-ordered-to-hear-from-family-members-of-737-max-crash-victims-in-fort-worth. But Boeing's CEO failed to acknowledge that, for a year, Boeing's high-powered legal team had been fighting to prevent the victims' families from expressing their "views" at the arraignment.

Dated: February 1, 2023

/s/ Warren T. Burns
Warren T. Burns (Texas Bar No. 24053119)
Burns Charest, LLP
wburns@burnscharest.com

Darren P. Nicholson
Burns Charest, LLP
dnicholson@burnscharest.com

Kyle Kilpatrick Oxford
Burns Charest LLP
koxford@burnscharest.com

Chase Hilton
Burns Charest LLP
chilton@burnscharest.com

Respectfully submitted,

/s/ Paul G. Cassell
Paul G. Cassell (Utah Bar No. 06078)
(Counsel of Record)
Utah Appellate Project
S.J. QUINNEY COLLEGE OF LAW
University of Utah
cassellp@law.utah.edu
(no institutional endorsement implied)

Tracy A. Brammeier
Clifford Law Offices PC
tab@cliffordlaw.com

Erin Ressa Applebaum
Kreindler & Kreindler LLP
eapplebaum@kreindler.com

Pablo Rojas
Podhurst Orseck PA
projas@podhurst.com

*Attorneys for Victims' Representatives*

## **CERTIFICATE OF SERVICE**

I certify that on February 1, 2023, the foregoing document was served on the parties to the proceedings via the Court's CM/ECF filing system.

/s/ Paul G. Cassell
Paul G. Cassell
