IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) No. 4:21-CR-5-O |
| THE BOEING COMPANY, | ) |
| | ) |
| *Defendant*. | ) |
| | ) |

**THE BOEING COMPANY'S RESPONSE TO "NOTICE BY NAOISE CONNOLLY RYAN, ET AL. REGARDING BOEING'S NON-COMPLIANCE WITH ITS DEFERRED PROSECUTION AGREEMENT" [DOCKET NO. 179]**

As its name reflects, a Deferred Prosecution Agreement ("DPA") *defers* prosecution of a charged offense subject to the defendant's satisfaction of the terms of the agreement; if the defendant complies, the Department of Justice drops all charges, and no prosecution of the charged offense or conviction occurs. Accordingly, while the DPA contains a statement of facts and specific terms to which the parties agreed for purposes of the deferral, the DPA reflects neither a conviction nor a guilty plea, and that is both intentional, and well understood.

Nevertheless, counsel for the Crime Victims' Representatives[1] ("Representatives") filed a "Notice" in this Court alleging that by pleading not guilty at the arraignment hearing last week, the Boeing Company ("Boeing") breached its obligation under the DPA to accept responsibility and its agreement not to make any statement that contradicts the DPA's statement of facts. *See* Dkt. 179. That position is both legally baseless and factually wrong. As it has for the past two

---

[1] Boeing adopts the terminology this Court has employed to refer to the representatives in the wake of this Court's October 21 Memorandum Opinion and Order, while expressly reserving all rights and objections Boeing has made in the course of these proceedings and including with respect to this Court's determination of Crime Victim's Rights Act standing.

1

years, Boeing accepts responsibility, firmly stands behind the DPA, and is committed to fully complying with its terms. Although the Representatives' Notice does not seek any specific relief, Boeing submits this brief response to correct the record and address the Notice's legal and factual inaccuracies.

Boeing made clear before entering its plea of not guilty that the Company "intends to abide by the representations and commitments that are in that [deferred prosecution] agreement that it's been abiding by for two years' time." Arraignment Tr. 7:6–10. Counsel for the Representatives did not object to Boeing's plea during the arraignment, and neither did the Department. The Department, in fact, correctly affirmed that "not guilty" is the appropriate plea in the context of a DPA. *See* Arraignment Tr. 7:20–22 ("[U]nder the Deferred Prosecution Agreement, the government does not believe it requires Boeing to plead guilty in this case."). The Court then accepted and entered Boeing's not guilty plea.

Representatives' counsel only later raised the issue of Boeing's plea in rebuttal during the bond hearing. "Well, you heard this morning Boeing pled not guilty. That sounds to me like not accepting responsibility, and we will be filing the appropriate motions at the appropriate time on that point." *Id*. at 84:24–85:2. But rather than a motion, the aforementioned Notice followed. While the Notice does not appear to seek any specific relief, it incorrectly states that Boeing's position at last week's hearing was inconsistent with its obligations under the DPA. To correct the record, Boeing submits this brief response.

Boeing's not guilty plea is consistent with the law and in accordance with decades of history and practice surrounding deferred prosecution agreements. A DPA provides a middle ground between a criminal conviction and a decision to forego criminal charges. "Under a DPA, the government formally initiates prosecution but agrees to dismiss all charges if the defendant

2

abides by negotiated conditions over a prescribed period of time…. If the defendant fails to satisfy the conditions, the government can then pursue the charges based on *facts admitted in the agreement*." *U.S. v. Fokker Services B.V.*, 818 F.3d 733, 737 (D.C. Cir. 2016) (emphasis added). While the DPA is in effect, requiring a defendant to plead guilty to the deferred charge would be contrary to the essence of the agreement, as it would prevent the government from dismissing the charge upon the defendant's successful compliance with the agreement's terms.

It is for that reason that in *every* DPA in which an arraignment occurs,[2] the defendant, like Boeing here, pleads not guilty. That is the customary and legally appropriate course of conduct. Indeed, the Representatives cite numerous cases *in their own briefs* that explicitly confirm this fact. The Representatives' motion for an arraignment and bond hearing, Dkt. 18, provides examples of cases involving arraignment after a DPA—including *United States v. Commonwealth Edison, Co.*, *United States v. General Motors*, *United States v. Ansun Biopharma, Inc.*, and *United States v. Herbalife Nutrition Ltd.*—where, by the Representatives' own description of those cases, the defendant appeared for an arraignment and entered a "not guilty" plea. *See* Dkt. 18 at 7–8 (noting that each of these cases involved a "not guilty" plea, and specifically describing the district court's statement in *Commonwealth Edison, Co.* that "under the plain language of Fed. R. Crim. P. 10, a plea to the information is required; thereafter, the corporate defendant appears and *enters a "not guilty" plea* as part of a DPA." (emphasis added)). Although it is not possible to prove a negative, counsel for Boeing, who have been involved on all sides of the criminal justice system, are unaware of a single instance in which a corporate defendant pleaded guilty to a DPA, in those cases where an arraignment was held at all. Extensive research has not uncovered such a case, but

---

[2] As Boeing has previously submitted, in many cases involving a DPA, the court does not hold an arraignment and the defendant never enters a plea. *See* e.g., Dkt. 62 at 17, n.7.

3

instead has revealed numerous cases, including those cited in the Representatives' own briefs, where a plea of not guilty was entered. *See id.* Of course, this is unsurprising as a guilty plea would be fundamentally inconsistent with a DPA resolution, as discussed above.

The Speedy Trial Act, 18 U.S.C. § 3161, further supports a defendant pleading "not guilty" in the context of a DPA. The Act provides, "[i]n any case in which a *plea of not guilty is entered*, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing [of the information]." 18 U.S.C. § 3161(c)(1) (emphasis added). The Speedy Trial clock is only implicated when the defendant pleads not guilty. Of course, when a DPA is involved, the Speedy Trial Act specifically allows for the exclusion of time for "[a]ny period of delay during which prosecution is deferred by the attorney for the Government pursuant to written agreement with the defendant, with the approval of the court, for the purpose of allowing the defendant to demonstrate his good conduct." *Id.* at § 3161(h)(2). The exclusion of time under the Speedy Trial Act—a fundamental aspect of a DPA—would be unnecessary if the defendant pled guilty.

Therefore, Boeing's plea of not guilty is the correct one, and it does not contradict the DPA or in any way cast any doubt on the Company's acceptance of responsibility. A "not guilty" plea is just that—a legal plea—and not a statement of fact. *See Wood v. United States*, 128 F.2d 265, 273 (D.C. Cir. 1942) ("The plea on arraignment has its proper function. It is necessary to inform the court how to proceed with the trial. Hence the court has unquestioned power to compel the defendant to plead. But the plea is not evidence. Nor is it testimonial. It is not under oath. Nor is it subject to cross-examination. When it is 'not guilty,' it has no effect as testimony or as evidence in behalf of the accused."). A "not guilty" plea therefore does not controvert any agreed factual statements, as Boeing's counsel made clear beyond any doubt at the arraignment

hearing. Boeing has not—in this proceeding or otherwise—disputed the factual admissions in the DPA, and the Department, which is the entity charged with the discretion to determine whether Boeing has complied with the Agreement—has not argued otherwise.[3] Boeing's decision to formally plead not guilty at last week's arraignment was based on fundamental and easily understood legal requirements—namely, the procedural necessity of pleading not guilty to allow the deferral of its prosecution to continue.

---

[3] Importantly, the law recognizes the Company's ability to enter a plea of not guilty for reasons other than disputing factual guilt. Specifically, the official commentary to the U.S. Sentencing Guidelines § 3E1.1., which covers the acceptance of responsibility, states that a defendant may still "demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial," including when a "defendant goes to trial to assert and preserve issues that do not relate to factual guilt." U.S.S.G. § 3E1.1, application note 2; *see also United States* v. *White*, 869 F.2d 822, 826 (5th Cir. 1989) (analyzing earlier version of application note regarding acceptance of responsibility). Here Boeing has done far less and certainly has not prompted a trial.

Respectfully submitted,

| | |
|---|---|
| **McGUIREWOODS LLP** | **KIRKLAND & ELLIS LLP** |
| */s/ Benjamin L. Hatch* | */s/ Craig S. Primis* |
| Benjamin L. Hatch | Craig S. Primis |
| VA Bar No. 70116 | DC Bar No. 454796 |
| bhatch@mcguirewoods.com | cprimis@kirkland.com |
| | |
| Brandon M. Santos | Mark Filip |
| VA Bar No. 75380 | IL Bar No. 6226541 |
| bsantos@mcguirewoods.com | mark.filip@kirkland.com |
| | |
| McGuireWoods LLP | Kirkland & Ellis LLP |
| 888 16th Street N.W., Suite 500 | 1301 Pennsylvania Avenue NW |
| Black Lives Matter Plaza | One Freedom Plaza |
| Washington, DC 20006 | Washington, DC 20004 |
| Tel: 757.640.3727 | Tel: 202.879.5000 |
| Fax: 757.640.3947 | Fax: 202.654.9645 |
| | |
| ***Counsel for The Boeing Company*** | Jeremy Fielding |
| | Texas State Bar No. 24040895 |
| | Jeremy.fielding@kirkland.com |
| | |
| | Kirkland & Ellis LLP |
| | 1601 Main Street |
| | Dallas, Texas 75201 |
| | Tel; (214) 972-1770 |
| | Fax: (214) 972-1771 |
| | |
| | ***Counsel for The Boeing Company*** |

6

**CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2023, the foregoing was filed with the Clerk of the United States District Court for the Northern District of Texas using the CM/ECF system. The system will serve counsel of record.

/s/ *Benjamin L. Hatch*
Benjamin L. Hatch