IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:21-CR-00005-O |
| THE BOEING COMPANY | |

**THE UNITED STATES OF AMERICA'S RESPONSE TO THE NOTICE BY NAOISE CONNOLLY RYAN, ET AL. REGARDING BOEING'S PURPORTED NON-COMPLIANCE WITH ITS DEFERRED PROSECUTION AGREEMENT**

The United States of America (the "Government") respectfully submits this response to the notice filed by Naoise Connolly Ryan and other victims' family members (the "Representatives") arguing that The Boeing Company ("Boeing") breached the deferred prosecution agreement ("DPA") by entering a not guilty plea at arraignment.[1] Dkt. 179. Their argument is incorrect as a matter of law and fact.

The United States Department of Justice, Criminal Division, Fraud Section (the "Fraud Section") has the sole discretion to determine whether Boeing breached the DPA. *See, e.g.*, *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 744 (D.C. Cir. 2016) ("[T]he prosecution—and the prosecution alone—monitors a defendant's compliance with the [DPA's] conditions."). The scope of this authority already has been extensively briefed by the parties. *See* Dkt. 58 at 16-17; Dkt. 60 at 1-4; Dkt. 62 at 6-11. For all of the reasons set forth in those prior submissions (which the Government incorporates by reference herein), the Fraud Section's determination that Boeing did not breach the DPA by pleading not guilty is entitled to the presumption of regularity that applies

---

[1] The Government expressly preserves its previously-stated arguments and objections and reserves its rights to appeal the Court's rulings made in the course of these proceedings, including with respect to the Court's determination relating to the Representatives' standing under the Crime Victims' Rights Act.

1

to prosecutorial decisions and the presumption that prosecutors have properly discharged their official duties. *See, e.g.*, *Fokker Services B.V.*, 818 F.3d at 741-42; *United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 136-37 (2d Cir. 2017). The Representatives do not present any authority to overcome these well-settled presumptions.[2]

Presumptions aside, the position the Representatives advance directly contravenes the text of the DPA and frustrates the bargained-for purpose of DPAs. A DPA allows a defendant to avoid having to plead guilty or risk conviction at trial in exchange for the defendant acknowledging responsibility and the factual basis for its criminal conduct and undertaking various remedial measures. *Fokker Servs. B.V.*, 818 F.3d at 746 ("The entire object of a DPA is to enable the defendant to *avoid* criminal conviction and sentence by demonstrating good conduct and compliance with the law.") (emphasis in original). This is exactly what the Boeing DPA requires of the company: to accept responsibility for the conduct set forth in the one-count criminal Information, Dkt. 1, and admit the underlying facts (described in the Statement of Facts). Dkt. 4 ¶¶ 1-2. Boeing satisfied this requirement when it signed the DPA, and the company reaffirmed its acceptance of responsibility at the arraignment through the statements of its corporate counsel. Tr. of Jan. 26, 2023, Arraignment at 7:6-10. Boeing's plea of not guilty was not a contrary statement of fact or renunciation of its responsibility, but rather a legal formality consistent with the purpose of the DPA and the intent of the parties.[3] *Wood v. United States*, 128 F.2d 265, 273–74 (D.C. Cir.

---

[2] The cases the Representatives cite do not support their position. Dkt. 179 at 4 (citing *United States v. Guerrero*, 299 Fed. Appx. 331, 335 (5th Cir.2008); *United States v. Cates*, 952 F.2d 149, 153 (5th Cir.1992)). Both concern judicial authority with respect to plea agreements, which is "markedly different" from DPAs: "Unlike a plea agreement . . . a DPA involves no formal judicial action imposing or adopting its terms." *Fokker Services B.V.*, 818 F.3d at 746.

[3] The DPA clearly contemplated that although Boeing would admit facts, it was not admitting guilt. The function of a not guilty plea is to preserve a defendant's right to defend and to require the Government to prove its case if necessary. The DPA expressly contemplates circumstances where Boeing might go to trial (*e.g.*, in the event of Boeing's breach of the DPA), and describes

2

1942). Boeing did not need to plead guilty to accept responsibility. Such a requirement would eviscerate the main purpose of a DPA and convert it into a plea agreement. Were that the requirement, the Boeing DPA would say so here. It does not.[4]

The Representatives' recent submission is in tension with their prior pleadings and motions, which recognize that pleading not guilty is the common practice in the DPA context. Specifically, the Representatives submitted their motion to impose conditions of release pursuant to Title 18, United States Code, Section 3142. Section 3142 applies only to matters in which a defendant is "pending trial," which is to say, a defendant that has entered a not guilty plea. 18 U.S.C. § 3142(a). The Representatives understood at the time they made their motion that Boeing would be pleading not guilty, otherwise they would have requested to be heard on conditions under Section 3143, which applies to defendants that have "been found guilty of an offense." 18 U.S.C. § 3143(a). Additionally, in each of the cases they cited in support of holding an arraignment in which the defendant was actually arraigned, the defendant signed a DPA, was arraigned, and pleaded not guilty. Dkt. 18 at 6-8.[5] The Government is not aware of any case—and the Representatives have cited none—in which a defendant entered a guilty plea at an arraignment as

---

the parties' related agreements about such a trial, including agreements about the admissibility of certain evidence (*e.g.*, the facts to which Boeing admitted). Dkt. 4 ¶¶ 2, 26-28.

[4] The fact that Boeing need not plead "guilty" to accept responsibility is consistent with the U.S. Sentencing Guidelines § 3E1.1, which states that a defendant may still "demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial," including when a "defendant goes to trial to assert and preserve issues that do not relate to factual guilt." U.S.S.G. § 3E1.1, app. note 2; *see also United States v. White*, 869 F.2d 822, 826 (5th Cir. 1989).

[5] *See* Dkt. 18 at 6-8 (citing *United States v. Commonwealth Edison Co.*, No. 1:20-cr-368 (N.D. Ill. Aug. 5, 2020) (pleading "not guilty"); *United States v. General Motors*, No. 1:15-cr-00747 (S.D.N.Y. Sept. 17, 2015) (pleading "not guilty"); *United States v. Ansun Biopharma, Inc.*, No. 3:15-cr-00024 (S.D. Cal. Jan. 7, 2015) (pleading "not guilty"); *United States v. Herbalife Nutrition Ltd.*, No. 1:20-cr-443-GHW (S.D.N.Y. Aug. 28, 2020) (pleading "not guilty").

part of a DPA, or was found to have violated a DPA for having pleaded not guilty.

The Representatives also argue that the DPA "rests on an untruthful foundation" because the Government allowed Boeing to receive a two-level reduction for "acceptance of responsibility" when Boeing pled "not guilty." Dkt. 179 at 5. That too is incorrect. The DPA's terms are well grounded. The Guidelines speak only to the conclusion of a criminal case by way of a guilty plea or conviction, not a DPA. In formulating a DPA, the Government therefore applies the Guidelines by analogy. By its plain language, the two-level Guidelines reduction "is not intended to apply to an organization that puts the government to its burden of proof at trial by denying the essential *factual* elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 8C2.6, Cmt. 14 (emphasis added). Here, however, by admitting to the facts set forth in its Statement of Facts, Boeing has done the opposite: Boeing has not put the government to its burden of proof at trial and it has not denied the essential factual elements of guilt. In addition, the commentary explains that "a determination that an organization has accepted responsibility will be based primarily upon pretrial statements and conduct." *Id.* To the Government's knowledge, as it explained at arraignment, Boeing has complied with all the terms of the DPA. Tr. from Jan. 26, 2023, Arraignment at 96:17-98:09. The company's not guilty plea did not change this assessment.

For all the foregoing reasons, the Government submits that Boeing's not guilty plea is not

a breach of the DPA nor a proper basis to grant any relief that the Representatives are seeking.[6, 7]

Respectfully submitted,

| | |
|---|---|
| KENNETH A. POLITE, JR.<br>Assistant Attorney General<br>Criminal Division<br>United States Department of Justice | LEIGHA SIMONTON<br>United States Attorney<br>Northern District of Texas |
| By: *s/ Lorinda I. Laryea*<br>Lorinda I. Laryea, Principal Deputy Chief<br>D.C. Bar No. 997696<br>Lorinda.Laryea@usdoj.gov | By: *s/ Chad E. Meacham*<br>Assistant United States Attorney<br>Texas Bar No. 00784584<br>chad.meacham@usdoj.gov |
| United States Department of Justice<br>Criminal Division, Fraud Section<br>1400 New York Avenue, N.W.<br>Washington, D.C. 20005<br>202-514-2000 | United States Attorney's Office<br>Northern District of Texas<br>801 Cherry Street, 17th Floor<br>Fort Worth, TX 76102<br>817-252-5200 |

---

[6] To the extent that the Representatives continue to characterize one of their objectives as "excis[ing] . . . 'immunity provisions'" from the DPA, *see* Dkt. 179 at 5, as the Government has consistently noted (*see* Dkt. 60 at 5 n.2, *e.g.*), a DPA is not an immunity agreement, nor does this DPA contain any immunity clause. Rather, as described in *Fokker Servs. B.V.*, 818 F.3d at 741:

> In certain situations, rather than choose between the opposing poles of pursuing a criminal conviction or forgoing any criminal charges altogether, the Executive may conclude that the public interest warrants the intermediate option of a deferred prosecution agreement (DPA). Under a DPA, the government formally initiates prosecution but agrees to dismiss all charges if the defendant abides by negotiated conditions over a prescribed period of time. Adherence to the conditions enables the defendant to demonstrate compliance with the law. If the defendant fails to satisfy the conditions, the government can then pursue the charges based on facts admitted in the agreement.

[7] The Representatives have informed the Government that they intend to reply to this response (as well as Boeing's response (Dkt. 180)) within three business days of the Government's filing. The Government defers to the Court but does not oppose the Representatives having three business days to file a reply.

**Certificate of Service**

I certify that on February 8, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the Court's electronic case filing system, which will send a notification of electronic filing to counsel of record.

_s/ Lorinda I. Laryea_
Lorinda I. Laryea,
Principal Deputy Chief
Criminal Division, Fraud Section
