IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) No. 4:21-CR-5-O |
| THE BOEING COMPANY, | ) |
| | ) |
| *Defendant*. | ) |
| | ) |

**<u>THE BOEING COMPANY'S RESPONSE TO MOTION AND BRIEF OF AMICUS CURIAE ANTHONY KEYTER (SENIOR BOEING INSTRUCTOR PILOT, RETIRED) IN SUPPORT OF COURT ORDER FORBIDDING THE BOEING COMPANY TO COMMIT FURTHER CRIMES AND IN SUPPORT OF INTERNATIONAL FLIGHT SAFETY</u>**

The Boeing Company ("Boeing"), by and through counsel, submits this response to the Motion and Brief of Amicus Curiae Anthony Keyter [Dkt. 186] (the "Motion"). Through the Motion, Mr. Keyter seeks leave to file an amicus curiae brief generally alleging that Boeing and others have engaged in various crimes. Boeing respectfully requests that the Court deny the Motion.

Mr. Keyter is, as one district court judge observed, "a disgruntled litigant." *Keyter v. 230 Government Officers*, 372 F. Supp. 2d 604, 605 (W.D. Wash. 2005). He has filed numerous lawsuits alleging crimes by various companies and high-ranking government officials. *See, e.g.*, *Keyter v. Locke*, No. 3:04-cv-5867 (W.D. Wash. filed Dec. 20, 2004); *Keyter v. Bush*, No. 3:08-cv-5509 (W.D. Wash. filed Aug. 18, 2008); *Keyter v. United States*, No. 3:08-cv-5235 (W.D. Wash. filed Apr. 17, 2008); *Keyter v. Air India*, No. 2:09-cv-825 (W.D. Wash. filed June 16, 2009); *Keyter v. Ford Motor Co.*, No. 2:09-cv-897 (W.D. Wash. filed June 30, 2009); *Keyter v. The Boeing Co.*, No. 2:09-cv-962 (W.D. Wash. filed July 13, 2009). He has alleged, among various other claims, that former Presidents Bush and Obama, as well as Justices of the Supreme Court

and members of Congress, engaged in criminal actions. *See, e.g.*, *Keyter v. Obama*, No. 9-518-B-W, 2009 WL 3839336, at *1 (D. Me. Nov. 6, 2009) ("This case is captioned as a criminal complaint against the 'President Barack Obama and Cabinet.' The other two cases are brought against 'Justices of the US Supreme Court' and 'Senators and Representatives of the 111th Congress.'"). A former Boeing employee, Mr. Keyter has also filed numerous frivolous claims against Boeing alleging various baseless theories of criminal conduct—all of which have been dismissed. His persistent abuse of the judicial process has led at least three district courts to take the extraordinary step of barring Mr. Keyter from bringing additional filings. *See Keyter v. McCain*, No. CV-05-1923-PHX-DGC, 2006 WL 120322, at *5 (D. Ariz. Jan.13, 2006); *Keyter v. United States of America*, No. 3:08-cv-05235, Dkt. 14 at 1 (W.D. Wash. May 14, 2008); *Keyter v. Air India Officers*, No. 10-802, 2010 U.S. Dist. LEXIS 130170, at *3–5 (D. Del. Dec. 7, 2010).

Mr. Keyter seeks to file both the Motion and the amicus curiae brief *pro se*. As a threshold matter, it is unclear whether this Court's rules permit a *pro se* individual to file such a Motion or submit an amicus curiae brief. But regardless of the operation of this Court's rules, "district courts also have the inherent authority to deny leave to file an amicus curiae brief." *United States v. UBS AG*, No. 09-20423, 2009 WL 10669118, at *1 (S.D. Fla. May 19, 2009) (citing *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008)). The Motion should be denied for the mere fact that he raises no new matter of relevance before this court, and simply reasserts variations of frivolous theories against Boeing that have been summarily dismissed by other courts over the past two decades. *See, e.g.*, *Keyter v. The Boeing Co.*, No. 2:12-cv-474, Dkt. 55, (W.D. Wash. Sept. 20, 2012), aff'd, No. 13-36056, (9th Cir. Mar. 13, 2014). It therefore satisfies none of the elements that courts typically consider when deciding whether to permit *amici* filings. *See, e.g.*, *Lighthouse Fellowship Church v. Northam*, No. 2:20-cv-00204, Dkt. 48 at 1 (E.D. Va. May 20, 2020) ("Non-

parties [amici] may be permitted to participate 'where they provide helpful analysis of the law, they have a special interest in the subject matter of the suit, or existing counsel is in need of assistance.'") (quoting *Tafas v. Dudas*, 511 F. Supp. 2d 652, 659 (E.D. Va. 2007)).

This Court has ruled on all outstanding motions filed under the Crime Victims' Rights Act, and yesterday petitions for mandamus were filed by several movants in the Fifth Circuit. Should Mr. Keyter wish to address the personal recognizance bond ordered by the Court, an amicus curiae brief is not the appropriate vehicle to report an alleged violation of a bond condition. Nor is an amicus brief a license to advance conspiracy theories and unfounded claims against Boeing and President Biden, among others.

Boeing therefore respectfully requests that the Court deny Mr. Keyter's Motion.

Respectfully submitted,

| **McGUIREWOODS LLP** | **KIRKLAND & ELLIS LLP** |
|---|---|
| */s/ Benjamin L. Hatch* | */s/ Craig S. Primis* |
| Benjamin L. Hatch | Craig S. Primis |
| VA Bar No. 70116 | DC Bar No. 454796 |
| bhatch@mcguirewoods.com | cprimis@kirkland.com |
| | |
| Brandon M. Santos | Mark Filip |
| VA Bar No. 75380 | IL Bar No. 6226541 |
| bsantos@mcguirewoods.com | mark.filip@kirkland.com |
| | |
| McGuireWoods LLP | Kirkland & Ellis LLP |
| 888 16th Street N.W., Suite 500 | 1301 Pennsylvania Avenue NW |
| Black Lives Matter Plaza | One Freedom Plaza |
| Washington, DC 20006 | Washington, DC 20004 |
| Tel: 757.640.3727 | Tel: 202.879.5000 |
| Fax: 757.640.3947 | Fax: 202.654.9645 |
| | |
| ***Counsel for The Boeing Company*** | Jeremy Fielding |
| | Texas State Bar No. 24040895 |
| | Jeremy.fielding@kirkland.com |
| | |
| | Kirkland & Ellis LLP |
| | 1601 Main Street |

>Dallas, Texas 75201
>Tel; (214) 972-1770
>Fax: (214) 972-1771
>
>***Counsel for The Boeing Company***

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2023, the foregoing was filed with the Clerk of the United States District Court for the Northern District of Texas using the CM/ECF system. The system will serve counsel of record.

>*/s/ Benjamin L. Hatch*
>Benjamin L. Hatch