UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> *Plaintiff* ) <br> ) <br> v. ) <br> ) <br> THE BOEING COMPANY, ) <br> ) <br> *Defendant.* ) <br> ) | Case No. 4:21-cr-00005-O-1 |

**[PROPOSED] ORDER**

Before the Court is the Motion by Naoise Connolly Ryan et al. Requesting Reconsidering of the Court-Imposed Conditions of Release on Boeing Under 18 U.S.C. § 3142(c)(3). Having considered the parties' positions, the Court finds that the Victims' Representatives have presented good cause for an order imposing additional conditions of release under § 3142, specifically the appointment of an independent Monitor. Thus, the Court **GRANTS** the motion, with the additional specifications that follow.

1. BOEING shall retain a Monitor upon selection by the process set forth below; the Monitor's powers, rights and responsibilities shall be as set forth below.

    (a). <u>Jurisdiction, Powers, and Oversight Authority</u>. It is the intent of this Order that the provisions set out below regarding the Monitor's jurisdiction, powers, and oversight authority and duties be broadly construed. When the term "BOEING" is used throughout this Order, the term signifies both the company and its subsidiaries.

    (b). <u>Adoption and Implementation of recommendations</u>. BOEING shall adopt and implement all recommendations submitted by the Monitor unless BOEING objects to any recommendation and the Court agrees that adoption and implementation of such recommendation should not be required.

    (c). <u>Access to Information</u>. The Monitor shall have the authority to take such reasonable steps, in the Monitor's view, as necessary to be fully informed about those operations of BOEING within or relating to his or her jurisdiction. To that end, the Monitor shall have:

(1). Access to, and the right to make copies of, any and all nonprivileged books, records, accounts, correspondence, files, and any and all other documents or electronic records, including e-mails, relating to the Monitor's jurisdiction, of BOEING and its subsidiaries; and

(2). The right to interview any officer, employee, agent, or consultant of BOEING and its subsidiaries (including participating in any relevant meetings) concerning any matter relating to the Monitor's jurisdiction.

(3). To the extent that the Monitor seeks access to information contained within privileged documents or materials, BOEING and its subsidiaries shall use its best efforts to provide the Monitor with the information without compromising the asserted privilege.

(d). Confidentiality.

(1). All Monitor reports submitted to the Court will be made public within fourteen days of their submission, subject to BOEING's right to object to the Monitor that parts of the report are confidential. Any disputes about what parts of the report are to remain confidential will be resolved by the Court, with due consideration for the public's right to access information about judicial proceedings.

(2). The Monitor (and staff members) shall sign a non-disclosure agreement with BOEING prohibiting disclosure of information received from BOEING or its subsidiaries to anyone other than the Court and BOEING's Board of Directors. Within thirty days after the end of the Monitor's term, the Monitor (and staff members) shall either return anything obtained from BOEING (or its subsidiaries), or certify that such information has been destroyed.

(e). Hiring Authority. The Monitor shall have the authority to employ legal counsel, consultants, investigators, experts, and any other personnel necessary to assist in the proper discharge of the Monitor's duties.

(f). Implementing Authority. The Monitor shall have the authority to take any other actions that are necessary to effectuate the Monitor's oversight and Monitoring responsibilities.

(g). Specific areas for Monitoring, Investigation, and Recommendation. The Monitor shall have a broad mandate to evaluate, recommend, and direct improvements in BOEING's (and its subsidiaries) compliance and ethics programs, as well as related quality assurance and safety measures. While the Monitor should have discretion as to how best to proceed, the following areas should be included as areas for Monitoring, investigation, and recommendation:

(1). Overtime Reports: Closely Monitor the amount of overtime individual factory employees are performing each week. This includes all employees, not just

union employees. Fatigued employees are prone to mistakes, and it's crucial to track actual working hours.

(2). Non-conformance Reports (NCRs): Track the number and type of NCRs on each airplane at roll-out. Ideally, there should be zero (0) NCRs at this stage. Unresolved flight safety-related items at roll-out are extremely dangerous.

(3). Shipside Action Tracker (SATs): Monitor the number and type of SATs on each airplane at roll-out. Similar to NCRs, there should be zero (0) SATs. Any unresolved SATs, especially those related to flight safety, should be addressed immediately.

(4). Traveled Work: Track the amount and type of traveled work by airplane and flow day. The criteria for allowing traveled work should be stringent to avoid the dangerous habit of justifying incomplete work.

(5). Incomplete Jobs Due to Missing or Damaged Parts: Identify suppliers struggling with timely deliveries by tracking incomplete jobs due to missing or damaged parts. This can help address stress points in the supply chain.

(6). Parts That Fail to Meet Load Date: Monitor the number and type of parts that fail to meet the planned load date for factory installation.

(7). Functional Test Results: Report on functional test results by airplane, including both failures and passes.

(8). Missed Deliveries: Track airplanes that failed to deliver to the customer on time.

(9). Grounding Due to Mechanical Defects: Track the number of airplanes experiencing grounding for more than twelve hours due to mechanical defects within one year of delivery.

(10). Minimizing Traveled Work: Data and common sense show that out-of- sequence work is a disaster risk.

(11). Hold-Ups at FAA Sign-Off: Track the number of airplanes held up for more than one day at FAA sign-off. Such delays are not only due to FAA finding problems, but BOEING's own inspectors not passing them.

(12). Airworthiness Directives (ADs) and Exemptions: Evaluate and implement ways to reduce the time periods for correcting unsafe conditions. ADs for unsafe conditions and exemptions for mistakes during recertification are currently taking up to three years to correct. Ways to reduce those time periods should be implemented.

   (13). <u>Reinstate Inspections</u>: Evaluate and implement ways of reinstating inspections that were removed in the last five years to ensure rigorous compliance.

   (14). <u>EICAS Retrofit</u>: Evaluate and implement a retrofit to the MAX with the Engine-indicating and crew-alerting system (EICAS) flight crew alert system for all new aircraft and retrofit in-service aircraft with an EICAS-light system.

   (15). <u>Compensation System</u>: Examine ways of strengthening BOEING's restructured compensation system, which is supposed to focus on safety metrics rather than stock price or delivery targets.

(h). <u>Miscellaneous Provisions</u>.

   (1). <u>Term</u>. The Monitor's authority set forth herein shall extend for a period of five years from the commencement of the Monitor's duties, except that (a) in the event the Court determines during the period of the Monitorship (or any extensions thereof) that BOEING has violated any provision of this Order, an extension of the period of the Monitorship may be imposed in the sole discretion of the Court, up to an additional one-year extension; and (b) in the event the Court, in its sole discretion, determines during the period of the Monitorship that the employment of a Monitor is no longer necessary to carry out the purposes of this Order, the Court may shorten the period of the Monitorship.

   (2). <u>Selection of the Monitor</u>. The Court selects Javier de Luis, Ph.D., as the monitor, as he possesses the requisite expertise and independence.

   (3). <u>Notice regarding the Monitor; Monitor's Authority to Act on Information received from Employees; No Penalty for Reporting</u>. BOEING shall establish an independent, toll-free answering service to facilitate communication anonymously or otherwise with the Monitor. Within 10 days of the commencement of the Monitor's duties, BOEING shall advise its employees of the appointment of the Monitor, the Monitor's powers and duties as set forth in this Order, the toll-free number established for contacting the Monitor, and email and mail addresses designated by the Monitor. Such notice shall inform employees that they may communicate with the Monitor anonymously or otherwise, and that no agent, consultant, or employee of BOEING shall be penalized in any way for providing information to the Monitor. In addition, such notice shall direct that, if an employee is aware of any violation of any law or any unethical conduct that has not been reported to an appropriate federal, state or municipal agency, the employee is obligated to report such violation or conduct to BOEING's compliance office or to the Monitor. The Monitor shall have access to all communications made using this toll-free number. The Monitor has the sole discretion to determine whether the toll-free number is sufficient to permit confidential and/or anonymous communications or whether the establishment of an additional toll-free number is required.

(4). <u>Reports to the Court</u>. The Monitor shall keep records of his or her activities, including copies of all correspondence and telephone logs, as well as records relating to actions taken in response to correspondence or telephone calls. If potentially illegal or unethical conduct is reported to the Monitor, the Monitor may, at his or her option, conduct an investigation. The Monitor may report to the Court whenever the Monitor deems fit but, in any event, shall file a written report to the Court and to BOEING's Board of Directors not less often than every thirty days regarding: the Monitor's activities and findings; whether BOEING is complying with the terms of this Order; and any changes that are necessary to foster BOEING's compliance with any applicable laws, regulations and standards related to the Monitor's jurisdiction as set forth in this Order. Should the Monitor determine that it appears that BOEING has violated any law, has violated any provision of this Order, or has engaged in any conduct that could warrant the modification of his or her jurisdiction, the Monitor shall promptly notify the Court, and when appropriate, BOEING's Board of Directors.

(5). <u>Cooperation with the Monitor</u>. BOEING and all of its officers, directors, employees, agents, and consultants shall have an affirmative duty to cooperate with and assist the Monitor in the execution of his or her duties provided in this Order and shall inform the Monitor of any non-privileged information that may relate to the Monitor's duties or lead to information that relates to his or her duties. The failure of any BOEING (or BOEING subsidiary) officer, director, employee, or agent to cooperate with the Monitor may, in the sole discretion of the Monitor, serve as a basis for the Monitor to recommend dismissal or other disciplinary action.

(6). <u>Compensation and Expenses</u>. Although the Monitor shall operate under the supervision of the Court, the compensation and expenses of the Monitor, and of the persons hired under his or her authority, shall be paid by BOEING. The Monitor, and any persons hired by the Monitor, shall be compensated in accordance with their respective typical hourly rates. BOEING shall pay bills for compensation and expenses promptly, and in any event within 30 days. In addition, within one week after the selection of the Monitor, BOEING shall make available office space, telephone service and clerical assistance sufficient for the Monitor to carry out his or her duties.

(7). <u>Indemnification</u>. BOEING shall provide an appropriate indemnification agreement to the Monitor with respect to any claims arising out of the performance of the Monitor's duties.

(8). <u>No Affiliation</u>. The Monitor is not, and shall not be treated for any purpose, as an officer, employee, agent, or affiliate of BOEING.

IT IS SO ORDERED.

Dated: _____

                                                                                                                             _____
JUDGE REED O'CONNOR
UNITED STATES DISTRICT JUDGE