# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff* ) | |
| ) | |
| v. ) | Case No. 4:21-cr-00005-O-1 |
| ) | |
| THE BOEING COMPANY, ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

## UNOPPOSED MOTION BY NAOISE CONNOLLY RYAN, ET AL. FOR LEAVE TO FILE AN OVERLENGTH MOTION AND INCORPORATED MEMORANDUM IN OPPOSITION TO PROPOSED PLEA AGREEMENT

Naoise Connolly Ryan et al.[1] (the "victims' families" or "families"), through undersigned counsel, respectfully submitted this Unopposed Motion for Leave to File an Overlength Objection to the Proposed Plea Agreement that has been filed by the Government and Boeing. For extraordinary and compelling reasons, the Court should grant the families leave to file an overlength motion and brief objecting to the plea of no longer than 48 pages. (Per request of the parties, the Government and Boeing should be allowed to file overlength responses of the same length.)

As the Court is aware, it previously set a scheduling order allowing the victims' families to file any motion and supporting brief requesting that the Court not accept the proposed plea agreement between the Government and Boeing by seven days after the filing of the agreement.

---

[1] In addition to Ms. Ryan, the other victims' family members filing this motion are Emily Chelangat Babu and Joshua Mwazo Babu, Catherine Berthet, Huguette Debets, Luca Dieci, Bayihe Demissie, Sri Hartati, Zipporah Kuria, Javier de Luis, Nadia Milleron and Michael Stumo, Chris Moore, Paul Njoroge, Yuke Meiske Pelealu, John Karanja Quindos, Guy Daud Iskandar Zen S., and others similarly situated.

1

*See* ECF No. 218 (setting schedule). The proposed plea was filed yesterday, July 24, 2024. *See* ECF No. 221-1 (proposed plea agreement). The proposed plea agreement and accompanying attachment span 83 pages.

The plea agreement contains provisions on many different subjects that raise serious and substantial concerns to the victims' families, including (but not limited to):

- The lack of any acknowledgment by Boeing that its crime killed 346 people;
- The unusual and binding nature of the plea under Fed. R. Crim. P. 11(c)(1)(C);
- The outdated and misleading statement of facts associated with the plea;
- The inaccurate Sentencing Guidelines calculations associated with the plea;
- The *sub silentio* exoneration of Boeing's then-senior management implicit in the plea;
- The unexplained calculation of a proposed fine of only $243.6 million dollars;
- The selection of a corporate monitor for Boeing by the Justice Department itself rather than by the Court;
- The ambiguous restitution commitment being made by Boeing in the plea; and
- Other generous concessions that are not normally available to criminal defendants in the Northern District of Texas.

In short, the victims' families believe that the parties have proffered to the Court a "sweetheart" plea deal that the Court should reject.

Ever since Sunday, June 30, 2024, when the Justice Department hurriedly organized a conference call with the victims' families to tell them what terms it would be offering to Boeing, undersigned counsel has been working diligently to draft a concise—yet comprehensive—motion and accompanying brief explaining all of these concerns so that the Court can make an informed decision about whether to accept the proposed plea. *See* Fed. R. Crim. P. 11(c)(3)(A) (court may accept or reject proposed plea). Undersigned counsel has also been in close contact with numerous

attorneys for other family members in an effort to develop a comprehensive memorandum covering objections to the plea that would encompass objections from as many of the 346 family members as possible—thereby reducing multiple filings from attorneys from various family members.

At this point, undersigned counsel has developed rough drafts covering many of the objections and concerns identified above. Counsel also has developed a full draft outline of what the final objection will look like. Based on counsel's knowledge of the complexity and seriousness of this case, involving what may "properly be considered the deadliest corporate crime in U.S. history" (ECF No. 185 at 25), it will not be possible to fully and appropriately develop the arguments listed above in fewer than 48 pages.

Of course, some of the arguments could theoretically be trimmed so that they are more concisely presented. But filing a reply shorter than 48 pages would likely involve cutting important information supporting the families' positions, possibly necessitating additional filings from other attorneys and family members.

Under the current scheduling order, while the family members have seven days to file their objection, they agreed to the Government and Boeing having fourteen days to respond. The Government and Boeing are both represented by large and capable legal teams with significant resources. Thus, the parties will not suffer any prejudice if the family members are allowed to file an overlength motion.

In light of all these facts, the fifteen victims' families represented by undersigned counsel request leave to file an overlength motion and supporting memorandum of no more than 48 pages. *Cf.* LCrR 47.1(c) (limiting briefs to 25 pages but allowing briefs in excess of that length with permission of the presiding judge for extraordinary and compelling reasons).

It is also relevant that the victims' families compromise 15 different families, each of whom could, in theory, file separate statements objecting to the plea under the CVRA. *See* 18 U.S.C. § 3771(a)(3) (giving each crime victim and crime victim representative the right "to be heard" regarding a "plea").[2] Instead, the family members represented by the undersigned counsel are working diligently to present the Court with consolidated arguments.

Undersigned counsel (who are working on this matter *pro bono*) anticipate that much of the substantial drafting of the motion will be done over the weekend (July 27 to 28) and having advance knowledge of the applicable page limitations will greatly assist in that drafting process.

## CERTIFICATE OF CONFERENCE

On the evening of July 24, 2024, the victims' families advised opposing counsel, via email, of the substance of the grounds for an overlength reply brief and requested their positions. The parties do not oppose the request, provided they are allowed to file comparable length responses.[3]

## CONCLUSION

This Court should provide the victims' families permission to file an overlength motion and memorandum of not more than 48 pages objecting to the proposed plea agreement (and permission for responses of the same length by each of the parties.) A proposed order to that effect is attached. The families respectfully request a ruling on the motion as soon as practicable in view of the tight briefing deadline.

---

[2] Earlier, more than 70 other families have indicated that they are supporters of the 15 families' motions. Dkt 52 at 7. The family members filing this motion believe that their objections to the proposed plea will command broad support among the victims' families around the world.

[3] Because the parties appear to be contemplating filing up to 96 pages of response briefs, the victims' families may require more than the normal 10 pages to reply. If so, after reading the response briefs, the families will file an appropriate motion.

Dated: July 25, 2024

Respectfully submitted,

*/s/ Warren T. Burns*

Warren T. Burns
Texas Bar No. 24053119
Darren P. Nicholson
Texas Bar No. 24032789
Kyle K. Oxford
Texas Bar No. 24095806
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
wburns@burnscharest.com
dnicholson@burnscharest.com
koxford@burnscharest.com

*/s/ Paul G. Cassell*

Paul G. Cassell (Utah Bar No. 06078)
(Counsel of Record)
Utah Appellate Project
S.J. QUINNEY COLLEGE OF LAW
University of Utah
cassellp@law.utah.edu
(no institutional endorsement implied)

Tracy A. Brammeier
CLIFFORD LAW OFFICES PC
tab@cliffordlaw.com

Erin R. Applebaum
KREINDLER & KREINDLER LLP
eapplebaum@kreindler.com

Pablo Rojas
PODHURST ORSECK PA
projas@podhurst.com

*Attorneys for Victims' Families*

## CERTIFICATE OF SERVICE

I certify that on July 25, 2024, the foregoing document was served on the parties to the proceedings via the Court's CM/ECF filing system.

*/s/ Paul G. Cassell*
Paul G. Cassell