# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff* ) | |
| ) | |
| v. ) | Case No. 4:21-cr-00005-O-1 |
| ) | |
| THE BOEING COMPANY, ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

**MANFREDI CRIME VICTIMS' FAMILY MEMBERS' <u>NOTICE OF JOINDER</u> TO CRIME VICTIMS' FAMILY MEMBERS NAOISE CONNOLLY RYAN, *ET AL*.'S MOTION REQUESTING THAT THE COURT NOT ACCEPT RULE 11(C)(1)(C) BINDING PLEA AGREEMENT PROPOSED BY THE GOVERNMENT AND BOEING;**

**and**

**<u>MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES</u> OF MANFREDI CRIME VICTIMS' FAMILY REQUESTING THAT THE COURT NOT ACCEPT THE RULE 11(C)(1)(C) BINDING PLEA AGREEMENT PROPOSED BY THE GOVERNMENT AND BOEING**

| | |
|---|---|
| /s/ Filippo Marchino | /s/ Charles Siegel |
| Filippo Marchino (CA SBN – 256011) | Charles Siegel, Esq. (TX SBN 18341875) |
| *FM@xlawx.com* | siegel@waterskraus.com |
| THE X-LAW GROUP, P.C. | Waters Kraus Paul & Siegel |
| 625 Fair Oaks Ave., Suite 390 | 3141 Hood Street, Suite 700 |
| South Pasadena, CA 91030 | Dallas, Tx 75219 |
| Tel: (213) 599-3380 | Tel: (214) 357-3244 |

*Attorneys for Crime Victims' Family Members*
*The Estate of ANDREA*
*MANFREDI, deceased; and LINDA*
*MANFREDI, MAURIZIO MANFREDI*
*and SONIA LORENZONI*

**TABLE OF CONTENTS**

**Page(s)**

NOTICE OF JOINDER ................................................................................................................ 1

MOTION OF THE MANFREDI CRIME VICTIMS' FAMILY REQUESTING
THAT THE COURT NOT ACCEPT THE RULE 11(C)(1)(C) BINDING PLEA
AGREEMENT PROPOSED BY THE GOVERNMENT AND BOEING ................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 2

    I.    STATEMENT OF RELEVANT FACTS ......................................................................... 3

    II.   AS BOEING CONTINUES TO DENY RESPONSIBILITY FOR ITS
        CRIMINAL CONDUCT, THIS COURT SHOULD REJECT THE PROPOSED PLEA
        AGREEMENT ................................................................................................................. 5

    III.  CONCLUSION ................................................................................................................ 7

## TABLE OF AUTHORITIES

**Page(s)**

Cases

*In Re: Lion Air Flight JT 610 Crash*,
    No. 1:18-cv-07686 (N.D. Ill.) .................................................................................... 4

*United States v. Smith*,
    417 F.3d 483 (5th Cir. 2005) ..................................................................................... 6


Statutes

U.S.S.G. § 8C2.5 (g)(2) ..................................................................................................... 6


Rules

Fed. R. Crim. P. 11(C)(1)(C) .................................................................................... 1, 3, 7

**NOTICE OF JOINDER**

The Estate of ANDREA MANFREDI, deceased, LINDA MANFREDI, MAURIZIO MANFREDI, and SONIA LORENZONI (collectively, the "Manfredi Family"), in their capacity as Recognized Crime Victims' Family Members, through undersigned counsel, hereby join in all arguments, evidence, and objections set forth in the "Motion Requesting that the Court Not Accept Rule 11(C)(1)(C) Binding Plea Agreement Proposed by the Government and Boeing," filed by Recognized Crime Victims' Family Members Naoise Connolly Ryan, *et al*. on July 31, 2024. Dkt No. 234.

**MOTION OF THE MANFREDI CRIME VICTIMS' FAMILY REQUESTING THAT THE COURT NOT ACCEPT THE RULE 11(C)(1)(C) BINDING PLEA AGREEMENT PROPOSED BY THE GOVERNMENT AND BOEING**

The Estate of ANDREA MANFREDI, deceased, LINDA MANFREDI, MAURIZIO MANFREDI, and SONIA LORENZONI (collectively, the "Manfredi Family"), in their capacity as Recognized Crime Victims' Family Members, through undersigned counsel, file this supplemental motion requesting that the Court reject the Rule 11(c)(1)(C) binding plea agreement proposed by the Government and Boeing. On July 15, 2024, the Court authorized the Manfredi Family to file this document and the concurrently filed Declaration of Filippo Marchino.[1] ECF No. 218 at 1.

In addition to the reasons and evidence clearly set forth by Recognized Crime Victims' Family Members Naoise Connolly Ryan, *et al*. in Dkt No. 234, which the Manfredi Family has joined in its entirety, this Court should consider the actions of Defendant Boeing in the only

---

[1] As of the time of the present filing, the pro-hac vice application of Mr. Marchino has been filed (Dkt. 227) and was granted on July 31, 2024 by this Court (Dkt. 231).

1

currently-known litigation where liability for a deadly 737Max crash is being fought. This about-face before this Court, under the premise of a full acceptance of responsibility, is clearly belittled and nullified by the Defendant's conduct in an equal courthouse less than 1,000 miles away: the United States District Court for the Northern District of Illinois.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Manfredi Family writes separately to inform the Court that Defendant The Boeing Company ("Boeing") has refused to admit that its conduct was the sole proximate cause of the crash of Lion Air Flight 610. The Manfredi Family has been involved in litigation before the United States District Court for the Northern District of Illinois since 2019, which continues to this day.[2] In February of this year, the Hon. Thomas M. Durkin specifically requested that Boeing either admit or deny proximate causation for the accident of Lion Air 610 in October of 2018. Boeing refused to admit it was the proximate cause both in writing and during a Court hearing.[3] As a result of this, the Hon. Thomas M. Durkin lifted the stay on liability discovery and allowed the case to proceed.

Boeing's refusal to admit proximate causation directly contradicts this Court's October 21, 2022 factual findings that Boeing's misconduct was, by a preponderance of the evidence, the direct and proximate cause of the crash of both Lion Air Flight 610 and Ethiopian Airlines Flight 302. ECF No. 116 at 17.

---

[2] The Manfredi Family, along with the Estate of Liu Chandra, are the only two remaining cases arising from the crash of Lion Air 610.

[3] Boeing has repeatedly sought to stipulate with Plaintiffs that it will pay 100% of the damages in the civil case, subject however to Boeing being able to seek contribution against others at a later time and different venue. The Manfredi Plaintiffs have repeatedly rejected this offer and maintain that they are entitled to a determination of who caused the crash and killed their son and twin brother.

Likewise, Boeing's continuing refusal to accept responsibility for causing two airline crashes and killing 346 people (including Mr. Manfredi) demonstrates that accepting the plea agreement here will only undermine the statutory purposes of sentencing and the sentencing guidelines, as well as hand Boeing too light of a sentence. As such, the Manfredi Family respectfully requests that the Court reject the Rule 11(c)(1)(C) binding plea agreement.

## I. STATEMENT OF RELEVANT FACTS

On October 21, 2022, the Court issued its "Second Memorandum Opinion & Order" concerning, *inter alia*, the Crime Victims' Family Members' Second Amended Motion for Findings that the DPA was Negotiated in Violation of the Victim's Rights. ECF No. 116 at 1. In evaluating the Motion, the Court noted that "the sole question the Court addresses here is whether Movants represent individuals who were '*directly* and *proximately* harmed as a result of' Boeing's conspiracy to defraud the United States based on the facts admitted by Boeing." *Id.* at 8–9 (citation omitted, emphases in original).

In granting the Motion, the Court first found that the Crime Victims' Family Members established, by a preponderance of the evidence, that Boeing's criminal conduct was a direct cause of the crashes—"[i]n sum, but for Boeing's criminal conspiracy to defraud the FAA, 346 people would not have lost their lives in the crashes." *Id.* at 16.

The Court next found that Boeing's criminal conduct was also the proximate cause of the crashes. The Court concluded "that the tragic loss of life that resulted from the two airplane crashes was a reasonably foreseeable consequence of Boeing's conspiracy to defraud the United States," and that "Movants have established adequate direct causal connection between Boeing's criminal conspiracy and the resulting crashes, which is sufficient to satisfy proximate cause's substantial factor requirement." *Id.* at 17.

3

Approximately 15 months later, on February 9, 2024, the Hon. Thomas M. Durkin held a hearing in the ongoing civil action, *In Re: Lion Air Flight JT 610 Crash*, No. 1:18-cv-07686 (N.D. Ill.). Declaration of Filippo Marchino, ¶ 2, Exh. "A." The purpose of the hearing was to clarify the Court's prior order regarding a discovery stay for liability discovery. *Id.* at ¶ 2, Exh. "A," p. 4:19–23. Regarding reopening liability discovery, Judge Durkin stated the following: "If by February 19th, Boeing reports that it admits, rather, that it's the sole proximate cause of the crash of Lion Air Flight 610, in my mind, liability discovery is over in this case, and we will deal simply with damages." *Id.* at ¶ 2, Exh. "A," p. 9:19–23.

Boeing filed a written response to Judge Durkin's request on February 19, 2024. *Id.* at ¶ 3, Exh. "B." Boeing characterized Judge Durkin's request by stating that the Court "ordered defendant The Boeing Company to advise the Court by February 19, 2024, whether Boeing would waive its contribution rights against defendant Xtra Aerospace, LLC." *Id.* Boeing did not address proximate cause in its response. *Id.*

At a follow-up hearing on February 29, 2024, Judge Durkin stated the following:

> I had asked Mr. Shultz [Boeing counsel] to determine whether or not they could make a statement that they were the sole proximate cause of the air crash. They are not in a position to make that statement. I'm not sure if that's a timing issue or a — simply no ability to make that statement at this time or possibly for quite some time. It doesn't really matter. They weren't able to make that statement when I asked them to, and I did not get a statement in Mr. Shultz's letter docketed at 1539 that the passage of a little more time, without additional discovery, would allow them to make that statement. Has that position changed, Mr. Shultz?

*Id.* at ¶ 4, Exh. "C," p. 5:4–14.

Boeing's counsel responded: "That position has not changed, Your Honor." *Id.* at ¶ 4, Exh. "C," p. 5:15–16.

4

Later in the hearing, Boeing's counsel raised the issue again by stating:

> In Your Honor's comments this morning, you referenced admitting that Boeing is the full proximate cause. Obviously our February 19th letter focused on waiving claims against the codefendants in the case. And I just wanted to inquire about that distinction, because the — a waiver of sole proximate cause — or admission that Boeing is the sole approximate [*sic*] cause potentially has implications for Boeing's rights vis-à-vis parties that are not before the Court; whereas, waiving Boeing's contribution claims against Boeing's codefendants would address the concerns the Court has identified with respect to trial and the parties before the Court. And I — I just wanted to know from the Court's perspective, were Boeing to waive its claims against all codefendants in this case, if that would satisfy the Court's concerns.

*Id.* at ¶ 4, Exh. "C," p. 11:9–25.

The Court clarified that it requested an admission of proximate cause specifically, regardless of what implications that would have for Boeing in other actions: "if there's an admission the only party responsible for this accident, as it relates to the lawsuit in front of me, not some insurance claims or a contribution claim or anything else down the line, but if Boeing says, we are the only cause of this accident and, therefore, I would view it as a waste of time for plaintiffs to attempt to ascribe liability to Aerospace, Rockwell, or the federal government . . . ." *Id.* at ¶ 4, Exh. "C," p. 12:3–10.

## II. AS BOEING CONTINUES TO DENY RESPONSIBILITY FOR ITS CRIMINAL CONDUCT, THIS COURT SHOULD REJECT THE PROPOSED PLEA AGREEMENT

As the Recognized Crime Victims' Family Members describe in their Motion, the proposed plea agreement should be rejected because its sentencing guidelines calculation is wholly inaccurate: "not a level 34, as the parties would have the Court buy into, but rather the substantially higher level 42—along with a culpability score not of 5 but rather of 10." [Dkt No. 234 at 33]

5

A critical source of this inaccuracy is the United States' agreement that Boeing "clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct" under U.S.S.G. § 8C2.5, subdivision (g)(2). This assertion is simply not true and is clearly refuted by Boeing's conduct in the Manfredi Family's litigation before the United States District Court for the Northern District of Illinois.

But as described above, Boeing continues to refuse to admit that its conduct (which the Manfredi Family contends is criminal conduct) was the cause of 189 people aboard Lion Air 610 losing their lives, even when the issue is squarely raised by a United States District Court Judge. In effect, the proposed plea agreement permits Boeing to treat the agreement as an *Alford* plea—Boeing avoids a criminal trial while also remaining free to deny any wrongdoing in actually causing two horrific airline crashes, including the crash that killed Mr. Manfredi.

And Boeing's failure to accept responsibility for killing 189 people on Lion Air 610 and 157 people on Ethiopian Air Lines 302 is even more egregious considering that Boeing has continued to deny that it caused the airline crashes *for nearly two years* after this Court found that Boeing's criminal conduct was the direct and proximate cause of the crashes. This, contrary to the government's conclusory statements, is the opposite of a Defendant "clearly demonstrat[ing] recognition and affirmative acceptance of responsibility for its criminal conduct."

The Recognized Crime Victims' Family Members correctly point out in their Motion that "[a] district court may properly reject a plea agreement based on the court's belief that the defendant would receive too light of a sentence," and that "a court is counseled to reject the plea agreement if it determines that accepting the plea agreement will undermine the statutory purposes of sentencing or the sentencing guidelines." *United States v. Smith*, 417 F.3d 483, 487 (5th Cir. 2005). Here, Boeing's continuing refusal to accept responsibility for causing two airline crashes and killing a total of 346 people demonstrates that accepting the plea agreement will undermine

the statutory purposes of sentencing and the sentencing guidelines, as well as hand Boeing too light of a sentence. As such, the Court should reject the proposed plea agreement.

## III.  CONCLUSION

For the foregoing reasons, and based upon the evidence and arguments advanced by the Recognized Crime Victims' Family Members in their Motion, the Manfredi Family respectfully requests that the Court grant the "Motion Requesting that the Court Not Accept Rule 11(C)(1)(C) Binding Plea Agreement Proposed by the Government and Boeing" in full.

Dated: July 31, 2024                                      Respectfully submitted,


<div style="display:flex">

  /s/ Filippo Marchino                                     /s/ Charles Siegel
Filippo Marchino (CA SBN – 256011)          Charles Siegel, Esq. (TX SBN 18341875)
          *FM@xlawx.com*                                      siegel@waterskraus.com
       THE X-LAW GROUP, P.C.                            Waters Kraus Paul & Siegel
    625 Fair Oaks Ave., Suite 390                          3141 Hood Street, Suite 700
       South Pasadena, CA 91030                                  Dallas, Tx 75219
          Tel: (213) 599-3380                                   Tel: (214) 357-3244

</div>

*Attorneys for Crime Victims' Family Members*
*The Estate of ANDREA*
*MANFREDI, deceased; and LINDA*
*MANFREDI, MAURIZIO MANFREDI*
*and SONIA LORENZONI.*

7

**CERTIFICATE OF SERVICE**

I certify that on July 31, 2024, the foregoing document was served on all parties to the proceedings via the Court's CM/ECF filing system.

                                              /s/ Filippo Marchino  
                                              FILIPPO MARCHINO, Esq.