# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|   *Plaintiff* ) | |
| ) | |
| v. ) | Case No. 4:21-cr-00005-O |
| ) | |
| THE BOEING COMPANY, ) | |
| ) | |
|   *Defendant.* ) | |
| ) | |

**NOTICE OF NEW DEVELOPMENT RELEVANT TO THE COURT'S DECISION
ABOUT WHETHER TO ACCEPT THE PROPOSED
BINDING BOEING PLEA AGREEMENT**

Warren T. Burns
Texas Bar No. 24053119
Darren P. Nicholson
Texas Bar No. 24032789
Kyle Oxford
Texas Bar No. 24095806
Chase Hilton
Texas Bar No. 24100866
Burns Charest, LLP
900 Jackson Street, Suite 500
Dallas, Texas 75202
Tel. (469) 458-9890
wburns@burnscharest.com
dnicholson@burnscharest.com
koxford@burnscharest.com
chilton@burnscharest.com

Paul G. Cassell (Utah Bar No. 06078)
(Counsel of Record)
Utah Appellate Project
S.J. QUINNEY COLLEGE OF LAW
University of Utah
cassellp@law.utah.edu
(no institutional endorsement implied)

Tracy A. Brammeier
Clifford Law Offices PC
tab@cliffordlaw.com

Erin R. Applebaum
Kreindler & Kreindler LLP
eapplebaum@kreindler.com

Pablo Rojas
Podhurst Orseck PA
projas@podhurst.com

*Attorneys for Victims' Representatives*

### NOTICE OF NEW DEVELOPMENT RELEVANT TO THE COURT'S DECISION ABOUT WHETHER TO ACCEPT THE PROPOSED BINDING BOEING PLEA AGREEMENT

Naoise Connolly Ryan et al. (the "victims' families" or "families"), through undersigned counsel, file this notice of a new development that is relevant to their pending motion and supporting memorandum (ECF No. 232 (unredacted) and No. 234 (redacted) ("Families Br.")) asking the Court to reject the proposed plea agreement between the Government and Boeing (ECF No. 222-1). Specifically, the Government has just emailed hundreds of victims' families correspondence regarding restitution. Because the parties will likely refer to the correspondence during tomorrow's Court hearing, the victims' families wanted to provide the correspondence to the Court for its review. The uncertainty about restitution revealed in that correspondence remains a reason for the Court to reject the proposed plea.

### NEW RESTITUTION CORRESPONDENCE BY THE GOVERNMENT

Yesterday, less than 48 hours before the Court's scheduled hearing about whether to accept the proposed Boeing plea agreement, the Government sent a one-sentence email to hundreds of victims' families and their counsel that read as follows:

> Hello,
>
> Attached please find correspondence requesting information regarding restitution in the case United States v. The Boeing Company.
>
> Regards,
>
> Victim Witness Unit
> Victimassistance.fraud@usdoj.gov

The email came without any advance notice to the families or their counsel at a time when some counsel and victims' families were preparing to travel to Fort Worth.

2

The Government's correspondence is attached to this filing as Exhibit 1, and concerns restitution. The first several paragraphs of the letter request information and records related to potential restitution claims:

> To Whom it May Concern:
>
> We are contacting you because you have been determined to be a crime victim pursuant to a court order dated October 21, 2022, in United States v. The Boeing Company, a federal criminal case pending in the United States District Court for the Northern District of Texas. This case is being jointly handled by the U.S. Department of Justice's Criminal Division, Fraud Section, and the U.S. Attorney's Office for the Northern District of Texas (collectively, the "Government" or "Department"). Crime victims are entitled to certain rights and services, as described further in this letter. As a victim witness professional, my role is to assist you with information and services during the pendency of the above-captioned case.
>
> We are writing to request information and records related to potential restitution claims for financial losses incurred due to Boeing's offense.
>
> As you know, the Court is considering whether to accept Boeing's guilty plea pursuant to the plea agreement the parties presented to the Court on July 24, 2024. But whether Boeing pleads guilty or is found guilty at trial, the Court will need to determine how much in restitution Boeing owes to the families of the crash victims. (If Boeing were found not guilty at trial, the Court could not order any restitution.) And because of the large number of families, and the particular circumstances of each family, this will require the collection and analysis of a large volume of information. The Court would be assisted in this process by the Probation Office, which would submit its restitution recommendation. And the Court also would look to the Government and Boeing to present their respective views on restitution.
>
> Under the proposed plea agreement, the Government has committed to support all lawful claims for restitution submitted by the families. The sooner you submit the information needed to assess your restitution claim, the better positioned the Government will be to determine its position on your claim. We have therefore created an online Questionnaire that is designed to help you provide the information the Government needs. The Questionnaire is available in English, Amharic, Bahasa, French, German, Norwegian, and Mandarin.

Gov't Restitution Letter (Oct. 10, 2024), Ex. 1, at 1-2.

3

The letter then goes on to provide answers to "Frequently Asked Questions." *Id.* at 2-6. Notable among these questions were items 2, 10, and 11:

2. *Who decides what restitution I am owed?*

The Court will decide what restitution, if any, is owed to each victim. The U.S. Probation Office will make a recommendation to the Court about restitution based on its review of the evidence related to each victim's losses. At a restitution hearing, the Government will present to the Court its position on what restitution is legally owed to each victim. Under the law, Boeing is also allowed to take its own position regarding the restitution that it owes to each victim.

The Court may also decline to order restitution if it finds that determining restitution in a case is too complex or would excessively prolong the sentencing process.

10. *When are my responses and documents due?*

**Please respond by November 15, 2024** so that the Government may have enough time to review and analyze each victim's claim, and so that the Government may share the information and records with the U.S. Probation Office and allow the U.S. Probation Office enough time to conduct its own review and analysis.

11. *Why are you asking for this information before the Court has decided whether to accept the proposed plea agreement?*

Collecting, reviewing, and analyzing the requested information and records takes a lot of time and resources. The Government will be better positioned to support claims for restitution if it receives the requested information in a timely manner. Even if the Court decides not to accept the proposed plea agreement, and if Boeing is ultimately convicted of an offense through a different plea agreement or after a trial, the information and records we are requesting now will be needed for restitution purposes.

Gov't Restitution Letter (Oct. 10, 2024), Ex. 1, at 2-6 (edited to include just FAQs 2, 10, and 11).

## DISCUSSION

So far as appears on the public docket in this case, the Government has failed to provide this notice and correspondence to the Court (or the U.S. Probation Office). Accordingly, the

victims' families provide this information to the Court, so that it is fully informed about the current posture of the case as it determines whether to accept the proposed plea agreement.

At the same time, however, the victims' families respectfully submit that they are entitled to make several observations about this eleventh-hour notice.

First, the Government sent out the correspondence to hundreds of families on October 9, 2024, at 1:50 p.m. Central Daylight Time—just a little over 43 hours before the hearing. Of course, the Government could have sent this correspondence to the families literally months earlier. The families have, reluctantly, drawn the conclusion from the suspicious timing that the correspondence is designed to give the Government a "talking point" in favor of the plea agreement to use at the Friday hearing.

Second, if anything, the last-minute correspondence casts further doubt on the proposed plea agreement. The correspondence (and particularly its "Frequently Asked Questions" section) is laden with hedges and qualifiers. As the Court will immediately see, the Government does not commit to supporting *any* of the families as they seek restitution. *See, e.g.,* FAQ #1 ("The Government will support any legally authorized claim for restitution by Crash Victim Families against The Boeing Company.")  Indeed, the Government acknowledges that, acting through legal counsel, a number of the victims' families submitted very detailed restitution packets to the Government more than three months ago. *See* Gov't Restitution Letter (Oct. 10, 2024), Ex. 1 at 2 ("Some of you have previously submitted information and records that relate to claims for restitution. We appreciate that you submitted those materials, which we have reviewed and we will consider as part of our analysis regarding restitution."). The families' counsel, more than three months ago, asked the Government whether it would support these restitution claims and, if so, in what amount. The Government has yet to commit to supporting any of the restitution claims, in

5

any amount. And, in its most recent filing with the Court regarding the proposed plea agreement, the Government states only that it "retain[s] the right" to support restitution requests rather than the statutorily required support from prosecutors that the CVRA requires. *See* Families Reply Opposing Plea, ECF No. 268-2 at 38 (citing DOJ Reply at 45). The proposed plea agreement itself is also laden with ambiguous language about the extent to which Boeing is agreeing to pay restitution. *Id.*

In short, under the proposed plea agreement, uncertainty swirls around what should be a straightforward issue—will Boeing really pay any restitution? The most recent correspondence confirms that vagueness. That ambiguity remains a strong reason for the Court to reject the proposed plea.

Dated: October 10, 2024                                                                                  Respectfully submitted,

| | |
|---|---|
| */s/ Darren P. Nicholson* | */s/ Paul G. Cassell* |
| Warren T. Burns | Paul G. Cassell (Utah Bar No. 06078) |
| Texas Bar No. 24053119 | (Counsel of Record) |
| Darren P. Nicholson | Utah Appellate Project |
| Texas Bar No. 24032789 | S.J. QUINNEY COLLEGE OF LAW |
| Kyle Oxford | University of Utah |
| Texas Bar No. 24095806 | cassellp@law.utah.edu |
| Chase Hilton | (no institutional endorsement implied) |
| Texas Bar No. 24100866 | |
| Burns Charest, LLP | Tracy A. Brammeier |
| 900 Jackson Street, Suite 500 | CLIFFORD LAW OFFICES PC |
| Dallas, Texas 75202 | tab@cliffordlaw.com |
| Tel. (469) 458-9890 | |
| wburns@burnscharest.com | Erin R. Applebaum |
| dnicholson@burnscharest.com | KREINDLER & KREINDLER LLP |
| koxford@burnscharest.com | eapplebaum@kreindler.com |
| chilton@burnscharest.com | |
| | Pablo Rojas |
| | PODHURST ORSECK PA |
| | projas@podhurst.com |

*Attorneys for Victims' Families*

## **CERTIFICATE OF SERVICE**

I certify that on October 10, 2024, the foregoing document was served on the parties to the proceedings via the Court's CM/ECF filing system.

*/s/ Darren P. Nicholson*
Darren P. Nicholson