UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Criminal Action No. 4:21-cr-5-O |
| § | |
| THE BOEING COMPANY, § | |
| § | |
| Defendant. § | |

# ORDER

On October 11, 2024, the Court held a hearing regarding the proposed Plea Agreement (the "Agreement") between the Government and The Boeing Company ("Boeing").[1] Naoise Connolly Ryan and other representatives of the victims[2] (collectively "victims") of the crashes of Lion Air Flight JT610 and Ethiopian Airlines Flight ET302 appeared and elaborated on their arguments[3] on why the Court should reject the Agreement. Likewise, the Government and Boeing appeared and urged the Court to accept the Agreement, which they previously detailed in their responses to the victims' objections.[4]

To provide brief context, the Government determined Boeing breached its obligations under the deferred prosecution agreement "by failing to design, implement, and enforce a compliance and ethics program to prevent and detect violations of the U.S. fraud laws throughout

---

[1] *See* Oct. 11, 2024, Minute Entry, ECF No. 273.
[2] The Court is currently considering Polskie Linie Lotnicze LOT S.A's. ("LOT's") status under the Crime Victims' Rights Act ("CVRA"). This order by no means expresses any opinion as to Lot's status under the CVRA. For the sake of judicial expediency, the Court is allowing LOT to move the Court to reject the proposed Plea Agreement.
[3] *See* ECF Nos. 232, 233, 234, 235 and 236. Rini Eka A. Soegiyono, *et al*. (ECF Nos. 238 and 255) and the Manfredi Family (ECF Nos. 236 and 256) are additional family members joined under Naoise Connolly Ryan, *et al*.
[4] *See* Government's Resp., ECF No. 245; Boeing's Resp., ECF No. 246.

1

its operations."[5] The Government and Boeing then drafted and filed the Agreement, in which Boeing pleads guilty to what the Government contends is the most readily provable offense—conspiracy to defraud the United States in violation of 18 U.S.C. § 371.[6] Among other provisions, the Agreement mandates an independent compliance monitor to assess whether Boeing has adequately mitigated the risk of providing false or fraudulent information to the Federal Aviation Administration and other government regulators.[7]

Like many of the Agreement's other provisions, the victims strongly oppose the Agreement's compliance monitor requirements.[8] Among other reasons, the victims argue the Court should reject the Agreement because it allows the Government, not the Court, to select a monitor with input from Boeing and "in keeping with the Department's commitment to diversity and inclusion"[9] (the "provision"). When the Court questioned the Government on this provision, the Government confirmed it "is a policy position of the Department of Justice"[10] ("DOJ" or "Department") established in 2021.[11] The Government further stated it "is something that the [D]epartment takes into account as it assesses the totality of an application for a particular person or monitor team."[12] In response to the Court's question on what the provision means in practice, the Government explained "it doesn't mean in practice that [the Government] select[s] [someone] less qualified"; rather, it is "going to hear from anybody who can submit from all over the country or elsewhere."[13]

---

[5] Notice 1, ECF No. 199.
[6] *See* Status Report 2, ECF No. 221.
[7] *Id.* at 3–4; *see* Proposed Plea Agreement ¶¶ 29–37, ECF No. 222-1.
[8] Naoise Connolly Ryan, *et al*. Mot. 35–40, ECF No. 232-1.
[9] *Id.* at 37 (quoting Proposed Plea Agreement, ¶ 33, ECF No. 222-1).
[10] Hr'g Tr. at 95:1, ECF No. 274.
[11] *Id.* at 98:5–12.
[12] *Id.* at 95:3–5.
[13] *Id.* at 95:6–14.

The Court also asked the Government to elaborate on the definitions of "diversity" and "inclusion." The Government clarified that "diversity" refers to "race, gender, background, [and] any number of factors,"[14] including "background and experience."[15] Inclusion, in the Government's words, is "another way of maybe saying the same thing and not excluding people because of any characteristic that would be included in diversity."[16] The attorney for the Government explained that he was not familiar with the details of the provision and how it would be applied in this case as he would not be on the committee applying it.[17]

When the Court questioned Boeing on the provision, Boeing confirmed its understanding that the Government "would use that policy to make their [monitor candidate] selections" and its confidence in the Government's monitor selection process.[18] Critically, Boeing did not voice any objection to this provision.

Both the DOJ and Boeing have publicly acknowledged their commitment to advance diversity, equity, and inclusion ("DEI"). For instance, the DOJ "is committed to advancing diversity, equity, inclusion, and accessibility (DEIA) for its employees."[19] It developed a "DEIA Strategic Plan that articulated a road map to advance DEIA across Department components" after the President issued an executive order promoting diversity, equity, inclusion, and accessibility in the Federal workforce.[20] In 2022, the DOJ issued a DEIA policy statement explaining that "the Department will continue to strive to foster an inclusive work environment that respects, embraces,

---

[14] *Id.* at 95:21–25.
[15] *Id.* at 97:8.
[16] *Id.* at 97:12–16.
[17] *Id.* at 97:24–98:8.
[18] *Id.* at 114:8–19.
[19] *Diversity, Equity, Inclusion and Accessibility (DEIA)*, U.S. DEP'T OF JUST. (Feb. 27, 2024), https://www.justice.gov/jmd/diversity-equity-inclusion-and-accessibility-deia.
[20] *Id.*; *see* Exec. Order No. 14035, 86 Fed. Reg. 34593 (June 25, 2021).

and promotes the diversity and many talents of its workforce."[21] Its Strategic Plan provides it intends to use diversity and equity in recruiting and hiring its workforce.[22]

Boeing's DEI endorsement runs in the same vein. Its website touts its commitment "to creating a culture of inclusion" and "set of aspirations" it will strive to achieve by 2025 "[t]o advance equity and diversity and build a culture of inclusion."[23] These "aspirations" include racial quotas, such as Boeing attempting to "[i]ncrease the Black representation rate in the U.S. by 20%" and "[c]lose representation gaps for historically underrepresented groups."[24] Indeed, Boeing ties executive compensation to achieving DEI goals.[25]

The Government has confirmed Boeing's fraudulent misconduct has burdened safety and compliance protocols.[26] Accordingly, the corporate monitor's role centers precisely on Boeing's "current and ongoing compliance with U.S. fraud laws," specifically focusing "on the integration of [Boeing's] compliance program with [Boeing's] safety and quality programs as necessary to detect and deter violations of anti-fraud laws or policies."[27]

Given this, the Court needs additional information to adequately consider whether the Agreement should be accepted. Specifically, it is important to know: how the provision promotes

---

[21] *Diversity, Equity, Inclusion and Accessibility (DEIA)*, *supra* note 19.
[22] *Diversity, Equity, Inclusion, and Accessibility Strategic Plan for Fiscal Years 2024-2026*, U.S. DEP'T OF JUST., https://www.justice.gov/jmd/media/1340036/dl?inline.
[23] *Global Equity, Diversity & Inclusion*, BOEING, https://www.boeing.com/sustainability/diversity-and-inclusion#Commitment.
[24] *Id.*
[25] *Global Equity, Diversity & Inclusion 2023 Report*, BOEING, 2 (2023), https://www.boeing.com/content/dam/boeing/boeingdotcom/principles/diversity-and-inclusion/assets/pdf/Boeing_GEDI_Report_FINAL.pdf ("[F]or the first time in [Boeing's] history, [it] tied incentive compensation to inclusion.").
[26] Government's Resp. 40, ECF No. 245 (The corporate "monitorship directly targets the root causes of Boeing's *criminal conduct*" by overseeing that Boeing "better integrate compliance and ethics into its *safety* functions." (emphasis added)); Hr'g Tr. at 90:8–15, ECF No. 274 (In the Government's words, the corporate monitor ensures "that compliance and ethics knows about what the risks are on the *safety* and quality side." (emphasis added)).
[27] Proposed Plea Agreement D-2, ¶ 3, ECF No. 222-1.

safety and compliance efforts as a result of Boeing's fraudulent misconduct; what role Boeing's internal focus on DEI impacts its compliance and ethics obligations; how the provision will be used by the Government to process applications from proposed monitors; and how Boeing will use the provision and its own internal DEI commitment to exercise its right to strike a monitor applicant. Accordingly, the parties should address the following:

- The Government **SHALL** provide the Court with the specific DOJ policy it referenced during the October 11 hearing and in the Agreement; definitions for the terms "diversity" and "inclusion" as stated in the Agreement; supplemental briefing explaining how the provision furthers compliance and ethics efforts; and how it will use the provision in selecting a proposed monitor.

- Boeing **SHALL** provide supplemental briefing explaining what it understands the provision to require; an explanation of how its existing DEI policies are used in its current compliance and ethics efforts; and how it intends to use DEI principles in exercising its strike of a proposed independent monitor.

The Court **ORDERS** the Government and Boeing to provide this supplemental briefing no later than **October 25, 2024**.

**SO ORDERED** this **15th day** of **October, 2024**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

5