IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | No. 4:21-CR-5-O |
| THE BOEING COMPANY, ) | |
| ) | |
| *Defendant*. ) | |
| ) | |

### THE BOEING COMPANY'S SUPPLEMENTAL BRIEFING IN RESPONSE TO COURT ORDER, DKT. 275

The Boeing Company ("Boeing") respectfully submits this supplemental briefing as directed by the Court's Order at Dkt. 275. The Court directed Boeing to submit supplemental briefing "explaining what it understands the provision [of the proposed plea agreement at paragraph 33] to require; an explanation of how its existing DEI policies are used in its current compliance and ethics efforts; and how it intends to use DEI principles in exercising its strike of a proposed independent monitor." Dkt. 275 at 5. Boeing addresses each topic below.

The proposed plea agreement provides that the government has the right to select an Independent Compliance Monitor in its "sole discretion" from among a pool of five or six candidates—the number depending on whether Boeing elects to strike one of the six candidates proposed by the government. Proposed Plea Agreement, ¶ 33. As relevant to the Court's supplemental briefing order, the proposed plea agreement then states that "Independent Compliance Monitor selections shall be made in keeping with the Department's commitment to diversity and inclusion." *Id.* Boeing understands this sentence to describe in part how the government intends to exercise its discretion in selecting an Independent Compliance Monitor from among the pool of candidates. Boeing states "in part" because paragraphs 30 and 31 of the

1

proposed plea agreement detail how the government plans to solicit monitor applications and the minimum qualifications that the government is seeking in a monitor applicant. As to the specific details of the government's commitment to diversity and inclusion, Boeing must defer to the government on what that commitment entails. Boeing's understanding, however, is that this provision is intended to ensure a broad base of candidates from which the government will make its ultimate monitor selection, and that such selection is open to all persons who meet the requirements outlined in paragraphs 30 and 31.

As Boeing noted at the hearing on the objections to the proposed plea agreement, the agreement, unusually, does not contemplate that Boeing will select the pool of candidates from which the government would select the Independent Compliance Monitor. Instead, Boeing may strike one of the six monitor candidates proposed by the government. The proposed plea agreement does not impose any restrictions on Boeing's ability to exercise that strike. Boeing would evaluate whether to strike any proffered monitor candidate based solely on their qualifications, including professional background, experience, and expertise. To be clear, DEI principles would not and will not play any part in the Company's very limited role in this process; that is to say, Boeing will be solely focused on the capabilities, professional background, and experience of the candidates.

Finally, the Court directed Boeing to address how its existing DEI policies are used in its current compliance and ethics efforts. As a global company with a diverse global workforce of more than 170,000 employees supporting customers worldwide, Boeing is committed to maintaining a culture that attracts and retains the top talent around the world. Boeing is likewise committed to seeking out the most qualified individuals from across its global workforce and putting them in positions where they can advance the Company's mission of ensuring safety and

quality across its operations. While Boeing has published aspirations related to diversity and inclusion, the Company does not compromise on merit or talent in pursuit of those aspirations and has a merit-based performance system with procedures aimed at encouraging an equality of opportunity, not of outcomes. Boeing strictly observes all laws prohibiting discrimination and does not employ racial quotas in hiring or promotion decisions.

In recent years, Boeing's compliance program has been strengthened through a concerted effort to recruit top talent both from within Boeing and through strategic hiring of external resources, including former federal prosecutors, state and federal law enforcement agents, and compliance experts from other global companies. In addition to recruiting these talented individuals with diverse backgrounds, Boeing's commitment to an inclusive culture is also important to the efforts the Company has made to strengthen its compliance program in recent years. An inclusive culture fosters a workplace where employees feel free to speak up and raise concerns—including concerns related to quality and safety—without fear of retaliation. This is critical to maintaining an effective compliance program where employees' concerns are raised, investigated, and remediated. Boeing's leaders have accordingly communicated to its employees that an inclusive work environment that encourages people to bring issues forward and that welcomes diverse ideas and a workplace free from discrimination and retaliation will promote compliance and the quality and safety of its products.

Boeing respectfully asks the Court to accept the proposed plea agreement.

| | |
|---|---|
| Dated: October 25, 2024 | Respectfully submitted, |
| /s/ Mark Filip | /s/ Benjamin L. Hatch |
| Mark Filip | Benjamin L. Hatch |
| John Lausch | Brandon M. Santos |
| Ralph Dado | Elissa N. Baur |
| KIRKLAND & ELLIS LLP | MCGUIRE WOODS LLP |
| 333 West Wolf Point Plaza | 888 16th Street, N.W., Suite 500 |
| Chicago, Illinois 60654 | Black Lives Matter Plaza |
| | Washington, D.C. 20006 |
| | *Counsel for The Boeing Company* |
| Ian Brinton Hatch | Michael P. Heiskell |
| KIRKLAND & ELLIS LLP | Johnson Vaughn & Heiskell |
| 4550 Travis Street | 5601 Bridge St, Suite 220 |
| Dallas, Texas 75205 | Fort Worth, Texas 76112 |
| *Counsel for The Boeing Company* | *Counsel for The Boeing Company* |

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2024, the foregoing was filed with the Clerk of the United States District Court for the Northern District of Texas using the CM/ECF system. The system will serve counsel of record.

/s/ Benjamin L. Hatch
Benjamin L. Hatch

4