`UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 4:21-cr-00005-O |
| THE BOEING COMPANY, | ) |
| Defendant. | ) |

**JOINT STATUS REPORT AND MOTION
FOR EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America (the "Government") and the Defendant, The Boeing Company (the "Company"), respectfully submit this joint status report pursuant to the Court's December 5, 2024 Order, ECF No. 282, and motion for the entry of an order in accordance with the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(7)(A), extending the time period for commencing trial.

1. As ordered by the Court, the parties are meeting and conferring on how to proceed in this matter, to include revisions to the proposed plea agreement that would address the reasons the Court rejected it. The parties have not reached agreement but continue to work in good faith toward that end. The Government did not engage with the Company on the possibility of a revised plea agreement until after soliciting written feedback from the crash-victim families (which the Government requested on December 5th in conjunction with providing notice of the Order) and holding a virtual conferral on

December 11th that was attended by several families and their counsel and lasted over two hours.

2.   The parties respectfully request permission to provide the Court with the next status report by Friday, February 16, 2025. The parties will endeavor to update the Court before then, but also recognize that the upcoming change in Department leadership, and the need to brief incoming officials, may necessitate additional time for the parties to determine whether they can reach a revised proposed plea agreement.

3.   The Speedy Trial Act requires that the trial of a defendant charged in an Information occur within 70 days from the later of the filing of the Information or the date on which the defendant appeared before a judicial officer in the court in which the charge is pending. 18 U.S.C. § 3161(c)(1).

4.   On January 7, 2021, the Government filed the Information charging the Company with Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371. ECF No. 1.

5.   On January 24, 2021, the Court issued an Order granting the parties' joint motion, pursuant to 18 U.S.C. § 3161(h)(2), to exclude from the computation of time in which a trial must be commenced under the Speedy Trial Act a period of 3.5 years from the date on which the Information was filed, that is, July 7, 2024. ECF No. 13.

6.   On July 7, 2024, the Government filed a motion to postpone the issuance of a trial scheduling Order, ECF No. 204, which the Court granted on July 10, 2024, ECF No. 213.

7. On July 15, 2024, the Court issued a scheduling order in which it, *inter alia*, postponed issuing a trial scheduling order and set a briefing schedule regarding a proposed plea agreement. ECF No. 218.

8. On July 24, 2024, the Government filed for this Court's consideration a proposed plea agreement, ECF No. 221, tolling the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(1)(G), and triggering the briefing schedule.

9. On December 5, 2024, the Court issued the Order rejecting the proposed plea agreement and ordering the parties to meet and confer and provide the Court with an update on how they plan to proceed in this matter no later than 30 days from the date of the Order, that is, January 4, 2025. ECF No. 282.

10. The Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), provides:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

11. The parties submit that the ends of justice are served by excluding from the computation of time in which a trial must be commenced under the Speedy Trial Act the period of December 5, 2024, to February 16, 2025, and that taking such action outweighs the public and defendant's interests in a speedy trial.

12.     Accordingly, the parties respectfully request that the Court enter an Order, pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), excluding the period of December 5, 2024, to February 16, 2025, in computing the time within which any trial must be commenced upon the charge contained in the Information filed against the Company.

|  | Respectfully submitted, |
|---|---|
| GLENN S. LEON<br>Chief, Fraud Section, Criminal Division<br>United States Department of Justice | LEIGHA SIMONTON<br>United States Attorney<br>Northern District of Texas |
| By: *s/ Sean P. Tonolli*<br>Sean P. Tonolli<br>Senior Deputy Chief<br>D.C. Bar No. 503346<br>sean.tonolli@usdoj.gov | By: *s/ Chad E. Meacham*<br>Chad E. Meacham<br>Assistant United States Attorney<br>Texas Bar No. 00784584<br>chad.meacham@usdoj.gov |
| United States Department of Justice<br>Criminal Division, Fraud Section<br>1400 New York Avenue, N.W.<br>Washington, D.C. 20005<br>202-514-2000 | United States Attorney's Office<br>Northern District of Texas<br>801 Cherry Street, 17th Floor<br>Fort Worth, TX 76102<br>817-252-5200<br><br>*Counsel for the United States* |
| */s Mark Filip*<br>Mark Filip<br>John Lausch<br>Ralph Dado<br>KIRKLAND & ELLIS LLP<br>333 West Wolf Point Plaza<br>Chicago, Illinois 60654<br><br>Ian Briton Hatch | */s Benjamin L. Hatch*<br>Benjamin L. Hatch<br>Brandon M. Santos<br>Elissa N. Baur<br>MCGUIRE WOODS LLP<br>888 16th Street, N.W., Suite 500<br>Black Lives Matter Plaza<br>Washington, D.C. 20006<br><br>Michael P. Heiskell |

| | |
|---|---|
| KIRKLAND & ELLIS LLP<br>4550 Travis Street<br>Dallas, Texas 75205 | Johnson Vaughn & Heiskell<br>5601 Bridge St., Suite 220<br>Fort Worth, Texas 76112<br><br>*Counsel for The Boeing Company* |

5