# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 4:21-cr-00005-O |
| THE BOEING COMPANY, | ) |
| Defendant. | ) |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO CERTAIN FAMILIES' MOTION FOR COURT TO SET AN *ELLIS* PLEA DEADLINE

The United States of America (the "Government") respectfully submits this response in opposition to the motion filed by certain crash-victim families asking the Court to set a May 5, 2025 *Ellis* plea deadline. ECF No. 298 ("Mot."). *See also* ECF Nos. 299, 300 (joinder motions filed by certain other crash-victim families). Contrary to what the families urge, a plea deadline is not legally required or necessary to ensure they "can begin the process of preparing to exercise their right to attend the trial"—which the Court scheduled a month ago—or for the Court to "properly disgorge its duty to review . . . any proposed pre-trial resolution." Mot. at 1.

Starting with the latter argument, the Court is best positioned to determine how to manage its docket and schedule. The Court chose not to include an *Ellis* plea deadline in its Scheduling Order, ECF No. 294, and was well familiar when it did so that (i) most of the families live overseas and (ii) the parties were engaged in good faith discussions about a potential pretrial resolution (just as parties do in virtually all criminal cases the Court schedules for trial, and as the parties here continue to do). The families' suggestion that the Court did not appreciate these circumstances, and now needs to amend the Order, is therefore unfounded. So, too, is their claim that a proposed

resolution submitted after May 5th would present Speedy Trial Act complications. Mot. at 7, 14. It would not. *See e.g.*, 18 U.S.C. § 3161(h)(1)(D) and (G) (excluding time under the Act for delay resulting from "any pretrial motion" or "consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government").

The Court has timely and capably handled the various contested proceedings in this case, all while ensuring the participatory (and other) rights of the families under the Crime Victims' Rights Act, 18 U.S.C. § 3771 ("CVRA"). The Court surely will continue to do so through the resolution of this case (and the Government will support that course), just as it did when, at the families' request, it set the hearing date on the proposed plea agreement two weeks out from the issuance of that Scheduling Order. ECF No. 265. The Government therefore agrees with the Court's assessment, reflected in the Scheduling Order, that an *Ellis* plea deadline is unnecessary.

The plain text of the CVRA does not require the imposition of an *Ellis* plea deadline. The CVRA grants victims the general right "not to be excluded from any . . . public court proceeding," 18 U.S.C. § 3771(a)(3) such as a trial; "the right to be reasonably heard at any public proceeding in the district court involving . . . [a] plea," *id.* § 3771(a)(4); "the right to be treated with fairness and with respect for the victim's dignity and privacy, *id.* § 3771(a)(8); and "the right to be informed in a timely manner of any plea bargain," *id.* § 3771(a)(9). But although the courts and the Government must strive to afford victims these rights, *id.* § 3771(b)(1), (c)(1), the CVRA largely leaves the specific means of affording those rights to the court and government, *see In re Wild*, 994 F.3d 1244, 1262 (11th Cir. 2021) (en banc). It is therefore unsurprising that the families do not present any case law—and the Government is aware of none—interpreting the more generalized language in the CVRA to allow victims to mandate the imposition of an *Ellis* plea deadline. *See*

2

*United States v. Rubin*, 558 F. Supp. 2d 411, 417 (E.D.N.Y. 2008) ("[V]ictims . . . are not accorded formal party status, nor are they even accorded intervenor status as in a civil action.").

The lack of statutory and caselaw support aside, an *Ellis* plea deadline would have no practical impact on whether the families "can begin the process of preparing to exercise their right to attend the trial." Mot. at 1. The families have been free to plan and book their travel since March 25th, the day the Court scheduled the June 23rd trial. ECF No. 293. That is more than sufficient notice (three months) to allow them to exercise their right to attend if they choose. The parties' ongoing discussions about a possible pretrial resolution does not bear on the families' ability to make those arrangements and to attend the trial if it proceeds.

To be sure, in the event the parties do agree on a pretrial resolution, the families may need to reschedule or cancel their trips. But that risk of travel inconvenience and cost inheres in every trial, criminal and civil, and not just in this case and not just for the families. And to the extent some families have postponed scheduling their trips until now on the expectation the parties will reach a pretrial resolution, that is not the fault of the parties.[1] The certain families who filed these motions chose to wait almost a month to do so. And they have not taken any steps of which the Government is aware to seek an agreed order allowing expedited review of travel visas for those

---

[1] In a January 3, 2025 letter to all the families and their legal counsel, the Government explained that the "parties have not reached agreement [on a pretrial resolution] and do not expect to before January 4th, but are continuing to work in good faith toward that end. The parties will inform the Court of this in a status report filed on the public docket. If the parties ultimately do reach agreement on a revised proposed plea agreement—*and there is no guarantee of that*—the Department will provide you timely notice." Exhibit 1, January 3, 2025 letter (and cover email) from Government to Families (emphasis added).

of them who may face long wait times (and who, again, could have joined the queue a month ago when the Court scheduled the trial). *See* Mot. at 4 & n.4.[2]

None of the movants represents that, as a factual matter, they would be unable to attend the June 23rd trial in the absence of an *Ellis* plea deadline. Mr. Singh comes the closest with his conclusory statement that some unidentified number of his Indonesia-based clients "need to know by May 5 whether a trial is moving forward in order to secure visas and coordinate travel." ECF No. 299, at 2. But Mr. Singh does not explain the significance, if any, of May 5th to the visa process (nor does Mr. Cassell on his behalf, *see* Mot. at 4-6). And Mr. Singh fails to explain why these unspecified clients have yet to begin coordinating their trips or starting the visa application process, especially in light of his apparent representation to Mr. Cassell that the process can sometimes take "60 days or more." Mot. at 5. Assuming that estimate is accurate and applicable to one or more of his specific clients who are considering traveling, the trial date is already that close and setting an *Ellis* plea deadline will not affect the wait time.

The Government appreciates the logistical challenges international travel can present and the desire to know with certainty how and when this case will resolve—whether by trial or otherwise. But those challenges and that desire are not unique to this case and do not merit, and the CVRA and case law do not require, modifying the Court's considered Scheduling Order. The Court has provided the families more than sufficient advance notice of the trial date such that they

---

[2] The footnote in Mr. Cassell's motion was the first the Government learned of the possibility of an agreed order. To the extent the families seek the Government's position and assistance, the Government is open to considering such an agreed order and helping to facilitate the visa process to the extent it is able.

can attend if they choose. The Government therefore respectfully opposes the motion to set an *Ellis* plea deadline.[3]

|  |  |
|---|---|
|  | Respectfully submitted, |
| LORINDA I. LARYEA<br>Acting Chief, Fraud Section,<br>Criminal Division<br>United States Department of Justice | CHAD E. MEACHAM<br>Acting United States Attorney<br>Northern District of Texas |
| By: *s/ Sean P. Tonolli*<br>Sean P. Tonolli<br>Senior Deputy Chief<br>D.C. Bar No. 503346<br>sean.tonolli@usdoj.gov | *s/ Chad E. Meacham*<br>Texas Bar No. 00784584<br>chad.meacham@usdoj.gov |
| United States Department of Justice<br>Criminal Division, Fraud Section<br>1400 New York Avenue, N.W.<br>Washington, D.C. 20005<br>202-514-2000 | United States Attorney's Office<br>Northern District of Texas<br>801 Cherry Street, 17th Floor<br>Fort Worth, TX 76102<br>817-252-5200 |

---

[3] The families attempt, without supporting case law or explanation, to broaden *Ellis* to permit a district court to set a deadline for any type of pre-trial resolution, not just a plea agreement. *E.g.*, Mot. at 1 & Proposed Order. *Cf. In re Ryan*, 88 F.4th 614, 625-26 (5th Cir. 2023) (acknowledging the different judicial responsibilities in the context of plea agreements as compared to other forms of pre-trial resolution).