# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 4:21-cr-00005-O |
| THE BOEING COMPANY, | ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE TO MOTION BY OBJECTING FAMILIES
TO FILE NEW SUPPLEMENTAL AUTHORITY**

The Government does not oppose the Objecting Families' motion to provide the Court with the September 12, 2025 press release by the Federal Aviation Administration's ("FAA") regarding proposed civil fines of The Boeing Company ("Boeing") (ECF No. 354), but writes separately to provide its perspective on the relevance of the proposed civil fines to the Government's motion to dismiss the Information with Boeing's consent, pursuant to Fed. R. Crm. P. 48(a) (ECF No. 312).

According to the press release, the proposed civil fines relate to alleged regulatory safety violations that occurred from September 2023 to February 2024, which was before the Government determined in May 2024 that Boeing breached the deferred prosecution agreement (ECF No. 199) and the parties submitted the proposed plea agreement to the Court in July 2024 (ECF No. 221). As the Government explained in its motion to dismiss and accompanying declaration (ECF No. 312-2), the Government's decision in May 2025 to enter into the non-prosecution agreement and to move to dismiss was informed, in part, by the Government's engagement with Boeing and the FAA about the present-day state of the company's anti-fraud compliance and ethics program and the FAA's increased and sustained oversight of the company

in the wake of the Alaska Airlines 1282 incident on January 5, 2024. ECF No. 312-2 at 11-13, ¶¶ 35-39. *See also* Memorandum of the Head of the Criminal Division on Selection of Monitors in Criminal Division Matters, at 3 (May 12, 2025), *available at* https://www.justice.gov/criminal/media/1400036/dl?inline (explaining that "[w]hile no one factor is determinative" for the Government in assessing whether a monitor is necessary, "a company's risk profile—*at the time of resolution*—is a key factor that should drive the analysis," and that another factor is whether "a company's primary regulator can exercise sufficient oversight to ensure the implementation of an effective compliance program in conjunction with self-directed efforts but without an independent monitor") (emphasis added).

      The Government respectfully submits that the proposed civil fines, which concern alleged conduct by Boeing that occurred between one-and-a-half to two years ago, is not evidence of bad faith motivation by the Government in presently moving to dismiss. *United States v. Hamm*, 659 F.2d 624, 629-30 (5th Cir. 1981) ("As the Supreme Court indicated in [*United States v.*] *Rinaldi*, [434 U.S. 22 (1977),] the trial judge must look to the motivation of the prosecutor at the time of the motion to dismiss. . . . Unless the court finds that the prosecutor is clearly motivated by considerations other than his assessment of the public interest, it must grant the motion to dismiss."). Nor does the FAA's proposed action, which demonstrates the agency's commitment to overseeing and holding Boeing accountable, support the Objecting Families' position that the Court should deny the motion and appoint a monitor. *Id*. at 631 ("[T]he prosecutor is the first and presumptively the best judge of where the public interest lies. The trial judge cannot merely substitute his judgment for that of the prosecutor.").

        Respectfully submitted,

| | |
|---|---|
| LORINDA I. LARYEA<br>Acting Chief<br>Fraud Section, Criminal Division<br>United States Department of Justice | NANCY E. LARSON<br>Acting United States Attorney<br>Northern District of Texas |
| By: *s/ Sean P. Tonolli*<br>Sean P. Tonolli<br>Acting Principal Deputy Chief<br>D.C. Bar No. 503346<br>sean.tonolli@usdoj.gov<br><br>United States Department of Justice<br>Criminal Division, Fraud Section<br>1400 New York Avenue, N.W.<br>Washington, D.C. 20005<br>202-514-2000 | By: *s/ Chad E. Meacham*<br>Chad E. Meacham<br>Assistant United States Attorney<br>Texas Bar No. 00784584<br>chad.meacham@usdoj.gov<br><br>United States Attorney's Office<br>Northern District of Texas<br>801 Cherry Street, 17th Floor<br>Fort Worth, TX 76102<br>817-252-5200 |

cc: Counsel of Record (via ECF)